**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:25-CV-02360** |
| **SOCIETY FOR HUMAN RESOURCE MANAGEMENT,** | |
| **Defendant.** | |

**ANSWER TO COMPLAINT AND
AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Society for Human Resource Management ("Defendant" or "SHRM") responds to the Complaint (ECF No. 1) filed by Plaintiff Fiona Torres ("Ms. Torres" or "Plaintiff") with its Answer and Affirmative or Other Defenses and states as follows, in response to the numbered paragraphs therein:

1. Defendant acknowledges that Plaintiff is bringing this action under Title I of the Americans with Disabilities Act of 1900, as amended by the Americans with Disabilities Act Amendments of 2008, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Virginia Human Rights Act, Va. Code §§ 2.2-3900, *et seq.*, as amended by the Virginia Values Act of 2021 ("VHRA"), but Defendant denies that there has been any violation of these statutes.

**Introduction**

2. Defendant admits that Plaintiff applied for employment with SHRM. The remainder of allegations in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 2 of the Complaint.

3.      SHRM denies the allegations in Paragraph 3 of the Complaint.

4.      SHRM lacks sufficient knowledge to admit or deny the allegations in Paragraph 4 of the Complaint and, on that basis, denies the same.

5.      SHRM lacks sufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint and, on that basis, denies the same.

6.      SHRM admits that it informed Ms. Torres that it would not grant her requested accommodation to bring her service dog to work and rescinded its job offer. SHRM denies that it did so "[w]ithout explanation[.]" To the extent Paragraph 6 of the Complaint contains additional allegations, SHRM denies them.

7.      SHRM denies the allegations in Paragraph 7 of the Complaint.

**Parties**

8.      SHRM admits that Ms. Torres applied for and received a conditional offer of employment for the position of Senior Specialist in the Product Management Department at SHRM's offices in Alexandria, Virginia, on or about June 3, 2024. SHRM lacks sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 8 of the Complaint and, on that basis, denies the same.

9.      SHRM admits it rescinded Ms. Torres' conditional job offer on July 15, 2024.

10.     SHRM admits the allegations in Paragraph 10 of the Complaint.

11.     Paragraph 11 of Plaintiff's Complaint sets forth legal conclusions to which no response is required.

12.     SHRM admits 1800 Duke Street, Alexandria, Virginia 22314 is its principal place of business and that it was the location where Ms. Torres would have been assigned to work had

she begun employment with SHRM. To the extent Paragraph 12 contains additional allegations, SHRM denies them.

### Jurisdiction and Venue

13.     SHRM admits the United States District Court for the Eastern District of Virginia possesses subject matter jurisdiction over Plaintiff's claims under the Americans with Disabilities Act ("ADA").

14.     SHRM admits the United States District Court for the Eastern District of Virginia has supplemental jurisdiction over Plaintiff's claims under the Virginia Human Rights Act ("VHRA").

15.     SHRM admits that the Alexandria Division of the United States District Court for the Eastern District of Virginia is the proper venue with respect to Plaintiff's Complaint.

### Facts

*The Complaint contains a heading between Paragraphs 15 and 16, to which no response is required.*

16.     SHRM admits that a charge of discrimination was filed in Ms. Torres' name with the United States Equal Employment Opportunity Commission ("EEOC") and the Virginia Office of Civil Rights ("VOCR") on or about January 20, 2025, alleging Ms. Torres had been discriminated against based on her disability on July 15, 2024, but lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 16 of the Complaint and on that basis denies the same.

17.     SHRM admits a Notice of Right to Sue was issued by the EEOC on September 19, 2025, but lacks sufficient knowledge to admit or deny when Ms. Torres received the Notice of

3

Right to Sue and on that basis denies the same. To the extent Paragraph 17 of the Complaint contains additional allegations, SHRM denies them.

18. Paragraph 18 of Plaintiff's Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 18 of the Complaint.

*The Complaint contains a heading between Paragraphs 18 and 19, to which no response is required.*

19. SHRM admits that Ms. Torres represented that she has Tyle 1 diabetes. SHRM lacks sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 19 of the Complaint and, on that basis, denies the same.

