**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

FIONA TORRES,

        **Plaintiff,**

    **v.**

SOCIETY FOR HUMAN RESOURCE
MANAGEMENT,

        **Defendant.**

**Case No. 1:25-CV-02360-PTG-WBP**

**PROPOSED JOINT DISCOVERY PLAN**

Plaintiff Fiona Torres ("Ms. Torres" or "Plaintiff") and Defendant Society for Human Resource Management ("SHRM" or "Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, hereby propose the following plan for completion of discovery in this matter:

1.    <u>Conference of the Parties</u>. The Parties conferred on February 3, 2026, to consider claims, defenses, possibilities of prompt settlement or resolution of the case, and a trial before a magistrate judge as required by FED. R. OF CIV. P. 26.

2.    <u>Waiver of Initial Pretrial Conference</u>. The Parties agree, subject to the Court's approval, to waive their appearance at the Initial Pretrial Conference that has been scheduled for February 25, 2026 or, alternatively, to appear telephonically.

3.    <u>Initial Disclosures</u>. The Parties exchanged Initial Disclosures pursuant to FED. R. CIV. P. 26(a)(1) on February 17, 2026.

4.    <u>Mediation</u>. The Parties remain open to discussing the prospect of reasonable settlement and respectfully request that a mediation date be set after the close of discovery.

5.     <u>Magistrate Judge</u>.  The Parties have conferred, and there is not unanimous consent to try this matter before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6.     <u>Fact Depositions</u>.  Consistent with the Court's January 21, 2026 Order (ECF No. 13), the Parties agree that they will not, absent leave of court, take more than five (5) non-party, non-expert witness depositions per party.  The Parties expressly reserve the right to request to depose additional individuals pursuant to FED. R. CIV. P. 30 and 45.  Should any party believe that additional depositions may be necessary, the Parties will meet and confer in a good faith to reach an agreement with respect to that issue as a precondition to seeking relief from the Court. The Parties agree that they will make reasonable efforts to agree on deposition dates that are convenient to the deponent, counsel, and the Parties.

7.     <u>Interrogatories</u>.  Consistent with the Court's January 21, 2026 Order, the Parties agree they will not, absent leave of court, serve more than thirty (30) interrogatories per party, including parts and sub-parts.  Should any party believe that additional interrogatories may be necessary, the Parties will meet and confer in a good faith effort to reach an agreement with respect to that issue as a precondition to seeking relief from the Court.

8.     <u>Requests for Production of Documents</u>.  The Parties agree that the exchange of written requests for the production of documents and responses shall be conducted pursuant to FED. R. CIV. P. 34, the Local Rules, and any applicable Orders of this Court, including the specific requirements governing electronic documents.

9.     <u>Requests for Admission</u>.  The Parties agree that the exchange of written requests for admissions shall be conducted pursuant to FED. R. CIV. P. 36.

10.     <u>Subpoenas</u>.  The Parties expressly reserve their rights to conduct discovery through the use of subpoenas pursuant to FED. R. CIV. P. 45.  Nothing in this Discovery Plan shall be

deemed as a waiver of any objection to the issuance of a subpoena or the notice requirements of Fed. R. Civ. P. 45(a)(4). The Parties further agree that if any documents are received from third parties pursuant to a subpoena that is relevant to this case, the receiving party shall alert the other party to the receipt of such documents, within three days of receipt, and shall promptly produce such documents to the other side.

11.     Claims of Privilege or Protection of Litigation Preparation Materials.  Pursuant to FED. R. CIV. P. 26(f)(3)(D), the Parties agree that, except as to communications in anticipation of the above referenced litigation, between KCNF and Ms. Torres, and Littler Mendelson and SHRM, if a privilege or privileges are asserted as to any information requested in discovery, the party asserting privilege shall, within the earlier of (a) seven (7) days after claiming the privilege and (b) the date discovery closes in this matter, provide a privilege log to the other party pursuant to Fed. R. Civ. P. 26(b)(5).  The privilege log shall provide enough specificity for the other side to determine whether a document has been properly marked as privileged, and where additional information is requested, the Parties will confer in good faith to resolve any privilege questions.

12.     Protective Order.  The Parties believe a Protective Order is necessary to protect the confidentiality of certain documents produced in this case, including, but not limited to, confidential medical information.  SHRM proposed a Stipulated Protective Order to Plaintiff on January 30, 2026, and the Parties discussed the contents on February 3, 2026, and have continued to discuss issues relating to the proposed Stipulated Protective Order.  The Parties will be prepared to discuss the issues at the February 25, 2026, pretrial conference, if needed.

13.     Expert Witnesses.  Consistent with Local Civil Rule 26(D) of the United States District Court for the Eastern District of Virginia, the Parties conferred about a schedule with regard to identification of any expert witnesses, if applicable, and were able to agree to the

following schedule if Plaintiff decides to designate any expert(s):

|  |  |
|---|---|
| Plaintiff's Expert Report(s): | April 13, 2026 |
| Defendant's Expert Report(s): | May 11, 2026 |
| Plaintiff's Rebuttal Report(s): | May 28, 2026 |

The Parties agree that consistent with FED. R. CIV. P. 26(b)(4)(A), depositions of any expert witness for whom a report is required will take place after that expert's report has been served.

