Exhibit A to Plaintiff's 4/17/26 Motion To Compel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Case No. 1:25-CV-02360-PTG-WBP** |

**DECLARATION OF LORI B. KISCH**

I, Lori B. Kisch, declare:

1. I am over the age of 18 and have personal knowledge of all of the facts stated herein.

2. I am counsel at Kalijarvi, Chuzi, Newman & Fitch, P.C. ("KCNF") and counsel for Plaintiff Fiona Torres. I am admitted *pro hac vice* to the U.S. District Court for the Eastern District of Virginia in the above captioned matter. I submit this declaration in support of Plaintiff's Motion to Compel.

3. Plaintiff's counsel has made a good faith effort to meet and confer with Defendant's counsel regarding the issues presented in Plaintiff's Motion to Compel.

4. Following the exchange of a series of emails regarding various discovery disputes, counsel for both Parties met and conferred on April 1, 2026, in a good faith effort to narrow the disputes. Counsel were able to narrow the disputes at this conference. Plaintiff's counsel continues to engage in a good faith effort to narrow additional disputes. However, following the April 1, 2026, meet and confer conference, the Parties are at an impasse on several

discovery disputes. The disputes set forth below were discussed in the April 1, 2026, conference and a subsequent meet and confer conference on April 16, 2024, as follows.

**SHRM's Searches of Electronically Stored Information ("ESI")**

5. At the April 1, 2026, meet and confer conference, counsel for both Parties discussed disputes regarding the scope of SHRM's ESI searches.

6. During the meet and confer, SHRM confirmed that other than a new search for documents that referenced Plaintiff's name, SHRM would not agree to any other part of Plaintiff's ESI proposal provided in its letter of March 26, 2026.

7. Defendant's counsel informed Plaintiff's counsel that SHRM's ESI search was limited to the time restriction of March 1, 2024-August 30, 2024.

8. Defendant's counsel refused to broaden the temporal scope of the ESI search beyond the time frame specified by counsel.

9. SHRM refused to ask relevant witnesses in the case to personally search their ESI, including their emails, phones, and other electronic files for relevant information.

10. Defense counsel confirmed during the meet and confer that SHRM's ESI search did not include the following custodians: Hampton Walters, George Rivera, and Nick Schacht.

11. Defendant's counsel also stated that SHRM will not reconsider including these three custodians in the ESI search. Further correspondence between the parties have occurred and Defendant's counsel has not stated that it will change its position an continues to argue against searching for ESI for these three individuals.

12. During the meet and confer, the Parties also discussed the search terms that were used by SHRM in its search for ESI and the proposed search terms Plaintiff's counsel provided to Defendant's counsel in a March 26, 2026, letter.

13. Defense Counsel confirmed that the ESI search conducted by SHRM was limited to only those documents that included either the Plaintiff's first or last name and another connecting term within either 5 or 10 words, as identified in its email of March 24, 2026. Defense Counsel confirmed that because of this limitation, SHRM's ESI search would not locate all documents with the Plaintiff's name. This also meant that any document that discussed the claims or defenses in this case, but did not have the Plaintiff's name on the document, would not be discovered and produced to Plaintiff.

14. During the meet and confer, Defense Counsel agreed to search for documents with Plaintiff's name without the connecting terms. Defendant's counsel stated that they would confer regarding what precise search term SHRM would use related to Plaintiff's name and whether they would include the first or last name or both. If SHRM uses both, the connector is important. Plaintiff expressed the importance of searching for the Plaintiff's first name and the Parties discussed that the question of whether her last name would be searched would depend upon the number of documents it could illicit. Plaintiff pointed out that because the search was limited to only a certain set of custodians, likely including just the last name would not cause too many hits to make such a search unreasonable. Defendant's counsel stated that they would inform Plaintiff's Counsel on the precise search term SHRM believed would be sufficient for the search by April 3 or April 6, 2026. SHRM did not provide this information as promised.

15. During a meet and confer on April 16, 2026, Plaintiff's counsel again inquired about the search terms used for Plaintiff's name. Counsel for Defendant confirmed that SHRM did conduct a search of Plaintiff's name, but only a few additional documents were discovered. Counsel for Defendant stated she did not have the information related to the search term that was used to search the documents by Plaintiff's name. That information was then emailed later in the

day on April 16, 2026.

16. On April 17, 2026, the Parties further conferred via email and SHRM now agrees to conduct a search with Plaintiff's first name and separately with her last name.

17. However, Plaintiff requested that SHRM confirm that it will provide further information about its searches and confirm that it will work with Plaintiff's counsel on proper search terms if the result of the search is not as expected. Plaintiff requested confirmation of dates certain next week regarding the ESI searching. Plaintiff also requested confirmation of the time frame to be searched and the sources as SHRM seemed to suggest it would only search emails. SHRM declined to respond to these requests.

18. Other than the narrow agreement reached just a couple of hours before this filing, regarding the search for Plaintiff's name, SHRM does not agree to conduct any other ESI searches or change any of its other search terms to ensure that relevant and responsive ESI is located.

19. To date, SHRM has not produced any documents, whether email, text, or otherwise, regarding any internal SHRM discussions related to Plaintiff's request for an accommodation, SHRM's denial, or SHRM's recission of its offer of employment.

**<u>Littler Representation of Witnesses and SHRM Witness Information</u>**

20. In its Initial Disclosures, SHRM failed to identify contact information for four individuals, employee Katharine Panessidi, and former SHRM employees Alison Sancinito, Kristen Howe, and Melissa Turk. Plaintiff's counsel requested their contact information on eight different occasions, and additionally during the meet and confer on April 1, 2026. To date, SHRM refuses to provide the contact information for the two remaining individuals, Ms. Howe and Ms. Panessidi.

21. Since March 4, 2026, Counsel for Defendant has stated that they may represent one or more of the three individuals, Ms. Sancinito, Ms. Howe, and Ms. Turk. Defense Counsel has also stated they may represent one or more of them for purposes of the depositions. Plaintiff's Counsel requested numerous times to be informed whether Counsel for Defendant represents any of the witnesses and the scope of that representation. To date, Counsel for Defendant has not provided that information.

22. Despite Defense Counsel's refusal to inform Plaintiff's Counsel whether Littler represents any of the three former employees, it has taken the position that Plaintiff's counsel may not contact directly, any of the three.

23. Three additional individuals appear to have a significant role related to the claims and defenses of this litigation, Hampton Walters, George Rivera, and Nick Schacht. SHRM omitted these three individuals in response to Plaintiff's Interrogatory No 1. which requested the identity of individuals with knowledge regarding the factual allegations set forth in the Complaint and SHRM's Answer, with a description of the knowledge held by each. During the meet and confer, Defense Counsel stated that SHRM will not update its Interrogatory responses to include the information requested relating to these three individuals.

**Depositions of SHRM Witnesses**

24. At the meet and confer, the Parties discussed the Rule 30(b)(1) deposition of HR Director Jim Link and the Rule 30(b)(6) deposition designee. Although Plaintiff is still waiting to hear from Defense Counsel as to who SHRM will designate, Defense Counsel has indicated it will likely be Mr. Link. Defense Counsel has raised that if SHRM does designate Mr. Link as their corporate designee for the Rule 30(b)(6) deposition, it will not agree to make their corporate designee available on an additional date beyond Mr. Link's Rule 30(b)(1) deposition, currently

scheduled for May 7, 2026.

I declare under penalty of perjury that the foregoing is true and correct.

Lori Kisch

______________________
Lori Kisch

Dated this 17th day of April 2026 at Chevy Chase, Maryland.