Exhibit C to Plaintiff's 4/17/26 Motion To Compel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FIONA TORRES,<br><br>Plaintiff,<br><br>v.<br><br>SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>Defendant. | No. 1:25-cv-2360 (PTG/WBP)<br><br>Hon. Patricia Tolliver Giles, J.<br>Hon. William B. Porter, M.J. |

**PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Rule 26 of the Eastern District of Virginia Local Civil Rules, and this Court's Order of January 21, 2026 [Dkt. No. 13], Plaintiff Fiona Torres ("Torres") requests that Defendant Society for Human Resource Management ("SHRM") produce the documents responsive to the Requests below and answer the Interrogatories described below. Plaintiff requests that SHRM produce copies of responsive documents and other tangible things to Torres' counsel. For purposes of these requests, the following instructions and definitions shall apply.

**INSTRUCTIONS**

1. These instructions and definitions should be construed to require responses based upon information available to Defendant, as well as Defendant's counsel, representatives, current and former employees, and other agents.

2. Pursuant to Fed. R. Civ. P. 34(b), all documents produced are to be organized and labeled in a manner that indicates the particular request to which the document is responsive.

3. Requests for documents shall be deemed to include requests for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the documents themselves. If the requested documents are maintained in a file, the file folder is included in the request for production.

4. Any "electronically-stored information" ("ESI") responsive to these requests shall be produced in its native format and consistent with any ESI agreement between the parties. Requests for emails and texts are requests for such emails, messages, and texts from all SHRM email, mobile devices, and other channels of communication as well as any personal accounts and devices which may contain responsive information to these requests. The undersigned counsel requests that counsel confer about finding accessible formats for any ESI produced.

5. If Defendant is unable to produce a document responsive to these requests, state in writing why it cannot produce the document, and if its inability to produce the document is because it is not in its possession or in the possession of a person from whom Defendant could obtain the document, provide a brief description of the responsive document and state the name, street address, telephone number, and email address of any person(s) believe to have the original or a copy of any such document.

6. In the event that any document or things has been destroyed, discarded, or otherwise disposed of, such document is to be described by date, location, number of pages, attachments, appendices, exhibits, author(s), addresses(s), recipient(s), title, and subject matter; such thing shall be described with the greatest particularity possible. In addition, state the reason for disposal or destruction of the document or thing, and identify each and every person who either authorized disposal or destruction of the document or thing or who disposed of or destroyed the document or thing.

7. If Defendant contends that any request is ambiguous, Defendant shall set forth the matter deemed ambiguous and the construction selected or used in responding to the request. If the Defendant contends that it would be unreasonably burdensome to produce all of the documents called for in response to any request, then as to that request Defendant shall: (a) produce all documents that are available without unreasonable burden; and (b) describe with particularity the burden that would be imposed by the production of all of the documents called for in response to the request.

8. If Defendant objects to a portion or an aspect of any request, state the grounds of the objection with specificity and respond to the remainder of the request.

9. When any claim of privilege is asserted in responding to any discovery asked for in these requests, within the earlier of (7) seven days of asserting the privilege or the date discovery closes, provide a privilege log to the other party. The privilege log shall identify the nature of the privilege which is being claimed and provide the following information for each item in a privilege log or similar format: (a) Bates Number(s) or Document ID (for native files); (b) type (e.g., document thing, or ESI); (c) the date of the document; (d) the author(s) of the privileged information; (e) the recipients (s) of the privileged information; (f) the subject matter of the privileged information; and (g) the basis of the claim of privilege.

10. Where a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged materials. If a privilege is asserted with regard to the material contained in a document, the party claiming must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the

person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

11. These discovery requests are continuing in nature, such that SHRM is required to file supplementary answers or responses if it obtains further or different information or additional documents after initially responding to the discovery requests. Such supplementation should be made in a timely fashion pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

12. Unless otherwise indicated, these requests relate to the period of time from January 1, 2019, through the present.

## DEFINITIONS

When used in these requests, unless a contrary meaning clearly applies in the context of a particular request, the following definitions shall apply:

1. The term "ADA" refers to Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

2. The term "VHRA" refers to the Virginia Human Rights Act, Va. Code §§ 2.2-3900, *et seq.*, as amended by the Virginia Values Act of 2021.

