Exhibit E to Plaintiff's 4/17/26 Motion To Compel

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Case No. 1:25-CV-02360-PTG-WBP** |

**DEFENDANT'S OBJECTIONS, RESPONSES AND ANSWERS TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 26(C) of this Court's Local Rules, Defendant Society For Human Resource Management ("SHRM" or "Defendant"), by and through undersigned counsel, hereby submits these Objections, Responses and Answers to Plaintiff Fiona Torres' ("Ms. Torres" or "Plaintiff") Second Set of Discovery Requests.

## GENERAL STATEMENTS

Defendant has been assisted in the preparation of these Objections, Responses and Answers to Plaintiff's Second Set of Discovery Requests by counsel. Accordingly, the word usage and sentence structure of Defendant's Objections, Responses and Answers may be that of the individual attorney who assisted in their preparation, and no representation is made that these Objections, Responses and Answers contain the precise wording selected by Defendant.

Defendant has based the Objections, Responses and Answers to Plaintiff's Second Set of Discovery Requests on the information currently available to it, and reserves the right to supplement, amend, and/or correct all or any part of the Objections, Responses and Answers

contained herein. Defendant does not admit the truth or accuracy of any factual characterization, statement, or phrasing used or made in the Second Set of Discovery Requests.

**OBJECTIONS AND RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Produce all documents describing all employment benefits Torres would have been offered had her offer of employment not been rescinded.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by the term "employment benefits" and "offer of employment" in the context of this Request and because it does not specify if it is referring to the offer of employment *at SHRM* or at some other employer. Unless instructed otherwise, SHRM will respond on the understanding that the Request seeks a description of employment benefits Plaintiff could have been offered had she been hired by SHRM in 2024.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000215-254.

2. To the extent not already produced, produce all documents related to SHRM's consideration of Torres' application for employment, its offer, and its recission of its offer.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and

their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by the term "consideration of" and "offer" in the context of this Request.

SHRM further objects to this Request as cumulative and duplicative to the extent it seeks information already requested in Request No. 8.

**RESPONSE:** SHRM refers Ms. Torres to its Response to Request for Production No. 8.

3. Produce all documents relating to any policies, practices, procedures, or directives related to employee breaks during the workday or flexibility of SHRM employees' daily schedules.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, SHRM's "policies, practices, procedures, or directives related to employee breaks during the workday or flexibility of SHRM employees' daily schedules" has no bearing on Ms. Torres' claims of disability

discrimination and failure to accommodate as it pertains to her request for accommodation submitted to, and considered by, SHRM in 2024 and the rescission of SHRM's conditional job offer to Ms. Torres in 2024. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "practices," "directives," "employee breaks," "workday," "flexibility," and "daily schedules" in the context of this Request.

**RESPONSE:** SHRM does not have a workplace policy related to employee breaks for salaried employees. SHRM further refers Ms. Torres to its Response to Request for Production No. 1.

4. Produce all documents relating to any policies, practices, procedures, or directives limiting what a SHRM employee may stock, store, or maintain in terms of food or medical equipment, at their desks or workspace.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on

the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, SHRM's "policies, practices, procedures, or directives limiting what a SHRM employee may stock, store, or maintain in terms of food or medical equipment, at their desks or workspace" has no bearing on Ms. Torres' claims of disability discrimination and failure to accommodate as it pertains to her request for accommodation submitted to, and considered by, SHRM in 2024 and the rescission of SHRM's conditional job offer to Ms. Torres in 2024. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "practices," "directives," "stock," "store," "medical equipment," and "workspace" in the context of this Request.

**RESPONSE:** SHRM does not have a workplace policy relating to employees' ability to "stock, store or maintain in terms of food or medical equipment, at their desks or workspace." SHRM further refers Ms. Torres to its Response to Request for Production No. 1.

5. Produce all documents relating to any policies, practices, procedures, or directives related to any limitations on whether SHRM employees are permitted to eat or drink at their desk or workspace, and throughout the workday.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, SHRM's "policies, practices, procedures, or directives related to any limitations on whether SHRM employees are permitted to eat or drink at their desk or workspace" has no bearing on Ms. Torres' claims of disability discrimination and failure to accommodate as it pertains to her request for accommodation submitted to, and considered by, SHRM in 2024 and the rescission of SHRM's conditional job offer to Ms. Torres in 2024. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "practices," "directives," "limitations," "workspace," and "workday" in the context of this Request.

