Exhibit J to Plaintiff's 4/17/26 Motion To Compel

**Lori Kisch**

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Friday, March 13, 2026 10:00 AM
**To:** Lori Kisch; Currie, Leslie; Darrow, Tanja
**Cc:** Steve Pershing; Duplechain, Kimberly
**Subject:** [EXT] RE: SHRM v. Torres - ESI

Lori,

At the outset, we disagree with your characterization of SHRM's position and with the premise that SHRM has refused to engage in good-faith discussions regarding ESI. To the contrary, SHRM has consistently stated that it will conduct a reasonable and proportional search for responsive ESI consistent with the Federal Rules, and that it remains willing to meet and confer regarding any concrete concerns *after* SHRM has completed its document productions. We did agree to confer with you as to an ESI protocol. An ESI protocol, in any litigation matter I have ever been involved in where a protocol was explored or implemented, addresses information such as the format documents will be produced in i.e. native, JPEG, TIFF, OCR, compression, DPI, etc; as well as metadata that will be included; color vs. black-and-white; and the like. At no time did we agree to consider the information you requested. Rather, our recollection is you made some vague comments about search terms and an ESI protocol without much specificity which led me to ask you to email us what you were looking for so we understood what you were requesting as I would need to consult with our e-discovery counsel as to what I anticipated your requests to be (i.e., the types of information referenced above).

Your current demands – particularly your insistence that SHRM disclose its search terms, custodians, date ranges, and sources on a request-by-request basis and before any production – are unreasonable and premature and constitute an improper attempt to conduct "discovery on discovery."

**1. Custodian Self-Collection / Manual Searching**

First, with respect to your suggestion that custodians should manually search their own emails, text messages, and other ESI, SHRM does not agree that such an approach is required, appropriate, or consistent with defensible discovery practices. Requiring custodians to conduct ad hoc, manual searches of their own ESI for each of Plaintiff's document requests raises obvious risks of inconsistency, inadvertent omission, and dispute, and is not mandated by the Rules or by common practice.

While you assert that any such searches would be minimally burdensome given the scope of the case, burden is not assessed in the abstract. SHRM is entitled to determine, in the first instance, the most reasonable and proportional method for identifying responsive ESI, subject to its Rule 26 and Rule 34 obligations. Accordingly, SHRM will not provide the detailed information you demand regarding Plaintiff's proposed approach. That demand is not required by any Rule, does not constitute a proper discovery request triggering any obligation to itemize burden, cost, or time, and improperly attempts to convert a unilateral discovery preference into a mandatory burden showing. The Federal Rules impose no such requirement, and Plaintiff cannot manufacture discovery obligations through unilateral demands.

**2. Prematurity of Plaintiff's Broader ESI Demands**

Second, your accusation that SHRM's position is "unreasonable" with respect to search terms and custodians is unfounded. As you acknowledge, Plaintiff has not yet proposed any specific search terms or custodians. Nor has SHRM made any representations that would suggest a deficient search or production.

Plaintiff's demand that SHRM disclose detailed ESI search methodology *before* any production—much less on a request-by-request basis—goes well beyond what the Federal Rules require at this stage and improperly attempts to shift discovery sequencing. Parties are not required to lay bare their ESI search strategy in advance of production absent some showing of deficiency or dispute grounded in an actual record.

Plaintiff's reliance on *Daedalus Blue, LLC v. MicroStrategy, Inc.*, No. 1:20-cv-551, 2021 WL 11709428 (E.D. Va. May 3, 2021) is misplaced. *Daedalus Blue* did not involve pre-production demands for search methodology. Rather, the court addressed a motion to compel filed *after* discovery responses and productions had already occurred, and *after* the requesting party demonstrated specific deficiencies—including a lack of clarity as to what had been searched, what had been withheld, and why. The court's ruling was expressly tethered to those demonstrated shortcomings and the responding party's failure to provide adequate explanations *after the fact*.

Here, by contrast, Plaintiff has identified no deficiencies because Defendant has not yet completed it document productions. *Daedalus Blue* does not stand for the proposition that a responding party must disclose detailed, request-level ESI search information at the outset of discovery, and it certainly does not support Plaintiff's attempt to impose such requirements prospectively and categorically.

