Exhibit K to Plaintiff's 4/17/26 Motion To Compel

**Lori Kisch**

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Thursday, March 19, 2026 2:29 PM
**To:** Lori Kisch; Currie, Leslie; Darrow, Tanja
**Cc:** Steve Pershing; Mary Kuntz; Anna Kathryn Barry
**Subject:** [EXT] RE: Torres v. SHRM
**Attachments:** SHRM_Torres - Notice of Deposition - Plf 4921-0592-1689 2.pdf

Lori –

As we indicated in our discovery responses and other communications, we will be supplementing our initial document production. We currently anticipate being able to do so within the next few days. We will continue to supplement if additional responsive documents or other information is identified during the course of discovery, as is our and Plaintiff's obligation under the Federal Rules. The only individuals we have identified as likely to have responsive information are Nicole Belyna, Jim Link, and Deborah Zoerkler. However, out of an abundance of caution, we have also reviewed potentially responsive documents as to custodians Kristen Howe, Katharine Panessidi, Alison Sancinito, and Melissa Turk although none of these individuals had any involvement in the actual areas of dispute in this matter. At no time did we suggest that Plaintiff must propose search terms. If you believe that we have done so, please point us to that communication. Indeed, our understanding of Plaintiff's communications have consistently been a view that *Plaintiff* felt she had authority to dictate Defendant's ESI review and process, including search terms.

As to depositions, please find attached a Notice of Deposition for Ms. Torres' deposition in this matter on April 7, 2026. If Ms. Torres and/or counsel who will be attending the deposition are not available on that date, we are also available on April 8. We will revert back as to any additional witnesses SHRM intends to depose in this matter. SHRM will produce Ms. Belyna, Ms. Zoerkler, and Mr. Link for depositions in this matter. We object to the depositions of Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk as none of them had any involvement in Ms. Torres' request for accommodation, SHRM's consideration of the same, and/or the decision to rescind the conditional offer of employment made to Ms. Torres. There is no dispute that Ms. Torres applied for the position at issue and was made a conditional job offer and, therefore, SHRM found her qualified for the role. If you have a basis(es) to support your requests for any of these depositions, please let us know so we can confer in good faith on the matter(s) and consult with our client.

As to your request as to whether Ms. Howe, Ms. Panessidi, Ms. Sancinito, and/or Ms. Turk "are all SHRM representatives," we understand your question to be asking if any or all of them are still employed at SHRM. Please note, Ms. Howe, Ms. Sancinito, and Ms. Turk have left SHRM's employment. If that is not your question, please clarify.

As to deposition availability, as you are just now asking for Mr. Link's availability for the first time, we will have to reach out to him to determine when he is or is not available for a deposition and will reach back out to you when we have this information. Currently, below is Ms. Belyna's and Ms. Zoerkler's availability for their respective depositions in this matter, in consultation with counsels' availability. If their available dates are not open on your end, please let us know and we can seek additional options from both. As you have not advised us if you have agreed to depose SHRM's witnesses at our offices in Tysons Corner

subject to the requirement that witnesses be deposed in the jurisdiction where the matter is pending, these dates are subject to location and available conference room space.

We reject your wholly unsupported accusation that SHRM is attempting to delay discovery in this matter. Discovery does not close until June 12, approximately 12 weeks from today's date. SHRM has engaged in exhaustive efforts to work with Plaintiff, through counsel, including exchanging approximately 14 versions of a basic Joint Discovery Plan and approximately 8 versions of a Stipulated Protective Order (and continuing), both of which have taken far longer than I have ever experienced in any other litigation matter in this or any other court. Moreover, we have timely responded to Plaintiff's First Set of Discovery Requests and intend to do the same with respect to Plaintiff's Second Set of Discovery Requests, we have responded to your proposed 30b6 topics with our objections and concerns, we are supplementing our initial document production in short order, and have otherwise made good faith efforts to engage with Plaintiff in spite of unsupported accusations such as this. We are in receipt of your 18-page single-spaced letter of purported deficiencies in SHRM's Objections to Plaintiffs discovery requests which was not sent until the afternoon of the day SHRM's responses to Plaintiff's First Set of Requests were due, and intend to respond to the same, although much of it appears moot. We will further be in touch regarding significant and readily apparent deficiencies in Plaintiff's responses to SHRM's discovery requests from just a cursory review of the same. Further, as we still do not have a Stipulated Protective Order entered in this matter, we have concerns as to depositions of SHRM's witnesses proceeding without one in place. Nevertheless, we are agreeable to selecting dates for those depositions in the hopes the Stipulated Protective Order will finally be resolved in short order.

