**Lori Kisch**

| | |
|---|---|
| **From:** | Lori Kisch |
| **Sent:** | Wednesday, March 25, 2026 12:22 PM |
| **To:** | 'Bridenbaugh, Lauren M.'; Currie, Leslie; Darrow, Tanja |
| **Cc:** | Mary Kuntz; Steve Pershing; Anna Kathryn Barry |
| **Subject:** | RE: Torres v. SHRM - follow up on discovery |

Lauren,

We are in receipt of your several emails on various discovery issues and will be back to you on them as quickly as we can. We have serious concerns regarding SHRM's ESI search. We also are awaiting SHRM's privilege log on Friday. And we are preparing a letter to get to you shortly regarding the Rule 30(b)(6) depositions. Given all of these, we think it would be more productive to have our meet and confer next week on Tuesday or Wednesday morning so that we can more fully discuss outstanding discovery issues. We appreciate your letting us know your availability then.

Thanks.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Tuesday, March 24, 2026 1:56 PM

**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM - follow up on discovery

Please advise whether you want us to send a dial-in or if you will be doing so.

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Tuesday, March 24, 2026 1:55 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** RE: Torres v. SHRM - follow up on discovery

Lauren,

We will follow up in another email to the substance of this email, but we wanted to lock in a date/time for the meet and confer. We are available on Friday at 9:30. Let's plan on one hour in case we need it.

Thanks.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Tuesday, March 24, 2026 11:21 AM
**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM - follow up on discovery

Lori –

Respectfully, the repeated and unsubstantiated accusations that we are intentionally delaying discovery and are endeavoring to prejudice your client are inappropriate and without merit. It is absolutely appropriate for us to take issue with your proposed 30b6 deposition topics if we have concerns with them, which we do and which are set forth in our March 13 letter sent within 7 business days of receipt of your proposed topics. Doing so is within both sides obligations to meet and confer regarding any discovery dispute and was our effort to explain our concerns, work with you on understanding what information you were looking for, and to settle on a list of topics that are within the scope of this matter and are sufficiently particular that SHRM can meet its obligations to prepare a 30b6 witness. Given the complexity of 30b6 topics, it makes sense to set forth our concerns in writing prior to speaking live to ensure we have explained all of our concerns. We have not demanded your attention to our letter as to the 30b6 topics because we assume you, like ourselves, are a busy person juggling a number of personal and professional obligations. We respect that you may simply have not had the opportunity to give the 30b6 topics your full attention to-date and we ask that you extend us the same courtesy on this and other issues as they arise.

Nevertheless, please advise as to Ms. Torres' availability as soon as possible given your concerns about discovery delays in this matter. In a quick review of my calendar only, it looks like the week of April 20 or most of the week of April 27 would work.

Our office has a wellness room that we can make available to Ms. Torres and your attorney. It is windowless, has a door that locks, and a mini fridge, if needed.

Noted on deposition dates for Ms. Zoerkler, Ms. Belyna, and Mr. Link.

Although Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk were named on SHRM's initial disclosures their knowledge, or lack thereof, was clarified in our discovery responses as having no knowledge relevant to a fact at issue in this case because, as we have now said many times, SHRM does not dispute that Ms. Torres applied for work at SHRM and that SHRM extended her a conditional job offer and that she was thereby qualified for the position. *See* Answer (ECF No. 8) at Paras. 25-26. Further, deposing all 4 of them is unreasonably duplicative and cumulative. However, we will consult with our client as to each's availability to be deposed on your preferred dates. We will follow-up as to whether we are representing Ms. Howe, Ms. Sancinito, and/or Ms. Turk for purposes of their depositions; whether they are still local to the area; and whether they are available to be deposed in this matter on your preferred dates.

