Exhibit M to Plaintiff's 4/17/26 Motion To Compel

**Lori Kisch**

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Tuesday, March 31, 2026 3:10 PM
**To:** Lori Kisch; Currie, Leslie; Darrow, Tanja
**Cc:** Mary Kuntz; Steve Pershing; Anna Kathryn Barry
**Subject:** [EXT] RE: Torres v. SHRM - follow up on discovery
**Attachments:** SHRM_Torres - Amended Notice of Deposition - Plf 4921-0592-1689 4.pdf

Lori –

While we noticed Ms. Torres' deposition first and therefore it should be prioritized before any other deposition, after conferring with our client, we are attaching the Amended Notice of Deposition for April 29 at our office in Tysons.

We are trying to get in touch with Ms. Howe, Ms. Sancinito and Ms. Turk, who are former employees, to confirm our representation of them for purposes of their potential depositions in this matter and their availability. When we have an answer, we will let you know. However, former employees are not required to respond to us or do so in a timeframe that you find sufficient. Littler represents Ms. Panessidi in this matter and will advise on deposition availability when we have it.

On 30b6 topics, first, your response to our March 13 letter detailing our objections and concerns with the proposed topics was only received on March 25. It is *likely*, pending finalization of topics, that Mr. Link will be the 30b6 witness. However, he had surgery last week which has delayed our ability to get back to you on topics and ensure he is the appropriate witness for any topics we can agree to. Further, we understood your March 25 letter to be a precursor to tomorrow's planned discussion – there is only so much value that written correspondence has in resolving these issues and it would be a better use of our and your time to discuss these issues live.

We provided a response to your March 13 letter alleging deficiencies in SHRM's objections to Plaintiff's discovery requests on March 23. We have received no response from you.

We understood your March 26 letter as to ESI to be discussed during tomorrow's call. Hanton Walters is in-house counsel for SHRM, as reflected on our privilege log, and we will not search an attorney's email box simply because you want us to. We do not find George Rivera or Nick Schacht's passing involvement as to the approval of the contingent job offer to Ms. Torres to mean they have any relevant information as the fact that the job offer was made is not in dispute.

Your disbelief that certain documents do not exist is not a basis to claim our document review is deficient. Certainly, many communications among colleagues occur via phone or in-person conversations. We are not required to confirm a particular document does not exist merely because you think, without any basis that you have communicated, that it should or does exist.

As to the search terms, again, SHRM conducted a reasonable and proportionate search and your proposed search terms are facially overly broad. For example, a search simply of the word "car" as you propose is far too broad and unlikely to lead to the discovery of relevant or responsive information. If you

have specific deficiencies you can identify in SHRM's responses other than your general dissatisfaction that SHRM's document production has not given you what you think should be there, please advise.

We are not aware of any issues to discuss as to SHRM's privilege log, subpoenas, discovery objections, or discovery responses. Please advise as to what you wish to discuss so we are prepared to do so. We also look forward to discussing the significant deficiencies in Ms. Torres' discovery responses.

As for timing, we are already booked prior to tomorrow's tentatively planned call at 2:00 PM ET. Please send a dial-in for that call as we still do not have one.

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Tuesday, March 31, 2026 12:39 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** RE: Torres v. SHRM - follow up on discovery

Lauren,

From our discussions over the last month it seems evident that April is unlikely to yield any day available for Ms. Torres' deposition. That is why we offered you a day already set aside for one of Plaintiff's 30(b)(1) depositions (April 29) and suggested also that Ms. Torres would be available for her deposition on May 13, or alternatively May 18, 19, or 20 (with the note that a deposition on May 18 would need to end by 6:00 p.m). This is long before the close of discovery and is the same week that Defendant has agreed to first make its witnesses available even though, as early as March 4, we asked for other earlier dates in April. We have been working over the past month to accommodate Littler's three attorneys' schedules on this case as well as SHRM's witnesses and have been juggling our schedules based on representations made by Littler regarding scheduling. To review April: As you know, Ms. Torres is not available on April 7 or 8. You yourself excluded April 9-17. (saying, in your March 13 email, "We cannot proceed with the requested deposition dates of April 9-17 as counsel has conflicts and because SHRM is conducting a conference the week of April 13 out of area."). April 20-22 is unavailable because of Plaintiff's counsels' multiple conflicts and Ms. Torres is unavailable on April 23-24. At the end of the

