Exhibit O to Plaintiff's 4/17/26 Motion To Compel

**Anna Kathryn Barry**

**From:** Anna Kathryn Barry
**Sent:** Friday, April 17, 2026 3:44 PM
**To:** 'Bridenbaugh, Lauren M.'; Lori Kisch; Currie, Leslie; Darrow, Tanja
**Cc:** Mary Kuntz; Steve Pershing
**Subject:** RE: Torres v. SHRM

Counsel: I am responding on behalf of Lori due to her IT issues. Pardon my resending this, as I previously sent this in response to a different email mistakenly.

Lauren,

We are happy to hear that SHRM has finally agreed to run a search based on Plaintiff's first and last name for the period of time at issue in our requests and for all but the three individuals for whom you object. We have already provided you (more than once) the reasons why each of the individuals you question should be included as custodians. During our meet and confer on April 1, you stated that you would not agree. They all appear to be decision makers. The attorney who you mention, Hanton Walters who is general counsel at SHRM, is according to your own privilege log, very involved in the decisions related to the accommodation consideration and denial. It is quite surprising that you require an explanation about his involvement because it is your own privilege log and your own representations. We have also exchanged correspondence regarding George Rivera and Nick Schacht. While they are all employees of SHRM, and so you certainly have more access to their knowledge than we do, we pointed out to you in correspondence produced by your client, that they were involved in the decision-making regarding Ms. Torres' offer of employment. Rather than asking us to review all the emails and correspondence that you have access to, we invite you to review them or speak with your client to better understand their involvement. But since there is no dispute that they were in fact involved in the hiring process, their emails and other ESI sources are relevant. We hope that your references to their emails is not a suggestion that you are not also searching through all sources of ESI for all of the custodians. Please confirm that you are.

Your statement that you are not aware of any discovery deficiencies is counter to the correspondence exchanged in the case. And counter to the meet and confers we have already had. A review of the records, all of which you have access to, will reveal those deficiencies.

We ask again, that you cease from continually misstating the facts and the record. You were not shouted at yesterday. When you falsely accused our client of being unwilling to produce discovery we pointed out to you that what you were stating was inaccurate and contrary to the facts. The fact that you do not want the record corrected does not mean anyone is shouting. But it is true that your continued refusal to review the multiple letters and emails that we have sent on the very issues you continually bring up, and your continued misstatement of the facts, is quite frustrating. Perhaps you mistook frustration with shouting. But they are very different.

You have asked numerous times about your false accusations about texts being cut off. We have explained in numerous letters that the texts that you complain about are not responsive. And contrary to your statement indicated below, we volunteered to provide a sample non-responsive text for you to review, so that we could hopefully move on to more important issues. Other than that, there is nothing

more we can offer you. We have addressed your false accusations of deletion numerous times explaining that nothing was deleted after the anticipation of litigation and only one deletion occurred within seconds or minutes after it was sent, because our client sent it to the wrong person. You have asked for meta data to prove that, which we have not objected to.

On damages and mitigation, we have provided extensive information to you and agreed to get you more. And it seemed that issue was resolved yesterday, so I am not sure why you are raising that again.

Your unilateral cancelling of our meet and confer on Monday is unacceptable. You never definitively offered Friday. You simply stated you would "try" to confer with us for a 30-minute window. We communicated that because you would not commit to a meet and confer on Friday and because we anticipated we needed more than 30 minutes, we asked for an hour on Monday. We gave you the times we were available and on April 15, you provided us with a time in that window. No further communication on that time was necessary and you only asked us to confirm the issues we would be discussing. If you were unclear whether we were still meeting on Monday you should have reached out instead of unilaterally canceling it. Please provide another 1-hour window on Monday when you are available during the times we had provided.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

**Anna Kathryn B. Barry**
(She/Her/Hers)
akbarry@kcnlaw.com
Direct: (202) 558-3682

KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Friday, April 17, 2026 12:45 PM

