Exhibit P to Plaintiff's 4/17/26 Motion To Compel

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| FIONA TORRES,<br><br>Plaintiff,<br><br>v.<br><br>SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>Agency. | ) | 1:25-cv-2360 (PTG/WBP) |

To: Defendant, Society for Human Resource Management ("SHRM"), through its attorneys of record, Lauren M. Bridenbaugh, Leslie P. Currie, Tanja L. Darrow, Littler Mendelson, P.C., 1800 Tysons Boulevard, Suite 500, Tysons Corner, VA 22102.

**FIONA TORRES' NOTICE OF RULE 30(b)(6) DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Fiona Torres, through her attorneys, will take the deposition upon oral examination of Defendant Society for Human Resource Management ("SHRM") at the Offices of KCNF, 818 Connecticut Ave., NW, Suite 1000, Washington, D.C. 20006, on April 9, 2026, beginning at 9:00 a.m. The deposition will be taken before an officer authorized to administer oaths, will be recorded by stenographic means, and will continue from day to day until completed.

In accordance with Fed. R. Civ. P. 30(b)(6), SHRM shall designate one or more officials, directors, managing agents or other persons who consent to do so, to testify on its behalf with respect to the matters listed below:

## DEFINITIONS

Unless a contrary meaning appears in the context of a specific request or description of a matter on which examination is requested, the following definitions apply to this notice:

1. The terms "you," "your," "Defendant" and "SHRM" shall refer to Defendant Society for Human Resource Management and any current or former officer, director, shareholder, employee, agent, contractor, or attorney for, and any other person acting for, on behalf of, or under the authority or control of, Society for Human Resource Management.

2. The term "document" means any medium upon which information or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memorandums, notes, messages, letters, text messages, email, social media activity, bulletins, meeting notices, agendas or notes, telephone calls, diaries, calendars, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, including, without limitation, microfilm, photographs, charts, microfiche, videotape, recordings, voice messages, motion pictures, or mechanical or electronic recordings or representations of any kind. A draft or non-identical copy is a separate "document" within the meaning of this term.

3. The term "communication(s)" means every manner or means of disclosure, transfer

or exchange of information, whether in person, by telephone, mail, electronic mail, text message, social media activity, personal delivery, or otherwise.

4. The words "refer to" or "relate to" shall mean pertains to, pertaining to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, provides, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

5. The term "Action" shall mean the case styled *Fiona Torres v. Society for Human Resource Management*, Case No. 1:25-CV-02360, pending in the United States District Court for the Eastern District of Virginia, Alexandria Division.

6. The term "Complaint" means the Complaint (ECF No. 1) filed in the Action on December 16, 2025.

7. The term "Interrogatory" or "Interrogatories" means the interrogatories to Defendant from Plaintiff Fiona Torres.

8. The term "Request" or "Requests" means Plaintiff's Requests for Production of Documents to SHRM.

9. As used herein, the singular shall include the plural, the plural shall include the singular.

10. The words "and" and "or" shall be construed both conjunctively and disjunctively.

11. The term "electronic data" shall mean any data or information retrievable from any source on which electronic data is created or retained *(e.g.,* stored, archived).

12. "Including" means including, but not limited to.

13. "Relating to" or "referring to" means any information, document or electronic data that directly or indirectly, in whole or in part, affects, analyzes, constitutes, contains, comprises, describes, embodies, evidences, identifies, reflects, states, comments on, deals with, or is in any way pertinent or connected to the particular matter.

MATTERS

1. All facts related to SHRM's asserted affirmative defenses and other defenses in its Answer to the Complaint.

2. The bases for all denials to the factual and legal assertions made in the Complaint.

3. All answers and supplemental answers by SHRM to all of Fiona Torres' ("Torres") Interrogatories.

4. Responses to Torres' requests for production of documents, including the documents produced.

5. SHRM's discrimination policies or practices related to its employees and applicants.

6. SHRM's policies or practices related to its consideration and processing of accommodation requests made by its employees or applicants.

7. The job duties and responsibilities for the position for which Torres was offered employment at SHRM.

8. The specific knowledge held by each individual identified in SHRM's Initial Disclosures with regard to the facts underlying the claims and defenses in this Action.

9. The offer of employment by SHRM to Torres, and the basis for such offer.

10. The identity of individuals authorized by SHRM to accept or deny requests for medical or disability accommodations and to offer alternative accommodations on behalf of SHRM.

