# Exhibit 4

**Currie, Leslie**

| | |
|---|---|
| **From:** | Bridenbaugh, Lauren M. |
| **Sent:** | Friday, March 13, 2026 10:05 AM |
| **To:** | Lori Kisch; Currie, Leslie; Darrow, Tanja |
| **Cc:** | Steve Pershing; Mary Kuntz |
| **Subject:** | RE: Torres v. SHRM - Rule 30(b)(6) Deposition Notice |
| **Attachments:** | SHRM_Torres 30b6 Topics Objections and Meet and Confer Ltr 4934-8243-5735 2.pdf |

Lori –

Please see the attached letter as to the topics.

As for scheduling, we of course cannot designate a witness(es) as to the 30b6 topics until we have agreed on those topics. If a 30b6 witness(es) is also a fact witness in this matter, then there is no reason they should not be deposed in both capacities on the same day. We cannot proceed with the requested deposition dates of April 9-17 as counsel has conflicts and because SHRM is conducting a conference the week of April 13 out of area. We also require sufficient time *once we have agreed to* 30b6 topics to sufficiently prepare a 30b6 witness(es) to testify on those topics. The need to prepare witnesses likely renders the week of April 20 challenging because of the previously noted scheduling conflicts but we will keep it as an option for the time being. Further, if we reach an impasse as to one or more topics, we will have to move for a protective order as to any improper topic(s) and resolve the same with the court prior to a 30b6 deposition.

We object to depositions of Ms. Panessidi, Ms. Howe, Ms. Sancinito, and Ms. Turk. If you can explain why you need to depose these individuals as to fact(s) in dispute, we are of course willing to consider it, but we fail to see at this time the basis for these deposition requests. We will review availability as to Ms. Belyna and Ms. Zoerkler in April, May, and June in reference to our own schedules and the availability of space to conduct said depositions at our offices in Tysons.

Best,

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Thursday, March 12, 2026 5:49 PM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Steve Pershing <Spershing@kcnlaw.com>; Mary Kuntz <MKuntz@kcnlaw.com>
**Subject:** RE: Torres v. SHRM - Rule 30(b)(6) Deposition Notice

Lauren,

We are again writing to follow up on the deposition scheduling. It has been over a week since we requested that you inform us of your availability (as well as the witnesses) for the dates of the depositions. You expressed a desire to consult on that with us and we have committed to that as well. But we await your engagement on that discussion. You had also mentioned that you had some concerns about the topics for the Rule 30(b)(6) deposition and we await those concerns as well so that we may consider those and work out any differences.

We request once again that you confirm whether the Rule 30(b)(1) witnesses we have identified are SHRM representatives.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

**From:** Lori Kisch
**Sent:** Thursday, March 5, 2026 11:44 AM
**To:** 'Bridenbaugh, Lauren M.' <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Steve Pershing <Spershing@kcnlaw.com>
**Subject:** RE: Torres v. SHRM - Rule 30(b)(6) Deposition Notice

Lauren,

Thank you for your email yesterday. We of course agree that we should work cooperatively on deposition scheduling and that is why we asked in our cover email for you to let us know if these dates do not work for either you or the witnesses. We do not agree to hold off on all depositions for the weeks of April 9 and 13, unless counsel for Littler is unavailable for all days during that time, or all witnesses are unavailable. It would be surprising to us, that with this much notice, there would be no availability on any of the days for at least some of the witnesses. Even if we can't schedule all the depositions during those weeks, we will want to schedule some, subject to availability. In the event that any witnesses are not available during that time, please advise on the week of April 20 as well. As we explained in our email, we will work with your schedules as well as your witnesses.

We are happy to discuss the topics noticed for the Rule 30(b)(6) deposition. We will consider any suggestions you may have. We believe the topics are all consistent with what is permissible and necessary for litigation of the claims and defenses in this case. But, as I say, we are open to discussion.

We do not agree that we must hold off on our depositions until after Ms. Torres will be deposed.

We appreciate your offer to coordinate the scheduling of the Rule 30(b)(1) witness depositions, but please confirm whether or not they are SHRM representatives. We do not agree that SHRM can dictate which depositions we can take. Of course, if you want to provide further detailed information about why and how their information would be cumulative, we are happy to assess. We will not be able to make that determination unless we are given a detailed explanation.

We can circle back on the issue of the location of the depositions and appreciate your offer to use your offices.

Regards,

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

50 YEARS KCNF

KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.

