# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Case No. 1:25-CV-02360-PTG-WBP** |

**STIPULATED PROTECTIVE ORDER**
**AND CLAWBACK AGREEMENT AND ORDER**

Plaintiff Fiona Torres ("Ms. Torres" or "Plaintiff") and Defendant Society for Human Resource Management ("SHRM" or "Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, hereby respectfully request that the Court approve this Stipulated Protective Order and Clawback Agreement and Order ("Protective Order") to ensure the appropriate treatment of confidential, proprietary, commercially sensitive, and personal information, that may be produced in this action; and pursuant to FED. R. EVID. 502(d) to prevent the waiver of claims of the attorney-client privilege and work-product doctrine in connection with the disclosure of documents subject to a legally recognized privilege.

The Parties and their counsel hereby stipulate and agree as follows:

1. When used in this Protective Order, the terms set forth below shall have the following meanings:

(A) "Discovery Materials" means all documents and electronically stored information (consistent with the interpretation of FED. R. CIV. P. 34(a)(1)(A)), deposition testimony and transcripts, deposition exhibits, responses to any discovery requests, including

responses to interrogatories, document requests, subpoenas *duces tecum*, and requests for admission, inspections, examinations of premises, facilities and physical evidence, and any other information or material produced pursuant to the Federal Rules of Civil Procedure or an order of this Court, or otherwise given or exchanged by or among the Parties and third parties to this action and includes all copies of such documents or other materials, in hard copy, electronic form, or any other form or format.

(B) "Disclose" or "Disclosure" means to produce, reveal, divulge, give, or make available Discovery Materials, or any part thereof, or any information contained therein.

(C) "Confidential Information" is intended to be applied to Discovery Materials which such person in good faith believes contains "Confidential" or "Highly Confidential" or "Highly Confidential Attorneys Eyes Only" Information such as proprietary, commercially sensitive, and/or personal information. A Party shall not routinely designate Discovery Materials as "Confidential," "Highly Confidential," or "Highly Confidential Attorneys Eyes Only" Information without reasonable inquiry to determine whether it qualifies for such designation.

(D) Discovery Material marked as "Highly Confidential Attorneys Eyes Only" shall include and are limited to documents, the disclosure of which to anyone other than the Attorneys in the case, would cause irreparable harm to an individual.

(E) Discovery Material marked as "Highly Confidential" may include, but are not limited to: (a) information prohibited from disclosure by statute; (b) personal identity information, including, but not limited to, social security numbers, dates of birth, and/or residential information, (c) protected health information ("PHI") as defined below concerning any individual; (d) income tax returns (including attached schedules and forms), W-2 forms, and

1099 forms; and (e) other highly sensitive personal information, the disclosure of which, to individuals, other than as set forth in this Order, would pose a risk of harm to the individual to whom the information applies.

(F) Discovery Materials marked as “Confidential” may include, but are not limited to: trade secrets, proprietary business strategies, non-public highly sensitive business information, or non-public financial data, the disclosure of which could include, but is not limited to, create a substantial likelihood of competitive irreparable harm.

(G) Information or documents that are available to the public may not be designated as Confidential or Highly Confidential. Nothing in

(H) this order shall prevent parties from redacting personal identifying information, such as social security numbers and dates of birth, prior to production.

(I) “Producing Party” means the person or entity disclosing Discovery Materials, but does not include persons and/or entities who are non-Parties to this Litigation.

(J) “Litigation” means the above-captioned case currently pending before this Court.

(K) “HIPAA” means the Health Insurance Portability and Accountability Act of 1996, *codified at* 42 U.S.C. § 300gg, 29 U.S.C. § 1181, *et seq*., and 42 U.S.C. § 1320d, *et seq*.

(L) “PHI” means “protected health information” as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 and 164, which includes but is not limited to Party or non-Party medical or other health information.

(M) “Privacy Standards” means the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 and 164.

