# ATTACHMENT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Case No. 1:25-CV-02360-PTG-WBP** |

**DEFENDANT'S OBJECTIONS, ANSWERS, AND THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 26 of this Court's Local Rules, Defendant Society For Human Resource Management ("SHRM" or "Defendant"), by and through undersigned counsel, hereby submits these Objections, Answers and Third Supplemental Responses to Plaintiff Fiona Torres' ("Plaintiff") Discovery Requests.

## GENERAL STATEMENTS

Defendant has been assisted in the preparation of these Objections, Answers, and Third Supplemental Responses to Plaintiff's Discovery Requests by counsel. Accordingly, the word usage and sentence structure of Defendant's Objections, Answers, and Third Supplemental Responses may be that of the individual attorney who assisted in their preparation, and no representation is made that these Objections, Answers, and Third Supplemental Responses contain the precise wording selected by Defendant.

Defendant has based the Objections, Answers, and Third Supplemental Responses to Plaintiff's Discovery Requests on the information currently available to it, and reserves the right

## OBJECTIONS AND SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES

1. Identify each person with any knowledge regarding the factual allegations set forth in the Complaint and factual responses provided in SHRM's Answer to the Complaint, with a description of the knowledge held by each person.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and therefore is overly broad and unduly burdensome to the extent it is requesting information outside of SHRM's custody, possession, and control to the extent that it seeks the identification of and/or knowledge held by individuals unknown to SHRM.

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "each person with any knowledge regarding the factual allegations set forth in the Complaint and factual responses provided in SHRM's Answer to the Complaint" and (2) "a description of the knowledge held by each person."

**ANSWER:** SHRM states that in addition to the individuals listed in Ms. Torres' Rule 26(a)(1) Initial Disclosures, the following individuals are likely to have personal knowledge of the facts alleged in the Complaint and/or SHRM's Answer to the Complaint:

| **Person** | **Subject Matter** |
|---|---|
| Fiona Torres | Ms. Torres is the Plaintiff and presumably has knowledge relating to her claims and alleged |

| | |
|---|---|
| | damages against SHRM. |
| Nicole Belyna | Ms. Belyna is the Director of Talent Acquisition & Inclusion at SHRM during the relevant timeframe and is currently Director, Talent. Ms. Belyna communicated with Ms. Torres regarding Ms. Torres' request for accommodation including requesting information and documentation from Ms. Torres as to her request. Ms. Belyna notified Ms. Torres that SHRM had determined she did not require an accommodation in the form of her service dog and offered Ms. Torres other accommodations. After Ms. Torres rejected those other accommodations and ceased engagement in the interactive process with SHRM, Ms. Belyna notified Ms. Torres that SHRM had decided to rescind SHRM's conditional job offer to Ms. Torres. Ms. Belyna likely also has knowledge of SHRM's workplace policies including relating to requests for accommodation. |
| Kristen Howe | Ms. Howe was Vice President, Enterprise Solutions Products at SHRM during the relevant timeframe. Ms. Howe was a member of the interview panel that interviewed Ms. Torres and other candidates for the Senior Specialist position and ultimately decided to extend a conditional job offer to Ms. Torres. Ms. Howe played no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. |
| Jim Link | Mr. Link is the Chief Human Resources Officer at SHRM and reviewed the information and documentation provided by Ms. Torres as regards to her request for accommodation, engaged in attorney-client privileged conversations with Ms. Belyna and legal counsel regarding Ms. Torres' request for accommodation, and decided that Ms. Torres did not require an accommodation in the form of her service dog and identified and decided the accommodations to offer Ms. Torres. After Ms. Torres rejected those accommodations and ceased engagement in the interactive process with SHRM, Mr. Link decided to rescind |

| | |
|---|---|
| | SHRM's conditional job offer to Ms. Torres. Mr. Link also has knowledge of SHRM's workplace policies including relating to requests for accommodation. |
| Katharine Panessidi | Ms. Panessidi is Director, Product & Delivery, SHRM Business at SHRM. Ms. Panessidi was the hiring manager for the Senior Specialist position and a member of the interview panel that interviewed Ms. Torres and other candidates for the position and ultimately decided to extend a conditional job offer to Ms. Torres. Ms. Panessidi played no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. |
| Alison Sancinito | Ms. Sancinito was Manager, Enterprise Solutions at SHRM during the relevant timeframe. Ms. Sancinito was a member of the interview panel that interviewed Ms. Torres and other candidates for the Senior Specialist position and ultimately decided to extend a conditional job offer to Ms. Torres. Ms. Sancinito played no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. |
| Melissa Turk | Ms. Turk was Product Manager, Enterprise Solutions at SHRM during the relevant timeframe. Ms. Turk was a member of the interview panel that interviewed Ms. Torres and other candidates for the Senior Specialist position and ultimately decided to extend a conditional job offer to Ms. Torres. Ms. Turk played no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. |
| Deborah Zoerkler | Ms. Zoerkler is a Talent Acquisition & Executive Recruiter at SHRM. Ms. Zoerkler communicated to Ms. Torres the conditional job offer from SHRM and had initial communications with Ms. Torres regarding Ms. Torres' request for accommodation. Ms. Zoerkler did not have additional contact with Ms. Torres regarding her accommodation request or the conditional job offer and played |

| | |
|---|---|
| | no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. Ms. Zoerkler likely has knowledge of SHRM's workplace policies including relating to requests for accommodation. |

2. State the factual basis for each numbered defense and each affirmative defense raised in SHRM's Answer to the Complaint and identify each person with knowledge of the factual basis stated.

**<u>OBJECTIONS</u>:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) a statement of "the factual basis for each numbered defense and each affirmative defense raised in SHRM's Answer to the Complaint" and (2) the identity of "each person with knowledge of the factual basis stated."

SHRM further objects to this Interrogatory as cumulative and duplicative to the extent it seeks information already identified in response to Interrogatory No. 1, above.

**<u>ANSWER</u>:** SHRM stands on its privilege objections with respect to this Interrogatory.

3. Identify each person who had any role in the consideration of, or decision to deny, Torres' request for an accommodation to bring her service dog to the workplace, or to withdraw her offer of employment, with a description of each such individual's role in, or contribution to,

discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "each person who supplied information for or otherwise contributed to answering Torres' Interrogatories and Document Requests" and (2) a statement of "the subject matter of each person's information or other contribution."

**ANSWER:** SHRM states that other than counsel, Nicole Belyna, Jim Link, and Deborah Zoerkler provided information or documentation used to respond to Plaintiff's Interrogatories and Document Requests. SHRM stands on its Objections as to describing or disclosing attorney-client privileged communications as to what was discussed with counsel and/or what documents were requested or provided to counsel in reference to those privileged discussions.

Dated: May 19, 2026

*/s/ Leslie P. Currie*
Lauren M. Bridenbaugh, Bar No. 90586
Leslie P. Currie, Bar No. 101060
Tiffany din Fagel Tse, Bar No. 92958
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA 22102
Telephone: 703.442.8425
Facsimile: 703.552.7679
lbridenbaugh@littler.com
lcurrie@littler.com
ttse@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant*