# ATTACHMENT 5

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

________________________________

FIONA TORRES, )
Plaintiff, )
v. ) 1:25-cv-2360 (PTG/WBP)
SOCIETY FOR HUMAN RESOURCE )
MANAGEMENT, )
Defendant. )
________________________________)

Rule 30(b)(6) Deposition of SOCIETY FOR HUMAN RESOURCE MANAGEMENT, by JIMMY RAY LINK

McLean, Virginia

Monday, May 11, 2026

5:09 p.m.

Job No.: 632710

Pages: 1 - 46

Transcribed by: Jerome E. Harris, Stenographer.

imposed an undue hardship on SHRM's operations.

Do you see that?

A I do.

Q And what specific facts known to SHRM support that Plaintiff's accommodation would have imposed an undue hardship on SHRM's operations?

MS. BRIDENBAUGH: Objection. We agreed with counsel that he would testify generally as to facts supporting our affirmative defenses. We did not agree to identify specific facts to specific defenses as that constitutes attorney work product, attorney-client communications, and litigation strategy. That was thoroughly discussed.

Q What facts support that granting Plaintiff's requested accommodation would have imposed an undue hardship on SHRM's operations?

MS. BRIDENBAUGH: Same objection. You can answer. Re-read the question.

A I'm -- I'm sorry, I'm not clear what I'm to do here.

Q Okay. What facts relate --

MS. BRIDENBAUGH: Specific facts tied to

specific defenses constitutes attorney work product and litigation strategy and is privileged. If you would like to ask him about facts that generally support SHRM's affirmative defenses, you can do so. It was agreed to --

MR. RUIZ: I was very specific.

MS. BRIDENBAUGH: You're still asking about this particular defense.

MR. RUIZ: Okay. I'm not sure I understand your objection though then.

MS. BRIDENBAUGH: Facts tied to one defense versus another or one specific defense constitutes attorney work product and litigation strategy. We had this conversation with Lori Kisch weeks ago, and she agreed that we would testify -- we could testify as to facts that generally support our defenses and not specific defenses by my understanding of that conversation.

MS. BARRY: Can I explain?

MR. RUIZ: Of course.

MS. BARRY: My recollection of the conversation in the meet and confer several weeks ago is that we

would not inquire as to legal strategy, but we would inquire as to facts that support SHRM's affirmative defenses. My recollection is not that we were limited to not asking which facts support which affirmative defenses.

MS. BRIDENBAUGH: It's been communicated several times, so if you'd like to ask him generally what facts support our affirmative defenses, you can do so.

MR. RUIZ: Well, we're not agreeing to your interpretation of what was discussed.

Q But in order to obtain some facts, to be efficient, I'm going to ask what facts support the defenses presented in SHRM's Answer to Complaint and Affirmative Other Defenses?

A All information that has been produced and provided in discussions regarding this matter have -- have collectively advised SHRM's defense of itself in this matter.

Q Are there any specific facts that you know of that support SHRM's Affirmative and other Defenses?

A I'm not sure I know how to respond to you not because of -- I'm not sure I know what I should -- what