**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

**FIONA TORRES,**

**Plaintiff,**

**v.**

**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**

**Defendant.**

**Civil Action No. 1:25-CV-02360**

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rules 7(F) and 56, Defendant Society for Human Resource Management ("Defendant" or "SHRM"), by counsel, moves for summary judgment on all claims pled in the Complaint filed by Plaintiff Fiona Torres ("Plaintiff" or "Ms. Torres") (Dkt. 1). Discovery has revealed that the claims asserted by Plaintiff are entirely devoid of factual support and without legal merit. There being no genuine issue of material fact that would warrant a trial, Defendant is entitled to judgment as a matter of law.

In her Complaint, Plaintiff asserts disability-based disparate treatment and failure to accommodate claims under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §§ 12101, *et seq*. (the "ADA"), and the Virginia Human Rights Act, Va. Code §§ 2.2-3900, *et seq.*, as amended by the Virginia Values Act of 2021 (the "VHRA"). However, as explained in Defendant's accompanying Memorandum in Support of its Motion, all of Plaintiff's claims fail as a matter of law.

At the outset, Ms. Torres cannot establish that she is a qualified individual within the meaning of the ADA or VHRA, as she must, to proceed on all Counts pled in her Complaint. The record evidence shows that Ms. Torres rejected the alternative reasonable accommodations offered

by SHRM, and further, discovery has revealed, engaged in inappropriate, unprofessional, and threatening communications in violation of SHRM policy, and, thus, was no longer a qualified individual under the ADA and VHRA.

The record further demonstrates that, during the interactive process with SHRM, Ms. Torres failed to provide any documentation or information linking her disability to the essential functions of the position she sought, thereby failing to establish a need for workplace accommodation at SHRM. By her own admissions, as well as those of her treating physician, Ms. Torres' requested accommodation was neither necessary nor required to enable her to perform the essential functions of the Senior Specialist role she was offered at SHRM.

Ms. Torres's failure-to-accommodate claims additionally fail because there is no genuine dispute of material fact that she herself failed to engage in the interactive process in good faith and was responsible for the breakdown in communications with SHRM. While SHRM remained committed to working with Ms. Torres to identify a reasonable accommodation that would meet the legitimate needs of both parties, Ms. Torres instead adopted a "my way or the highway" approach and refused to engage further with SHRM or to propose any alternative accommodations beyond her preferred option. Accordingly, Ms. Torres cannot establish a claim for failure to accommodate on the basis of disability under either the ADA or the VHRA (Counts II and IV).

Plaintiff's disparate treatment claims (Counts I and III) fare no better. Ms. Torres not only fails to establish a *prima facie* case of discrimination, but she also cannot rebut SHRM's legitimate, non-discriminatory reasons for its actions. Nor can she demonstrate that SHRM's stated reasons are pretext for disability discrimination. Indeed, there is no evidence in the record that SHRM's articulated reasons were a sham or that its actions were motivated by an impermissible discriminatory motive. To the contrary, the record shows that SHRM made multiple efforts to

engage with Ms. Torres and remained willing to continue doing so until Ms. Torres herself terminated those communications. SHRM's extensive efforts to cooperate with and accommodate Ms. Torres cannot serve as a basis for liability for disability discrimination.

For these reasons, and as set forth in further detail in Defendant's accompanying brief, and any oral argument Defendant may present in support of its Motion, Defendant respectfully requests that the Court grant its Motion for Summary Judgment, enter judgment in its favor as to all claims in this action, and award it such other relief as the Court deems just and proper.

Dated: July 15, 2026

Respectfully submitted,

*/s/ Lauren M. Bridenbaugh*

Lauren M. Bridenbaugh, Bar No. 90586
Tiffany din Fagel Tse, Bar No. 92958
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, Virginia 22102
Telephone: 703.442.8425
Facsimile: 703.552.7679
lbridenbaugh@littler.com
ttse@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant Society for Human Resource Management*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 15th day of July 2026, a true and correct copy of the foregoing **Defendant's Motion for Summary Judgment** was served via the Court's Electronic Case Filing (ECF) system on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Mary E. Kuntz (VSB No. 76947)
Anna Kathryn Barnes Barry (admitted *pro hac vice*)
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
akbarry@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh