# Exhibit 21

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division
1:25-CV-2360 (PTG/WBP)

FIONA TORRES, )
Plaintiff, )
v. )
SOCIETY FOR HUMAN RESOURCE , )
MANAGEMENT, )
Defendant. )

AUDIO TRANSCRIPTION OF RECORDED DEPOSITION
TESTIMONY OF NICOLE BELYNA

May 5, 2026, 9:55 a.m.
Job No. 630826
Pages: 1 - 342
Transcribed by: Cynthia Bauerle, CSR
Notary Public/Court Reporter: Samuel Pachon

APPEARANCES:

ON BEHALF OF THE PLAINTIFF:

ANNA KATHRYN BARRY, ESQUIRE
HECTOR F. RUIZ, JR., ESQUIRE
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Avenue N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
Akbarry@kcnlaw.com
Hruiz@kcnlaw.com

ON BEHALF OF THE DEFENDANT, SOCIETY FOR HUMAN RESOURCE MANAGEMENT:

LAUREN M. BRIDENBAUGH, ESQUIRE
LESLIE P. CURRIE, ESQUIRE
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
(703) 286-3142
Email: Lbridenbaugh@littler.com
Email: Lcurrie@littler.com

ON BEHALF OF THE DEFENDANT, SOCIETY FOR HUMAN RESOURCE MANAGEMENT:

HANTON WALTERS, ESQUIRE
Society for Human Resource Management (SHRM)
1800 Duke Street
Alexandria, VA 22314
(703) 535-6047
Hanton.walters@shrm.org

ON BEHALF OF THE DEFENDANT, SOCIETY FOR HUMAN RESOURCE MANAGEMENT:

TANIA L. DARROW, ESQUIRE (pro hac vice)
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
(213) 443-4300
Tdarrow@littler.com

THE REPORTER: All right. Ms. Belyna, please raise your right hand. Do you solemnly swear or affirm, under the penalty of perjury, that the testimony you shall give will be the truth, the whole truth, and nothing but the truth?

THE WITNESS: I do.

NICOLE BELYNA,

after having been first duly sworn, was examined and testified as follows:

THE REPORTER: Counsel, you may proceed.

EXAMINATION

BY MS. BARRY:

Q. Good morning, Ms. Belyna. My name is Anna Kathryn Barry. I'm an attorney for the plaintiff in this case, Fiona Torres. Please state and spell your full name for the record.

A. My name is Nicole Belyna. N-I-C-O-L-E B-E-L-Y-N-A.

Q. And what is your current address

BY MS. BARRY:

Q. Steps with Ms. Torres, sure.

A. No. She -- she had let Debbie know that she had a request. She provided information about the -- about her service dog. And so I actually had shared with Debbie that I was not sure, you know, how to handle the request as well since I don't fulfill accommodation requests. And so I let her know that I was going to contact Jim.

Q. Jim Link?

A. Yes.

Q. Did you ask Ms. Zoerkler to follow up with Ms. Torres in any way?

MS. BRIDENBAUGH: Objection. Asked and answered.

THE WITNESS: No, I don't recall.

BY MS. BARRY:

Q. Did you ask Ms. Zoerkler to do anything else regarding the accommodation request, outside of -- with Ms. Torres?

MS. BRIDENBAUGH: Objection. Vague.

THE WITNESS: Not that I recall, no.

BY MS. BARRY:

Q. After you had that conversation with Ms. Zoerkler, you said -- I believe you testified that you contacted Mr. Jim Link; is that correct?

A. Yes.

Q. When did you do that?

A. That same day, shortly after I spoke with Deborah.

Q. How did you contact him?

A. Via phone.

Q. Did you contact anyone else on that call, or was it just you and Mr. Link?

A. I -- I believe it was just -- it was just us when I notified him initially.

Q. What did you notify him of?

A. I notified him that Ms. Torres had requested an accommodation and that we

phone call with Mr. Walters?
MS. BRIDENBAUGH: Objection. Attorney-client privileged communication. I would direct you not to answer.
THE WITNESS: I won't answer.
BY MS. BARRY:
Q. Is it your understanding that you were seeking legal advice?
A. Yes.
Q. After that phone call with Mr. Link and Mr. Walters, did you take any further action regarding Ms. Torres's accommodation request?
MS. BRIDENBAUGH: Objection. Vague.
THE WITNESS: Yes. I had asked Debbie to contact Ms. Torres to schedule a time for us to talk.
BY MS. BARRY:
Q. Why did you do that?
A. To ask her for additional information regarding her request.

Q. What additional information?

MS. BRIDENBAUGH: Objection. Vague.

THE WITNESS: I had asked her, you know, I had shared that there was, you know, some travel required for the role. Would she be able to fulfill the travel requirement.

