**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | Civil Action No. 1:25-cv-2360-PTG-WBP<br><br>Hon. Patricia Tolliver Giles, J.<br>Hon. William B. Porter, M.J. |

**MOTION FOR LEAVE**
**TO ADD EXHIBIT TO TRIAL EXHIBIT LIST**

On June 17, 2026, pursuant to the Court's pretrial order of January 21, 2026 (ECF No. 13), plaintiff Fiona Torres submitted a list of 152 proposed trial exhibits. Plaintiff's Exhibit List, June 17, 2026 (ECF No. 59). At the June 17 pretrial conference, the Court set a date of October 6, 2026, for the start of trial. In the present motion Ms. Torres respectfully requests that the Court grant her leave to add one additional exhibit to those that may be presented at the October trial: the defendant's six-page position statement of March 6, 2025, submitted to the U.S. Equal Employment Opportunity Commission in defense of its adverse treatment of Ms. Torres. The proposed exhibit is attached hereto as Attachment 1.

In support of this Motion, Ms. Torres states as follows:

1. The position statement, on the letterhead of SHRM's prior counsel in this matter, Holland & Kight, and signed by one of that firm's attorneys, Tara S. Param, was produced by each side to the other in discovery. See Torres Production to SHRM, Torres 000046 ff. (March

17, 2026); SHRM Production to Torres, SHRM_Torres_0000024 ff. (March 13, 2026); SHRM Production to Torres, SHRM_Torres_0000915 ff. (March 31, 2026).

2. SHRM's EEOC position statement maintains only two reasons for denying the requested accommodation and rescinding its offer of employment: (1) that Ms. Torres, by insisting that SHRM's proffered alternative "accommodations" were inadequate to allow her to manage her type 1 diabetes at the workplace, "refused to engage in the interactive process," and (2) that "since Ms. Torres requires her support dog at home as well as at work, her request for her service dog is not job related as a matter of law." SHRM position statement, Attachment 1 hereto, at 3.

3. Those asserted "reasons" differ markedly from the reason SHRM professed during discovery, namely that Ms. Torres did not need the service dog as a workplace accommodation because she occasionally did not have him with her during non-work time and might not take him with her on SHRM business travel. *See* Link Dep. Tr. 96:16-20 (attached hereto as Attachment 2) ("the determination was made that Ms. Torres' request for the service dog was not required because she could perform the essential duties of the position without the accommodation of the service dog"); SHRM Corp. Dep. (Link) Tr. 73:6-17 (attached hereto as Attachment 3) (citing "the fact that this position required travel of up to 10 percent of the time where that [*sic*] Ms. Torres had already reported to us, the service dog would not be accompanying her . . . assum[ing] she traveled up to 10 percent of the time, the service dog would not be accompanying her").

4. The inconsistencies between the EEOC position statement and SHRM's after-asserted rationale for its actions against Ms. Torres would make the position statement appropriate for use to impeach the trial testimony of anyone who would testify at variance with

it. Exhibits intended "solely" for "impeachment or rebuttal" need not be included on a party's exhibit list. Order of January 21, 2026 (ECF No. 13), at 1.

5. However, in preparing to oppose SHRM's anticipated motion for summary judgment, Ms. Torres's counsel determined that the position statement, by showing a shift of rationales for SHRM's actions even between one after-invented rationale and another, could also constitute evidence of pretext in her case in chief. *See Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 575-76 (4th Cir. 2015) ("an employer's provision of shifting and inconsistent justifications for taking an adverse employment action 'is, in and of itself, probative of pretext'"), *citing EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 852-53 (4th Cir. 2001); *Jacobs,* 780 F.3d at 576 (holding that a plaintiff may show pretext by demonstrating that asserted justifications are "*post hoc* rationalizations invented for purposes of litigation").

6. It appears that the position statement's use at trial to show pretext would exceed the "impeachment or rebuttal" limitation for non-disclosed exhibits in the January 26th pretrial order. This motion for leave is therefore submitted as soon as possible following the determination just described. *See* n.1 *infra.*

7. SHRM would not be unduly prejudiced by the addition of the position statement as a trial exhibit, because (a) its own agent was the document's author, (b) the document was produced by each side to the other in discovery as noted in ¶ 1 above, and (c) the trial in this case is still months away, meaning that SHRM cannot complain of a shortage of time to prepare if this exhibit is added.

8. Pretrial exhibit lists are intended for trial only, and do not constrain what may be offered in support of or opposition to summary judgment. Order of January 21, 2026 (ECF No. 13), at 1 (discussing exhibits' trial use only).

9. The parties met and conferred on this matter on July 16, 2026, on a request for such a conference tendered on July 9, 2026, under U.S. Dist. Ct. (E.D. Va.) Loc. Civ. R. 7(E), and determined that they could not narrow the issues presented here and that SHRM would oppose the motion in due course.[1]

WHEREFORE, Plaintiff requests that this Court grant plaintiff Fiona Torres leave to add one exhibit, the EEOC position statement attached hereto as Attachment 1, to her exhibit list filed June 17, 2026 (ECF No. 59).

[1] Ms. Torres's counsel advised counsel for SHRM on July 9, 2026, of their intention to request the relief sought in this motion, and asked to meet and confer on the matter promptly under U.S. Dist. Ct. (E.D. Va.) Loc. Civ. R. 7(E). That notice was intended to obviate any prejudice SHRM could assert from the addition of this exhibit in connection with its summary judgment filing. SHRM's counsel responded that they had no room in their schedules for such a conference until after their motion for summary judgment was filed. The conference accordingly took place on July 16, 2026. SHRM did not cite any prejudice to itself, or to its ability to prepare for trial more than two months away, from the addition of this exhibit of its own agents' creation, but indicated that it would oppose this motion for various reasons to be specified before the Court.

Respectfully submitted,

______________________________

Stephen B. Pershing
Virginia Bar No. 31012
Mary E. Kuntz
Virginia Bar No. 76947
Anna Kathryn B. Barry
D.C. Bar No. 1719493
(Admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
mkuntz@kcnlaw.com
spershing@kcnlaw.com
hruiz@kcnlaw.com
akbarry@kcnlaw.com

*Attorneys for Plaintiff*

Dated: July 21, 2026

^ ^ ^

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2026, a copy of the foregoing was filed with the Court's case management / electronic case filing ("CM/ECF") system, through which it was transmitted on counsel of record for defendant Society for Human Resource Management as follows:

Lauren M. Bridenbaugh
Leslie P. Currie
Tanja L. Darrow (admitted *pro hac vice)*
Tiffany din Fagel Tse
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lbridenbaugh@littler.com
lcurrie@littler.com
tdarrow@littler.com
ttse@littler.com

Stephen B. Pershing