# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Civil Action No. 1:25-CV-02360-PTG-WBP** |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S REQUESTS FOR ADMISSIONS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, and Local Civil Rule 26 of this Court's Local Rules, Defendant Society For Human Resource Management ("SHRM" or "Defendant"), by and through undersigned counsel, hereby submits these Objections and Responses to Plaintiff Fiona Torres' ("Ms. Torres" or "Plaintiff") Requests for Admissions.

**GENERAL STATEMENTS**

Defendant has been assisted in the preparation of these Objections and Responses to Plaintiff's Requests for Admissions by counsel. Accordingly, the word usage and sentence structure of Defendant's Objections and Responses may be that of the individual attorney who assisted in their preparation, and no representation is made that these Objections and Responses contain the precise wording selected by Defendant.

Defendant has based these Objections and Responses to Plaintiff's Requests for Admissions on the information currently available to it, and reserves the right to supplement, amend, and/or correct all or any part of the Objections and Responses contained herein. Defendant does not admit the truth or accuracy of any factual characterization, statement, or phrasing used or

made in the Requests for Admissions.

**OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S REQUESTS FOR ADMISSIONS**

1. Admit that Fiona Torres has type 1 diabetes.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous and overly broad and unduly burdensome, inasmuch as it lacks any temporal limitation and therefore seeks admission over an undefined time period.

**RESPONSE:** Admitted.

2. Admit that Fiona Torres has had type 1 diabetes during the entire time period relevant to the civil action, *Fiona Torres v. Society for Human Resource Management*, Case No. 1:25-cv-2360 (PTG/WBP) in the U.S. District Court for the Eastern District of Virginia, Alexandria Division.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous and overly broad and unduly burdensome, as it does not define the "entire time period relevant to the civil action" and therefore seeks admission over an undefined time period.

**RESPONSE:** SHRM admits that it understands Ms. Torres had type 1 diabetes during the timeframe of May 1, 2024 through July 31, 2024, which SHRM understands to include what Ms. Torres considers "the entire time period relevant to the civil action."

3. Admit that diabetes is a disability as defined under Title I of the ADA.

**OBJECTIONS:** SHRM objects to this Request on the grounds that it improperly calls for a legal conclusion. SHRM further objects to this Request as vague and ambiguous, as it does not define the phrase "under Title I of the ADA" and further, to the extent "Title I of the ADA" refers

to Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*, it does not specify which of at least three potential definitions of the term "disability" available under that statute, as amended.

**RESPONSE:** Denied.

4. Admit that diabetes is a disability as defined under the VHRA.

**OBJECTIONS:** SHRM objects to this Request on the grounds that it improperly calls for a legal conclusion. SHRM further objects to this Request as vague and ambiguous, as it does not define the phrase "under the VHRA" and further, to the extent "the VHRA" refers to the Virginia Human Rights Act, Va. Code Ann. § 2.2-3900, *et seq.*, that statute does not contain a definition of "disability."

**RESPONSE:** Denied.

5. Admit that SHRM has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding three calendar years.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous because it does not define the terms "employees," "working day," "calendar weeks," "current and preceding," and "calendar years" and further because it does not specify which "calendar years" to which it is referring. SHRM further objects to this Request as overly broad and unduly burdensome, inasmuch as it fails to clearly specify a temporal limitation.

**RESPONSE:** SHRM admits it had 15 or more employees for each working day in each of 20 or more calendar weeks in calendar years 2024, 2025, and 2026.

6. Admit that on its website, SHRM holds itself out "[a]s the trusted authority on all things work, SHRM is the foremost expert, researcher, advocate, and thought leader on issues and innovations impacting today's evolving workplaces."

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous, as it does not specify what "its website" refers to with any specificity and further does not define the phrase "holds itself out[;]" does not refer to any date or timeframe; and alleges website language without attaching or identifying the webpage at issue.

**<u>RESPONSE</u>:** Admitted.

7. Admit that SHRM provides to its members access to materials on how to handle ADA accommodation requests.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous, in that it does not define the terms and phrases "members," "access to," "materials," "how to handle," "ADA," and "accommodation requests;" because this Request lacks any temporal limitation; and because this Request fails to attach or identify particular "materials" to which it refers. SHRM further objects to this Request as overly broad and unduly burdensome as it lacks any temporal limitation and therefore seeks admission over an undefined time period.

