**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Case No. 1:25-CV-02360-PTG-WBP** |

**DEFENDANT'S OBJECTIONS, ANSWERS, AND FOURTH SUPPLEMENTAL <u>RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS</u>**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 26 of this Court's Local Rules, Defendant Society For Human Resource Management ("SHRM" or "Defendant"), by and through undersigned counsel, hereby submits these Objections, Answers, and Fourth Supplemental Responses to Plaintiff Fiona Torres' ("Plaintiff") Discovery Requests.

**<u>GENERAL STATEMENTS</u>**

Defendant has been assisted in the preparation of these Objections, Answers, and Fourth Supplemental Responses to Plaintiff's Discovery Requests by counsel. Accordingly, the word usage and sentence structure of Defendant's Objections, Answers, and Fourth Supplemental Responses may be that of the individual attorney who assisted in their preparation, and no representation is made that these Objections, Answers, and Fourth Supplemental Responses contain the precise wording selected by Defendant.

Defendant has based the Objections, Answers, and Fourth Supplemental Responses to Plaintiff's Discovery Requests on the information currently available to it, and reserves the right

to supplement, amend, and/or correct all or any part of the Objections, Answers, and Fourth Supplemental Responses contained herein. Defendant does not admit the truth or accuracy of any factual characterization, statement, or phrasing used or made in the Discovery Requests.

**OBJECTIONS, ANSWERS, AND FOURTH SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Produce all documents related to SHRM's disability or medical accommodations policies and practices applying to its employees and applicants, including policies, handbooks, guidelines, and training.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "guidelines" and "training" in the context of this Request.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000001-2, 5-7, 41-43, 55, 94-119.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000684-685.

**FOURTH SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0002617-2621.

2. Produce all documents including, manuals, policies, practices, procedures, directives, handbooks, training materials, and program statements, relating to SHRM's efforts to comply with the ADA and VHRA, and the process and steps SHRM takes when an employee or applicant requests an accommodation, including SHRM's engagement in the interactive process, deliberations, evaluation, and decision making regarding an accommodation request.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is

meant by the terms "manuals," "practices," "directives," "training materials," and "program statements" in the context of this Request.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000001-7, 13-19, 41-79, 94-119.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000684-685.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0002430-2431, 2434-2435, 2503-2505.

**FOURTH SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0002617-2621.

3. Produce all documents including, manuals, procedures, policies, practices, directives, handbooks, training materials, program statements, and presentations, relating to considerations and steps SHRM advises other organizations to take to comply with the ADA and VHRA, in response to an accommodation request from an employee or applicant, including advice for the organization's engagement in the interactive process, deliberations, evaluation, and decision making regarding an accommodation request.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly

burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, what SHRM "advises other organizations" about has no bearing on Ms. Torres' claims of disability discrimination and failure to accommodate as it pertains to her request for accommodation submitted to, and considered by, SHRM in 2024 and, by its literal terms, would require SHRM to review "documents" and "advice" it may have provided to each of its over 300,000 members. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by the terms "manuals," "practices," "directives," "training materials," "program statements," "considerations and steps," "other organizations," and "deliberations" in the context of this Request.

**RESPONSE:** SHRM stands on its objections with respect to this Request.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0002432-2433, 2436-2502, 2506-2523.

**FOURTH SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0002622-2623.

4. To the extent not already provided, produce all information that SHRM has provided to any organization (at any time) related to the organization's obligations to comply with

the ADA or VHRA, regarding an employee or applicant's accommodation request(s) to bring a service animal to the workplace.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome because it lacks any temporal limitations and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, what information SHRM "has provided to any organization" has no bearing on Ms. Torres' claims of disability discrimination and failure to accommodate as it pertains to her request for accommodation submitted to, and considered by, SHRM in 2024 and, by its literal terms, would require SHRM to review "all information" it may have provided to each of its more than 300,000 members since its formation. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "all information," "any organization," and "obligations" in the context of this Request.

**RESPONSE:** SHRM stands on its objections with respect to this Request.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0002514-2517.

**FOURTH SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to document Bates numbered SHRM_Torres_0002622-2623.

5. To the extent not already provided, produce all information that SHRM has provided to any organization (at any time) related to the organization's obligations to comply with the ADA or VHRA, regarding an employee or applicant's accommodation request(s) related to their disclosure of Type 1 diabetes.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome because it lacks any temporal limitation and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, what information SHRM "has provided to any organization" has no bearing on Ms. Torres' claim of disability discrimination and failure to accommodate as it pertains to her request for accommodation submitted to, and considered by, SHRM in 2024 and, by its literal terms, would require SHRM to review "all information" it may have provided to each of its more than 300,000 members since its formation. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request on the basis that it assumes facts not in evidence, in that it improperly presupposes that SHRM has provided "information … regarding an employee or applicant's accommodation request(s) related to their disclosure of Type 1 diabetes."

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "all information," "any organization," and "obligations" in the context of this Request.

**RESPONSE:** SHRM stands on its objections with respect to this Request.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0002434-2435, 2449-2451.

6. Produce all policies and documents related to SHRM's hiring process including any policies or practices related to conditional offers or the rescission of conditional offers.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous, inasmuch as the terms "hiring process", "practices," and "conditional offers" are not defined in this context.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000001-2, 5-7, 42-43, 55, 94-119.

