**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

FIONA TORRES,

        **Plaintiff,**

    **v.**

SOCIETY FOR HUMAN RESOURCE
MANAGEMENT,

        **Defendant.**

**Civil Action No. 1:25-cv-02360**

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
ITS *EMERGENCY* MOTION TO STRIKE PLAINTIFF'S OPPOSITION TO ITS
MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING EXHIBIT 1 AND
MOTION TO VACATE SUMMARY JUDGMENT BRIEFING SCHEDULE**

Pursuant to Local Civil Rules 7 and 56, Defendant Society for Human Resource
Management ("Defendant" or "SHRM"), by counsel, respectfully submits this Memorandum of
Points and Authorities in Support of its *Emergency* Motion to Strike the Opposition brief filed by
Plaintiff Fiona Torres ("Plaintiff") and its accompanying Exhibit 1 in response to Defendant's
Motion for Summary Judgment (ECF Nos. 86 and 86-1, respectively), and Motion to Vacate
Summary Judgment Briefing Schedule.  Plaintiff's Opposition is grossly over this Court's page
limit and further fails to comport with this Court's Local Civil Rules and the Rule 16(B)
Scheduling Order in this matter and should therefore be stricken.

**I.**    **RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On July 15, 2026, SHRM timely filed its Motion for Summary Judgment. *See* ECF No. 75.
In compliance with the Court's rules and practices, SHRM filed a 28-page opening brief entitled
"Memorandum of Points and Authorities in Support of Defendant's Motion for Summary
Judgment." *See* ECF No. 76. On July 27, 2026, Plaintiff filed her brief in opposition to Defendant's

Motion for Summary Judgment (the "Opposition"), which included an accompanying Exhibit 1 entitled "Plaintiff's Statement of Facts Disputed and Undisputed." *See* ECF No. 86 ("Opp."); *see also* ECF No. 86-1 ("Pl.'s Ex. 1"). Without seeking leave of the Court or even notifying SHRM, Plaintiff filed a 35-page Opposition brief, along with a separate single-spaced, 17-page brief, enclosed as Exhibit 1 to her Opposition, noting certain facts that she believes are disputed and undisputed.  *Id.*  Plaintiff's Opposition and its accompanying Exhibit 1 are not only in excess of the 30-page limit imposed by Rule 7 of the Court's Local Civil Rules, but are also in violation of Local Civil Rule 56 and the Court's Rule 16(B) Scheduling Order (ECF No. 15).  *See id.*  Absent good cause or authorization, Plaintiff's filings are excessive, fail to comply with Local Civil Rules 7(F) and 56(B), and are highly prejudicial to SHRM, who filed its opening brief in compliance with this Court's Local Rules.

For the reasons stated herein, Defendant respectfully requests that the Court strike Plaintiff's Opposition and its accompanying Exhibit 1 in their entirety, not consider any arguments raised therein, and order Plaintiff to file a response brief to its Motion for Summary Judgment in compliance with the Court's Local Civil Rules and the Rule 16(b) Scheduling Order.

## II.    <u>ARGUMENT</u>

This Court's Local Civil Rule 56 plainly states that "[a] brief in response to such a motion [for summary judgment] shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." Local Civil Rule 56(B). The Court's Rule 16(B) Scheduling Order similarly requires that, "[a] brief in opposition to a motion for summary judgment must include a separately captioned section ***within the brief***, ***in numbered-paragraph form corresponding to the movant's section,*** each of the movant's

2

enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record." ECF No. 15 at ¶ 13(f) (emphasis added); ECF No. 14 at 6 (noting, via the Parties' Proposed Joint Discovery Plan that the "Parties agree that FED. R. CIV. P. 56 and Local Civil Rule 56, as well as Local Rule 7, shall govern motions for summary judgment").

