**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FIONA TORRES,<br><br>Plaintiff,<br><br>v.<br><br>SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>Defendant. | Civil Action No. 1:25-cv-2360-PTG-WBP<br><br>Hon. Patricia Tolliver Giles, J.<br>Hon. William B. Porter, M.J. |

# PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANT'S PROPOSED EXPERT

Pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c) (1), and Fed. R. Evid. 702 and 403, plaintiff Fiona Torres hereby moves to exclude testimony by Michael Cooperman, M.D., who has been designated as a medical expert in this case, from the jury trial now set to begin on October 6, 2026.

The grounds for this motion are as follows. First, Dr. Cooperman's report is grossly deficient under Rule 26(a)(2), and total exclusion of his testimony would be warranted for that reason alone. Second, Dr. Cooperman's deposition confirms that he has no opinion on most of the topics SHRM's disclosure listed for him, and testimony on those topics should be excluded.

Furthermore, any opinion testimony on diabetes alert dogs that is not covered by the above exclusions fails Fed. R. Evid 702 under *Daubert* and its progeny in this Circuit and should not be permitted. In particular, Dr. Cooperman did not use reliable scientific principles or

methods to form his diabetes alert dog opinions: he "cherry-picked" the medical research and individual patient records he reviewed; he overgeneralized and did not consider facts specific to Ms. Torres's individual case; he has no specific expertise on the subject of diabetes alert dogs; and he misread even the medical research he did consult. Dr. Cooperman did not reliably apply his "standard of care" principle, or his suppositions about diabetes alert dog performance in general, to Ms. Torres or to this case as the *Daubert* doctrine requires. And his proposed testimony concerning continuous glucose monitoring ("CGM") technology ignores the limitations of CGM in a fashion that is biased to align with his conclusions. Finally, Dr. Cooperman's proposed trial testimony would unacceptably prejudice and confuse the jury under Fed. R. Evid. 403.

As relief, the motion seeks either the total exclusion of Dr. Cooperman's testimony under Fed. R. Civ. P. 26(a)(2) and 37(c)(1), or, alternatively, the exclusion of all testimony from Dr. Cooperman that addresses or concerns:

- Diabetes alert dogs, their capacities, training, competence or performance, including opinions that diabetes alert dogs provide no advantage over CGM alone, serve only a psychosocial function, or are generally ineffective.
- Comparisons between Ms. Torres's diabetes alert dog, Meechum, and Ms. Torres's CGM, including whether Meechum is more effective in immediacy, accuracy, or consistency of alerts, or whether Meechum is effective when the CGM is inactive, malfunctioning, or unavailable.
- Alternative glucose-monitoring methods other than CGM.
- Ms. Torres's 2017 automobile accident or Meechum's role or activity in it.

- Whether any provider "prescribed," "required," or "medically required" Ms. Torres to use a service dog, including any implication that the absence of such language means the dog was not needed.
- Whether Ms. Torres was qualified to perform the essential functions of the job she was offered at SHRM.
- Whether Ms. Torres's "own conduct" shows that her diabetes alert dog was not a necessary workplace accommodation.
- Whether CGM, or any other alternative method, adequately addressed Ms. Torres's functional or workplace needs, including any testimony that CGM alone was an adequate substitute for her diabetes alert dog Meechum, either by himself or in tandem with CGM.
- Whether, in what way, or to what extent, medical standards of care, medical "necessity," or medical "requirement" equate with the ADA/VHRA accommodation inquiry.
- Whether lack of mention in medical records about specific injury-preventing alerts by an alert dog, or by Meechum in particular, means those alerts did not occur.

The reasons for this motion are set forth in greater detail in the accompanying memorandum.

Pursuant to U.S. Dist. Ct. (E.D. Va.) Loc. Civ. R. 7(F), the parties conferred by telephone on July 16, 2026, to discuss Plaintiff's intention to file a motion to disqualify Dr. Cooperman as an expert in this case. Ms. Torres' counsel gave details of her expected grounds for this motion. SHRM's counsel could identify no areas where the two sides might agree, or ways to narrow Ms.

Torres's proposed motion, and the parties agreed to disagree with the understanding that counsel for Defendant would oppose such a motion. The parties then discussed possible dates for a motion hearing, but SHRM's counsel declined to agree on a date until it had seen the motion. The notice of hearing filed herewith complies with Local Rule 7(E), which requires that a hearing be set on the first permissible date after briefing is concluded.

Two proposed orders are attached.

Respectfully submitted,



________________________________

Stephen B. Pershing
Virginia Bar No. 31012
Mary E. Kuntz
Virginia Bar No. 76947
Anna Kathryn B. Barry
D.C. Bar No. 1719493
(Admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
mkuntz@kcnlaw.com
spershing@kcnlaw.com
akbarry@kcnlaw.com

*Attorneys for plaintiff Fiona Torres*

Dated: August 12, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2026, a copy of the foregoing was filed with the Court's case management / electronic case filing ("CM/ECF") system, through which it was transmitted to counsel of record for defendant Society for Human Resource Management as follows:

Lauren M. Bridenbaugh
Leslie P. Currie
Tanja L. Darrow (admitted *pro hac vice)*
Tiffany din Fagel Tse
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lbridenbaugh@littler.com
lcurrie@littler.com
tdarrow@littler.com
ttse@littler.com



________________________________
Stephen B. Pershing