**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| FIONA TORRES,<br><br>*Plaintiff*,<br><br>v.<br><br>SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>*Defendant*. | ) | 1:25-cv-02360 (PTG/WBP) |

**ORDER**

This matter is before the Court on Defendant Society for Human Resource Management's Motion for Summary Judgment ("Motion"). Dkt. 75. Defendant argues it is entitled to summary judgment on Plaintiff's claims for failure to accommodate and disability discrimination under both the Americans with Disabilities Act ("ADA") and the Virginia Human Rights Act ("VHRA") because there is no genuine dispute of material fact. The Motion was fully briefed. *See* Dkts. 76, 92, 97. On August 28, 2026, the Court heard arguments from the parties on the Motion.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 156 (4th Cir. 2010) (quoting Fed. R. Civ. P. 56). Generally, to survive a Rule 56 motion for summary judgment, a party must go beyond the pleadings and cite to its own affidavits, depositions, answers to interrogatories, and/or admissions on file to show that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In deciding a motion for summary judgment, a court

must construe the facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To preclude summary judgment, a fact dispute must be genuine and material; that is, the factual dispute must be capable of affecting the substantive outcome of the case and be supported by sufficient admissible evidence that a reasonable trier of fact could find for the non-moving party. *Id.* at 247–48.

Upon consideration of the parties' filings and the arguments made by counsel at oral argument, the Court finds that there is a genuine dispute of material facts as to Plaintiff's disability discrimination and failure to accommodate claims under both the ADA and the VHRA. Therefore, Defendant's Motion for Summary Judgment (Dkt. 75) is **DENIED**.

The Court encourages the parties to contact Magistrate Judge Porter's chambers to schedule a settlement conference. Please note that the parties will bear the court costs of bringing in the jury if they do reach a settlement but they fail to advise the Court in sufficient time to avoid the expense of bringing in the jury.

Entered this 10th day of September, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge