**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION**

| | |
|---|---|
| FIONA TORRES,<br><br>Plaintiff,<br><br>v.<br><br>SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>Defendant. | Civil Action No. 1:25-cv-2360-PTG-WBP<br><br>Hon. Patricia Tolliver Giles, J.<br>Hon. William B. Porter, M.J. |

**PLAINTIFF'S MOTION TO EXCLUDE AFTER-ACQUIRED EVIDENCE**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Local Rule 7(F)(1), Order dated January 21, 2026 and Rule 16(b) Scheduling Order, dated February 20, 2026, Plaintiff Fiona Torres ("Plaintiff" or "Torres") respectfully moves this Court to exclude after-acquired evidence of wrongdoing from being admitted at trial. In the alternative, Plaintiff respectfully moves this Court to bifurcate the trial proceedings into a liability phase and a remedies phase and limit after-acquired evidence to the remedies phase in order to prevent it from impermissibly tainting the liability phase. Further in the alternative, failing the aforementioned remedies being applied, Plaintiff respectfully moves this Court to issue limiting instructions to the jury regarding the permissible uses of after-acquired evidence.

This Court should exclude the after-acquired evidence because the Defendant has not met its burden to show that it is entitled to use after-acquired evidence, even for the limited purpose of damages, and because there is no other admissible purpose for it in this case. Additionally, the

after-acquired evidence is substantially more prejudicial than probative and is thus inadmissible for any purpose. If the Court does not bar the after-acquired evidence, it should bifurcate the proceedings into a liability phase and a damages phase and limit the after-acquired evidence to the damages phase because Supreme Court and Fourth Circuit precedent do not permit after-acquired evidence to be admitted to disprove liability in workplace discrimination cases. If the Court declines to bar the after-acquired evidence or bifurcate proceedings, it should still issue limiting instructions to restrict the admission of after-acquired evidence for the purposes of impeaching Ms. Tores's credibility regarding the interactive reasonable accommodation process and damages because after-acquired evidence is generally inadmissible to disprove liability.

**CERTIFICATE OF GOOD-FAITH CONFERRAL**

After exchanges by email, the parties met by Zoom on August 24, 2026, to discuss in good faith Plaintiff's contention that after-acquired evidence is not admissible in this case, or that if it is, it would require bifurcation and exclusion from the liability phase, or, barring those remedies, limiting instructions would be required. Ex. A. However, the parties agreed during that conference that there were no issues upon which they could agree for this matter. Therefore, Plaintiff's counsel found it necessary to file the present motion.

Respectfully submitted,

Fiona Torres
By Counsel

/s/ Mary E. Kuntz___________

Mary E. Kuntz
Virginia Bar No. 76947
Stephen B. Pershing
Virginia Bar No. 31012
Anna Kathryn B. Barry
D.C. Bar No. 1719493
(Admitted *pro hac vice*)
Thomas O. Walker II
AL Bar No. 4064E32W
(Admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
mkuntz@kcnlaw.com
spershing@kcnlaw.com
akbarry@kcnlaw.com
twalker@kcnlaw.com

*Attorneys for Plaintiff Fiona Torres*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Motion to Exclude After Acquired Evidence was served by electronic mail on September 14, 2026, on counsel of record for defendant SHRM as follows:

Lauren M. Bridenbaugh
Leslie P. Currie
Tanja L. Darrow (admitted *pro hac vice*)
Tiffany din Fagel Tse
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lbridenbaugh@littler.com
lcurrie@littler.com
tdarrow@littler.com
ttse@littler.com

__/s/ Mary E. Kuntz___________
Mary E. Kuntz