20. SHRM lacks sufficient knowledge to admit or deny the allegations in Paragraph 20 of the Complaint and, on that basis, denies the same.

21. SHRM lacks sufficient knowledge to admit or deny the allegations in Paragraph 21 of the Complaint and, on that basis, denies the same.

22. SHRM lacks sufficient knowledge to admit or deny the allegations in Paragraph 22 of the Complaint and, on that basis, denies the same.

23. SHRM lacks sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint and, on that basis, denies the same.

24. SHRM lacks sufficient knowledge to admit or deny the allegations in Paragraph 24 of the Complaint and, on that basis, denies the same.

*The Complaint contains a heading between Paragraphs 24 and 25 to which no response is required*

25.     SHRM admits that Ms. Torres applied for the position of Senior Specialist in SHRM's Product Management Department and that SHRM made her a conditional job offer. To the extent Paragraph 25 of the Complaint contains additional allegations, SHRM denies them.

26.     SHRM admits the allegations in Paragraph 26 of the Complaint.

27.     SHRM admits that Plaintiff accepted Defendant's conditional job offer on or about June 3, 2024 and that SHRM anticipated her employment would begin, subject to Ms. Torres meeting the conditions of the job offer, on or about June 17 or July 1, 2024. To the extent Paragraph 27 of the Complaint contains additional allegations, SHRM denies them.

28.     SHRM admits that Ms. Torres informed SHRM on or about June 3, 2024, when she accepted SHRM's conditional offer of employment that she was requesting an accommodation to bring her service dog to work with her due to diabetes. To the extent Paragraph 28 of the Complaint contains additional allegations, SHRM denies them.

29.     SHRM admits that after Ms. Torres indicated she was requesting an accommodation in relation to her service dog that she sent Debbie Zoerkler, Talent Acquisition and Executive Recruiter, information on her service dog, which Ms. Zoerkler provided to Nicole Belyna, Director, Talent, and that Ms. Belyna primarily communicated with Ms. Torres regarding her request for accommodation in June and July 2024. To the extent Paragraph 29 contains additional allegations, SHRM denies them.

30.     SHRM admits that Ms. Torres and Ms. Belyna spoke regarding Ms. Torres' request to bring her service dog to the office. To the extent Paragraph 30 contains additional allegations, SHRM denies them.

31.    SHRM admits that on June 4, 2024, Ms. Torres sent Ms. Zoerkler information on her service dog and a note from a healthcare provider. SHRM denies the remaining allegations in Paragraph 31 of the Complaint.

32.    SHRM admits that Ms. Torres requested updates on her request to bring her service dog to the office while SHRM was reviewing her request and paperwork related to the same. To the extent Paragraph 32 contains additional allegations, SHRM denies them.

33.    SHRM admits that Ms. Torres requested updates on her request to bring her service dog to the office while SHRM was reviewing her request and paperwork related to the same and that Ms. Belyna was Ms. Torres' primary point of contact regarding this request. To the extent Paragraph 33 contains additional allegations, SHRM denies them.

34.    SHRM admits that on June 17, 2024, Ms. Belyna advised Ms. Torres that the information submitted did not appear to support that Ms. Torres required a service dog to perform the essential duties for the position and invited Ms. Torres to provide additional information. To the extent Paragraph 34 of the Complaint contains additional allegations, SHRM denies them.

***The Complaint contains a heading between Paragraphs 34 and 35 to which no response is required***

35.    SHRM admits that on June 17, 2024, Ms. Torres provided additional information to Ms. Belyna in relation to her request for accommodation. To the extent Paragraph 35 of the Complaint contains additional allegations, SHRM denies the same.

36.    SHRM avers that the June 17, 2024, email speaks for itself and that in that email Ms. Torres alleged experiencing hypoglycemic episodes while working for her prior employer between 2014-2018, that she alleged some of these episodes required medical assistance from colleagues and/or paramedics, and that she alleged she experienced a car accident in relation to a

hypoglycemic episode. Defendant lacks sufficient knowledge to admit or deny whether these alleged events occurred as Ms. Torres represented to SHRM in the June 17, 2024 email and therefore denies the same. To the extent Paragraph 36 of the Complaint contains additional allegations, SHRM denies them.