**Plaintiff's Additional Proposal**

Currently, Plaintiff has not determined whether experts will be necessary in this case. In the event that Plaintiff determines that no experts are necessary, Plaintiff requests the following alternative schedule. Should Plaintiff notify Defendant by April 6, 2026, that she does not intend to rely on any experts, unless Defendant independently advises it intends to do so, Plaintiff proposes the following schedule:

|  |  |
|---|---|
| Defendant's Expert Report (s): | April 13, 2026 |
| Plaintiff's Expert Report(s): | May 11, 2026 |
| Defendant's Rebuttal Report(s): | May 28, 2026 |

Plaintiff's position is, under these circumstances, experts will only be necessary if Defendant determines, independently of Plaintiff's decision, that it believes experts are needed. In that case, Defendant may begin immediately to make that determination, just as Plaintiff will do. Defendant argues below that it will need five weeks to identify experts and issue its own report after learning that Plaintiff does not believe experts are necessary in the case. And it takes the position that Plaintiff should have little more than two weeks, which includes a holiday weekend, to identify experts and issue reports after first learning of Defendant's experts. Defendant's position makes little sense for two reasons: (1) It ignores the fact that in this circumstance, its decision to rely on

experts is not dependent on Plaintiff's designation. Instead, Defendant will have the same amount of time as Plaintiff, almost two months, to consider whether any expert is needed to support its defenses  and prepare any necessary reports. (2) Defendant asks the Court to give Plaintiff less time to find an expert and issue reports, than Defendant will have if Plaintiff notifies Defendant that any expert(s) is needed.  Just as Defendant explains that it will need at least four weeks to respond to an initial expert report, so too does Plaintiff need such time to avoid prejudice. In addition to Plaintiff's additional proposed expert schedule, Plaintiff also offered for the Parties to identify experts and issue reports at the same time, giving each side four weeks to respond to the other party's reports, and then the same additional time for rebuttal reports. Defendant rejected this proposal as well and would not consider any proposal other than the initial proposal and an offer that Plaintiff could ask for more time later in the process. If the Court is not inclined to grant Plaintiff's additional proposal, Plaintiff requests that it be granted 4 weeks to respond to Defendant's issuance of expert reports (where such reports are the first reports in the case) and extend the discovery deadline by two weeks for any related expert depositions.

**Defendant's Response to Plaintiff's Additional Proposal**

Defendant does not agree to Plaintiff's proposed alternative schedule on the basis it only gives Defendant one week to identify an expert(s), if any, upon learning of Plaintiff's decision not to designate an expert, and for the expert(s) to prepare a report(s), both of which will be informed by whether Plaintiff designates. Moreover, Plaintiff carries the burden of proving her claims and should therefore carry the burden of designating an expert first including any strategic decision to designate, or not designate, an expert(s), as set forth in the default schedule provided for in Local Rule 26(D)(2). Defendant merely asks to be given the same four weeks that the default schedule allows be provided to it upon learning of Plaintiff's designation(s), or lack thereof. Defendant

objects to any contingent discovery extension at this stage and avers that if one or both Parties wish to move the Court for an extension for any reason it can do so if and when that becomes necessary as is the practice in this Court.

14.     Completion of Discovery.  The Parties intend to complete discovery by the Court's June 12, 2026 deadline.  The Parties also understand and agree that all discovery requests must be served so that responses are timely due on or before the date discovery closes.

15.     Serving and Filing Pleadings and Discovery.  The Parties agree that all pleadings, motions and other papers that are filed with the Court will be distributed to the Parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service.  In addition, the Parties agree that all discovery requests, written responses, and any other papers that are not filed with the Court shall be served by email.  The serving party shall attach the pleading or paper in "PDF" format, except that discovery documents produced during the litigation in this matter shall be produced in accordance with the final Stipulated Protective Order and an ESI and document production protocol agreed to between the Parties.  For purposes of calculating response deadlines, any emailed document will be treated as having been personally served on the day it was sent (including and up to 11:59 p.m.).

16.     Summary Judgment.  The Parties agree that FED. R. CIV. P. 56 and Local Civil Rule 56, as well as Local Rule 7, shall govern motions for summary judgment.

17.     Other Matters.

a.     Motions *in Limine* – The Parties agree that they shall file their Motions *in Limine* so that they may be heard not later than one (1) week before any trial date in this matter.

b.      Witness Lists, Exhibits (Objections), and Stipulations – These matters are addressed in this Court's Order dated January 21, 2026 (ECF No. 13).

Dated:  February 18, 2026

Respectfully submitted by:


_____
Stephen B. Pershing, Bar. No. 31012
Lori B. Kisch (admitted *pro hac vice*)
D.C. Bar No. 491282
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. NW
Suite 1000
Washington, DC 20006
Telephone:   202.331.9260
spershing@kcnlaw.com
lkisch@kcnlaw.com

*Counsel for Plaintiff*

/s/Lauren M. Bridenbaugh
_____
Lauren M. Bridenbaugh, Bar No. 90586
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA 22102
Telephone:   703.442.8425
Facsimile:   703.552.7679
lbridenbaugh@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone:   213.443.4300
Facsimile:   800.715.1330
tdarrow@littler.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 18th day of February 2026, I caused the foregoing **Proposed Joint Discovery Plan** to be served through the Court's Electronic Case Filing (ECF) system on the following counsel of record:

Stephen B. Pershing, Bar. No. 31012
Lori B. Kisch (admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. NW
Suite 1000
Washington, DC 20006
Telephone:   202.331.9260
spershing@kcnlaw.com
lkisch@kcnlaw.com

*Counsel for Plaintiff*

/s/Lauren M. Bridenbaugh
Lauren M. Bridenbaugh