3. The terms "you," "your," "Defendant," and "SHRM" refer to the Society for Human Resource Management and its current and former officials, board members, employees, independent contractors, partners, officers, agents, attorneys, trustees, or representatives, as well as any other persons or entities acting on behalf of SHRM during the time frame relevant to these document requests.

4. The term “employee,” “supervisor,” or “manager” refer to current and former employees, supervisors, and managers.

5. The term “including” means including, but not limited to.

6. The terms “electronically-stored information” or “ESI” and “things” have the same meaning as those terms when used in Rule 34 of the Federal Rules of Civil Procedure.

7. The term "document" as used herein shall have the full meaning embodied in Rule 34 of the Federal Rules of Civil Procedure, including but not limited to ESI.

8. The term "document" includes, without limitation, all originals or copies, if the originals are not in the possession of SHRM, its attorneys, agents, or representatives, and all non-identical copies (whether by reason of alterations or of additional notations).

9. The term "document" includes writings, texts, drawings, graphs, charts, photographs, sound recordings, images, voice records, film, video tapes, and other data or data compilations—stored in any medium from which information can be obtained either directly, or, if necessary, after translation into a reasonably usable form. This includes materials stored on phones, computer memories or chips, hard disk, floppy disks, CD-ROM, or any other storage vehicle, regardless of whether it consists of an active or deleted file or file fragment.

10. The term "document" further includes, without limitation, correspondence, memoranda, electronic mail, texts, facsimile transmissions, reports, records, notes, diaries, chronologies, written statements, letters, summaries and other written records and recordings of any conferences, meetings, visits, interviews or telephone conversations, telegrams, studies, messages, analyses, invoices, bills, books, magazines, newspapers, booklets, tapes, logs, calendars, circulars, bulletins, notices, instructions, minutes, questionnaires, surveys, transcripts

of testimony, affidavits and declarations, printed matter (including published articles, speeches, presentations and newspaper clippings), press releases, and other communications.

11. The term "document" also includes all drafts of a document and all non-identical copies that differ in any respect from the original (e.g., notations or alterations). Drafts and non-identical copies are considered a separate document for purposes of these document requests.

12. The term “oral communication” means any conversation, telephone conversation (including electronic implementations, such as Zoom, Skype, Teams, etc.), statement, discussion, debate, interview, argument, disclosure, consultation, meeting, and any other manner of oral utterance.

13. The term “person” refers to the plural, as well as the singular, and includes any natural person, firm, association, partnership, joint venture, corporation or entity.

14. The term “relating to” means pertaining to, supporting, concerning, describing, referring to, evidencing, reflecting, showing, mentioning, discussing, constituting, contradicting, refuting, or in any way logically or factually connected to the matter discussed.

15. The words “or” and “and” shall be read in the conjunctive and not in the disjunctive wherever they appear and neither of these words shall be interpreted to limit the scope of the request.

16. The use of the verb in any tense shall be construed as the use of the verb in all tenses and the singular form shall be deemed to include the plural, and vice versa.

17. The terms “identify” or “identification,” when used with respect to a document, means the Bates number or where applicable, the ID number, of the document, the document’s full name, a general description of the document, the author(s) of the document, the date on

which it was created, and the name(s) of any and all recipients of the document, the custodian of the document, and current or last known location of the document.

18. The terms "identify" or identification," when used with respect to conversations and written or oral communications, means the date on which each conversation or communication occurred, the persons making such conversation or communication, the substance of the conversation and communication, the names and addresses of every person present when the conversation or communication occurred, and the place where the conversation took place.

19. The term "identify" or "identification," when used with respect to a person, means the individual's full name, current or last known home address, telephone number, and email address, and current or former job title. If the person is not an individual, state the full name of the entity involved, the type of entity (e.g., corporation, partnership, etc.), and the current or last known address and principal place of business of such entity.

20. The term "identify," when used in connection with an act, occurrence, or statement means to provide the following information: (a) the substance of the event or events constituting such act, occurrence or statement; (b) the name, title, division, and last-known address and telephone number of each individual present when such act, occurrence or statement occurred; and (c) whether any minutes, notes, transcript, memoranda or recordation of such act, occurrence or statement was made, and the identity of individuals having custody of such documents.

21. The term "communications," as used herein, means all conversations, facsimile transmissions, electronic mail, telephone calls, voice mail, video and/or other recorded transmissions, and any other written, oral or other forms of communications, including texts.

22. The term “correspondence” means any document sent or delivered by one or more persons to one or more persons by any method of transmission.