**RESPONSE:** SHRM does not have a workplace policy pertaining to "whether SHRM employees are permitted to eat or drink at their desk, or workspace throughout the workday." SHRM further refers Ms. Torres to its Response to Request for Production No. 1.

6. Produce all documents relating to any policies, practices, procedures, or directives related to any limitations on whether employees are permitted to wear medical devices on their

own bodies or rely on medical devices for their health and safety, while at work at SHRM.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, SHRM's "policies, practices, procedures, or directives related to any limitations … to wear medical devices … or rely on medical devices" has no bearing on Ms. Torres' claims of disability discrimination and failure to accommodate as it pertains to her request for accommodation submitted to, and considered by, SHRM in 2024 and the rescission of SHRM's conditional job offer to Ms. Torres in 2024. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "practices," "directives," "limitations," "medical devices," "own bodies," and "health and safety" in the context of this Request.

**RESPONSE:** SHRM does not have a workplace policy pertaining to employees medical devices. SHRM further refers Ms. Torres to its Response to Request for Production No. 1.

7. If any such limitations exist in response to Request Nos. 4-6 above, provide all documents related to enforcement of such polices, practices, procedures, and directives.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, SHRM's "enforcement" of any such "policies, practices, procedures, and directives" as referenced in Request Nos. 34-36 above has no bearing on Ms. Torres' claims of disability discrimination and failure to accommodate as it pertains to her request for accommodation submitted to, and considered by, SHRM in 2024 and the rescission of SHRM's conditional job offer to Ms. Torres in 2024; and because it seeks documentation pertaining to other employees or applicants without regard to whether they were similarly situated in all relevant respects, such as "whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other

qualifications." *Spencer v. Va. State Univ.*, 919 F.3d 199, 207-08 (4th Cir. 2019) (citations omitted). The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "limitations," "practices," and "directives," in the context of this Request.

**RESPONSE:** SHRM does not have workplace policies responsive to Request for Production Nos. 34-36 and therefore has no documentation responsive to this Request.

8. Produce any and all instant messages or other text communications on Signal, Discord, WhatsApp, Messenger, Facebook, Instagram, TikTok, or to other social media applications or sites by Nicole Belyna, Deborah Zoerkler, Katharine Panessidi, Kristen Howe, Alison Sancinito, Melissa Turk or any other representative of SHRM, including any individual who SHRM may call to testify in the litigation, regarding or relating to Ms. Torres or any of the allegations in her complaint.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request on the basis that it seeks to invade the privacy rights of third parties who are not party to this litigation, to the extent it seeks personal identifying information such as personal email addresses, social media handles, and personal telephone numbers for any individual.

SHRM further objects to this Request as vague and ambiguous as it is not known what is

meant by "instant messages" and "social media applications" in the context of this Request.

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; because it is not limited to documents within SHRM's custody, possession, and control inasmuch as it requests "instant messages and other text communications" of "any individual who SHRM may call to testify in the litigation" which could include dozens of individuals from whom SHRM has no ability to compel or request their compliance with this Request and whom may be unknown to SHRM at this time as discovery is ongoing; because SHRM has not determined each and every person it could conceivably call to testify in this litigation; and because it requests documentation from hundreds of current or former SHRM employees and third-parties without regard to whether the requested documentation is related to any matter at issue in this action. Specifically, the discussions of hundreds of current or former SHRM employees and third-parties, and the entirely unknown number of individuals, whether known or unknown to SHRM, who could have discussed Ms. Torres, her alleged disability, and/or any other allegation in her Complaint in written communications over a more than seven year period and continuing has no bearing on Ms. Torres' claims of disability discrimination and failure to accommodate as it pertains to her request for accommodation submitted to, and considered by, SHRM in 2024 and the rescission of SHRM's conditional job offer to Ms. Torres in 2024.

**RESPONSE:** Ms. Belyna, Ms. Zoerkler, and Ms. Panessidi have no responsive documentation. Ms. Howe, Ms. Sancinito, and Ms. Turk no longer work for SHRM. SHRM has not determined who it may call to testify in this matter. SHRM stands on its objections as it pertains to the Request for text message and social media posts of each and every SHRM employee.