**4. Timing, Depositions, and Alleged Prejudice**

Plaintiff's speculation about delay and prejudice is likewise premature. SHRM intends to produce responsive documents and supplement its responses in a timely and efficient fashion in accordance with the Rules. If, after reviewing SHRM's production and supplemental production(s), Plaintiff has specific, good-faith concerns regarding the scope or adequacy of the search, SHRM remains willing to meet and confer.

Plaintiff's attempt to condition deposition scheduling on advance disclosure of SHRM's internal search methodology is not supported any applicable Rule.

**5. Production Logistics**

Finally, we acknowledge your note regarding the use of a secure portal for productions. SHRM will produce its production via Littler's secure FTP and will confirm the appropriate logistics separately. Plaintiff is free to use her own preferred secure transfer method or can utilize Littler's secure FTP if she so chooses.

We trust this clarifies SHRM's position. SHRM will proceed with its reasonable, proportional ESI search and production obligations and remains available to engage in a good-faith meet and confer.

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Tuesday, March 10, 2026 2:49 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Steve Pershing <Spershing@kcnlaw.com>
**Subject:** RE: SHRM v. Torres - ESI

Lauren,

Thank you for your email of March 9, 2026. We were surprised to receive the email regarding your refusal to engage in a discussion regarding the search for ESI, as we had previously agreed that the Parties would engage in such discussions and you specifically invited us to share our proposal with you. We are not sure what has led you to backtrack and change your position, but your position is not supported by the law or common practice. First, with regard to our request to search for responsive documents during the limited period of time of SHRM's consideration of Ms. Torres' request for an accommodation and SHRM's recission of its offer of employment, as you mention in your email, this is a single plaintiff case with straightforward claims. Thus, such a search should not be overly burdensome. It should be fairly easy to identify the appropriate custodians, which SHRM is required to do in any case, and have them search their own files for this limited time frame. If there are particular requests in which you believe there would be more burden, we are open to discussing with you a solution that will decrease the burden. We request that you provide more specific information regarding the burden and expense for an individual to search their own ESI and provide the specific requests that would be too burdensome for this approach. We are not asking you to abdicate responsibility for providing legal advice regarding the scope of what needs to be reviewed and searched for. To the contrary, we would be alarmed if Littler did not provide such advice. That is always our responsibility as attorneys, but to suggest that it is a conflict with routine discovery practices for an individual to search their own emails or texts for responsive documents or information, consistent with advice from counsel, that is simply not so.

Second, with regard to our request to discuss the ESI search more broadly, based on the use of search terms and custodians, your suggestion that we have made unreasonable demands is perplexing, because we have not proposed any specific search terms or custodians. Rather, we requested that you provide that list so that we may consider whether we had any objections or additions. Your accusation of unreasonableness was premature. We assure you that our only goal is to engage to help ensure that responsive documents are found and that the search is appropriately tailored. A test run with the associated number of hits shared with us, was also requested to ensure responsiveness. In my experience, when the parties work together in this endeavor, it helps to strengthen the responsiveness of the production, saves everyone time, and reduces the burden on both parties in terms of the production. In fact, the case you cite in your email, *Victor Stanley v. Creative Pipe, Inc.*, 250 F.R.D. 251 (D. Md. 2008), discusses the need for collaboration on search methods, keywords and search parameters. The case further discusses that a party will need to explain its search methodology, to ensure, in part, that the search is not under or over inclusive. To wait for any collaboration, as you suggest, until after the first round of production, will mean, that if the search is insufficient, it will have to be conducted again.

Of course, if SHRM proceeds with your suggested approach, SHRM will waive any objection with regard to burden for conducting another search. This wait and see approach also will cause delay and prejudice to the Plaintiff. As you are well aware, the discovery period in this case is extremely short. We also have noticed depositions to begin as early as the week of April 9 (for which we are still awaiting a response from our last email of March 5), and the wait and see approach will mean that we may not have all of the

documents prior to the depositions. If you refuse to engage with us in a cooperative manner and ensure that all documents are produced prior to the depositions, with time for our review, we will need to hold open the depositions, as necessary, if additional documents are later produced.