As to your demand that we identify the availability for a 30b6 witness within 5 days, this demand is both premature and without merit. We cannot identify a 30b6 witness(es) until we know the topics at issue. We have not received a response to our letter detailing our objections and concerns with your proposed 30b6 topics. As such, we cannot identify who will testify as to which topic nor prepare witness(es) on said topics until those concerns are addressed and we either settle on an agreed upon set of topics or, if unsuccessful after we have exhausted our efforts to meet and confer, we seek the Court's assistance in resolving any dispute(s) as to those topics. Further, as one or more of the fact witnesses you have asked for may be a 30b6 witness as well, it is inefficient to schedule their deposition as a fact witness and then, later, as a 30b6 witness. That being said, if you respond to our letter describing our objections and concerns as to the proposed 30b6 topics and we can work to resolve any disputes related to them, we will work to identify an available date for the 30b6 witness(es) and prepare them for the same as expeditiously as reasonable in consultation with our obligation to ensure a 30b6 witness(es) is sufficiently prepared to testify.

<u>Ms. Belyna's Deposition</u>: Ms. Belyna is available to be deposed on May 5, 6 and 7.

<u>Ms. Zoerkler's Deposition</u>: Ms. Zoerkler is available to be deposed the week of April 27, May 4, or May 11. Ms. Zoerkler may also be available for a deposition the week of May 25 but counsel has limited availability that week.

Best,

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax

1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Thursday, March 19, 2026 1:10 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Steve Pershing <Spershing@kcnlaw.com>; Mary Kuntz <MKuntz@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** Torres v. SHRM

**[EXTERNAL E-MAIL]**

Counsel,

We are reaching out regarding several discovery issues that are outstanding.

We reviewed Defendant's document production and note that it appears that no ESI has been produced (other than potentially Ms. Torres' application materials). We found no text messages and no emails (other than those few which Defendant is aware were already in the possession of Plaintiff). Defendant's failure to produce ESI and its refusal to engage in any process with Plaintiff regarding its method for producing ESI is deficient and is prejudicing Plaintiff. We request that all responsive ESI be produced within the next seven days. Such a time frame is reasonable given that the discovery was served February 11, 2026. While we do not concede that SHRM may rely only on a search term method to produce responsive ESI or that such a search may be limited to only certain custodians, please confirm, that at a minimum, Defendant is searching for all responsive ESI with regard to the following custodians: Nicole Belyna, Deborah Zoerkler, Katharine Panessidi, Kristen Howe, Alison Sancinito, Melissa Turk, and Jim Link. We do not suggest that a search limited to these custodians is sufficient. Because SHRM understands who may possess responsive ESI, it has an obligation to determine who, beyond these individuals, may have responsive documents. We again request that SHRM provide us with additional names of individuals who may have responsive documents based on the discovery requests that were served by Plaintiff, for purposes of ESI searches. Defendant is obligated to describe what responsive information it has withheld from the production and to the extent that Defendant is not searching for ESI or producing responsive information related to certain custodians, Defendant has an obligation to disclose the scope of what it is withholding and limiting.

With regard to your suggestion that Plaintiff must first propose search terms, in no case that I have litigated have I first proposed search terms, nor does that suggestion recognize that employers generally agree to provide an initial list when engaging in this discussion. It is the employer who has the understanding of its own electronic systems and what search terms may be most effective at finding responsive documents. And then after receiving the initial list from Defendant, common practice is for Plaintiff to provide input. Additionally, in our attempt to discuss ESI production, we asked for SHRM to agree to inform us as to the scope of hits after conducting an initial search.

Most significantly, we presume that Defendant has already begun and/or should be nearing the end of its search, based on certain search terms it has unilaterally chosen. To insist that Plaintiff, at this time, produce a list of search terms when Defendant has already begun a search with selected terms, can only be understood as an attempt to either delay its responsibilities for production or to limit the scope of its production based on what it has already found. In addition to our concerns about ESI, we note that the document production appears to be overwhelmingly deficient in general and Plaintiff will provide a more in-depth response regarding the general deficiencies.

With regard to our requests that you confirm that Katharine Panessidi, Kristen Howe, Alison Sancinito, and Melissa Turk are all SHRM representatives, we will assume that the answer to that question is that they are. With regard to Nicole Belyna and Deborah Zoerkler, we do not agree to delay their depositions until May and June. As you know, the final pretrial hearing is in June. Defendant's attempt to delay our discovery until then is patently unreasonable. In general, unless we learn of a fact witness later, we are working to take all our fact witnesses as early as possible and do not intend to delay their depositions until June or even mid or late May. To the extent possible, we intend to take the majority of our depositions in April. We will seek the court's assistance if we do not receive reasonable dates for depositions.

We note that based on Defendant's Interrogatory answers, we intend to also take the deposition of Jim Link, Chief Human Resources Officer at SHRM. Please provide dates regarding his availability.

Although we are not limiting our requests for depositions to only these individuals, we look forward to hearing back from you within the next 5 days on proposed dates for the undisputed depositions, the Rule 30(b)(6); Nicole Belyna, Deborah Zoerkler, and Jim Link. On all of the depositions, we ask that you provide multiple dates so that we may also consult our calendars to reach agreement on dates that will work for everyone.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.