At no time have we refused to give you dates for a 30b6 witness. As we have said, we need to understand what you are asking for in the 30b6 topics in order to identify the witness(es) for each topic which then requires us to identify their availability for a deposition. We cannot identify someone's availability for a deposition when we don't know who that person is. Your assertion SHRM should be able to identify a witness for each topic and begin preparing them despite the topics still not being finalized or having even received an initial response to our concerns places an undue burden on SHRM and any potential 30b6 witness to prepare for topics that may materially change or be removed entirely. Preparation for a 30b6 deposition is not based on when the original topics were sent as, again, we cannot prepare a witness for topics that are facially inappropriate for a 30b6 deposition, confusing as to what the topic even is, overly broad, etc. We again refer you to our March 13 letter for more specific information. We look forward to seeing your responses to our concerns as to the 30b6 topics and continuing to meet and confer later this week and continuing as needed. In the meantime, we will review our availability and any *potential* representative for the 30b6 deposition as to your preferred date and alternative dates.

As to ESI, your March 6 email states that Plaintiff wanted to "make sure the searches are targeted and as effective as possible" and stated you wishes to agree to "a list of search terms" thereby indicating an interest in demanding your own search terms or editing SHRM's search terms. On March 10, you stated "we requested that you provide that list so that we may consider whether we had any objections or additions." Your March 19 email again states an intention to "provide input" as to SHRM's searches. In an effort to resolve this issue, below are the searches SHRM has run. As discovery is ongoing, we will supplement our responses if and when additional responsive information or documentation is identified.

We supplemented our responses to Plaintiff's First Set of Discovery Requests on March 23, and provided our responses to Plaintiff's Second Set of Discovery Requests that same day (yesterday).

As to a meet and confer, we are only available in the morning on Friday until 11:00 AM to pre-existing scheduling conflicts. However, we have greater availability on Thursday currently at any time prior to 3:30 PM. Please advise if one of these time blocks works to discuss.

| |
|---|
| "senior specialist" w/10 benefit~ |
| "Senior specialist" w/10 salary |
| (Fiona OR Torres) w/10 "senior specialist" |
| (Fiona OR Torres) w/10 "service dog" |
| (Fiona OR Torres) w/10 (duty OR duties) |
| (Fiona OR Torres) w/10 accommod~ |
| (Fiona OR Torres) w/10 benefit~ |
| (Fiona OR Torres) w/10 cartridge |
| (Fiona OR Torres) w/10 diabetes |
| (Fiona OR Torres) w/10 disabilit~ |
| (Fiona OR Torres) w/10 discrimin~ |
| (Fiona OR Torres) w/10 dog |
| (Fiona OR Torres) w/10 essential |
| (Fiona OR Torres) w/10 function~ |
| (Fiona OR Torres) w/10 glucose |
| (Fiona OR Torres) w/10 hypoglycemi~ |
| (Fiona OR Torres) w/10 monitor~ |
| (Fiona OR Torres) w/5 "CGM" |
| (Fiona OR Torres) w/5 "Continuous Glucose Monitor*" |
| (Fiona OR Torres) w/5 (hire OR hiring) |
| (Fiona OR Torres) w/5 (rescind OR rescission) |
| (Fiona OR Torres) w/5 application~ |
| (Fiona OR Torres) w/5 insulin |
| (Fiona OR Torres) w/5 interview~ |
| (Fiona OR Torres) w/5 offer |
| (Fiona OR Torres) w/5 pump |
| (Fiona OR Torres) w/5 salary |
| (Fiona OR Torres) w/5 sugar |

Best,

Lauren

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Monday, March 23, 2026 4:42 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** Torres v. SHRM - follow up on discovery

**[EXTERNAL E-MAIL]**

Lauren,

We are writing to follow up on several discovery issues.