month, we exclude also days on which Plaintiff has noticed depositions: April 23 (Panessidi), 27 (Zoerkler), 28 (Turk), 29 (Sancinito), 30 (Howe) or on May 5 (Belyna) or May 7 (Link) and May 11 (the Corporate designee under Rule 30(b)(6)), although we continue to offer April 29 for purposes of Ms. Torres' deposition if that is more convenient than May 13, 18, 19, or 20. Your statement that Ms. Torres is not willing to make herself available is not accurate. It is not just her schedule that must be considered. The dates of our availability have been significantly impacted by Littler's representations regarding availability in April. I am sure you can appreciate that Ms. Torres' financial situation, since losing the position with SHRM, has been immensely difficult. For her to give up the little amount of income that she is able to cobble together, would be an extreme hardship. Therefore, we must avoid Thursdays and Fridays for her deposition.

Also, we had requested for you to confirm by yesterday, Monday, March 30, whether you represent Ms. Howe, Ms. Sancinito, and/or Ms. Turk for purposes of this litigation. You have taken the position that we may not contact them, which we have honored, but we must have confirmation by COB Wednesday that you do in fact represent them in relation to this case. If you only represent them for purposes of their upcoming depositions, please inform us of that as well. We also ask, again, that you provide the addresses and phone numbers for Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk as required by Fed. R. Civ. P. 26(a)(1)(A)(i). These were due at the time of Initial Disclosures. And please provide contact information for all SHRM current and former employees identified in SHRM's discovery responses.

We do not understand the delay in getting us the above requested information. We have been asking since March 4, whether these individuals are SHRM representatives and whether you represent them. Despite making those requests on seven different occasions, we are still without the answer. And we have asked numerous times for their contact information.

In terms of other outstanding discovery, we have not received a response to our letter of March 25 regarding the Rule 30(b)(6) deposition topics and had requested a response by yesterday. We ask that you provide us a response by tomorrow morning so that we may have a productive meet and confer tomorrow afternoon. We also did not receive a response to our letter of March 26 regarding our concerns about SHRM's ESI searches. Finally, we have not received a response to our letter of March 13, 2026 regarding our concerns about SHRM's objections to Plaintiff's discovery requests. The items on our list for discussion for the meet and confer tomorrow are as follows:

(1) Deposition scheduling
(2) Scope of Rule 30(b)(6) deposition
(3) Scope of Littler's representation of Ms. Howe, Ms. Sancinito, and Ms. Turk
(4) SHRM's updated Initial Disclosures regarding the above, if contact information has not yet been provided
(5) ESI
(6) SHRM's Privilege Log
(7) Protective Order
(8) SHRM's subpoenas
(9) SHRM's objections and discovery responses

Given the length of the Agenda for tomorrow, we would propose starting the meet and confer at 1:30, if you are available. We can also make ourselves available until 3:30, if necessary, but that is tough given the Passover holiday.

We appreciate your letting us know about your availability tomorrow for additional time so we can make sure we have enough time to get through all the items for discussion.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF Kalijarvi, Chuzi, Newman & Fitch, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Monday, March 30, 2026 9:27 AM
**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM - follow up on discovery

Lori –

Let's try again. I asked for every day in April when Ms. Torres and at least one of your four attorneys on this case are available for her deposition. We will include April 29 on that list as well as every Thursday and Friday in April as it appears Ms. Torres is refusing to make herself available on those dates.