**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM

Lori,

We are not aware of any alleged deficiencies in our discovery responses by plaintiff since prior to our response deadline, which has not been revisited by plaintiff since we responded to those assertions. As we have already stated, we are in the process of reviewing any potentially responsive guidance SHRM has provided to members. We have Bates stamped and produced hundreds of pages of records received in response to third-party subpoenas and will continue to do so if and when third-parties provide additional documents to us. Despite Ms. Torres' overdue discovery responses on basic issues like her alleged damages, which we have been told we will receive "next week", we have not placed arbitrary deadlines on Ms. Torres to respond other than requesting we receive this information as soon as possible so we have sufficient time to review prior to her deposition. Ms. Torres has refused to provide even a single cut-off message as to three separate incomplete message chains to support her assertion the surrounding communications are not responsive. Indeed, during yesterday's meet and confer we were shouted at for simply requesting something which we did not consider particularly controversial and were told it would not be discussed further. We are working with a vendor to obtain a quote as to imaging Ms. Torres' phone as to the approximately 49 voice notes Ms. Torres sent or received within responsive communications and metadata as to deletion activity, despite this being Ms. Torres' discovery obligation and not SHRM's.

Nevertheless, after internal discussions, and in an effort to put to rest your unfounded accusations that we have not engaged in a reasonable and proportionate document review and production, we have directed our e-discovery vendor to run a search for "Fiona" and a search for "Torres". Once those searches are run, we will ascertain whether it is a manageable search set to review. We see no basis to search an attorney's email box nor George Rivera and Nick Schacht as neither played any role in any matter at issue here, or any matter at all other than a perfunctory approval to extend a job offer to Ms. Torres, which is not in dispute. Please advise us as to your basis for contending any of these three email boxes should be searched as we are not aware of any being articulated. If a basis has been communicated previously, please direct us to it as many emails have been exchanged – the requirement to meet and confer live is so important in facilitating productive communications to reach resolution, which we feel was partially successful yesterday in assuaging some of our own concerns. Indeed, we do not consider any meet and confer on these issues concluded and remain ready and willing to work with Plaintiff to resolve these matters amicably. We note we offered earlier this week to speak today but were told the 30 minutes we had available within Plaintiff's window of availability today was apparently so insufficient that the call slot was rejected entirely. We offered an alternative time to speak for a full hour on Monday, but did not hear back on that time slot, which has now been scheduled in another matter.

Finally, please note Kristen Howe got back to us a short time ago and she is available to be deposed on May 19.

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102

LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Friday, April 17, 2026 11:54 AM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>
**Subject:** RE: Torres v. SHRM

Lauren,

Most immediately, we respond to your email regarding SHRM's responsibilities regarding ESI. SHRM's response that it will *consider* further searches while objecting at the same time to our requests does not further the resolution of these issues. Unless we hear from you by 1:00 pm today confirming that SHRM will search the following custodians for plaintiff's name searching for either Fiona or Torres for all sources of ESI from each of the custodians, from the time of Plaintiff's application to the present, we will consider this meet and confer concluded.

**Custodians:** Nicole Belyna, Kristen Howe, Jim, Link, Katharine Panessidi, Alison Sancinito, Melissa Turk, Deborah Zoerkler, Hanton Walters, George Rivera, Nick Schacht.

We will also need confirmation by 1:00 today, that you will inform us by Tuesday, April 21 at 5:00 pm the number of hits that you receive for the search from Torres and the separate search you receive from Fiona. If either search provides an unreasonable number of hits, you agree to work with us cooperatively next Wednesday and Thursday (April 22 and April 23) to revise the searches so that a manageable number of hits are found. We suspect that given the limited time frame and number of custodians, that there will not be an unreasonable amount of hits. But if we are mistaken and you are correct, we are more than willing to work with you to find a reasonable solution to the ESI search. If we do not receive confirmation by 1:00 today on this additional process, we will consider the meet and confer concluded.

As you know, we made this proposal on March 26, 2026, raised the issues again during the meet and confers on April 1, 2026 and April 16, 2026. Any further delay will prejudice the Plaintiff given the upcoming deposition schedule.

With regard to your claim that we have not identified deficiencies in SHRM's production, that is not accurate. As you know, we have identified numerous deficiencies. When we do so, you respond by stating that just because we point out the fact that certain documents or ESI appears to be missing, that doesn't mean it exists. Your continued arguments that we haven't identified deficiencies and then counter argument that when we do, such identification is improper is unworkable in resolving issues. We

have also pointed out that your insistence that we must identify what is missing is also an impossibility. Without conducting the ESI search, we couldn't possibly know what is missing. It would be useful to also understand in general, whether you have in fact conducted any other ESI searches other than the ones you have reported to us given your general statements of overbreadth and burden. Please let us know by 1:00 as well whether you intend to share that information.