11. The identity of individuals authorized to rescind offers of employment on behalf of SHRM and the specific person who made the decision to rescind Ms. Torres' conditional offer of employment.

12. SHRM's policies or practices regarding conditional offers of employment, each and every instance in which SHRM withdrew such conditional offers for any position from January 1, 2016 to the present, and each and every reason for each withdrawal.

13. The identity and roles of all individuals involved in considering, recommending, and rejecting Torres' request for an accommodation to bring her service dog to the workplace at SHRM and all meetings whether online or in person held to discuss or decide the same.

14. All considerations, recommendations, and rejections, and the reason for each, made by any person identified as having a role in the consideration, regarding Torres' request for an accommodation to bring her service dog to the workplace at SHRM.

15. The identity and roles of all individuals involved in considering, recommending, and offering alternative accommodations to Torres in response to her request to bring her service dog to the workplace at SHRM.

16. All considerations and recommendations by SHRM, and its employees, for offering alternative accommodations to Torres in response to her accommodation request to bring her service dog to the workplace at SHRM.

17. The identity and roles of all individuals involved in considering, recommending, and determining to rescind Torres' offer of employment with SHRM.

18. All considerations and recommendations by SHRM, and its employees, for considering, recommending, and deciding to rescind Torres' offer of employment in response to her accommodation request to bring her service dog to the workplace at SHRM.

19. All training of SHRM employees, directors, and other individuals who were involved in any way in considering, recommending, or deciding whether to approve Torres' request for accommodation and SHRM's decision to rescind her offer of employment with SHRM.

20. The circumstances surrounding any requests by an applicant or employee to bring a service dog to the workplace at SHRM, including the outcome of such request.

21. The circumstances surrounding any instances where SHRM withdrew an offer of employment or terminated an employee in relation to their request for a medical or disability accommodation.

22. The existence of any SHRM databases, tracking systems, or documents, and the scope and type of information that is tracked, related to the following:

    a. Requests for accommodations by employees of, or applicants to, SHRM;

    b. Alternative offers of accommodation by SHRM other than what was requested by an applicant or employee;

    c. Denials by SHRM for accommodation requests by employees or applicants;

    d. Advice given by SHRM to its members regarding compliance with the ADA or VHRA, or in relation to disability discrimination generally, including:

        1. how to respond to, consider, and make determinations related to medical or disability accommodation requests;

        2. how to respond to, consider, and make determinations related to requests for accommodation related to service dogs;

3. the consideration or determination to rescind offers of employment or terminate employees related to requests for medical or disability accommodation requests; and

e. Any trainings given to SHRM members regarding their obligations related to 21(a-d), above.

23. Any guidelines, best practices, training, or other similar documents, generally maintained by SHRM for its employees' reference for advising SHRM's members regarding disability discrimination, the ADA, or the VHRA, and for consideration of and processing accommodation requests.

24. Any best practices, training, or guidance SHRM provides to its members regarding requests for accommodations to bring service dogs to the workplace and the process for considering such accommodation requests.

25. SHRM's affirmative defense of any undue hardship related to Torres' request for an accommodation to bring her service dog to the workplace at SHRM.

26. The organizational and management structure of SHRM, including the reporting line for the position offered to Plaintiff.

27. SHRM's document retention and document management practices and policies for electronic, video, and hard-copy documents and communications, and its efforts to communicate and enforce its policies with its employees and contractors.

28. SHRM's efforts to preserve documents, videos, and electronic data related to the allegations, claims, and defenses in this Action.

29. All efforts made by SHRM to locate and produce responsive documents to Plaintiff Torres in response to her requests for production of documents, including electronic data and videos, and the identification and role of each of the individuals involved in the efforts.

30. The nature and extent of SHRM's insurance coverage which would satisfy or indemnify SHRM for all or part of a judgment in this case.

Respectfully submitted,

___/s/ Lori Kisch______________________
Stephen B. Pershing
Virginia Bar No. 31012
Lori B. Kisch
D.C. Bar No. 491282
(Admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
spershing@kcnlaw.com
lkisch@kcnlaw.com

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff Fiona Torres' Notice of Rule 30(b)(6) Deposition to SHRM was served by electronic mail on March 4, 2026, on counsel of record for SHRM as follows:

Lauren M. Bridenbaugh
Leslie P. Currie
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lbridenbaugh@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, CA 90071
tdarrow@littler.com

*Counsel for Defendant*

___/s/ Lori Kisch_______________________
Lori Kisch