ATTORNEYS AT LAW

818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006

TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

---

**From:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>
**Sent:** Wednesday, March 4, 2026 10:53 AM
**To:** Lori Kisch <lkisch@kcnlaw.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Steve Pershing <Spershing@kcnlaw.com>
**Subject:** [EXT] RE: Torres v. SHRM - Rule 30(b)(6) Deposition Notice

Lori –

As I'm sure you are aware, we will have to review the proposed 30b6 topics first and confer regarding revising them to the extent we have concerns and then identify one or more witnesses who may be appropriate. At a very quick glance, we will have concerns on several of these topics and will endeavor to relay the same in detail so we can meet and confer in an effort to resolve any areas of disagreement before we can move forward with a 30b6 deposition.

We do not agree to the unilaterally selected dates for any 30b6 deposition nor any fact witness depositions but we will review our calendars and confer with witnesses as to their calendars as your preferred dates. We do not agree to your arbitrary deadline of this Friday to advise of the same as we will need to compare calendars, deposition space availability, and with witnesses regarding the same. As I'm sure you know, the practice in this court is to work cooperatively on deposition dates rather than unilaterally select dates at the outset. However, I can already tell you that the week of April 9-10 nor the week of April 13 are likely to work for the SHRM witnesses.

Please note, we are not agreeing at this time to the depositions of all the individuals you list as it is cumulative. We also do not agree to two days for a 30b6 deposition. All witnesses should be contacted through counsel unless we advise otherwise.

Please note, Ms. Torres will be deposed before any SHRM witness. We can tentatively schedule it if you would like but we do need to see her discovery responses and have a sense of what additional written

discovery needs to be completed, including any deficiencies in Ms. Torres' responses and curing of the same, prior to her deposition. Otherwise, we will have to hold her deposition open and bring her back in.

Finally, please note depositions are required to be completed in the jurisdiction where the action is pending. We would therefore suggest our office in Tysons for depositions in this matter. We do not agree to depositions at your out-of-jurisdiction office in DC at this time. We will consider revisiting the matter as to location when we have had the opportunity to confer with our client and witnesses.

Best,

**Lauren M. Bridenbaugh**
**Attorney at Law**
+1 703.286.3142 direct, +1 571.369.8713 mobile, +1 703.552.7679 fax
1800 Tysons Blvd, Suite 500, Tysons Corner, VA 22102
LBridenbaugh@littler.com

Pronouns: She/Her

Littler
Labor & Employment Law Solutions
LOCAL EVERYWHERE

---

**From:** Lori Kisch <lkisch@kcnlaw.com>
**Sent:** Wednesday, March 4, 2026 10:03 AM
**To:** Bridenbaugh, Lauren M. <LBridenbaugh@littler.com>; Currie, Leslie <LCurrie@littler.com>; Darrow, Tanja <TDarrow@littler.com>
**Cc:** Steve Pershing <Spershing@kcnlaw.com>
**Subject:** Torres v. SHRM - Rule 30(b)(6) Deposition Notice

**[EXTERNAL E-MAIL]**

Counsel,

Please find attached a Notice of Rule 30(b)(6) Deposition. We have noticed the deposition for April 9, 2026, and are also holding April 10, 2026, for the deposition as well. We are holding two days to ensure that there is sufficient time for the deposition and to ensure that if SHRM designates more than one representative, we can accommodate their schedules over the two days. Please let us know by Friday, March 6, 2026, if counsel is not available on either or both of those dates so that we may explore other possible dates, as necessary. We also ask that you inform us by March 17, 2026, who SHRM intends to designate for each of the topics listed in the Notice.

We also intend to issue Rule 30(B)(1) deposition notices for the following witnesses: Nicole Belyna, Deborah Zoerkler, Katharine Panessidi, Kristen Howe, Alison Sancinito, and Melissa Turk. We would like

to schedule their depositions during the weeks of April 13, 2026 and April 20, 2026. Please let us know by March 6, if counsel is not available during that time. Please also let us know if Littler considers any of these witnesses to be SHRM party representatives and represented by Littler, and whether we should go ahead and serve their notices with you. If so, we ask that you confirm their availability during that time frame.

Thank you.

Lori

Lori B. Kisch
(she/her/hers)
lkisch@kcnlaw.com
Direct: 202-331-0581

KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW
818 CONNECTICUT AVENUE, NW, SUITE 1000 ■ WASHINGTON, DC 20006
TEL: 202.331.9260 ■ FAX: 866.452.5789

KCNFDC.COM

Notice To Recipient: This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message and any and all duplicates of this message from your system. Thank you in advance for your cooperation.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.