2. Discovery Materials produced during the course of this litigation by SHRM as the Producing Party, that were not already in the possession of Plaintiff prior to the filing of the Complaint, or which do not otherwise contain public information, shall be used consistent with this Stipulated Protective Order solely for the purpose of this Litigation. Except by order of the Court or stipulation of the Parties, no such Discovery Materials shall be used by any Party or provided to any non-Party, other than the Producing Party, for any other purpose, including, without limitation, for any business or commercial purpose or in connection with any other legal matters. Additionally, this Paragraph shall not preclude any Party or its representatives from independently requesting or seeking such Discovery Materials in any other legal proceeding, nor shall it preclude the Responding Party from raising appropriate objections in any other legal proceeding. Nothing in this Paragraph shall limit Plaintiff's ability to use any document that was in her possession prior to the filing of the Complaint, or which was obtained by SHRM through a subpoena or otherwise from Plaintiff's medical providers or current or former employers.

3. Discovery Materials produced during the course of this litigation by Plaintiff as the Producing Party, which do not otherwise contain public information, shall be used by SHRM consistent with this Stipulated Protective Order solely for the purpose of this Litigation. Except by order of the Court or stipulation of the Parties, no such Discovery Materials shall be used by SHRM or provided to any non-Party, other than the Producing Party, for any other purpose, including, without limitation, for any business or commercial purpose or in connection with any other legal matters. However, this Paragraph shall not preclude any Party or its representatives from independently requesting or seeking such Discovery Materials in any other legal proceeding, nor shall it preclude the Responding Party from raising appropriate objections in any other legal proceeding.

4. The designation of Confidential Information shall be made by placing or affixing on the document the word "CONFIDENTIAL" in a prominent location and in a manner which will not interfere with its legibility. The designation of Highly Confidential Information shall be made by placing or affixing on the document the phrase "HIGHLY CONFIDENTIAL" in a prominent location and in a manner which will not interfere with its legibility. The designation of Confidential Information or Highly Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. Alternatively, a Party may designate Discovery Materials as Confidential Information or Highly Confidential Information by giving a similar written notice with specific designation such as Bates number. There will be no waiver of confidentiality by the inspection of Confidential Information or Highly Confidential Information before it is copied and marked confidential pursuant to this procedure. Copies, extracts, summaries, notes, and other derivatives of Confidential Information shall also be deemed "CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL," as the case may be, and shall be subject to the provisions of this Protective Order. If either party believes that a document should be marked "Confidential" or "Highly Confidential" and such designation has not been made by the Producing Party, either party may invoke this Stipulated Protective Order for protection of the information or documents by identifying such documents by Bates number to the Producing Party and identifying whether such document are to be considered as "Confidential" or "Highly Confidential." Where a document contains both Confidential Information and Highly Confidential Information, and information that is not Confidential Information or Highly Confidential Information, only the pages or portions that constitute Confidential Information and/or Highly Confidential Information shall be so designated. The procedures set forth in Paragraph 5 of this Order shall govern any challenge(s) to the designation of Confidential Information or Highly Confidential Information.

5. Challenging Designation of Confidentiality. Any Party objecting to the designation of any particular Discovery Material as Confidential Information or Highly Confidential Information, and believing that any such designation is not made in good faith (collectively referred to as "Objections") shall attempt to resolve the matter by setting forth in writing to the other Party the Objections and reason(s) for those Objections. Any objections that counsel are unable to resolve within five (5) business days of the receipt of the objection may be raised with the Court by the Party challenging confidentiality. Pending the determination by the Court, the Discovery Material shall retain its protected status. The burden shall remain on the Party seeking confidentiality to justify it.

6. Restrictions on Use and Disclosure of Confidential Information or Highly Confidential Information.

(A) Confidential Information or Highly Confidential Information shall be used solely in connection with and only as necessary to the litigation of this matter and any related appellate proceeding and not for any other purpose. However, nothing in this Order shall limit Fiona Torres from disclosing to any person or entity any Discovery Materials that were already in her possession when this suit was filed, regardless of whether they were also produced by SHRM in this matter. Additionally, nothing in this Order shall limit Fiona Torres from disclosing to any person or entity any Discovery Materials or any information relating to her application and offer of employment, her request for an accommodation and communications regarding her request, SHRM's responses, and SHRM's subsequent rescission of its offer of employment. Finally, nothing in this Order shall limit Fiona Torres from disclosing to any person or entity any materials obtained by SHRM through subpoena or otherwise, related to Fiona Torres' medical records or her employment records with other current and former employers.