BY MS. BARRY:

Q. Do you recall her response?

A. Yes. She said that she could. She shared that she doesn't always bring the dog with her when she travels.

Q. Did you and Ms. Torres discuss anything else on that follow-up call?

A. I believe at that time she said she had some additional documentation that she would send to us.

Q. Did you request any additional documentation of Ms. Torres during this call?

A. Not that I recall.

Q. And on this call, did you have

BY MS. BARRY:
Q. Are you not answering based on your attorney's advice regarding the basis of privilege?
A. Yes.
Q. After you spoke with Mr. Link and counsel, were there any other steps that you took relating to Ms. Torres's accommodation request?
MS. BRIDENBAUGH: Objection. Vague.
THE WITNESS: If I recall the timeline correctly, she -- after our conversation, she did share some additional documentation for the service dog. And so I did -- she shared that with Debbie, and Debbie forwarded it on to me. And so I did save that information.
BY MS. BARRY:
Q. Did you share it with anyone else?
A. I shared it with Jim Link.

not until we rescinded her offer.
BY MS. BARRY:
Q. And at the time that you rescinded her offer, was it your understanding that it was being rescinded as a result of the fact that SHRM was not willing to accommodate her service dog?
MS. BRIDENBAUGH: Objection. Calls for speculation.
THE WITNESS: No. My understanding was, you know, that we were rescinding her offer based on that, you know, we couldn't reach an agreement.
BY MS. BARRY:
Q. On what?
MS. BRIDENBAUGH: Objection. Calls for speculation.
THE WITNESS: On her preferred accommodation.
BY MS. BARRY:
Q. So was it your understanding that -- you said you couldn't reach an

agreement. Do you mean SHRM and Ms. Torres?
MS. BRIDENBAUGH: Objection.
Calls for speculation.
BY MS. BARRY:
Q. When you say we?
A. SHRM. Yes.
Q. That SHRM could not reach an
agreement with Ms. Torres regarding her
accommodation?
MS. BRIDENBAUGH: Same
objection.
THE WITNESS: Yes.
BY MS. BARRY:
Q. And that -- that is the reason
why her offer was being rescinded?
MS. BRIDENBAUGH: Same
objection.
THE WITNESS: Yes.
BY MS. BARRY:
Q. In your response -- on Exhibit 4
in your response to Ms. Torres, you stated
that based on the existing -- sorry. At page

Ms. Zoerkler about looking for new candidates around this time?

MS. BRIDENBAUGH: Objection. Vague.

THE WITNESS: I -- I don't recall.

BY MS. BARRY:

Q. Do you recall whether the position Ms. Torres was offered was reposted by SHRM?

MS. BRIDENBAUGH: Objection. Form. Vague as to time. You can answer.

THE WITNESS: I don't recall.

BY MS. BARRY:

Q. Was anyone ever hired for that role?

A. No.

Q. Why not?

MS. BRIDENBAUGH: Objection. Calls for speculation. You can answer.

THE WITNESS: Quite a bit of time had passed since we opened the role, and

since it had stayed open for so long, we determined that the -- there wasn't a need for the role.
BY MS. BARRY:
Q. Do you recall when that determination was made?
A. I don't know the exact date, no.
Q. Do you know the month or year?
A. In 2024.
Q. Was it -- do you know if it was in July of 2024 or later?
A. I don't recall.
Q. Do you recall who made the decision not to fill that role?
MS. BRIDENBAUGH: Objection. Calls for speculation.
THE WITNESS: I don't.
BY MS. BARRY:
Q. Did you make the decision not to fill that role?
A. I did not, no.
Q. If you could please look back at

CERTIFICATE OF TRANSCRIBER

I, Cynthia Bauerle, do hereby certify that this transcript was prepared from the digital audio recording of the foregoing proceeding; that said transcript is a true and accurate record of the proceedings to the best of my knowledge, skills, and ability; and that I am neither counsel for, related to, nor employed by any of the parties to the case and have no interest, financial or otherwise, in its outcome.

Cynthia Bauerle

______________________________

CYNTHIA BAUERLE, CSR

5/7/26

CERTIFICATE OF COURT REPORTER-NOTARY PUBLIC

I, Samuel Pachon, the officer before whom the foregoing proceedings were taken, do hereby certify that any witness(es) in the foregoing proceedings were fully sworn; that the proceedings were recorded by me and thereafter reduced to typewriting by a qualified transcriptionist; that said digital audio recording of said proceedings are a true and accurate record to the best of my knowledge, skills, and ability; and that I am neither counsel for, related to, nor employed by any of the parties to this case and have no interest, financial or otherwise, in its outcome.

Notary Registration No.: 00278263

My Commission Expires: 02/29/2028

Samuel Pachon

________________________________

SAMUEL PACHON, NOTARY PUBLIC,

FOR THE COMMONWEALTH OF VIRGINIA