**<u>RESPONSE</u>:** SHRM admits that it or third-parties have drafted publications that appear or have appeared on SHRM's members-only website over the course of that website's existence, some of which generally provide SHRM members with guidance on requests for accommodation under the Americans with Disabilities Act of 1990, as amended.

8. Admit that SHRM provides to its members access to materials addressing the accommodation of service animals in workplace.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous, in that it does not define the terms and phrases "members," "access to," "materials," "addressing," "accommodation," "service animals," and "workplace;" because this Request lacks any temporal limitation; and because this Request fails to attach or identify particular "materials" to which it refers. SHRM further objects to this Request as overly broad and unduly burdensome as it lacks any temporal limitation and therefore seeks admission over an undefined time period.

**RESPONSE:** SHRM admits that it or third-parties have drafted publications that appear or have appeared on SHRM's members-only website over the course of that website's existence, some of which generally provide SHRM members with information on requests for accommodation to have a service animal in the workplace.

9. Admit that, on or about June 3, 2024, Fiona Torres accepted SHRM's conditional offer of employment for the position of Senior Specialist, Product Management.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrase "conditional offer of employment" as used in the context of this Request and the phrase "on or about" inasmuch as Ms. Torres could only have accepted a "conditional offer of employment" on a date certain which this Request fails to specify.

**RESPONSE:** SHRM admits that on or about June 3, 2024, Ms. Torres verbally indicated to SHRM she was accepting a conditional offer of employment with SHRM in a position with the job title Senior Specialist, Product Management.

10. Admit that the salary associated with the position offered to Fiona Torres was $90,000 per year.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "associated with" and "position offered" as used in the context of this Request and because it lacks any temporal limitation and therefore seeks admission over an undefined time period. SHRM further objects to this Request as overly broad and unduly burdensome because it is not limited or specifically related to Plaintiff's alleged prospective employment with SHRM; a particular "position" allegedly offered by SHRM to Ms. Torres; and a particular date upon which a "position" was allegedly offered by SHRM to Ms. Torres.

**<u>RESPONSE</u>:** SHRM admits that on or about June 3, 2024, the salary verbally offered to Ms. Torres for the position of Senior Specialist, Product Management was $90,000 per year.

11. Admit that the position offered to Fiona Torres was located at SHRM's offices at 1800 Duke Street, Alexandria, Virginia, 22314.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "position offered" and "located" as used in the context of this Request and because it lacks any temporal limitation and therefore seeks admission over an undefined time period. SHRM further objects to this Request as overly broad and unduly burdensome because it is not limited or specifically related to Plaintiff's alleged prospective employment with SHRM; a particular "position" allegedly offered by SHRM to Ms. Torres; and a particular date upon which a "position" was allegedly offered by SHRM to Ms. Torres.

**<u>RESPONSE</u>:** SHRM admits that the position of Senior Specialist, Product Management verbally offered to Ms. Torres on or about June 3, 2024, was a hybrid position and, when Ms.

Torres was working in-person and not traveling for SHRM business, she would have been expected to work from SHRM's office at 1800 Duke Street, Alexandria, Virginia 22314.

12. Admit that the position offered to Fiona Torres required her to physically work at SHRM's offices at 1800 Duke Street, Alexandria, Virginia, 22314 three days per week.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "position offered" and "physically work at" as used in the context of this Request and because it lacks any temporal limitation and therefore seeks admission over an undefined time period. SHRM further objects to this Request as overly broad and unduly burdensome because it is not limited or specifically related to Plaintiff's alleged prospective employment with SHRM; a particular "position" allegedly offered by SHRM to Ms. Torres; and a particular date upon which a "position" was allegedly offered by SHRM to Ms. Torres.

**RESPONSE:** SHRM admits that the position of Senior Specialist, Product Management verbally offered to Ms. Torres on or about June 3, 2024, was a hybrid position and, when Ms. Torres was working in-person and not traveling for SHRM business, she would have been expected to work from SHRM's office at 1800 Duke Street, Alexandria, Virginia 22314.