7. Produce all documents including, manuals, procedures, policies, practices, directives, handbooks, training materials, program statements, and presentations, relating to considerations and steps SHRM advises other organizations to take regarding conditional offers or the rescission of conditional offers.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome because SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because it requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, documents "relating to considerations and steps SHRM advises other organizations to take" has no bearing on Ms. Torres' claim of disability discrimination and failure to accommodate as it pertains to her application for employment with SHRM and the rescission of SHRM's conditional job offer to Ms. Torres. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "manuals," "practices," "directives," "training materials," "program statements," "considerations and steps," "other organizations," and "conditional offers" are not defined in this context.

**RESPONSE:** SHRM stands on its objections with respect to this Request.

8. Produce the applicant file for Torres, including all documents related to her application, SHRM's consideration for her employment, SHRM's offer or conditional offer of employment, and rescission of its offer of employment.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous, inasmuch as the term "applicant file" is not defined in this context.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000093, 129-138. SHRM will supplement its response pursuant to Rule 26(e) of the Federal Rules of Civil Procedure to the extent additional responsive documents are identified as this matter proceeds.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000255-263, 269-307, 317-318, 328-363, 370-398, 404-405, 415-450, 453-482, 485-498, 500-555, 688-692.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to

documents Bates numbered SHRM_Torres_0001022-1024, 1030-1052, 1057-1058, 1065-1066.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001748-1753, 1764-1907, 1925-1930, 1938-1946, 1948-1950, 1954, 1958-1963, 1965-1969, 1973-1975, 1979-1980, 1991-1997.

9. Produce all documents describing the job duties and responsibilities and essential functions for the position for which Torres was offered employment, and which was later rescinded.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous, inasmuch as the term "describing" is not defined in this context and because it does not specify if it is referring to the rescission of a conditional job offer to Ms. Torres *at SHRM* or at some other employer. Unless instructed otherwise, SHRM will respond on the understanding the Request seeks a job description of the position to which Ms. Torres applied for employment with SHRM.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000125-127.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000281-282, 418-419, 554-555, 691-692.

10. Produce the personnel file of the individual who filled the position for which Torres

had been offered employment, as well as the personnel file(s) of any other individual(s) who have since held the position.

**OBJECTIONS:** SHRM objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because Definition No. 23 requests information that is wholly irrelevant to the matters at issue in this litigation. Specifically, the "personnel file[(s)]" of individuals who may have held a position which Ms. Torres was extended a conditional offer of employment by SHRM before, during, or after Ms. Torres was extended the conditional offer of employment in 2024 has no bearing on the claims and allegations Ms. Torres has made in this litigation including, requests for "documents related to hire; productivity reports; employment histories or summaries; records of contact information, including residential and email addresses and telephone numbers; complaints made about or by the employee and any subsequent investigations; documents reflecting, relating to, and/or leading up to offers of employment, conditional offers of employment, rescission of offers of employment or conditional offers of employment, termination notices; job assignment or classification records; compensation, benefits, and payroll records; and other similar records."

SHRM further objects to this Request as vague and ambiguous inasmuch as Definition No. 23 does not define the terms and/or phrases "documents related to hire," "performance reviews or assessment," "discipline," "productivity reports," "employment histories or summaries,"

"complaints," "investigations," "reflecting, relating to, and/or leading up," "termination notices," "job assignment or classification records," "compensation, benefits, and payroll records," and "other similar records" in the context of this Request; and because it does not specify if it is referring to the position to which Ms. Torres *at SHRM* or at some other employer.

SHRM further objects to this Request on the basis that it seeks to invade the privacy rights of third parties who are not party to this litigation, inasmuch as Definition No. 23 seeks personal identifying information such as home addresses, personal email addresses, and personal telephone numbers for any individual.

SHRM further objects to this Request on the basis that it assumes facts not in evidence, in that it improperly presupposes that SHRM "filled the position."

**RESPONSE:** SHRM never hired anyone for the Senior Specialist position after it rescinded the conditional job offer to Ms. Torres and therefore has no responsive documents.

11. Produce all documents referencing or relating to the accommodation request made by Torres and any alternative offers of accommodation made by SHRM to accommodate Torres, including communications about and analysis of the request by Torres and SHRM's alternative offers.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "referencing," "relating," "analysis" or "alternative offers of accommodation" in

the context of this Request.

SHRM further objects to this Request as overly broad and unduly burdensome as it is not limited to documents within SHRM's possession, custody, and control.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000013-19, 48-54, 56-79. SHRM will supplement its response pursuant to Rule 26(e) of the Federal Rules of Civil Procedure to the extent additional responsive documents are identified as this matter proceeds.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000264-268, 308-316, 319-327, 342-346, 364-369, 399-403, 406-414, 451-452, 483-484, 556-566, 580-683, 686-687, 693-864.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001025-1029, 1063-1064, 1122-1128, 1140-1146.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001922-1924, 1928, 1933-1937, 1947, 1955-1957, 1964.

12. Produce all documents referencing or relating to SHRM's decision to deny Torres her request for an accommodation to bring her service dog with her to the workplace, SHRM's alternative offers of accommodation, and SHRM's decision to withdraw its offer of employment to Torres, including all communications among SHRM employees or other individuals or consultants about those decisions.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and

their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "referencing," "relating," "alternative offers of accommodation" and "consultants" in the context of this Request.