Instead of following the Local Rules and this Court's Order, Plaintiff enclosed Exhibit 1 to her Opposition, which separately provides the facts she claims are disputed and undisputed. *See generally* Pl.'s Ex. 1. Nevertheless, this Court's Local Civil Rules "do not permit parties to separately file their statement of undisputed facts." *Foosaner v. Crown Castle USA, Inc*., No. 1:22-cv-521 (RDA/JFA), 2024 WL 3298450, at *1 (E.D. Va. Apr. 9, 2024); *see also Mann v. Heckler & Koch Def., Inc.,* No. 1:08-cv-611 (JCC), 2009 WL 1248994, at *2 (E.D. Va. Apr. 30, 2009) (stating, Local Civil Rule 56 "specifically requires each party's statement of relevant facts to be contained within that party's brief"). Moreover, the Rule 16(B) Scheduling Order in this matter specifically directed that the summary judgment motions filed in this case, including the statement of undisputed facts "be presented in the same pleading unless leave of Court is first obtained." ECF No. 15 at 5; *see also Pequignot v. Solo Cup Co*., No. 1:07-cv-97 (LMB/TCB), 2009 WL 10730697, at *1 (E.D. Va. June 15, 2009) (stating, Local Civil Rules 7(F)(3) and 56(B) "are unambiguous" and "require that the listing of material facts be 'include[d]' in the brief in support [or opposition] of summary judgment, and, therefore, that the brief, inclusive of the statement of material facts, not exceed thirty pages") (citing *Mann,* 2009 WL 1248994, at *2). While Plaintiff attempts to "incorporate" the facts in dispute within her Opposition brief, such "tactics" are prohibited by this Court and nonetheless fail to comply with Local Rule 56(B). *Pequignot*, 2009 WL 10730697, at *1, n.1 (noting, plaintiff's inclusion of a section titled "Undisputed Facts" in his brief, which "repeatedly cites, as its source, the separately-filed, much lengthier, Statement of

3

Material Facts, which in turn cites to the record itself. . . fails to comply with Rule 56(B), which, in requiring that the statement of facts in the brief cite to the record itself, prohibits the sorts of tactics plaintiff has used here").

In addition, this Court's Local Rules state that opposition briefs shall not exceed 30 pages without leave of the Court sought in advance of the filing:

> All briefs, including footnotes, shall be written in 12 point Roman style or 10 pitch Courier style with one inch margins. ***Except for good cause shown in advance of filing, opening and responsive briefs,*** exclusive of affidavits and supporting documentation, ***shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced*** and rebuttal briefs shall not exceed twenty (20) such pages.

Local Civil Rule 7(F)(3) (emphasis added); *see also* ECF No. 15 at 3 ("All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3)."). By its very terms, this Rule applies to briefs of substantive importance to a case, including briefs in support or in opposition of dispositive motions, such as motions for summary judgment. *See e.g., United States ex rel. DRC, Inc. v. Custer Battles, LLC*, 472 F. Supp. 2d 787, 792-93 (E.D. Va. 2007) (granting motion to strike summary judgment response brief 15 pages over the page limit and striking the 15 additional pages in their entirety).

Here, Plaintiff's Opposition totals 35 pages. *See generally* Opp. However, the Opposition's accompanying Exhibit 1, which separately includes "Plaintiff's Statement of Facts Dispute and Undisputed," and, as set forth above, was impermissibly submitted and separate from the Opposition brief, totals 17 pages. *See generally* Opp. & Pl.'s Ex. 1. Plaintiff's Exhibit 1 is also single-spaced, in further violation of the Local Rules, meaning that if such supplemental brief were correctly double-spaced, it would be at least 34 pages long.[1]    *Id.* Collectively, Plaintiff's

---

[1]  In addition, Plaintiff's Opposition includes sub-headers indicated by Roman numerals on pages 22, 24, and 31 with a font size that is smaller than Local Civil Rule 7(F)(3)'s requirement that all

Opposition and its accompanying Exhibit 1 total approximately 69 pages if Exhibit 1 were correctly double-spaced (or 52 pages with the single-spaced Exhibit 1), which is 39 pages over Local Civil Rule 7's limit for a brief filed in this Court absent leave and good reason. *See* Local Civil Rule 7(F)(3); *see also Foosaner*, 2024 WL 3298450, at \*1 (finding, plaintiff's combined briefing, which included a 25-page memorandum and a 31-page undisputed statement of facts, "exceeds the permissible scope of briefing by over twenty pages"). Briefing limits serve several purposes that are beneficial to the Parties and the Court, including an implicit requirement that the Parties focus their arguments as a matter of courtesy and respect the Court's time and resources. *See e.g., Rachel v. City of Mobile,* No. 13-0522-WS-M, 2015 U.S. Dist. LEXIS 28758, at \*2-3 & n.1 (S.D. Ala. Mar. 10, 2015); *Native Am. Arts, Inc. v. Peter Stone Co., U.S.A., Inc.*, No. 08 C 3908, at \*4-5 (N.D. Ill. Jan. 14, 2015) ("In varying contexts, case after case has recognized the importance of page limitations.") (internal cites omitted); *Morgan v. South Bend Cmty. Sch. Corp.*, 797 F.2d 471, 480 (7th Cir. 1986) ("The page limit is designed as much for the benefit of the litigants as for the benefit of the court. If extra pages mean stronger argument, enforcement of the page limit protects those who obey the rules.").