37.     SHRM avers that the June 17, 2024, email speaks for itself and that in that email Ms. Torres provided additional information on her service dog's training and abilities. SHRM lacks sufficient knowledge to admit or deny the accuracy of the information Ms. Torres relayed in her June 17, 2024 email and therefore denies the same. To the extent Paragraph 37 of the Complaint contains additional allegations, SHRM denies them.

38.     SHRM avers that the June 17, 2024, email speaks for itself and that in that email Ms. Torres alleged that glucose monitors generally, and her glucose monitor specifically, were "unable to accurately capture fast moving trends" that can lead to hypoglycemic episodes and that she had not had a hypoglycemic episode necessitating medical assistance from paramedics since obtaining her service dog other than one occasion. SHRM lacks sufficient knowledge to admit or deny the accuracy of the information Ms. Torres relayed in her June 17, 2024 email and therefore denies the same. To the extent Paragraph 38 of the Complaint contains additional allegations, SHRM denies them.

39.     SHRM avers that the email communications with Ms. Torres speak for themselves but admits that after receipt of Ms. Torres' June 17, 2024 email, SHRM asked her for additional information and documentation as to her requested accommodation but denies that it did so on June 17, 2024. To the extent Paragraph 39 of the Complaint contains additional allegations, SHRM denies them.

40.     SHRM avers that the email communications with Ms. Torres speak for themselves but admits the allegations in Paragraph 40 of the Complaint.

41.     SHRM avers that the email communications with Ms. Torres speak for themselves but admits Ms. Torres sent an email on June 19, 2024, alleging she relied on her service dog but that he was not always with her, such as when he is being groomed and when she believed the environment she was entering was unsafe for her service dog, as examples, and alleged when she is away from her service dog it allegedly raised her risk of a hypoglycemic episode. To the extent Paragraph 41 of the Complaint contains additional allegations, SHRM denies them.

42.     SHRM avers that the email communications with Ms. Torres speak for themselves but admits Ms. Torres subsequently provided a note from her healthcare provider regarding her service dog on June 20, 2024. To the extent Paragraph 42 of the Complaint contains additional allegations, SHRM denies them.

43.     SHRM avers that the email communications with Ms. Torres speak for themselves but admits that on July 3, 2024, it emailed Ms. Torres stating that SHRM denied Ms. Torres' preferred accommodation to have her service dog with her at work and offered her multiple alternative accommodations. SHRM denies the remaining allegations in Paragraph 43 of the Complaint.

44.     SHRM admits that it did not communicate to Ms. Torres concerns about her ability to control her service dog. To the extent Paragraph 44 of the Complaint contains additional allegations, SHRM denies them.

45.     SHRM denies the allegation that it did not "ask any questions" of Ms. Torres. Defendant admits it did not communicate to Ms. Torres concerns about the service dog being in

8

office or the service dogs affect on other workers. To the extent Paragraph 45 of the Complaint contains additional allegations, SHRM denies them.

46.     SHRM admits that it did not communicate to Ms. Torres what hardships SHRM may suffer if it granted her preferred accommodation to have her service dog in the office. To the extent Paragraph 46 of the Complaint contains additional allegations, Defendant denies them.

47.     SHRM avers that its email communications with Ms. Torres speak for themselves but admits that it offered Ms. Torres multiple accommodations including, but not limited to, the use of her continuous glucose monitoring system ("CGM") at work, breaks as needed to check her blood sugar levels, and the ability to use her insulin pump and consume food or drink as needed at or near her work station. To the extent Paragraph 47 of the Complaint suggests the accommodations listed therein are the only accommodations SHRM offered Ms. Torres and/or that it was not open to discussing additional accommodations, SHRM denies the same. To the extent Paragraph 47 of the Complaint contains additional allegations, Defendant denies them

48.     SHRM denies the allegations in Paragraph 48 of the Complaint.

49.     SHRM denies the allegations in Paragraph 49 of the Complaint.

50.     SHRM avers that its email communications with Ms. Torres speak for themselves but admits that on July 6, 2024, Ms. Torres alleged that the CGM she wore was insufficient and alleged certain reasons why the CGM was insufficient. SHRM denies that Ms. Torres claimed there were "many times" when the CGM did not function. To the extent Paragraph 50 of the Complaint contains additional allegations, SHRM denies them.