23. The term “personnel file” shall include, but is not limited to, any and all records maintained either in the normal course of business or for any special purpose with respect to the individual, whether retained in a single file or separately. Such documents shall include, but are not limited to documents related to hire; promotions; performance reviews or assessment; performance improvement plan; discipline; productivity reports; employment histories or summaries; records of contact information, including residential and email addresses and telephone numbers; complaints made about or by the employee and any subsequent investigations; documents reflecting, relating to, and/or leading up to offers of employment, conditional offers of employment, rescission of offers of employment or conditional offers of employment, termination notices; job assignment or classification records; compensation, benefits, and payroll records; and other similar records.

24. The term “Action” shall mean the case *styled Fiona Torres v. Society for Human Resource Management*, Case No. 1:25-CV-02360, pending in the United States District Court for the Eastern District of Virginia.

**PLAINTIFF’S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

1. Produce all documents describing all employment benefits Torres would have been offered had her offer of employment not been rescinded.

2. To the extent not already produced, produce all documents related to SHRM’s consideration of Torres’ application for employment, its offer, and its recission of its offer.

3. Produce all documents relating to any policies, practices, procedures, or directives related to employee breaks during the workday or flexibility of SHRM employees' daily schedules.

4. Produce all documents relating to any policies, practices, procedures, or directives limiting what a SHRM employee may stock, store, or maintain in terms of food or medical equipment, at their desks or workspace.

5. Produce all documents relating to any policies, practices, procedures, or directives related to any limitations on whether SHRM employees are permitted to eat or drink at their desk or workspace, and throughout the workday.

6. Produce all documents relating to any policies, practices, procedures, or directives related to any limitations on whether employees are permitted to wear medical devices on their own bodies or rely on medical devices for their health and safety, while at work at SHRM.

7. If any such limitations exist in response to Request Nos. 4-6 above, provide all documents related to enforcement of such polices, practices, procedures, and directives.

8. Produce any and all instant messages or other text communications on Signal, Discord, WhatsApp, Messenger, Facebook, Instagram, TikTok, or to other social media applications or sites by Nicole Belyna, Deborah Zoerkler, Katharine Panessidi, Kristen Howe, Alison Sancinito, Melissa Turk or any other representative of SHRM, including any individual who SHRM may call to testify in the litigation, regarding or relating to Ms. Torres or any of the allegations in her complaint.

9. Produce all pleadings, files, and administrative records relating to any other legal proceeding in which SHRM has been a responding party or defendant with respect to claims of

disability discrimination or a failure to accommodate an applicant or employee related to an alleged disability.

10. To the extent not already produced, produce all documents that you may rely upon or offer into evidence at the trial of this Action or at any evidentiary hearing in this Action (regardless of whether such hearing is a final trial on the merits).

11. Consistent with the schedule for expert disclosures, produce the current curriculum vitae or resume of any expert that you have consulted in this Action.

12. Consistent with the schedule for expert disclosures, produce the expert report of any expert that you intend to have testify in this Action.

13. Consistent with the schedule for expert disclosures, produce a copy of any documents and items reviewed or relied upon by any expert upon whom you may rely, or that were provided to such expert, by you or any party acting on your behalf, in relation to this Action.

14. Consistent with the schedule for expert disclosures, produce all reports, compilations of data, notes, or any other documents prepared by any non-testifying expert whose opinions or impressions were and/or are to be reviewed by any expert designated to testify on your behalf in this Action.

**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

1. Identify the individual(s) who recommended and/or made the determination to deny Fiona Torres her requested accommodation to bring her service dog to the workplace at SHRM and the individual(s) who recommended and/or approved the rescission of her job offer with SHRM.

2. Describe in detail the salary and all benefits that would have been provided to Fiona Torres had she been employed by SHRM in the position she had been offered, before the offer was rescinded.

Respectfully submitted,

*Lori Kisch*

______________________________

Stephen B. Pershing
Virginia Bar No. 31012
Lori B. Kisch
D.C. Bar No. 491282
(Admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
spershing@kcnlaw.com
lkisch@kcnlaw.com

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by electronic mail on February 20, 2026, on counsel of record for SHRM as follows:

Lauren M. Bridenbaugh
Leslie P. Currie
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lbridenbaugh@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, CA 90071

tdarrow@littler.com

*Counsel for Defendant*

*Lori Kisch*

__________________________
Lori Kisch