9. Produce all pleadings, files, and administrative records relating to any other legal proceeding in which SHRM has been a responding party or defendant with respect to claims of disability discrimination or a failure to accommodate an applicant or employee related to an alleged disability.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome because Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than a year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, it seeks documentation pertaining to other employees or applicants without regard to whether they were similarly situated in all relevant respects, such as "whether the employees (i) held the same job description, (ii) were

subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications." *Spencer v. Va. State Univ.*, 919 F.3d 199, 207-08 (4th Cir. 2019) (citations omitted). The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "files" and "administrative records" in the context of this Request.

SHRM further objects to this Request as cumulative and duplicative to the extent it seeks documentation already requested in Request No. 21.

**RESPONSE:** SHRM stands on its objections with respect to this Request.

10. To the extent not already produced, produce all documents that you may rely upon or offer into evidence at the trial of this Action or at any evidentiary hearing in this Action (regardless of whether such hearing is a final trial on the merits).

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request on the grounds that it is premature and imposes a burden of disclosure beyond that imposed under the Federal Rules of Civil Procedure, this Court's Local Rules, and any order that this Court has entered in this Action to date. Without waiving these objections, SHRM states it will produce documents and communications in accordance with the Federal Rules of Civil Procedure, the Court's Local Rules, and the orders of the Court in this Action.

**<u>RESPONSE</u>:** SHRM refers Ms. Torres to all documents produced by SHRM in this matter and all documents produced by Ms. Torres in this matter.

11. Consistent with the schedule for expert disclosures, produce the current curriculum vitae or resume of any expert that you have consulted in this Action.

**<u>OBJECTIONS</u>:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "consulted" in the context of this Request.

SHRM further objects to this Request to the extent that it is premature and imposes a burden of disclosure beyond that imposed under the Federal Rules of Civil Procedure, this Court's Local Rules, and any order that this Court has entered in this Action to date.

SHRM further objects to this Request on the grounds that it seeks information that is beyond the scope of permissible discovery under Federal Rule of Civil Procedure 26. Under the circumstances of this case, Plaintiff may not discover facts known or opinions held by an expert retained by the Defendant in anticipation of litigation or to prepare for trial where that expert is not expected to be called as a witness at trial. *See* Fed. R. Civ. P. 26(b)(4)(D).

**<u>RESPONSE</u>:** SHRM will produce responsive, non-privileged documents as required by and pursuant to the Federal Rules of Civil Procedure, the Court's Local Civil Rules, and the deadlines set forth in the Rule 16(B) Scheduling Order and the Joint Discovery Plan approved by the Court in this matter.

12. Consistent with the schedule for expert disclosures, produce the expert report of any expert that you intend to have testify in this Action.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request to the extent that it is premature and imposes a burden of disclosure beyond that imposed under the Federal Rules of Civil Procedure, this Court's Local Rules, and any order that this Court has entered in this Action to date.

**RESPONSE:** SHRM will produce responsive, non-privileged documents as required by and pursuant to the Federal Rules of Civil Procedure, the Court's Local Civil Rules, and the deadlines set forth in the Rule 16(B) Scheduling Order and the Joint Discovery Plan approved by the Court in this matter.

13. Consistent with the schedule for expert disclosures, produce a copy of any documents and items reviewed or relied upon by any expert upon whom you may rely, or that were provided to such expert, by you or any party acting on your behalf, in relation to this Action.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous as it is not known what is

meant by "items" in the context of this Request.

SHRM further objects to this Request to the extent that it is premature and imposes a burden of disclosure beyond that imposed under the Federal Rules of Civil Procedure, this Court's Local Rules, and any order that this Court has entered in this Action to date.

SHRM further objects to this Request on the grounds that it seeks information that is beyond the scope of permissible discovery under Federal Rule of Civil Procedure 26. Under the circumstances of this case, Plaintiff may not discover facts known or opinions held by an expert retained by the Defendant in anticipation of litigation or to prepare for trial where that expert is not expected to be called as a witness at trial. *See* Fed. R. Civ. P. 26(b)(4)(D).

**RESPONSE:** SHRM will produce responsive, non-privileged documents as required by and pursuant to the Federal Rules of Civil Procedure, the Court's Local Civil Rules, and the deadlines set forth in the Rule 16(B) Scheduling Order and the Joint Discovery Plan approved by the Court in this matter.

14. Consistent with the schedule for expert disclosures, produce all reports, compilations of data, notes, or any other documents prepared by any non-testifying expert whose opinions or impressions were and/or are to be reviewed by any expert designated to testify on your behalf in this Action.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous as it is not known what is

meant by "compilations of data" in the context of this Request.