We request that you inform us now, for each discovery request, (1) what terms are being used; (2) the custodians whose ESI is being searched and their role and connection to SHRM and the allegations in this case; (3) the date ranges being searched; and (4) the sources being searched. For your reference, please see *Daedalus Blue, LLC, MicroStrategy, Inc.*, No. 20-cv-551, 2021 WL 11709428, *7 (E.D. Va. May 3, 2021) in which the court required not only a description of the search terms, custodians, sources, and date ranges, but it required such information in relation to each specific request. Consistent with the ruling in this case, we make the same request here.

Finally, we are setting up a secure portal in which electronic files can be uploaded by you for SHRM's production on Friday. We are planning to produce Ms. Torres' documents to you via secure portal as well. Alternatively, if you have already prepared a different means to electronically transfer the documents, please let us know.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

Kalijarvi, Chuzi, Newman & Fitch, P.C.
Attorneys at Law
818 Connecticut Avenue, NW, Suite 1000 ■ Washington, DC 20006
Tel: 202.331.9260 ■ Fax: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Monday, March 9, 2026 5:15 PM
**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>

**Cc:** Steve Pershing <Spershing@kcnlaw.com>
**Subject:** [EXT] RE: SHRM v. Torres - ESI

Lori –

We are not required to reach agreement with Plaintiff regarding custodians or search terms, nor are we required to incorporate Plaintiff's unreasonable proposed search terms into our search methodology. *See The Sedona Principles*, Third Edition, Principle 6, Comment 6.b (2018). Just as SHRM is not directing how Ms. Torres identifies information and documents responsive to discovery, we respectfully maintain that SHRM retains discretion over how it identifies and searches for its own responsive materials. If you identify deficiencies after reviewing our discovery responses and document productions, we are happy to address those concerns.

Furthermore, we will not agree to custodians manually reviewing every possible piece of ESI that they may have sent, received, created, modified, or saved during the timeframe you identified. That request is facially overbroad, unduly burdensome, and not proportional to the needs of this case, which involves a single plaintiff and straightforward claims. Moreover, the request is inconsistent with the intent of Rule 26(g) – *i.e.*, counsel cannot delegate their duty of "reasonable inquiry" to a layperson who lacks legal training or technical expertise – and with discovery practices we have routinely seen applied in the Fourth Circuit. *See, e.g., Victor Stanley, Inc. v. Creative Pipe, Inc.* , 250 F.R.D. 251 (D. Md. 2008).

As for text messages, at this time we will agree to PDF productions but reserve the right to request the metadata for all or some of any produced text messages.

Best,

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Friday, March 6, 2026 10:45 AM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Steve Pershing <Spershing@kcnlaw.com>
**Subject:** SHRM v. Torres - ESI

**[EXTERNAL E-MAIL]**

Lauren,

I am writing to follow up on ESI discovery to see if we can reach agreement on searching for ESI. We understand that your current plan on ESI is to conduct a search based on search terms and identified custodians. We ask that you share with us the list of search terms that you propose so that we can make sure that the searches are targeted and as effective as possible. We also ask that you share the proposed list of custodians (and their roles), so we can assess whether we think anyone additional should be included in that list. Once we have an agreed upon list of search terms and custodians, we ask that you run a test and share the results to make sure that the proposed search is identifying the appropriate scope of documents, and that we are not finding too few or too many documents based on the search terms.

In addition, for the short period between the request for an accommodation on or around June 4, 2024, and the rescission of the offer of employment on July 15, 2024, we ask that anyone involved in considering, recommending, or making those decisions, search all of their ESI and produce all documents responsive to Plaintiff's requests without limiting such searches by search terms or custodians. In case anything is missed, we also request that this same time period be included in the above search term process.

As we gather documents for our client, we also wanted to check whether there are any objections to both parties producing text messages via pdf.

Thanks, and if it would be helpful to talk through any of this on a call, just let us know.

Regards.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message

and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.