**Depositions**

Rule 30(b)(1) Depositions:
April 7 and April 8 will not work for Ms. Torres' deposition. We will be back in touch with possible dates. We do note that for Ms. Torres' deposition, we are consulting with our client, but we do believe she will require accommodations related to her medical condition, including breaks and a private space. If that cannot be accommodated at your office, we can make our conference room available. With regard to the undisputed depositions which Plaintiff has noticed, while we had requested to take these depositions much earlier, in an effort to accommodate your client's schedule and reach resolution on the disputed deposition dates, we will agree to the following dates you provided:

Deborah Zoerkler – April 27, 2026
Nicole Belyna – May 5, 2026
Jim Link – May 7, 2026

With regard to the depositions of Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk, your refusal to produce those witnesses is unfounded. SHRM listed each one in its Initial Disclosures as likely to have discoverable information and for which it may use to support its claims or defenses in the case. Therefore, we intend to move forward with those depositions. Please see the attached notices scheduling those depositions for April 23, and April 28-30. We can provide flexibility to accommodate their schedules to switch the order of the witnesses during the time frame for which we have noticed them.

As you can see in the attached deposition notices, we have noticed their depositions for your offices. We appreciate your offer to make the necessary space available. We also note that one of our attorneys will require some breaks and a private space to express milk. We appreciate your flexibility in that regard. If there is no conference room available for any of the noticed depositions, or if you are unable to accommodate our attorney, please let us know and we can discuss an alternative location for the depositions, including in our office.

As required by the Fed. R. Civ. Proc. 26(a)(1)(A)(i), and as requested in our discovery requests, please provide the addresses and phone numbers of each of the witnesses listed in SHRM's initial disclosures and in SHRM's responses to Plaintiff's Interrogatories. Please also confirm whether Littler represents Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk.

Rule 30(b)(6) Deposition:
As you know, we have requested several times for dates for this deposition and you have refused to give us any. We understand from your 16-page single-spaced letter regarding the Rule 30(b)(6) deposition that there remain disputes about the scope of the deposition, but we would like to lock in a date that works for all counsel. Your suggestion that you are not able to even begin to identify witnesses who could speak to the issues is quite simply another effort to delay discovery owed to Plaintiff in an effort to prejudice her. As you have mentioned before, this is a single plaintiff case with straightforward claims. The topics noticed, are those which are typical for a case like this. Certainly, there are individual(s) who you can identify to speak on behalf of SHRM, especially with regard to any undisputed topics. We intend to respond to your 16-page objection letter this week and request a meet and confer on the outstanding issues. We hope to have the disagreements narrowed. If after that discussion, issues remain, we will consider seeking the court's assistance. And we hope those issues will be resolved prior to the deposition. However, if issues remain, we intend to go forward with those that are not in dispute as we are not able to simply delay indefinitely. Therefore, we have noticed the deposition for May 11, 2026. This date should be more than sufficient time to prepare for the deposition as it will be more than two months after the deposition was noticed on March 4, 2026. As with the other depositions we noticed, we are amenable to taking the deposition at your office. Please confirm conference room availability for that date and that you can accommodate our attorney. Should either of those not be available, we will notify you of an alternative location.

**ESI**
Despite your statements to the contrary, we have never dictated how SHRM should conduct its discovery. We have attempted to engage with you on several occasions, but you have not been willing to discuss SHRM's approach to ESI. We remain willing to discuss the ESI and welcome such a discussion. In your emails regarding ESI, you stated that we did not provide search terms. But we now understand from your email of March 19, 2026, that those statements were not meant to suggest that we should have. We have now received additional discovery from you and will review it and be back in touch on our position regarding any further deficiencies. However, without information as basic as the search terms used, we have no way of knowing whether it was sufficient and request, again, that you provide the search terms used. Simply looking at the production will not enable us to understand what may be missing.

We are in receipt of your supplemental production, but do not see related updated responses indicating which documents are responsive to each of the requests. We request that you provide those updated responses as early this week as possible, so that we may understand the scope of what has been produced.

We request a time on Friday, March 27, 2026, for a meet and confer on all pending discovery issues. Please let us know what time(s) on Friday you are available so that we may get a time on the calendar.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.