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Friday, March 27, 2026 6:44 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** RE: Torres v. SHRM - follow up on discovery

Lauren,

It is always difficult to schedule multiple depositions around so many people's separate schedules. That is why we initiated the process of scheduling depositions on March 4. We proposed two weeks in mid-April for our depositions, but SHRM was unable to accommodate any depositions during those weeks, and allowed only one day in April, April 27, with all other depositions forced into May and possibly June. As we have said, Ms. Torres is available for her deposition on May 13, or alternatively May 18, 19, or 20, with the note that a deposition on May 18 would need to end by 6:00 p.m. However, we understand that it is important to you to take Ms. Torres's deposition earlier and so, in the spirit of compromise and to get the scheduling done, we will give up the April 29 date so that you may take Ms. Torres' deposition on that date. In return we would expect that you would immediately confirm the noticed deposition dates for Ms. Zoerkler (April 27), Ms. Belyna (May 5), and Mr. Link (May 7), as well as the 30(b)(6) deposition on May 11. Further, as part of this agreement, we would expect that you would confirm the April 23 and April 28 and 30 dates for Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk.

Finally, we again request that you confirm by Monday, March 30, whether you represent Ms. Howe, Ms. Sancinito, and/or Ms. Turk for purposes of this litigation, and that, in any case, you provide the addresses and phone numbers for each of Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk as required by Fed. R. Civ. P. 26(a)(1)(A)(i). These were due at the time of Initial Disclosures, and we have been requesting them for some time.

We look forward to hearing back from you on this and finalizing a deposition schedule.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Thursday, March 26, 2026 6:07 PM
**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM - follow up on discovery

Lori –

It is facially unreasonable that your client and/or none of the 4 attorneys you now have staffed on this case are not available for an additional 7 weeks. Please provide all dates between today and the end of April when Ms. Torres and counsel are available for her deposition in this matter.

As for Ms. Howe, Ms. Sancinito, and Ms. Turk, we did not indicate we do not represent them. We will provide their contact information if we determine that we will not represent them in this matter after consultation with our client and each of the individuals. Certainly, we do not agree to any attempts to contact them unless and until we notify you that we do not represent them in this matter and any attempt to do so will be construed as an improper effort to speak with a represented or potentially represented individual without counsel present.

At no time did I confirm Ms. Zoerkler, Ms. Belyna, and/or Mr. Link's deposition dates. Rather, my March 24 email simply said "noted" as to those depositions. That is not a confirmation.

Best,

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax

1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Thursday, March 26, 2026 3:46 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** RE: Torres v. SHRM - follow up on discovery

Lauren,

We are writing to update you on our availability for Ms. Torres' deposition. As you know, on March 24, 2026, you provided us with an alternative time frame for Ms. Torres' deposition after we notified you that your first proposed dates would not work. You then provided a new proposal for the dates of her deposition yesterday. We are responding regarding her availability within the one day you demanded. Unfortunately, the dates that you provided will not work. Counsel is unavailable April 21 and 22. Ms. Torres is unavailable the other days. We are able to schedule her deposition for May 13. If that date doesn't work for you, we can also do May 18-20. But please note that we will need to end the deposition on May 18 no later than 6:00 pm. In terms of finding available dates, we note that Ms. Torres has some limited work on Thursday and Fridays, precluding a deposition on those days. For the location of her deposition, we appreciate that you are able to make a room available at your office. However, we would need two rooms because our attorney would not be able to share a room with Ms. Torres while our attorney expresses milk. I am sure you can understand that. We also wanted to share that Ms. Torres will need breaks to both check her glucose level and to walk her dog. She will also require sufficient room for her dog in the deposition room. If you do not have a second room available for breaks, or if your offices cannot otherwise accommodate Ms. Torres our offer to have the deposition at our offices remains.

We request that you please hold May 11 for the Rule 30(B)(6) deposition and not schedule something else while you are working to identify a Rule 30(B)(6) witness. We wouldn't want to lose that day because something else fills your calendar as we all know can happen for all of us. We understand that you are still speaking with your client, and that you had stated that you couldn't confirm a representative of SHRM until you heard back from us in more detail regarding the deposition topics. As you know, we have now done so and request a response by March 30, regarding SHRM's availability on May 11.

We also ask you to please hold your calendars open on the dates for which we noticed Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk, while you check their availability. While we appreciate your coordinating their availability, it does appear from your email of March 24, 2026, that you do not currently represent Ms. Howe, Ms. Sancinito, and/or Ms. Turk. Please advise us by tomorrow if we misunderstood

and you do in fact represent each of these individuals and that we are therefore not to contact them directly. Regardless of the answer to that question, please provide their addresses and phone numbers by tomorrow as well. We have been asking for that for some time and they were initially due at the time the Initial Disclosures were served. We of course will not reach out to them directly if you confirm your representation of them for purposes of this litigation.