With regard to the imaging of our client's phone, you mentioned that you were reaching out to potential vendors. Please let us know what you have found out from the vendors, including the costs and whether the vendors were able to go to Plaintiff's home. We can then talk again next week about any concerns you have and how to resolve the issues.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Friday, April 17, 2026 10:59 AM
**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM

Lori –

We do not agree at this stage to the requirement the vendor go to Ms. Torres' home, that SHRM pay the cost of the imaging, or how the data will be provided to us after the imaging. There is no basis in searching the custodians for responsive documents as to guidance given to its members because the custodians as to Ms. Torres' claims are not involved in providing guidance to its members. However, we are reviewing what, if any, guidance there is that may be responsive to your requests and proceed from there. We will consider your request as to a broader search of Ms. Torres' name but note that we conducted additional searches already that included her name with connectors that would most likely lead to responsive information; Plaintiff has not identified any deficiencies in our document production to support broader or additional searches; the name "Torres" is a common last name; and we are not searching for generic and unreasonably broad terms like plaintiff, complainant, or applicant as doing so would not be reasonable or proportionate to the needs of the case.

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Thursday, April 16, 2026 4:39 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>
**Subject:** RE: Torres v. SHRM

Lauren,

We do not agree that Fiona w/2 Torres is an appropriate limitation to search for documents which reference the Plaintiff. In fact, your notice that this search only identified a few additional documents is evidence of the insufficiency of the limitation. For example, using this limited search term would mean that if someone referred to Plaintiff as Ms. Torres, Torres, Fiona, Plaintiff, complainant, applicant, or with other similar terms, documents with any of those references would not be captured in any of your ESI searches. During our meet and confer on April 1, 2026, we had asked for confirmation on the proposal for searching for ESI to reference Plaintiff without tying it to other search terms. You did not ever get back to us as you assured us you would. Unless you confirm by 9:00 am tomorrow that you indeed will search for her name beyond what you have already done, and engage with us on Monday about the search terms that will be used so that we can come to agreement on Monday by noon, we will assume that you will not agree to conduct another search taking into account our input. We have been trying to work this out with

you for far too many weeks already and SHRM's continued refusal to work with us to identify appropriate search terms continues to prejudice our client.

In terms of the imaging process, I am not sure what terms you disagree with. During our call, we explained that Ms. Torres relies on her phone to alert her to her glucose levels. The issues that we raised are specifically related to her health and safety. Please let us know what conditions you do not agree with.

With regard to your statement that you are working with SHRM to see if they have any responsive documents related to guidance it gives to its members, are you in agreement with the specific requests and scope of the requests. Are you also including this in an ESI search as well? Please let us know this answer by 9:00 am tomorrow as well.

We will get back to you on your reference to social media.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Thursday, April 16, 2026 4:22 PM
**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>; Steve Pershing

<Spershing@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM

Lori –

Following up on today's call, we look forward to Ms. Torres' supplemental discovery responses and document production as soon as possible given her deposition scheduled for April 29.

We will solicit more information from our vendor(s) as to imaging Ms. Torres' phone but do not currently agree to the limitations you have placed on the imaging process.

We are working with our client to see if SHRM has any responsive documents as to guidance it provides other organizations.

The search that was run as to Ms. Torres' name was "Fiona w/2 Torres". Additional responsive documents were produced at Volume 5.

Finally, on Ms. Torres' social media profiles, we renew our request for her to identify all social media accounts and email addresses and produce any responsive documents or communications on any social media platforms. Please note, while it is not a basis to refuse to produce discovery responses because a party is dissatisfied with the other party's responses, we re-reviewed your discovery requests and you only requested instant messages or text communications on social media applications or sites, which we have already stated there are none. Therefore, SHRM is not refusing to produce any similar information nor documentation.

Have a good evening,

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Wednesday, April 15, 2026 10:22 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Mary Kuntz <MKuntz@kcnlaw.com>; Anna Kathryn Barry <akbarry@kcnlaw.com>; Steve Pershing <Spershing@kcnlaw.com>
**Subject:** Torres v. SHRM

**[EXTERNAL E-MAIL]**

Counsel,

Please see the attached.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.