(B) Terms and Limitations Specific to PHI. To the extent not covered above, the following terms and limitations shall be imposed on PHI to ensure HIPAA and Privacy Standards compliance:

(i) The signatories to this Protective Order are familiar with HIPAA and the Privacy Standards.

(ii) The signatories recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit PHI of current and future parties, third parties, and non-parties to other parties, and their attorneys and representatives.

(iii) The signatories agree not to use or disclose the PHI released for this Litigation for any other purpose or in any other proceeding.

(iii) The signatories are permitted to use the PHI for the limited purpose of sharing information to obtain an expert opinion, as necessary, and as is reasonably connected with this Litigation.

(iv) The signatories agree that within 30 calendar days of the issuance of a final order, or the extinguishment of all appeals, all signatories that obtained PHI during the course of this Litigation shall, upon request, destroy said PHI or return it to the covered entity from which it obtained the PHI, except that counsel for the Parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, trial, and motion exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Discovery Materials contain PHI, and counsel are not required to secure the return or destruction of PHI submitted to the Court.

7. Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or copies thereof, and any Confidential Information or Highly Confidential

Information contained therein, shall be used solely for the purpose of conducting this Litigation in good faith (including in discovery, at trial and appeal) and not for any other purpose whatsoever.

(A) Pursuant to the terms and conditions of this Order, Confidential Information and Highly Confidential Information may only be disclosed to the following:

(i) The Court and its personnel, including any stenographers engaged in transcribing testimony in this Litigation;

(ii) Court reporters and recorders, including videographers, engaged in transcribing testimony in this Litigation;

(iii) The Parties to this Litigation specifically Plaintiff and non-attorney representatives of Defendant who have a reasonable basis or need to know the Confidential Information, provided that first, such individual be provided a copy of this Protective Order, review the Order, and sign a declaration in the form annexed hereto as Exhibit A;

(iv) Counsel of record in this Litigation and all attorneys of counsels' respective law firms who have functional responsibility for preparation and trial of this Litigation, including paralegals, legal assistants, litigation support services, printers, and outside copy services utilized by each firm;

(v) Fact witnesses in this Litigation, including but not limited to deposition witnesses, to the extent necessary in the prosecution or defense of this Litigation but who shall not retain a copy of any so designated documents;

(vi) Independent litigation consultants, non-Party experts, and potential experts, retained by a Party or counsel to a Party to assist counsel in the preparation and trial of this Litigation, provided that first, such individual be provided a copy of this Protective Order, review the Order, and sign a declaration in the form annexed hereto as Exhibit A.

(vii) Persons contracted for purposes of this Litigation for the purpose of making copies, organizing documents, and/or to process electronically stored documents;

(viii) Any mediator or arbitrators retained by the Parties in connection with this action, and their supporting personnel;

(ix) The author or recipient of the document; and

(x) Other persons by written agreement of both Parties or as so ordered by the Court.

8. Deposition Transcripts. Confidential Information or Highly Confidential Information disclosed at deposition may be designated by any Party as confidential by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL, and is subject to the provisions of this Protective Order. A Party may also designate Confidential Information or Highly Confidential Information disclosed at such deposition as confidential by notifying the opposing Party in writing within ten (10) calendar days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" thereafter although both Parties reserve the right to object to and later challenge any such designation. Until the expiration of the ten (10) business day period, the Parties agree to treat the transcripts as confidential and subject to the restrictions in this Protective Order.

9. Confidential Information or Highly Confidential Information Filed with Court. To the extent that any Discovery Materials subject to this Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses Confidential Information or Highly

Confidential Information, shall be filed in accordance with the requirements of Local Civil Rule 5.

10. Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a designation of “Confidential” or “Highly Confidential” designation.

11. An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not waive the right to so designate the document, Insofar as a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, shall make a reasonable effort to assure that the document is treated in accordance with the provision of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential Information or Highly Confidential Information and is thereafter so designated.