13. Admit that, on or about June 3, 2024, after accepting the offer of employment for the position of Senior Specialist Product Management, Fiona Torres disclosed to SHRM that she has type 1 diabetes.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrase "disclosed to" as used in the context of this Request and the phrase "on or about" inasmuch as Ms. Torres could only have "disclosed to SHRM that she has type 1 diabetes" on a

date certain; and because this Request fails to explain how the phrase "the offer of employment for the position of Senior Specialist Product Management" differs from the phrase "SHRM's conditional offer of employment for the position of Senior Specialist, Product Management" as used in Request No. 9, above. SHRM further objects to this Request as overly broad and unduly burdensome because it is not limited or specifically related to Plaintiff's alleged prospective employment with SHRM.

**RESPONSE:** Denied.

14. Admit that, on or about June 3, 2024, after accepting the offer of employment for the position of Senior Specialist Product Management, Fiona Torres informed SHRM of her need to bring her service dog to work at SHRM as an accommodation due to her type 1 diabetes.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "accepting the offer of employment," "need," and "service dog" as used in the context of this Request and the phrase "on or about" inasmuch as Ms. Torres could only have "informed SHRM of her need to bring her service dog to work at SHRM as an accommodation due to her type 1 diabetes" on a date certain; and because this Request fails to explain how the phrase "the offer of employment for the position of Senior Specialist Product Management" differs from the phrase "SHRM's conditional offer of employment for the position of Senior Specialist, Product Management" as used in Request No. 9, above. SHRM further objects to this Request as overly broad and unduly burdensome because it is not limited or specifically related to Plaintiff's alleged prospective employment with SHRM.

**RESPONSE:** SHRM admits that on or about June 3, 2024, Ms. Torres notified SHRM that she was requesting an accommodation to bring her dog with her to in-person work at SHRM's office in Alexandria, Virginia.

15. Admit that Fiona Torres' service dog, Meechum, is a trained diabetic service alert dog.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "service dog" and "trained diabetic service alert dog" as used in the context of this Request; does not define what parameters or factors establish whether a dog is a "trained diabetic service alert dog;" because it fails to explain the difference between a "service dog" as that term is used in reference to Ms. Torres' dog and a "trained diabetic service alert dog;" and because the Request lacks any temporal limitation and therefore seeks admission over an undefined time period.

**RESPONSE:** SHRM admits that Ms. Torres submitted paperwork to SHRM indicating Ms. Torres' dog has received training as a diabetic alert dog.

16. Admit that, on or about June 4, 2024, Fiona Torres submitted to SHRM documentation of her service dog's registration as a service dog and documentation of her service dog's training certification.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "service dog," "registration," "documentation," and "training certification" as used in the context of this Request and the phrase "on or about" inasmuch as Ms. Torres' submission "to SHRM of documentation of her service dog's registration as a service dog and

documentation of her service dog's training certification" could only have taken place on a date certain which this Request fails to specify.

**RESPONSE:** SHRM admits that Ms. Torres submitted paperwork to SHRM indicating Ms. Torres' dog has received training as a diabetic alert dog and had been registered as a service dog with a third-party entity.

17. Admit that, on or about June 4, 2024, Fiona Torres submitted to SHRM a physician's letter (dated November 6, 2019) from Dr. Denise Armellini stating that Ms. Torres has been diagnosed with DMT1 and that she "also has a service dog, which has been of help to alert the owner of low or high glucose readings in the event this could be life threatening for the patient," and recommending that Ms. Torres "bring the service dog with her at all times."

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "physician's letter," "DMT1," and "recommending" as used in the context of this Request and the phrase "on or about" inasmuch as Ms. Torres could only have "submitted to SHRM a physician's letter (dated November 6, 2019)" on a date certain which this Request fails to specify; and alleges language from "a physician's letter" without attaching or identifying the document at issue.

**RESPONSE:** SHRM admits that on or about June 4, 2024, Ms. Torres sent SHRM a letter dated November 6, 2019, on the letterhead of The Endocrine Center and with a signature of "Denise Armellini, MD" stating Ms. Torres "has been diagnosed with DMT1," that Ms. Torres "also has a service dog, which has been of help to alert the owner of low or high glucose readings in the event this could be life threatening for the patient," and contained a statement "I recommend that she bring the service dog with her at all times."