SHRM further objects to this Request as overly broad and unduly burdensome as it is not limited to documents within SHRM's possession, custody, or control.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000056-64, 67-73, 74-79. SHRM will supplement its response pursuant to Rule 26(e) of the Federal Rules of Civil Procedure to the extent additional responsive documents are identified as this matter proceeds.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000264-268, 308-316, 319-327, 342-346, 364-369, 399-403, 406-414, 451-452, 483-484, 556-687, 693-864.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001025-1029, 1063-1064, 1122-1128, 1140-1146.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001931-1932, 2428-2429.

13. Produce all documents relating to SHRM's requests for supplemental medical and other information from Torres related to her accommodation request, including all communications among SHRM employees or other individuals or consultants, related to such supplemental requests and related information provided by Torres.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected

under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "supplemental medical and other information," "consultants," and "supplemental requests and related information" in the context of this Request.

SHRM further objects to this Request as overly broad and unduly burdensome as it is not limited to documents within SHRM's possession, custody, or control.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000013-19, 48-54, 56-79. SHRM will supplement its response pursuant to Rule 26(e) of the Federal Rules of Civil Procedure to the extent additional responsive documents are identified as this matter proceeds.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000264-268, 308-316, 319-327, 342-346, 364-369, 399-403, 406-414, 451-452, 483-484, 556-687, 693-864.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001025-1029, 1063-1064, 1122-1128, 1140-1146.

14. To the extent not already produced, produce all documents relating to any analysis conducted by SHRM or any other individual or entity regarding Torres' request for an accommodation to bring her service dog with her to the workplace and any information provided by Torres related to her request.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected

under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "analysis" and "other individual or entity" in the context of this Request.

SHRM further objects to this Request as overly broad and unduly burdensome as it is not limited to documents within SHRM's possession, custody, or control.

**RESPONSE:** SHRM will produce responsive, non-privileged documents, including those that can be located after a reasonable and proportional search of electronically stored information of custodians reasonably likely to have information relevant to Ms. Torres' claims in this matter and the defenses thereto.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000567-579, 684-685.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0002430-2431.

15. Produce all documents, including calendar entries, meeting notes and scheduling communications, regarding meetings with or about Torres, related to her accommodation request, or her employment with SHRM, by any SHRM employee or consultant.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "consultant" in the context of this Request.

SHRM further objects to this Request as overly broad and unduly burdensome as it is not limited to documents within SHRM's possession, custody, or control.

**RESPONSE:** SHRM will produce responsive, non-privileged documents, including those that can be located after a reasonable and proportional search of electronically stored information of custodians reasonably likely to have information relevant to Ms. Torres' claims in this matter and the defenses thereto.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000259-263, 271-276, 285-305, 308-311, 328-332, 338-341, 347-352, 358-363, 370-374, 378-380, 383-393, 395-409, 420-421, 424-444, 447-448, 453-459, 465-469, 472-474, 476-482, 485-490, 494-495, 502-505, 508-509, 512-516, 519-521, 524-535, 538-539, 547-552.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001094-1100, 1103-1113, 1115-1128, 1140, 1142-1146.

16. Produce all documents related to any burden or hardship, to SHRM or any of its employees, invitees, or functions, considered or assessed by SHRM in response to Torres' request for an accommodation, or intended by SHRM to be used in any defense to Torres' claims in this suit.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer

work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "burden or hardship," "invitees," "functions," or "considered or assessed" in the context of this Request.

SHRM further objects to this Request as overly broad and unduly burdensome as it is not limited to documents within SHRM's possession, custody, or control.

**RESPONSE:** SHRM will produce responsive, non-privileged documents, including those that can be located after a reasonable and proportional search of electronically stored information of custodians reasonably likely to have information relevant to Ms. Torres' claims in this matter and the defenses thereto.

17. Produce all documents relating to the interactive process between SHRM and Torres with respect to her request for an accommodation to bring her service dog to the workplace, including SHRM's engagement in the process with Torres, and any analysis of the job duties and essential functions for the position Torres would fill.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "analysis" and "essential functions for the position" in the context of this Request.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered

SHRM_Torres_0000013-19, 48-54, 56-79. SHRM will supplement its response pursuant to Rule 26(e) of the Federal Rules of Civil Procedure to the extent additional responsive documents are identified as this matter proceeds.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000264-268, 308-316, 319-327, 342-346, 364-369, 399-403, 406-414, 451-452, 483-484, 556-687, 693-864.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001025-1029, 1063-1064, 1122-1128, 1140-1146.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001922-1923.

18. Produce all documents relating to any finding by SHRM, or finding or advice by any consultant, individual or entity, retained by or relied upon by SHRM, that Torres was unable to perform the duties of the position for which she had been offered employment, including but not limited to the documents SHRM gathered and/or used to make its decision.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "finding," "consultant," or "gathered and/or used" in the context of this Request.

SHRM further objects to this Request as overly broad and unduly burdensome as it is not limited to documents within SHRM's possession, custody, or control.

**RESPONSE:** SHRM will produce responsive, non-privileged documents, including those that can be located after a reasonable and proportional search of electronically stored information of custodians reasonably likely to have information relevant to Ms. Torres' claims in this matter and the defenses thereto.

19. Produce all documents referencing or relating to any discussions or communications by SHRM or any of its employees or agents about Torres, her request for an accommodation, or her service dog.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as, by its literal terms, the Request would require SHRM to inquire about documents held by each of its hundreds of employees and "agents," which could reasonably be read to include volunteers as well as other non-employees who may have or had an affiliation with SHRM. The Scope of this Request is, therefore, neither reasonable nor proportional to the needs of the case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by the terms "referencing," "relating to," and "agents" in the context of this Request.