Not only did Plaintiff fail to seek leave of the Court to file a brief substantially over the page limit allowed by this Court's Local Rules, she also did not seek to confer or otherwise reach out to SHRM to explain why she believed such a ponderous brief to be necessary and appropriate. Therefore, SHRM had no opportunity to anticipate this excessively long brief and must now address the matter during the short, 6-day window the Court's rules allow for it to fashion a brief in reply and in further support of its Motion for Summary Judgment, and within the page limits

---

text, including footnotes, be written in 12-point font. *See* Opp. Further, Plaintiff's Exhibit 1 includes a footnote that is also not 12-point font. *See* Pl.'s Ex. 1 at 6.

prescribed by the Court.  Further, Plaintiff's failure to comply with the Local Rules by filing an oversize brief prejudices SHRM for complying with the required 30-page limit and leaves it with fewer pages in which to respond to her arguments. *See Foosaner*, 2024 WL 3298450, at *1 ("Where summary judgment filings fail to comply with Court orders and the Local Rules, those filings are routinely stricken."); *see also id.* at *2 (granting defendant's motion to strike and directing plaintiff to file a summary judgment brief "that complies with the Local Rules and that includes a statement of undisputed facts").

To avoid prejudice to SHRM, and to prevent Plaintiff from unjustly benefitting from her failure to follow this Court's Local Rules and Rule 16(B) Scheduling Order, the Court should strike Plaintiff's Opposition and its accompanying Exhibit 1, not consider any arguments raised therein, order Plaintiff to file a new response brief in compliance with the Local Rules, and allow Defendant to file its reply brief in further support of its Motion for Summary Judgment six days after Plaintiff files a compliant opposition brief.  *See Pequignot*, 2009 WL 10730697, at *1 (striking plaintiff's non-compliant motion and accompanying pleadings, allowing plaintiff to file a new brief that complies with the Local Rules, and granting defendant a brief extension of time to file its response); *see also Mann*, 2009 WL 1248994, at *2 (granting motion to strike plaintiff's "exorbitant" summary judgment opposition brief that was 87 pages over the page limit and requiring plaintiff to refile a brief in compliance with the local rules within four days).  In the alternative, the Court should at a minimum strike every page that is over the 30-page limit.

### III.    <u>CONCLUSION</u>

For the reasons set forth above, Defendant respectfully requests that the Court: (a) grant its *Emergency* Motion to Strike and Motion to Vacate Summary Judgment Briefing Schedule; (b) strike Plaintiff's Opposition and its accompanying Exhibit 1 in response to Defendant's Motion

for Summary Judgment (ECF Nos. 86 and 86-1, respectively) in their entirety; (c) refuse to consider any arguments raised by Plaintiff therein; (d) order Plaintiff to file a new response brief to Defendant's Motion for Summary Judgment in compliance with the Court's Local Civil Rules and Rule 16(b) Scheduling Order; and (e) allow Defendant to file its reply brief in further support of its Motion for Summary Judgment six days after Plaintiff files a compliant opposition brief.

Dated: July 29, 2026                                    Respectfully submitted,


                                                       */s/ Tiffany din Fagel Tse*
                                                       Lauren M. Bridenbaugh, Bar No. 90586
                                                       Tiffany din Fagel Tse, Bar No. 92958
                                                       Leslie P. Currie, Bar No. 101060
                                                       LITTLER MENDELSON, P.C.
                                                       1800 Tysons Boulevard, Suite 500
                                                       Tysons Corner, Virginia 22102
                                                       Telephone: 703.442.8425
                                                       Facsimile: 703.552.6178
                                                       lbridenbaugh@littler.com
                                                       ttse@littler.com
                                                       lcurrie@littler.com

                                                       Tanja L. Darrow (admitted *pro hac vice)*
                                                       LITTLER MENDELSON, P.C.
                                                       633 West 5th Street, 63rd Floor
                                                       Los Angeles, California 90071
                                                       Telephone: 213.443.4300
                                                       Facsimile: 800.715.1330
                                                       tdarrow@littler.com

                                                       *Counsel for Defendant Society for Human Resource Management*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 29th day of July 2026, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing (ECF) system on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Mary E. Kuntz (VSB No. 76947)
Anna Kathryn Barnes Barry (admitted *pro hac vice*)
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone:   202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
akbarry@kcnlaw.com

*Counsel for Plaintiff*

/s/ Tiffany din Fagel Tse
Tiffany din Fagel Tse

8