a.     SHRM admits Ms. Torres alleged in her July 6, 2024, email that the CGM did not have a reading for 2 hours every 10 days due to a warm-up period but denies that she

9

alleged this had to do with a new cartridge. To the extent Paragraph 50(a) contains additional allegations, SHRM denies them.

b. SHRM admits that Ms. Torres alleged in her July 6, 2024, email that she may not have a CGM for an unspecified number of days if her pharmacy had a delay in shipment or her insurance led to a delay in filling the CGM prescription refills. To the extent Paragraph 50(b) contains additional allegations, SHRM denies them.

c. Defendant admits that Ms. Torres alleged in her July 6, 2024, email that if the CGM falls off she needs to change it to avoid a two-hour delay in readings and if she does not keep a back-up CGM at work she will have to drive to the pharmacy which she alleged was "incredibly dangerous." To the extent Paragraph 50(c) contains additional allegations, SHRM denies them.

d. Defendant admits that Ms. Torres alleged approximately twice per year the CGM malfunctions or produces an error and that glucose reading access may end for two or more hours. To the extent Paragraph 50(d) contains additional allegations, SHRM denies them.

51. SHRM avers that its email communications with Ms. Torres speak for themselves but admits that on July 15, 2024, it withdrew its offer of employment. To the extent Paragraph 51 contains additional allegations, SHRM denies them.

52. SHRM avers that its email communications with Ms. Torres speak for themselves but admits the quoted language in Paragraph 52 of the Complaint is a portion of what was relayed to Ms. Torres by email on July 15, 2024. To the extent Paragraph 52 contains additional allegations, SHRM denies them.

53. SHRM avers that its email communications with Ms. Torres speak for themselves but admits SHRM did not communicate to Ms. Torres in the July 15, 2024 email the allegations

listed in Paragraph 53 of the Complaint. To the extent Paragraph 53 of the Complaint contains additional allegations, SHRM denies them.

54.    SHRM denies the allegations in Paragraph 54 of the Complaint.

*The Complaint contains a heading between Paragraphs 54 and 55 to which no response is required. To the extent a response is required, SHRM denies the same.*

<u>**COUNT I**</u>
*Disability Discrimination in Violation of the ADA*

55.    Defendant incorporates by reference its answers to the preceding and forthcoming paragraphs.

56.    The allegations in Paragraph 56 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM avers that the requirements of the ADA speak for themselves.

57.    SHRM lacks sufficient knowledge to admit or deny whether Ms. Torres has Type 1 diabetes and, on that basis, denies the same. The remainder of the allegations in Paragraph 57 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the remainder of the allegations in Paragraph 57 of the Complaint.

58.    SHRM admits Ms. Torres was sufficiently qualified for the position to which she applied at SHRM such that SHRM extended her a conditional job offer and admits that that conditional job offer was later rescinded. To the extent Paragraph 58 of the Complaint contains additional allegations, SHRM denies them.

59.    SHRM denies the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 63 of the Complaint.

64. SHRM denies the allegations in Paragraph 64 of the Complaint.

65. SHRM denies the allegations in Paragraph 65 of the Complaint.

## COUNT II
### *Failure to Accommodate in Violation of the ADA*

66. Defendant incorporates by reference its answers to the preceding and forthcoming paragraphs.

67. SHRM lacks sufficient knowledge to admit or deny whether Ms. Torres has Type 1 diabetes and, on that basis, denies the same. The remainder of the allegations in Paragraph 67 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the remainder of the allegations in Paragraph 67 of the Complaint.

68.     SHRM admits Ms. Torres was sufficiently qualified for the position to which she applied at SHRM such that SHRM extended her a conditional job offer and admits that that conditional job offer was later rescinded. To the extent Paragraph 68 of the Complaint contains additional allegations, SHRM denies them.

69.     SHRM admits Ms. Torres represented to SHRM that she had Type 1 diabetes prior to the rescission of her conditional job offer. To the extent Paragraph 69 of the Complaint contains additional allegations, SHRM denies them.