SHRM further objects to this Request to the extent that it is premature and imposes a burden of disclosure beyond that imposed under the Federal Rules of Civil Procedure, this Court's Local Rules, and any order that this Court has entered in this Action to date. Without waiving these objections, SHRM states it will produce documents and communications in accordance with the Federal Rules of Civil Procedure, the Court's Local Rules, and the orders of the Court in this Action.

**RESPONSE:** SHRM will produce responsive, non-privileged documents as required by and pursuant to the Federal Rules of Civil Procedure, the Court's Local Civil Rules, and the deadlines set forth in the Rule 16(B) Scheduling Order and the Joint Discovery Plan approved by the Court in this matter.

**OBJECTIONS AND ANSWERS TO**
**PLAINTIFF'S SECOND SET OF INTERROGATORIES**

1. Identify the individual(s) who recommended and/or made the determination to deny Fiona Torres her requested accommodation to bring her service dog to the workplace at SHRM and the individual(s) who recommended and/or approved the rescission of her job offer with SHRM.

**OBJECTIONS:** SHRM objects to this Interrogatory because it exceeds the number of Interrogatories permitted by the Court's January 21, 2026 Order (ECF No. 13). Should the Court nevertheless permit Plaintiff to pose additional Interrogatory requests, SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory on the grounds that it contains at least four (4) discrete subparts, and, therefore, should be treated as four separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "the individual(s) who recommended . . . the determination to deny Fiona Torres her requested accommodation to bring her service dog to the workplace at SHRM"; (2) the identity of "the individual(s) who . . . made the determination to deny Fiona Torres her requested accommodation to bring her service dog to the workplace at SHRM"; (3) the identity of "the individual(s) who recommended . . . the rescission of her job offer with SHRM"; and (4) the identity of "the individual(s) who . . . approved the rescission of her job offer with SHRM."

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "recommended and/or made," "the determination to deny," and "recommended and/or approved" in the context of this Request.

SHRM further objects to this Interrogatory as cumulative and duplicative to the extent it seeks information already identified in response to Interrogatory No. 3.

**ANSWER:** SHRM refers Ms. Torres to its Answer to Interrogatory No. 3 which in turn refers Ms. Torres to SHRM's Answer to Interrogatory No. 1.

2. Describe in detail the salary and all benefits that would have been provided to Fiona Torres had she been employed by SHRM in the position she had been offered, before the offer was rescinded.

**OBJECTIONS:** SHRM objects to this Interrogatory because it exceeds the number of Interrogatories permitted by the Court's January 21, 2026 Order (ECF No. 13). Should the Court nevertheless permit Plaintiff to pose additional Interrogatory requests, SHRM objects to this Interrogatory SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) a description of "the salary . . . that would have been provided to Fiona Torres had she been employed by SHRM in the position she had been offered"; and (2) a description of "all benefits that would have been provided to Fiona Torres had she been employed by SHRM in the position she had been offered[.]"

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "benefits" in the context of this Request.

**ANSWER:** SHRM offered Ms. Torres a salary of $90,000.00. SHRM refers Ms. Torres to its response to Request No. 31 for benefits information. SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000269-70, 277-78, 283-284, 337, 370-372, 394, 445-446, 451-452, 483-484, 491-493, 540-543, 546, 551-552, 688-689.

Dated: March 23, 2026

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh, Bar No. 90586
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA 22102
Telephone: 703.442.8425
Facsimile: 703.552.7679
lbridenbaugh@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March, 2026, I served a copy of the foregoing Defendant's Objections, Responses and Answers to Plaintiff's Second Set of Discovery Requests by electronic mail on the following counsel of record:

Stephen B. Pershing, Bar. No. 31012
Mary E. Kuntz, Bar. No. 76947
Lori B. Kisch (admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. NW
Suite 1000
Washington, DC 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
lkisch@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh

**VERIFICATION**

I, Nicole Belyna, am authorized to sign these Interrogatory responses on behalf of the Defendant Society For Human Resource Management. Subject to the terms of this Verification, I hereby certify, under the penalty of perjury, that the foregoing Answers to Interrogatories are true to the best of my knowledge and belief. Defendant Society For Human Resource Management reserves the right to make any changes in answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available.

Nicole Belyna

3/19/2026
Date