Finally, with regard to the depositions of Ms. Zoerkler, Ms. Belyna, and Mr. Link, we are planning to proceed with their depositions that have now been noticed. We accommodated both your schedule and your witnesses' schedules after those dates were specifically given to us by you. You also confirmed them on March 24, 2026.

Regards,

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Wednesday, March 25, 2026 11:33 AM
**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM - follow up on discovery
**Importance:** High

Lori –

I am following up on our ask for Ms. Torres' deposition availability. It has been nearly a week since we sent you the deposition notice for Ms. Torres on April 7 or offered the alternative date of April 8. We understand from your Monday email that Ms. Torres is not available on those dates, which we presume you spoke with her about to confirm. Yet, you have not provided alternative dates when she is available which is the natural next step in a conversation about when she is not available. Please provide us with Ms. Torres' availability to be deposed in this matter on April 16, 17, 20, 21, or 22 by close of business tomorrow (Thursday) or we will proceed with again noticing her deposition for the most convenient date for us.

As to the depositions of Ms. Zoerkler, Ms. Belyna, and Mr. Link, we are confirming that they are still available on the dates that you have chosen.

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Bridenbaugh, Lauren M.
**Sent:** Tuesday, March 24, 2026 1:56 PM
**To:** 'Lori Kisch' <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** RE: Torres v. SHRM - follow up on discovery

Please advise whether you want us to send a dial-in or if you will be doing so.

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Tuesday, March 24, 2026 1:55 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** RE: Torres v. SHRM - follow up on discovery

Lauren,

We will follow up in another email to the substance of this email, but we wanted to lock in a date/time for the meet and confer. We are available on Friday at 9:30. Let's plan on one hour in case we need it.

Thanks.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Tuesday, March 24, 2026 11:21 AM
**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM - follow up on discovery

Lori –

Respectfully, the repeated and unsubstantiated accusations that we are intentionally delaying discovery and are endeavoring to prejudice your client are inappropriate and without merit. It is absolutely appropriate for us to take issue with your proposed 30b6 deposition topics if we have concerns with them, which we do and which are set forth in our March 13 letter sent within 7 business days of receipt of your proposed topics. Doing so is within both sides obligations to meet and confer regarding any discovery dispute and was our effort to explain our concerns, work with you on understanding what information you were looking for, and to settle on a list of topics that are within the scope of this matter and are sufficiently particular that SHRM can meet its obligations to prepare a 30b6 witness. Given the complexity of 30b6 topics, it makes sense to set forth our concerns in writing prior to speaking live to ensure we have explained all of our concerns. We have not demanded your attention to our letter as to the 30b6 topics because we assume you, like ourselves, are a busy person juggling a number of personal and professional obligations. We respect that you may simply have not had the opportunity to give the 30b6 topics your full attention to-date and we ask that you extend us the same courtesy on this and other issues as they arise.

Nevertheless, please advise as to Ms. Torres' availability as soon as possible given your concerns about discovery delays in this matter. In a quick review of my calendar only, it looks like the week of April 20 or most of the week of April 27 would work.

Our office has a wellness room that we can make available to Ms. Torres and your attorney. It is windowless, has a door that locks, and a mini fridge, if needed.

Noted on deposition dates for Ms. Zoerkler, Ms. Belyna, and Mr. Link.

Although Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk were named on SHRM's initial disclosures their knowledge, or lack thereof, was clarified in our discovery responses as having no knowledge relevant to a fact at issue in this case because, as we have now said many times, SHRM does not dispute that Ms. Torres applied for work at SHRM and that SHRM extended her a conditional job offer and that she was thereby qualified for the position. *See* Answer (ECF No. 8) at Paras. 25-26. Further, deposing all 4 of them is unreasonably duplicative and cumulative. However, we will consult with our client as to each's availability to be deposed on your preferred dates. We will follow-up as to whether we are representing Ms. Howe, Ms. Sancinito, and/or Ms. Turk for purposes of their depositions; whether they are still local to the area; and whether they are available to be deposed in this matter on your preferred dates.