12. No party may withhold information, except based on privilege, from discovery on the ground that it requires protection greater than that afforded by this Order. If a Producing Party believes a document or information requires greater protection than afforded by this Order, the Producing Party will provide the document or information to the Receiving Party and the Receiving Party will limit its disclosure to lawyers and employees of the Receiving Party’s outside counsel of record in this case, all of whom shall keep such information confidential until the Producing Party or the Parties jointly move for an Amended Protective Order or otherwise by Order of the Court. Nothing in this Protective Order shall be deemed a waiver of any party’s right to make timely objection to the discovery requests on any proper grounds.

13. Information Security. The Parties and their counsel shall maintain all Confidential Information and Highly Confidential Information in a secure manner and shall maintain an information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information and Highly Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such Confidential Information and Highly Confidential—Information, and protect against unauthorized access to or use of such Confidential Information and Highly Confidential Information. If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another Party's Confidential Information and/or Highly Confidential Information, the Receiving Party shall: (a) promptly provide written notice to Producing Party of such breach; (b) investigate and take reasonable efforts to remediate the effects of the breach; and (c) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or Order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement or order through legal means.

14. The inadvertent, unintentional, or *in camera* disclosure of Confidential Information and/or Highly Confidential Information shall not be deemed a waiver of any claims of confidentiality.

15. Clawback Provisions Pursuant to FED. R. EVID. 502(D). The Parties agree, and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) pursuant to Federal Rules of Evidence 502(d), the following:

(A) The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, attorney work product doctrine, and medical privilege, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document. This rule shall apply to any Discovery Materials produced whether or not the material contains Confidential Information.

(B) The inadvertent disclosure or production of any Documents in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(C) If, during this Litigation, a Party determines that any Documents produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Documents"):

(i) The Receiving Party shall: (a) refrain from reading the Protected Documents any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (b) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (c) specifically identify the Protected Documents by Bates number range or hash value, and, (d) within ten (10) calendar days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that Protected Documents has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Documents extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(ii) If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) calendar days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(D) If, during this Litigation, a Party determines it has produced Protected Documents:

(i) The Producing Party may notify the Receiving Party of such inadvertent production in writing and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Documents inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Documents does not contain privileged or protected information, the

Producing Party shall also provide to the Receiving Party a redacted copy of the Documents that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii) The Receiving Party must, within ten (10) calendar days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Documents and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that Protected Documents has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Documents extracted from the database.

(E) To the extent that the information contained in Protected Documents has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in subparagraphs 12(E)(ii) and 12(D)(i), then the Receiving Party shall sequester such Documents until the claim has been resolved. If the Receiving Party disclosed the Protected Documents before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(F) The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

(i) The disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii) The disclosure of the Protected Documents was not inadvertent;

(iii) The Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv) The Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(G) Either Party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order. The Producing Party bears the burden to establish the privilege.

(H) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) calendar days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(I) Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Documents for relevance, responsiveness and/or to segregate privileged and/or protected information before such information is produced to another Party.

(J) By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rule of Evidence 502(d).

16. No Alteration of Existing Court Redaction Procedures. The obligations of this Order shall be in addition to, and not supersede, any redaction requirements of this Court.

17. All Confidential Information and Highly Confidential Information shall be returned as follows:

(A) Within thirty (30) calendar days of the conclusion of this Litigation, and subject to subparagraphs (d) and (e) below, all Confidential Information and Highly Confidential Information including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall, upon request, be returned to the Producing Party. In the alternative, within thirty (30) calendar days of the conclusion of the Litigation, counsel for each Party shall, upon request, certify to counsel for the opposing Party, in writing, that any and all such Confidential Information and/or Highly Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing Party, has been destroyed.

(B) If Confidential Information and/or Highly Confidential Information is furnished to outside experts or consultants pursuant to subparagraphs 6(A)(v) and/or (vii), the attorney for the Party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Information and Highly Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the Producing Party or destroyed, and so certifying in writing as provided in subparagraph (A) above.