18. Admit that, on June 20, 2024, Fiona Torres submitted to SHRM an updated physician's letter (dated June 19, 2024) from her treating endocrinologist, Dr. Silpa Joshi, supporting her service dog "given [Ms. Torres'] type 1 diabetes history," and stating, "[i]t is imperative out of medical necessity she has her service dog at all times for her safety in light of her type 1 diabetes history with labile blood sugars."

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "updated physician's letter," "treating endocrinologist," and "supporting her service dog" as used in the context of this Request; and alleges language from "an updated physician's letter" without attaching or identifying the document at issue.

**RESPONSE:** SHRM admits that on June 20, 2024, Ms. Torres sent SHRM a letter dated June 19, 2024, on the letterhead of Northern Virginia Endocrinologists and with a signature of "Silpa P.K. Joshi, MD" stating the drafter was "writing in support of her having her service dog given her type 1 diabetes history" and further stating "[i]t is imperative out of medical necessity she has her service dog at all times for her safety in light of her type 1 diabetes history with labile blood sugars."

19. Admit that SHRM placed Fiona Torres' June 17, 2024 start date on hold after Ms. Torres requested to bring her service dog to work at SHRM as an accommodation due to her diabetes.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "placed," "start date," "on hold," and "service dog" as used in the context of this Request; and because this Request lacks any temporal limitation and therefore seeks admission over an undefined time period. SHRM further objects to this Request as overly broad and unduly

burdensome inasmuch as it fails to specify a temporal limitation. SHRM further objects to this Request because it assumes facts that are not in evidence as to the supposition that Ms. Torres had a "June 17, 2024 start date."

**RESPONSE:** Denied.

20. Admit that Fiona Torres provided all information requested by SHRM regarding her request to bring her service dog to work at SHRM as an accommodation due to her diabetes.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "provided all information," "requested by," "regarding her request," "service dog," and "to work at SHRM" as used in the context of this Request; and because this Request lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome inasmuch as it fails to specify a temporal limitation and therefore seeks admission over an undefined time period.

**RESPONSE:** Denied.

21. Admit that Fiona Torres provided all information requested by SHRM regarding her diabetes diagnosis.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "provided all information," "requested by," "regarding," and "diagnosis" as used in the context of this Request; and because this Request lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome inasmuch as it fails to specify a temporal limitation and therefore seeks admission over an undefined time period.

**RESPONSE:** Admitted.

22. Admit that SHRM never informed Fiona Torres that it had questions for her medical providers about her accommodation request.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "never informed," "questions," and "medical providers" as used in the context of this Request; and because this Request lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome inasmuch as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time. SHRM further objects to this Request because it assumes facts that are not in evidence as to the supposition that SHRM "had questions for her medical providers about her accommodation request."

**RESPONSE:** Admitted.

23. Admit that after receiving the updated physician's letter (dated June 19, 2024) from her treating endocrinologist, Dr. Silpa Joshi, SHRM did not request additional medical documentation in support of her requested accommodation.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "updated physician's letter," "treating endocrinologist," "additional medical documentation," and "in support of" as used in the context of this Request; alleges an "updated physician's letter" without attaching or identifying the document at issue; and because this Request lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome inasmuch as it fails to specify any temporal limitation and therefore seeks admission over an undefined period of time.

**RESPONSE:** Admitted.

24. Admit that SHRM did not attempt to consult with Fiona Torres' physicians prior to deciding to decline her request to bring her service dog to work at SHRM as an accommodation due to her diabetes.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "consult," "Torres' physicians," and "service dog" as used in the context of this Request; references "physicians" without identifying the individual(s) at issue; and because this Request lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome inasmuch as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time.

**RESPONSE:** Admitted.

25. Admit that in evaluating Fiona Torres' request for an accommodation after receiving Dr. Joshi's June 19, 2024 letter, SHRM did not request or receive any additional input from a medical professional regarding Fiona Torres' requested accommodation.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "evaluating," "Dr. Joshi's June 19, 2024 letter," "additional input," and "medical professional" as used in the context of this Request; references a "Dr. Joshi's June 19, 2024 letter" without attaching or identifying the document at issue; and because this Request lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time.