SHRM further objects to this Request as overly broad and unduly burdensome as it is not limited to documents within SHRM's possession, custody, or control.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000013-19, 48-54, 56-79, 128. SHRM will supplement its response pursuant to Rule 26(e) of the Federal Rules of Civil Procedure to the extent additional responsive documents are identified as this matter proceeds.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000264-268, 308-316, 319-327, 342-346, 364-369, 399-403, 406-414, 451-452, 483-484, 556-687, 693-864.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001025-1029, 1063-1064, 1122-1124, 1127-1128, 1140-1146.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001922-1924, 1928, 1931-1937, 1947, 1955-1957, 1964, 2428-2429.

**FOURTH SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0002617-2621.

20. Produce all documents referencing or relating to SHRM's disability or medical accommodation decisions for other employees or applicants who made such requests, as well as any related documents rescinding any job offers or terminating any employees rather than providing such requested accommodations.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and

their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome because Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than a year and continuing thereafter – time periods which have no bearing on the discrete period of time from when Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024; and because it seeks documentation pertaining to other employees or applicants without regard to whether they were similarly situated in all relevant respects, such as ""whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications." *Spencer v. Va. State Univ.*, 919 F.3d 199, 207-08 (4th Cir. 2019) (citations omitted). The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "referencing," "relating to" and "any related documents" in the context of this Request.

SHRM further objects to this Request on the basis that it seeks to invade the rights of third parties who are not party to this litigation by requesting personal health information such as "disability or medical" information and documentation and personal identifying information that may be contained on "any related documents."

**RESPONSE:** SHRM stands on its objections with respect to this Request.

21. Produce all documents related to complaints of disability discrimination and failure

to accommodate claims made by employees or applicants against SHRM as well as documents related to the outcome of such complaints.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome because Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than a year and continuing thereafter – time periods which have no bearing on the discrete period of time from when Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded and because it seeks documentation pertaining to other employees or applicants without regard to whether they were similarly situated in all relevant respects, such as "whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications." *Spencer v. Va. State Univ.*, 919 F.3d 199, 207-08 (4th Cir. 2019) (citations omitted). The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "complaints," "claims," or "outcome" in the context of this Request.

SHRM further objects to this Request on the basis that it seeks to invade the rights of third parties who are not party to this litigation.

**RESPONSE:** SHRM stands on its objections with respect to this Request.

22. Produce all documents (not limited in time) referencing all training, including documentation to demonstrate completion of any training, provided to any individual involved in assessing, recommending, determining, or denying whether to grant Torres her requested accommodation to bring her service dog to the workplace, or in deciding to rescind Torres' offer of employment.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome because it lacks any temporal limitation nor does it include any topic(s) of the "training" and therefore appears to encompass any document that could be characterized as "training" on any topic regardless of its relevance to the matters at issue herein. The scope of this Request is, therefore, neither reasonable nor proportional to the needs of this case.

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "training," "demonstrate completion," "involved in," "assessing," "recommending," "determining," or "denying" in the context of this Request.

**RESPONSE:** SHRM will produce responsive, non-privileged documents, including those that can be located after a reasonable and proportional search of electronically stored information of custodians reasonably likely to have information relevant to Ms. Torres' claims in this matter

and the defenses thereto.

23. Produce all written statements by witnesses or potential witnesses, signed and/or unsigned, regarding the claims and defenses in the instant litigation.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "in the instant litigation" and because it does not explain how it defines the term "witness" in this context. Unless instructed otherwise, SHRM will respond to this Request on the understanding it seeks non-privileged documents containing statements about or directly related to Ms. Torres' request for accommodation, consideration of the same, and the rescission of her conditional job offer at SHRM in 2024.

SHRM further objects to this Request as overly broad and unduly burdensome in a manner that does not comport with Rule 26(b)(1)'s reasonableness and proportionality requirements because, by its literal terms, this Request would require SHRM to inquire each and every one of its hundreds of employees as well as third-parties to see whether they have given or made any such statement(s), without regard to the likelihood that such individual has information relevant to the "claims and defenses in the instant litigation" and to the extent it is requesting information outside of SHRM's custody, possession, and control to the extent that it seeks the identification of and/or knowledge held by individuals unknown to SHRM.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered

SHRM_Torres_0000054, 56-64. SHRM will produce responsive, non-privileged documents, including those that can be located after a reasonable and proportional search of electronically stored information of custodians reasonably likely to have information relevant to Ms. Torres' claims in this matter and the defenses thereto.

24. Produce SHRM's document retention policies.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than one year and continuing thereafter – time periods which have no bearing on the three or four months during which Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000080-92, 120-124.

25. Produce organizational charts for SHRM.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer

work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and is therefore overly broad and unduly burdensome inasmuch as Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than a year and continuing thereafter – time periods which have no bearing on the discrete period of time from when Ms. Torres' application for employment was submitted through when the conditional job offer was rescinded in 2024.

**RESPONSE:** SHRM does not have organizational charts for the relevant timeframe and therefore has no documents responsive to this Request.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0001029-1130.

26. Produce all documents identified in, or used in preparing your answers to, Torres' Interrogatories.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous, as it is not known what is meant by a document "used in preparing" SHRM's answers to Plaintiff's Interrogatories beyond any such document explicitly referenced in SHRM's Answers to Plaintiff's Interrogatories.