70.     SHRM lacks sufficient knowledge to admit or deny the allegations at Paragraph 70 of the Complaint and on that basis denies the same.

71.     SHRM admits Ms. Torres requested the ability to bring her service dog to the office and that this presumably meant Ms. Torres would have her service dog while commuting to or from the office. SHRM lacks sufficient knowledge to admit or deny whether Ms. Torres' commute would be "dangerous" because it is not clear what "danger" is being referred to and therefore denies the same. To the extent Paragraph 71 contains additional allegations, SHRM denies them

72.     SHRM denies the allegations in Paragraph 72 of the Complaint.

73.     The allegations contained in Paragraph 73 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 73 of the Complaint.

74.     The allegations contained in Paragraph 74 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 74 of the Complaint.

75.    The allegations contained in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 75 of the Complaint.

76.    The allegations contained in Paragraph 76 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 76 of the Complaint.

77.    The allegations contained in Paragraph 77 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 77 of the Complaint.

78.    The allegations contained in Paragraph 78 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 78 of the Complaint.

79.    SHRM denies the allegations in Paragraph 79 of the Complaint.

80.    SHRM denies the allegations in Paragraph 80 of the Complaint.

*The Complaint contains a heading between Paragraphs 80 and 81 to which no response is required. To the extent a response is required, SHRM denies the same.*

### COUNT III
*Disability Discrimination in Violation of the VHRA*

81.    Defendant incorporates by reference its answers to the preceding and forthcoming paragraphs.

82.    The allegations in Paragraph 82 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM avers that the requirements of the VHRA speak for themselves.

14

83.     SHRM lacks sufficient knowledge to admit or deny whether Ms. Torres has Type 1 diabetes and, on that basis, denies the same. The remainder of the allegations in Paragraph 83 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the remainder of the allegations in Paragraph 83 of the Complaint.

84.     SHRM admits Ms. Torres was sufficiently qualified for the position to which she applied at SHRM such that SHRM extended her a conditional job offer and admits that that conditional job offer was later rescinded. To the extent Paragraph 84 of the Complaint contains additional allegations, SHRM denies them.

85.     SHRM admits Ms. Torres represented to SHRM that she had Type 1 diabetes prior to the rescission of her conditional job offer. To the extent Paragraph 85 of the Complaint contains additional allegations, SHRM denies them.

86.     The allegations contained in Paragraph 86 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 86 of the Complaint.

87.     The allegations contained in Paragraph 87 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 87 of the Complaint.

88.     The allegations contained in Paragraph 88 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 88 of the Complaint.

89.    The allegations contained in Paragraph 89 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 89 of the Complaint.

90.    SHRM denies the allegations in Paragraph 90 of the Complaint.

91.    SHRM denies the allegations in Paragraph 91 of the Complaint.

**COUNT IV**
*Failure to Accommodate in Violation of the VHRA*

92.    Defendant incorporates by reference its answers to the preceding and forthcoming paragraphs.

93.    SHRM lacks sufficient knowledge to admit or deny whether Ms. Torres has Type 1 diabetes and, on that basis, denies the same. The remainder of the allegations in Paragraph 93 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the remainder of the allegations in Paragraph 93 of the Complaint.

94.    SHRM admits Ms. Torres was sufficiently qualified for the position to which she applied at SHRM such that SHRM extended her a conditional job offer and admits that that conditional job offer was later rescinded. To the extent Paragraph 94 of the Complaint contains additional allegations, SHRM denies them.

95.    SHRM admits Ms. Torres represented to SHRM that she had Type 1 diabetes prior to the rescission of her conditional job offer. To the extent Paragraph 95 of the Complaint contains additional allegations, SHRM denies them.

96.    SHRM lacks sufficient knowledge to admit or deny the allegations at Paragraph 96 of the Complaint and on that basis denies the same.

16

97.     SHRM admits Ms. Torres requested the ability to bring her service dog to the office and that this presumably meant Ms. Torres would have her service dog while commuting to or from the office. To the extent Paragraph 97 contains additional allegations, SHRM denies them.

98.     The allegations contained in Paragraph 98 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 98 of the Complaint.