At no time have we refused to give you dates for a 30b6 witness. As we have said, we need to understand what you are asking for in the 30b6 topics in order to identify the witness(es) for each topic which then requires us to identify their availability for a deposition. We cannot identify someone's availability for a deposition when we don't know who that person is. Your assertion SHRM should be able to identify a witness for each topic and begin preparing them despite the topics still not being finalized or having even received an initial response to our concerns places an undue burden on SHRM and any potential 30b6 witness to prepare for topics that may materially change or be removed entirely. Preparation for a 30b6 deposition is not based on when the original topics were sent as, again, we cannot prepare a witness for topics that are facially inappropriate for a 30b6 deposition, confusing as to what the topic even is, overly broad, etc. We again refer you to our March 13 letter for more specific information. We look forward to seeing your responses to our concerns as to the 30b6 topics and continuing to meet and confer later this

week and continuing as needed. In the meantime, we will review our availability and any *potential* representative for the 30b6 deposition as to your preferred date and alternative dates.

As to ESI, your March 6 email states that Plaintiff wanted to "make sure the searches are targeted and as effective as possible" and stated you wishes to agree to "a list of search terms" thereby indicating an interest in demanding your own search terms or editing SHRM's search terms. On March 10, you stated "we requested that you provide that list so that we may consider whether we had any objections or additions." Your March 19 email again states an intention to "provide input" as to SHRM's searches. In an effort to resolve this issue, below are the searches SHRM has run. As discovery is ongoing, we will supplement our responses if and when additional responsive information or documentation is identified.

We supplemented our responses to Plaintiff's First Set of Discovery Requests on March 23, and provided our responses to Plaintiff's Second Set of Discovery Requests that same day (yesterday).

As to a meet and confer, we are only available in the morning on Friday until 11:00 AM to pre-existing scheduling conflicts. However, we have greater availability on Thursday currently at any time prior to 3:30 PM. Please advise if one of these time blocks works to discuss.

| |
|---|
| "senior specialist" w/10 benefit~ |
| "Senior specialist" w/10 salary |
| (Fiona OR Torres) w/10 "senior specialist" |
| (Fiona OR Torres) w/10 "service dog" |
| (Fiona OR Torres) w/10 (duty OR duties) |
| (Fiona OR Torres) w/10 accommod~ |
| (Fiona OR Torres) w/10 benefit~ |
| (Fiona OR Torres) w/10 cartridge |
| (Fiona OR Torres) w/10 diabetes |
| (Fiona OR Torres) w/10 disabilit~ |
| (Fiona OR Torres) w/10 discrimin~ |
| (Fiona OR Torres) w/10 dog |
| (Fiona OR Torres) w/10 essential |
| (Fiona OR Torres) w/10 function~ |
| (Fiona OR Torres) w/10 glucose |
| (Fiona OR Torres) w/10 hypoglycemi~ |
| (Fiona OR Torres) w/10 monitor~ |
| (Fiona OR Torres) w/5 "CGM" |
| (Fiona OR Torres) w/5 "Continuous Glucose Monitor*" |
| (Fiona OR Torres) w/5 (hire OR hiring) |
| (Fiona OR Torres) w/5 (rescind OR rescission) |
| (Fiona OR Torres) w/5 application~ |
| (Fiona OR Torres) w/5 insulin |
| (Fiona OR Torres) w/5 interview~ |
| (Fiona OR Torres) w/5 offer |
| (Fiona OR Torres) w/5 pump |
| (Fiona OR Torres) w/5 salary |
| (Fiona OR Torres) w/5 sugar |

Best,

Lauren

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Monday, March 23, 2026 4:42 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>
**Subject:** Torres v. SHRM - follow up on discovery

**[EXTERNAL E-MAIL]**

Lauren,

We are writing to follow up on several discovery issues.

**Depositions**

Rule 30(b)(1) Depositions:
April 7 and April 8 will not work for Ms. Torres' deposition. We will be back in touch with possible dates. We do note that for Ms. Torres' deposition, we are consulting with our client, but we do believe she will require accommodations related to her medical condition, including breaks and a private space. If that cannot be accommodated at your office, we can make our conference room available. With regard to the undisputed depositions which Plaintiff has noticed, while we had requested to take these depositions much earlier, in an effort to accommodate your client's schedule and reach resolution on the disputed deposition dates, we will agree to the following dates you provided:

Deborah Zoerkler – April 27, 2026
Nicole Belyna – May 5, 2026
Jim Link – May 7, 2026

With regard to the depositions of Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk, your refusal to produce those witnesses is unfounded. SHRM listed each one in its Initial Disclosures as likely to have discoverable information and for which it may use to support its claims or defenses in the case. Therefore, we intend to move forward with those depositions. Please see the attached notices scheduling those depositions for April 23, and April 28-30. We can provide flexibility to accommodate their schedules to switch the order of the witnesses during the time frame for which we have noticed them.

As you can see in the attached deposition notices, we have noticed their depositions for your offices. We appreciate your offer to make the necessary space available. We also note that one of our attorneys will require some breaks and a private space to express milk. We appreciate your flexibility in that regard. If there is no conference room available for any of the noticed depositions, or if you are unable to accommodate our attorney, please let us know and we can discuss an alternative location for the depositions, including in our office.

As required by the Fed. R. Civ. Proc. 26(a)(1)(A)(i), and as requested in our discovery requests, please provide the addresses and phone numbers of each of the witnesses listed in SHRM's initial disclosures and in SHRM's responses to Plaintiff's Interrogatories. Please also confirm whether Littler represents Ms. Howe, Ms. Panessidi, Ms. Sancinito, and Ms. Turk.

Rule 30(b)(6) Deposition:
As you know, we have requested several times for dates for this deposition and you have refused to give us any. We understand from your 16-page single-spaced letter regarding the Rule 30(b)(6) deposition that there remain disputes about the scope of the deposition, but we would like to lock in a date that works for all counsel. Your suggestion that you are not able to even begin to identify witnesses who could speak to the issues is quite simply another effort to delay discovery owed to Plaintiff in an effort to prejudice her. As you have mentioned before, this is a single plaintiff case with straightforward claims. The topics noticed, are those which are typical for a case like this. Certainly, there are individual(s) who you can identify to speak on behalf of SHRM, especially with regard to any undisputed topics. We intend to respond to your 16-page objection letter this week and request a meet and confer on the outstanding issues. We hope to have the disagreements narrowed. If after that discussion, issues remain, we will consider seeking the court's assistance. And we hope those issues will be resolved prior to the deposition. However, if issues remain, we intend to go forward with those that are not in dispute as we are not able to simply delay indefinitely. Therefore, we have noticed the deposition for May 11, 2026. This date should be more than sufficient time to prepare for the deposition as it will be more than two months after the deposition was noticed on March 4, 2026. As with the other depositions we noticed, we are amenable to taking the deposition at your office. Please confirm conference room availability for that date and that you can accommodate our attorney. Should either of those not be available, we will notify you of an alternative location.

**ESI**
Despite your statements to the contrary, we have never dictated how SHRM should conduct its discovery. We have attempted to engage with you on several occasions, but you have not been willing to discuss SHRM's approach to ESI. We remain willing to discuss the ESI and welcome such a discussion. In your emails regarding ESI, you stated that we did not provide search terms. But we now understand from your email of March 19, 2026, that those statements were not meant to suggest that we should have. We have now received additional discovery from you and will review it and be back in touch on our position regarding any further deficiencies. However, without information as basic as the search terms used, we have no way of knowing whether it was sufficient and request, again, that you provide the search terms used. Simply looking at the production will not enable us to understand what may be missing.

We are in receipt of your supplemental production, but do not see related updated responses indicating which documents are responsive to each of the requests. We request that you provide those updated responses as early this week as possible, so that we may understand the scope of what has been produced.

We request a time on Friday, March 27, 2026, for a meet and confer on all pending discovery issues. Please let us know what time(s) on Friday you are available so that we may get a time on the calendar.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

Kalijarvi, Chuzi, Newman & Fitch, P.C.
Attorneys at Law
818 Connecticut Avenue, NW, Suite 1000 ■ Washington, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s).

Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.