(C) If Confidential Information and/or Highly Confidential Information has been loaded into any litigation review database, the attorney for the Party using such database shall have the responsibility of ensuring that all such Confidential Information and/or Highly Confidential Information (including all associated images and native files), are extracted from such

databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of Documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

(D) Counsel of record for the Parties may retain copies of any part of the Confidential Information and/or Highly Confidential Information produced by others that has become part of counsel's official file of this Litigation, as well as abstracts or summaries of Discovery Materials that reference Confidential Information and/or Highly Confidential Information that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Order.

(E) The Parties, counsel of record for the Parties, and experts or consultants for a Party shall not be required to return or to destroy any Confidential Information and/or Highly Confidential Information to the extent such information is: (a) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information and/or Highly Confidential Information is not returned or destroyed due to the foregoing reasons, such Confidential Information and Highly Confidential Information shall remain subject to the confidentiality obligations of this Order.

18. This Protective Order and the obligation to maintain confidentiality shall survive the termination of this Litigation and shall continue in full force and effect.

19. Miscellaneous.

(A) Nothing herein shall prejudice the right of any Party to object to the production of any information on the grounds of attorney-client privilege, work product doctrine, or other legally recognized privilege.

(B) This Protective Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order shall not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

(C) Nothing herein shall be construed to prevent disclosure of Confidential Information and/or Highly Confidential Information if such disclosure is required by law or by order of the Court.

(D) The restrictions and obligations set forth herein shall not apply to any information that:

(i) the Parties agree should not be designated Confidential Information or Highly Confidential Information;

(ii) the Parties agree, or the Court rules, is already public knowledge;

(iii) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Protective Order; or

(iv) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the Designating Party. Prior knowledge must be established by pre-production documentation.

20. Nothing in this Order shall limit, expand, or restrict any right of any Party to resist or compel discovery with respect to Discovery Materials which that Party may claim to be privileged, to be attorney work product, or otherwise not to be discoverable in this action, or the right of any Party to seek additional protection pursuant to Rule 26 of the Federal Rules of Civil Procedure.

21. Effective Date. This Order becomes effective upon first execution thereof by the Parties (prior to submittal thereof to the Court) and may be amended by a stipulation submitted to and so ordered by the Court or, if the Parties are unable to agree, by the Court on application of a Party.

The Court may modify the terms and conditions of this Protective Order for good cause, in the interest of justice, or on its own order at any time in these proceedings.

Dated: May ___, 2026

STIPULATED AND AGREED:

Stephen B. Pershing, Va. Bar No. 31012
Anna Kathryn B. Barry,
D.C. Bar No. 1719493 (admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue, N.W.
Suite 1000
Washington, D.C. 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
akbarry@kcnlaw.com

*Counsel for Plaintiff*

______________________________
Lauren M. Bridenbaugh, Va. Bar No. 90586
Leslie P. Currie, Va. Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA 22102
Telephone: 703.442.8425
Facsimile: 703.552.7679
lbridenbaugh@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant*

SO ORDERED:

Date:

Judge William B. Porter
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with the Court's case management / electronic case filing ("CM/ECF") system, through which it was transmitted on counsel of record for defendant Society for Human Resource Management as follows:

Lauren M. Bridenbaugh
Leslie P. Currie
Tanja L. Darrow (admitted *pro hac vice)*
Tiffany din Fagel Tse
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lbridenbaugh@littler.com
lcurrie@littler.com
tdarrow@littler.com
ttse@littler.com

Stephen B. Pershing

**ATTACHMENT A to PROTECTIVE ORDER**

Torres v. Society for Human Resource Management,
No. 1:25-cv-02360-PTG-WBP (E.D. Va.)

**NON-DISCLOSURE AGREEMENT**

I, the undersigned, hereby acknowledge that I have read the Protective Order entered by the Court in the above-captioned case on ______________, 2026. I agree not to use the Confidential Information described therein for any purpose not authorized by the aforementioned Protective Order, and to be bound by the terms and conditions of said Protective Order unless and until modified by further order of the Court in this case.

Dated: ______________________ ________________________________
Signature

________________________________
Printed name