**RESPONSE:** Admitted.

26. Admit that in evaluating Fiona Torres' request for an accommodation, SHRM did not identify any negative impact on SHRM's operations that may result from SHRM approving Fiona Torres' request.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "evaluating," "identify," "negative impact," "operations," and "Fiona Torres' request" as used in the context of this Request; and because this Request lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time.

**RESPONSE:** SHRM admits that it did not conduct an analysis to identify whether any negative impact on SHRM's operations may result from the approval of Ms. Torres' request to have her dog with her in the workplace because Ms. Torres did not show that she needed to have her dog with her in the workplace to perform the essential functions of the Senior Specialist, Product Management position.

27. Admit that in evaluating Fiona Torres' request for an accommodation, SHRM did not identify any financial cost to SHRM that may result from SHRM approving Fiona Torres' request.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "evaluating," "identify," "financial cost," and "Fiona Torres' request" as used in the context of this Request; and because this Request lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time.

**<u>RESPONSE</u>:** SHRM admits that it did not conduct an analysis to identify any financial cost to SHRM that may result from the approval of Ms. Torres' request to have her dog with her in the workplace because Ms. Torres did not show that she needed to have her dog with her in the workplace to perform the essential functions of the Senior Specialist, Product Management position.

28. Admit that, in evaluating Fiona Torres' request for an accommodation, SHRM did not identify any danger to SHRM employees that may result from SHRM approving Fiona Torres' request.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "evaluating," "identify," "danger," and "Fiona Torres' request" as used in the context of this Request; and because this Request lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time.

**<u>RESPONSE</u>:** Admitted. SHRM admits that it did not conduct an analysis to identify any danger to SHRM employees that may result from the approval of Ms. Torres' request to have her dog with her in the workplace because Ms. Torres did not show that she needed to have her dog with her in the workplace to perform the essential functions of the Senior Specialist, Product Management position.

29. Admit that, on July 3, 2024, SHRM informed Fiona Torres that SHRM declined Ms. Torres' requested accommodation to bring her service dog to work at SHRM.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrase "service dog" as used in the context of this Request.

**RESPONSE:** SHRM admits that on July 3, 2024, SHRM emailed Ms. Torres stating that SHRM was denying her request to have her service dog with her while working at SHRM's office in Alexandria, Virginia and further offered suggestions of alternative accommodations it would provide to Ms. Torres and requested she engage with SHRM on any additional or different alternative accommodations, after consulting with her medical provider, to allow her to begin her employment at SHRM.

30. Admit that on July 3, 2024, SHRM offered Fiona Torres the following alternative accommodations: (a) facilitating the use of her CGM while at work; (b) breaks as needed to check her blood sugar; (c) a flexible open leave program to take off when needed to manage her condition; and (d) placement of her insulin pump or any food and drink near her workstation.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "CGM" and "while at work" as used in the context of this Request. SHRM further objects to this Request as assuming facts that are not in evidence as to the supposition that the "following alternative accommodations" encompass all that "SHRM offered Fiona Torres" on July 3, 2024.

**RESPONSE:** Denied.

31. Admit that SHRM employees are able to use a CGM at SHRM without seeking a workplace accommodation from SHRM to do so.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "SHRM employees," "able to use," and "CGM" as used in the context of this Request; because it fails to specify which "SHRM employees" to which this Request refers; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time and because it fails to specify with particularity which "SHRM employees" to which this Request refers. SHRM further objects to this Request as assuming facts that are not in evidence as to the supposition that "SHRM employees" are using "a CGM" while working at SHRM.

**<u>RESPONSE</u>:** SHRM admits that to the extent current or former employees of SHRM have worked for SHRM while using a CGM, those employees have done so without seeking a workplace accommodation from SHRM to do so.

32. Admit that SHRM employees are eligible to take work breaks ordinarily.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "SHRM employees," "eligible," "work breaks," and "ordinarily" as used in the context of this Request; because it fails to specify which "SHRM employees" to which this Request refers; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time and because it fails to specify with particularity which "SHRM employees" to which this Request refers.

**<u>RESPONSE</u>:** SHRM admits that salaried employees of SHRM are eligible to take work breaks, but salaried employees who request additional and/or longer work breaks beyond that

which is ordinarily permitted may seek a workplace accommodation from SHRM as to that employee's particular request(s).

33. Admit that SHRM has an open leave policy available to all SHRM employees.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "open leave policy" and "available to" as used in the context of this Request; because it fails to specify which "SHRM employees" to which this Request refers; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time and because it fails to specify with particularity which "SHRM employees" to which this Request refers.

**RESPONSE:** SHRM admits that its baseline leave program for all employees is an open leave policy.

34. Admit that SHRM employees may ordinarily have food and drink at the employees' own workstations.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "SHRM employees," "ordinarily," "have food and drink," and "own workstations" as used in the context of this Request; because it fails to specify which "SHRM employees" to which this Request refers; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time and because it fails to specify with particularity which "SHRM employees" to which this Request refers.

**RESPONSE:** Admitted.

35. Admit that Fiona Torres sent an email to SHRM on July 6, 2024, identifying five issues with her relying on a CGM without the presence of her service dog.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "identifying," "five issues," "relying on," and "CGM" as used in the context of this Request and further references an "email" without attaching or identifying the document at issue.

**RESPONSE:** SHRM admits that Ms. Torres sent an email to SHRM on July 6, 2024, contending she could not rely on her CGM without the presence of her dog while working from SHRM's office in Alexandria, Virginia.

36. Admit that, following Fiona Torres' July 6, 2024 email to SHRM identified in Request for Admission No. 35, SHRM did not ask Fiona Torres any questions regarding the issues she identified with her relying on a CGM without the presence of her service dog.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "regarding the issues," "relying on," and "CGM" as used in the context of this Request; references an "email" without attaching or identifying the document at issue; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time. SHRM further objects to this Request as assuming facts that are not in evidence as to the supposition that there were "questions regarding the issues she identified" to be asked.

**RESPONSE:** Admitted.

37. Admit that, following Fiona Torres' July 6, 2024 email to SHRM identified in Request for Admission No. 35, SHRM did not propose any additional alternative accommodations to Fiona Torres.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrase "propose" as used in the context of this Request; references an "email" without attaching or identifying the document at issue; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time. SHRM further objects to this Request as assuming facts that are not in evidence as to the suppositions that Ms. Torres required SHRM to "propose any additional alternative accommodations" and/or that SHRM was required to "propose any additional alternative accommodations" to Ms. Torres.

**RESPONSE:** Admitted.

38. Admit that SHRM did not propose any alternative accommodation specifically designed to address Fiona Torres' stated safety concern about sudden, severe hypoglycemic events at work or during her commute.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "propose," "specifically designed to address," "safety concern," "sudden," and "during her commute" as used in the context of this Request; and because it lacks any specific temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period

of time. SHRM further objects to this Request as assuming facts that are not in evidence as to the suppositions that there were one or more alternative accommodation[s] "specifically designed to address Fiona Torres' stated safety concern" and/or that Ms. Torres had a "stated safety concern."

**RESPONSE:** Denied.

39. Admit that, on July 15, 2024, SHRM rescinded Fiona Torres' conditional offer of employment.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrase "conditional offer of employment" as used in the context of this Request.

**RESPONSE:** Admitted.

40. Admit that, prior to deciding to rescind Fiona Torres' conditional offer of employment, SHRM did not request or receive any independent medical examination of evaluation of Fiona Torres' disability.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "conditional offer of employment," "request or receive," and "independent medical examination of evaluation" as used in the context of this Request; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome as it fails to specify a temporal limitation and therefore seeks admission over an undefined period of time.

**RESPONSE:** Admitted.

41. Admit that, on July 6, 2024, Fiona Torres informed SHRM that she had submitted information to the EEOC.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "submitted information" and "the EEOC" as used in the context of this Request. Unless instructed otherwise, SHRM will proceed with the understanding that "the EEOC" refers to the U.S. Equal Employment Opportunity Commission.

**RESPONSE:** SHRM admits that Ms. Torres emailed SHRM on July 6, 2024, stating "I have submitted the required details with the EEOC and will need to wait for an interview to be made available to me for next steps."

42. Admit that, on July 6, 2024, Fiona Torres initiated an inquiry with the EEOC regarding SHRM's denial of her request to bring her service animal to work at SHRM as an accommodation due to her diabetes.

**OBJECTIONS:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "initiated an inquiry" and "the EEOC" as used in the context of this Request. Unless instructed otherwise, SHRM will proceed with the understanding that "the EEOC" refers to the U.S. Equal Employment Opportunity Commission. SHRM further objects to this Request as requesting an admission from SHRM of which it has no independent knowledge, custody, or control and therefore is overly broad and unduly burdensome.

**RESPONSE:** Denied.

43. Admit that SHRM's decision to rescind the conditional offer extended to Fiona Torres was based solely on information available to SHRM at the time of the decision.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "conditional offer," "based solely on," "information available," and "at the time of the decision" as used in the context of this Request; because this Request does not specify what "information" to which it refers; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome inasmuch as it lacks any temporal limitation, including but not limited to, what "information" was "available to" SHRM as well as the "time of the decision" and therefore seeks admission over an undefined time period.

**<u>RESPONSE</u>:** SHRM stands on its vagueness objections above, the result of which is that SHRM lacks sufficient information and knowledge to understand what "based solely on" and "information available" means and, on those bases, denies the same.

44. Admit that SHRM's decision to rescind the conditional offer extended to Fiona Torres was not based on results from a background check regularly conducts on prospective employees.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "conditional offer," "results," "background check," "regularly conducts," and "prospective employees" as used in the context of this Request; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome inasmuch as it lacks any specific temporal limitation and therefore seeks admission over an undefined time period.

**<u>RESPONSE</u>:** SHRM admits that its decision to rescind the conditional offer of employment extended to Ms. Torres was not based on the results of a background check.

45. Admit that Fiona Torres would have been entitled to employer-sponsored health insurance as an employee of SHRM.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "entitled to" and "employer-sponsored health insurance" as used in the context of this Request; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome inasmuch as it lacks any specific temporal limitation and therefore seeks admission over an undefined time period.

**<u>RESPONSE</u>:** SHRM admits that one of the benefits available to Ms. Torres had she become an employee of SHRM would have been the opportunity to elect health insurance coverage.

46. Admit that Fiona Torres would have been entitled to employer-sponsored retirement contributions as an employee of SHRM.

**<u>OBJECTIONS</u>:** SHRM objects to this Request as vague and ambiguous in that it does not define the phrases "entitled" and "employer-sponsored retirement contributions" as used in the context of this Request; and because it lacks any temporal limitation. SHRM further objects to this Request as overly broad and unduly burdensome inasmuch as it lacks any specific temporal limitation and therefore seeks admission over an undefined time period.

**<u>RESPONSE</u>:** SHRM admits that one of the benefits available to Ms. Torres had she become an employee of SHRM would have been the opportunity to enroll in an employer-sponsored retirement plan.

Dated: June 12, 2026

Respectfully submitted,

*/s/ Lauren M. Bridenbaugh*

Lauren M. Bridenbaugh, Bar No. 90586
lbridenbaugh@littler.com
Tiffany din Fagel Tse, Bar No. 92958
ttse@littler.com
Leslie Currie, Bar No. 101060
lcurrie@littler.com
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
Telephone: 703.442.8425
Facsimile: 703.552.7679

Tanja L. Darrow (admitted *pro hac vice*)
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, CA 90071
tdarrow@littler.com
Telephone: 213.443.4300
Facsimile: 800.715.1330

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 12th day of June 2026, I served a copy of the foregoing Defendant's Objections and Responses to Plaintiff's Requests for Admissions via email (by the Parties' agreement) on the following counsel of record:

Mary E. Kuntz, Bar No. 76947
Stephen B. Pershing, Bar No. 31012
Hector F. Ruiz, Jr., Bar No. 102153
Anna Kathryn B. Barry (admitted *pro hac vice*)
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
(202) 331-9260
mkuntz@kcnlaw.com
spershing@kcnlaw.com
hruiz@kcnlaw.com
akbarry@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Lauren M. Bridenbaugh*