**RESPONSE:** SHRM refers Ms. Torres to all documents produced by SHRM in this matter, Bates numbered SHRM_Torres_0000001-214.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to all additional documents produced by SHRM in this matter, Bates numbered SHRM_Torres_0000215-864.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001022-1052, 1057-1058, 1063-1128, 1130-1146.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000865-1021, 1147-1950, 1954-1969, 1973-1975, 1979-1980, 1991-1997, 2012-2431, 2524-2616.

**FOURTH SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0002617-2621, 2624-3239.

27. Produce all documents regarding or concerning any arguments or defenses SHRM will or may raise in connection with this matter.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "regarding or concerning," "arguments," and "in connection with this matter" in the context of this Request and because it does not identify what "defenses" it refers to. Unless otherwise instructed, SHRM will respond to this Request on the understanding it seeks documents that SHRM contends supports it Affirmative Defenses to Ms. Torres' Complaint in this matter.

SHRM further objects to this Request on the grounds that it is premature and imposes a burden of disclosure beyond that imposed under the Federal Rules of Civil Procedure, this Court's Local Rules, and any order that this Court has entered in this Action to date. Without waiving these objections, SHRM states it will produce documents and communications in accordance with the Federal Rules of Civil Procedure, the Court's Local Rules, and the orders of the Court in this Action.

**RESPONSE:** SHRM refers Ms. Torres to all documents produced by SHRM in this matter, Bates numbered SHRM_Torres_0000001-214.

**SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to all additional documents produced by SHRM in this matter, Bates numbered SHRM_Torres_0000215-864.

**SECOND SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0001022-1052, 1057-1058, 1063-1128, 1130-1146.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM further refers Ms. Torres to documents Bates numbered SHRM_Torres_0000865-1021, 1147-1950, 1954-1969, 1973-1975, 1979-1980, 1991-1997, 2012-2431, 2524-2616.

**FOURTH SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0002617-2621, 2624-4181.

28. For each individual SHRM intends to call as an expert witness, provide copies of their CV, publications, and previous expert testimony.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and

their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as vague and ambiguous as it is not known what is meant by "CV, publications, and previous expert testimony" in the context of this Request.

SHRM further objects to this Request on the grounds that it is premature and imposes a burden of disclosure beyond that imposed under the Federal Rules of Civil Procedure, this Court's Local Rules, and any order that this Court has entered in this Action to date.

**RESPONSE:** SHRM will produce responsive, non-privileged documents pursuant to the deadlines set forth in the Rule 16(B) Scheduling Order and the Joint Discovery Plan approved by the Court in this matter.

**THIRD SUPPLEMENTAL RESPONSE:** SHRM refers Ms. Torres to the expert report and curriculum vitae of Dr. Cooperman, which were enclosed with SHRM's Rule 26(a)(2) Disclosures served on May 11, 2026.

29. Produce all insurance policies in which SHRM is an insured for employment-related acts or omissions, including but not limited Employment Practices Liability Insurance.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and therefore is overly broad and unduly burdensome because it seeks the production of policies regardless of whether they apply to this matter and because Instruction No. 12 sets a temporal limitation for this Request for a period

beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than a year and continuing thereafter – time periods which have no bearing on whether a particular "insurance policy" applies to this matter.

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by "employment-related acts or omissions" in the context of this Request.

**RESPONSE:** SHRM refers Ms. Torres to documents Bates numbered SHRM_Torres_0000139-214.

30. Produce all documents related to notification to SHRM's insurer as well as documents provided to SHRM's insurer for consideration regarding complaints of disability discrimination and failure to accommodate based on a disability.

**OBJECTIONS:** SHRM objects to this Request to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Request as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and therefore is overly broad and unduly burdensome because it seeks the production of policies regardless of whether they apply to this matter and because Instruction No. 12 sets a temporal limitation for this Request for a period beginning more than five years before Ms. Torres applied for employment with SHRM, and for a period of more than a year and continuing thereafter – time periods which have no bearing on this matter; and because "documents related to notifications to SHRM's insurer" could be reasonably read to include each and every document SHRM has sent or received from any insurance company

within the overly broad timeframe regardless of its relevance or application to any matter at issue herein.

SHRM further objects to this Request as vague and ambiguous because it is not known what is meant by “related to,” “notification,” “for consideration,” and “complaints” in the context of this Request.

**RESPONSE:** SHRM stands on its objections with respect to this Request.

**OBJECTIONS AND SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES**

1. Identify each person with any knowledge regarding the factual allegations set forth in the Complaint and factual responses provided in SHRM's Answer to the Complaint, with a description of the knowledge held by each person.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and therefore is overly broad and unduly burdensome to the extent it is requesting information outside of SHRM's custody, possession, and control to the extent that it seeks the identification of and/or knowledge held by individuals unknown to SHRM.

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "each person with any knowledge regarding the factual allegations set forth in the Complaint and factual responses provided in SHRM's Answer to the Complaint" and (2) "a description of the knowledge held by each person."

**ANSWER:** SHRM states that in addition to the individuals listed in Ms. Torres' Rule 26(a)(1) Initial Disclosures, the following individuals are likely to have personal knowledge of the facts alleged in the Complaint and/or SHRM's Answer to the Complaint:

| **Person** | **Subject Matter** |
| --- | --- |
| Fiona Torres | Ms. Torres is the Plaintiff and presumably has knowledge relating to her claims and alleged |

| | |
|---|---|
| | damages against SHRM. |
| Nicole Belyna | Ms. Belyna is the Director of Talent Acquisition & Inclusion at SHRM during the relevant timeframe and is currently Director, Talent. Ms. Belyna communicated with Ms. Torres regarding Ms. Torres' request for accommodation including requesting information and documentation from Ms. Torres as to her request. Ms. Belyna notified Ms. Torres that SHRM had determined she did not require an accommodation in the form of her service dog and offered Ms. Torres other accommodations. After Ms. Torres rejected those other accommodations and ceased engagement in the interactive process with SHRM, Ms. Belyna notified Ms. Torres that SHRM had decided to rescind SHRM's conditional job offer to Ms. Torres. Ms. Belyna likely also has knowledge of SHRM's workplace policies including relating to requests for accommodation. |
| Kristen Howe | Ms. Howe was Vice President, Enterprise Solutions Products at SHRM during the relevant timeframe. Ms. Howe was a member of the interview panel that interviewed Ms. Torres and other candidates for the Senior Specialist position and ultimately decided to extend a conditional job offer to Ms. Torres. Ms. Howe played no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. |
| Jim Link | Mr. Link is the Chief Human Resources Officer at SHRM and reviewed the information and documentation provided by Ms. Torres as regards to her request for accommodation, engaged in attorney-client privileged conversations with Ms. Belyna and legal counsel regarding Ms. Torres' request for accommodation, and decided that Ms. Torres did not require an accommodation in the form of her service dog and identified and decided the accommodations to offer Ms. Torres. After Ms. Torres rejected those accommodations and ceased engagement in the interactive process with SHRM, Mr. Link decided to rescind |

| | |
|---|---|
| | SHRM's conditional job offer to Ms. Torres. Mr. Link also has knowledge of SHRM's workplace policies including relating to requests for accommodation. |
| Katharine Panessidi | Ms. Panessidi is Director, Product & Delivery, SHRM Business at SHRM. Ms. Panessidi was the hiring manager for the Senior Specialist position and a member of the interview panel that interviewed Ms. Torres and other candidates for the position and ultimately decided to extend a conditional job offer to Ms. Torres. Ms. Panessidi played no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. |
| Alison Sancinito | Ms. Sancinito was Manager, Enterprise Solutions at SHRM during the relevant timeframe. Ms. Sancinito was a member of the interview panel that interviewed Ms. Torres and other candidates for the Senior Specialist position and ultimately decided to extend a conditional job offer to Ms. Torres. Ms. Sancinito played no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. |
| Melissa Turk | Ms. Turk was Product Manager, Enterprise Solutions at SHRM during the relevant timeframe. Ms. Turk was a member of the interview panel that interviewed Ms. Torres and other candidates for the Senior Specialist position and ultimately decided to extend a conditional job offer to Ms. Torres. Ms. Turk played no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. |
| Deborah Zoerkler | Ms. Zoerkler is a Talent Acquisition & Executive Recruiter at SHRM. Ms. Zoerkler communicated to Ms. Torres the conditional job offer from SHRM and had initial communications with Ms. Torres regarding Ms. Torres' request for accommodation. Ms. Zoerkler did not have additional contact with Ms. Torres regarding her accommodation request or the conditional job offer and played |

| | |
|---|---|
| | no role in SHRM's consideration of Ms. Torres' request for accommodation nor in the decision to rescind the conditional job offer. Ms. Zoerkler likely has knowledge of SHRM's workplace policies including relating to requests for accommodation. |

2. State the factual basis for each numbered defense and each affirmative defense raised in SHRM's Answer to the Complaint and identify each person with knowledge of the factual basis stated.

**<u>OBJECTIONS</u>:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) a statement of "the factual basis for each numbered defense and each affirmative defense raised in SHRM's Answer to the Complaint" and (2) the identity of "each person with knowledge of the factual basis stated."

SHRM further objects to this Interrogatory as cumulative and duplicative to the extent it seeks information already identified in response to Interrogatory No. 1, above.

**<u>ANSWER</u>:** SHRM stands on its privilege objections with respect to this Interrogatory.

3. Identify each person who had any role in the consideration of, or decision to deny, Torres' request for an accommodation to bring her service dog to the workplace, or to withdraw her offer of employment, with a description of each such individual's role in, or contribution to,

such consideration or decision.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous, as the phrases and terms "any role," "consideration of," "role in," "contribution to," and "such consideration" are not defined in this context and because it does not specify if it is referring to Ms. Torres' request for accommodation *to SHRM* and the rescission of her conditional offer of employment *with SHRM* in 2024. Unless instructed otherwise, SHRM will respond with the understanding that the Request seeks documents related to the position to which Ms. Torres applied for employment with SHRM in June and July 2024.

SHRM further objects to this Interrogatory on the grounds that it contains at least three (3) discrete subparts, and, therefore, should be treated as three separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "each person who had any role in the consideration of, or decision to deny, Torres' request for an accommodation to bring her service dog to the workplace"; (2) the identity of "each person who had any role in the consideration of, or decision to . . . withdraw her offer of employment"; and (3) "a description of each such individual's role in, or contribution to, such consideration or decision."

SHRM further objects to this Interrogatory as cumulative and duplicative to the extent it seeks information already identified in response to Interrogatory No. 1, above.

**ANSWER:** SHRM refers Ms. Torres to SHRM's Answer to Interrogatory No. 1.

4. Identify all individuals who supported or expressed support of Torres' request for an accommodation to bring her service dog to the workplace, describing the reason(s) for such support by each individual identified.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous, as the phrase "supported or expressed support of" is not defined in this context and because it does not specify if it is referring to Ms. Torres' request for accommodation *to SHRM* in or around 2024. Unless instructed otherwise, SHRM will respond with the understanding that the Request seeks information related to Ms. Torres' request for accommodation to SHRM in June and July 2024.

SHRM further objects to this Interrogatory as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and therefore is overly broad and unduly burdensome to the extent it is requesting information outside of SHRM's custody, possession, and control to the extent that it seeks the identification of and/or knowledge held by individuals unknown to SHRM.

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "all individuals who supported or expressed support of Torres' request for an accommodation to bring her service dog to the workplace" and (2) a description of "the reason(s) for such support by each individual identified."

**ANSWER:** SHRM is not aware of any individual who "supported or expressed support of

Torres' request for an accommodation to bring her service dog to the workplace…."

5. Identify all individuals who disagreed or expressed disagreement with Torres' request for an accommodation to bring her service dog to the workplace, describing the reason(s) for such disagreement by each individual identified.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous, as the phrase "disagreed or expressed disagreement with" is not defined in this context and because it does not specify if it is referring to Ms. Torres' request for accommodation *to SHRM* in or around June and July 2024. Unless instructed otherwise, SHRM will respond with the understanding that the Request seeks information related to Ms. Torres' request for accommodation to SHRM in 2024.

SHRM further objects to this Interrogatory as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and therefore is overly broad and unduly burdensome to the extent it is requesting information outside of SHRM's custody, possession, and control to the extent that it seeks the identification of and/or knowledge held by individuals unknown to SHRM.

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "all individuals who disagreed or expressed disagreement with Torres' request for an accommodation to bring her service dog to the workplace" and (2) a

description of "the reason(s) for such disagreement by each individual identified."

**ANSWER:** SHRM refers Ms. Torres to SHRM's Answer to Interrogatory No. 1.

6. Identify all individuals who disagreed or expressed disagreement with the decision to rescind SHRM's offer of employment to Torres, describing in detail the reason for such disagreement.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous, as the phrase "disagreed or expressed disagreement with" is not defined in this context.

SHRM further objects to this Interrogatory as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and therefore is overly broad and unduly burdensome to the extent it is requesting information outside of SHRM's custody, possession, and control to the extent that it seeks the identification of and/or knowledge held by individuals unknown to SHRM.

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "all individuals who disagreed or expressed disagreement with the decision to rescind SHRM's offer of employment to Torres" and (2) a description of "the reason for such disagreement."

**ANSWER:** SHRM is not aware of any individual "who disagreed or expressed

disagreement with the decision to rescind SHRM's offer of employment to Torres …."

7. State in detail the reason(s) why Torres' request for her accommodation to bring her service dog to the workplace was not granted and why her offer of employment was rescinded.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous because it does not specify if it is referring to Ms. Torres' request for accommodation *to SHRM* in or around June and July 2024. Unless instructed otherwise, SHRM will respond with the understanding that the Request seeks information related to Ms. Torres' request for accommodation to SHRM in June and July 2024.

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) a statement of "the reason(s) why Torres' request for her accommodation to bring her service dog to the workplace was not granted" and (2) a statement of "why her offer of employment was rescinded."

**ANSWER:** Ms. Torres' request for accommodation to bring her service dog to the workplace was not granted because alternative accommodations were available that accommodated Ms. Torres' alleged disability and because Ms. Torres' service dog was not an accommodation that she required to perform an essential function of the job she was offered. The conditional job offer that SHRM extended to Ms. Torres was rescinded after she declined the

accommodations offered to her and further declined to continue to engage in the interactive process. SHRM further refers Ms. Torres to SHRM's Answer to Interrogatory No. 1above.

8. Identify all individuals with knowledge regarding (a) the reason(s) why Torres' request for accommodation to bring her service dog to the workplace was denied, and (b) the reason(s) why Torres' offer of employment was rescinded, providing explanation of the knowledge held by each individual.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous because it does not specify if it is referring to Ms. Torres' request for accommodation *to SHRM* in or around June and July 2024. Unless instructed otherwise, SHRM will respond with the understanding that the Request seeks information related to Ms. Torres' request for accommodation to SHRM in June and July 2024.

SHRM further objects to this Interrogatory on the grounds that it contains at least four (4) discrete subparts, and, therefore, should be treated as four separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "all individuals with knowledge regarding [] the reason(s) why Torres' request for accommodation to bring her service dog to the workplace was denied"; (2) the identity of "all individuals with knowledge regarding . . . the reason(s) why Torres' offer of employment was rescinded"; (3) an "explanation of the knowledge held by each individual" "with knowledge regarding [] the reason(s) why Torres' request for accommodation to bring her service

dog to the workplace was denied"; and (4) an "explanation of the knowledge held by each individual" "with knowledge regarding . . . the reason(s) why Torres' offer of employment was rescinded."

SHRM further objects to this Interrogatory as cumulative and duplicative to the extent it seeks information already identified in response to Interrogatory Nos. 1, 2, 3, 4, 5, and 6, above.

**ANSWER:** SHRM refers Ms. Torres to SHRM's Answer to Interrogatory No. 1.

9. If any concerns were raised by any individual with regard to Torres' request to bring her service dog to the workplace, state in detail the concerns that were raised, who raised the concerns, and all individuals who had knowledge of the stated concerns.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous as the terms "concerns were raised" and "stated concerns" are not defined in this context and because it does not specify if it is referring to Ms. Torres' request for accommodation *to SHRM* in 2024. Unless instructed otherwise, SHRM will respond with the understanding that the Request seeks information related to Ms. Torres' request for accommodation to SHRM in June and July 2024.

SHRM further objects to this Interrogatory as failing to comport with Rule 26(b)(1)'s reasonableness and proportionality requirements and therefore is overly broad and unduly burdensome to the extent it is requesting information outside of SHRM's custody, possession, and control to the extent that it seeks the identification of and/or knowledge held by individuals

unknown to SHRM.

SHRM further objects to this Interrogatory on the grounds that it contains at least three (3) discrete subparts, and, therefore, should be treated as three separate Interrogatories. Specifically, Plaintiff seeks (1) a statement of "the concerns that were raised" "by any individual with regard to Torres' request to bring her service dog to the workplace"; (2) the identity of "who raised the concerns"; and (3) the identity of "all individuals who had knowledge of the stated concerns."

SHRM further objects to this Interrogatory as cumulative and duplicative to the extent it seeks information already identified in response to Interrogatory Nos. 1, 2, 3, and 5.

**ANSWER:** SHRM refers Ms. Torres' to SHRM's Answer to Interrogatory No. 1.

10. Identify all offers of accommodation made by SHRM in response to Torres' request for an accommodation, the dates that such offers were made, and any other accommodations that were proposed or considered within SHRM but not offered.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous as the terms "concerns were raised" and "stated concerns" are not defined in this context and because it does not specify if it is referring to Ms. Torres' request for accommodation *to SHRM* in 2024. Unless instructed otherwise, SHRM will respond with the understanding that the Interrogatory seeks information related to Ms. Torres' request for accommodation to SHRM in 2024.

SHRM further objects to this Interrogatory on the grounds that it contains at least three (3)

discrete subparts, and, therefore, should be treated as three separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "all offers of accommodation made by SHRM in response to Torres' request for an accommodation"; (2) the "dates that such offers were made"; and (3) the identity of "any other accommodations that were proposed or considered within SHRM but not offered."

**ANSWER:** SHRM offered Ms. Torres accommodations on July 3, 2024 as reflected in Ms. Belyna's email to Ms. Torres at SHRM_Torres_0000057-58, 67-68, 74-75.

11. Describe in detail all the essential functions of the Senior Specialist position in SHRM's Product Management Department for which Torres was offered the position later rescinded, and the specific essential functions which SHRM determined that Torres was not able to perform.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous as it does not define the term "essential functions" as used in this context and because it does not specify if it is referring to Ms. Torres' application for employment *to SHRM* in 2024. Unless instructed otherwise, SHRM will respond with the understanding that the Request seeks information related to Ms. Torres' application for employment to SHRM in 2024.

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2) discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically,

Plaintiff seeks (1) a description of "all the essential functions of the Senior Specialist position in SHRM's Product Management Department for which Torres was offered the position later rescinded" and (2) a description of "the specific essential functions which SHRM determined that Torres was not able to perform."

**ANSWER:** SHRM refers Ms. Torres to the job description for the Senior Specialist Product Management position at Bates number SHRM_Torres_0000125-127 as to the essential functions of the position. SHRM avers that it did not determine that Ms. Torres was unable to perform all essential functions of the role. Rather, Ms. Torres' refusal to consider the accommodations offered to her and disengagement in the interactive process indicated to SHRM that Ms. Torres believed she was not able to, and/or not willing to, perform the essential functions of the job without her service dog.

12. Identify each person who supplied information for or otherwise contributed to answering Torres' Interrogatories and Document Requests, and with respect to each person, state the subject matter of each person's information or other contribution.

**OBJECTIONS:** SHRM objects to this Interrogatory to the extent it seeks information protected under the attorney-client privilege and/or the work product doctrine. "[I]t is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

SHRM further objects to this Interrogatory as vague and ambiguous in that it does not define the phrases "supplied information for or otherwise contributed to" and "other contribution" in the context of this Interrogatory.

SHRM further objects to this Interrogatory on the grounds that it contains at least two (2)

discrete subparts, and, therefore, should be treated as two separate Interrogatories. Specifically, Plaintiff seeks (1) the identity of "each person who supplied information for or otherwise contributed to answering Torres' Interrogatories and Document Requests" and (2) a statement of "the subject matter of each person's information or other contribution."

**ANSWER:** SHRM states that other than counsel, Nicole Belyna, Jim Link, and Deborah Zoerkler provided information or documentation used to respond to Plaintiff's Interrogatories and Document Requests. SHRM stands on its Objections as to describing or disclosing attorney-client privileged communications as to what was discussed with counsel and/or what documents were requested or provided to counsel in reference to those privileged discussions.

Dated: June 12, 2026

*/s/ Leslie P. Currie*
Lauren M. Bridenbaugh, Bar No. 90586
Tiffany din Fagel Tse, Bar No. 92958
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, VA 22102
Telephone: 703.442.8425
Facsimile: 703.552.7679
lbridenbaugh@littler.com
ttse@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of June, 2026, I served a copy of the foregoing Defendant's Objections, Answers, and Fourth Supplemental Responses to Plaintiff's Discovery Requests by electronic mail on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Mary E. Kuntz (VSB No. 76947)
Anna Kathryn Barnes Barry (admitted *pro hac vice*)
Hector Ruiz, Jr. (VSB No. 102153)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
akbarry@kcnlaw.com
hruiz@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Leslie P. Currie*
Leslie P. Currie