99.     The allegations contained in Paragraph 99 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 99 of the Complaint.

100.     The allegations contained in Paragraph 100 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 100 of the Complaint.

101.     The allegations contained in Paragraph 101 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 101 of the Complaint.

102.     The allegations contained in Paragraph 102 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 102 of the Complaint.

103.     The allegations contained in Paragraph 103 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 103 of the Complaint.

104.    The allegations contained in Paragraph 104 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, SHRM denies the allegations in Paragraph 104 of the Complaint.

105.    SHRM denies the allegations contained in Paragraph 105 of the Complaint.

106.    SHRM denies the allegations contained in Paragraph 106 of the Complaint.

## PRAYER FOR RELIEF

The Complaint contains a "WHEREFORE" clause with nine sub-paragraphs under "Prayer for Relief" but because the clause does not contain any factual allegations, no response is required. To the extent any response is required, SHRM denies that Ms. Torres is entitled to lost past wages and benefits, lost front pay and benefits, compensatory damages, punitive damages, attorneys' fees, costs, interest, equitable relief, or any other form of relief.

## JURY DEMAND

The Complaint contains an unnumbered paragraph following "Jury Demand" that does not contain any factual allegations requiring a response. To the extent a response is required, Defendant denies that Ms. Torres' Complaint is sufficient to proceed to a jury trial.

## SHRM'S AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Ms. Torres' claims are barred to the extent she has failed to exhaust administrative remedies.

### SECOND DEFENSE

Ms. Torres cannot prove each and every element of her ADA disability discrimination claim.

## THIRD DEFENSE

Ms. Torres cannot prove each and every element of her ADA failure to accommodate claim.

## FOURTH DEFENSE

Ms. Torres cannot prove each and every element of her VHRA disability discrimination claim.

## FIFTH DEFENSE

Ms. Torres cannot prove each and every element of her VHRA failure to accommodate claim.

## SIXTH DEFENSE

Granting Plaintiff's requested accommodation would have imposed an undue hardship on SHRM's operations.

## SEVENTH DEFENSE

All decisions made or actions taken by SHRM, its representatives, agents, and employees, with respect to Plaintiff's prospective employment were based upon legitimate, non-discriminatory factors.

## EIGHTH DEFENSE

Ms. Torres has failed to mitigate her alleged damages, in whole or in part, and SHRM is entitled to an offset to the extent of any mitigation by Plaintiff.

## NINTH DEFENSE

Any alleged actions taken by or on behalf of SHRM were taken in good faith and were not reckless, wanton, willful, intentional, malicious, deliberate, or consciously indifferent, and any alleged employment actions taken concerning Plaintiff occurred for legitimate business reasons.

## TENTH DEFENSE

Plaintiff cannot satisfy her burden of proof with respect to any alleged damages.

## ELEVENTH DEFENSE

To the extent applicable, any relief to which Plaintiff may be entitled is barred by and/or limited by the after-acquired evidence doctrine.

## TWELFTH DEFENSE

Plaintiff has failed to allege facts sufficient to state a claim for punitive damages.

## THIRTEENTH DEFENSE

To the extent Plaintiff has suffered damages, SHRM's actions were not the proximate cause of those damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, laches, unclean hands, and/or estoppel.

Dated:  January 20, 2026

Respectfully submitted,

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh, Bar No. 90586
Leslie P. Currie, Bar No. 101060

LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, Virginia 22102
Telephone:     703.442.8425
Facsimile:     703.552.7679
lbridenbaugh@littler.com
lcurrie@littler.com

Tanja L. Darrow (*pending admission pro hac vice)*

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone:     213.443.4300
Facsimile:     800.715.1330
tdarrow@littler.com

*Counsel for Defendant Society for Human Resource Management*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 20th day of January 2026, I caused the foregoing **Defendant's**

**Answer to Complaint and Affirmative and Other Defenses** to be served through the Court's

Electronic Case Filing (ECF) system on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Lori B. Kisch (Admission *pro hac vice* pending)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone:   202.331.9260
spershing@kcnlaw.com
lkisch@kenlaw.com

*Counsel for Plaintiff*

/s/ *Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh