# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Case No. 1:25-CV-02360-PTG-WBP** |

**PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Local Rule 26(B)-(C) and Fed. R. Civ. P. 26 and 34, Plaintiff hereby serves her Supplemental responses to Defendant's First Set of Requests for Production of Documents. Plaintiff maintains that her investigation into this matter is ongoing and reserves the right to supplement these responses.

1. Produce any and all documents identified, referenced, reviewed, relied upon, or referred to in connection with the preparation of your answers to Defendant's First Set of Interrogatories to Plaintiff Fiona Torres.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including the attorney-client and work product privileges. Plaintiff further objects to the extent that the Request is not limited to a request for documents related to the claims and defenses of the Action. Subject to these objections, Plaintiff will respond to this Request if she has responsive, non-privileged documents, in her possession, custody, or control.

**RESPONSE:** Subject to Plaintiff's objections, she has no additional documents to produce in response to this request at this time.

2. Produce any and all diaries, notes, records, memoranda, and records of telephone or other conversations that you prepared, maintained, or kept, or participated in preparing, maintaining, or keeping, regarding your application for employment with SHRM, contingent offer of employment from SHRM, request for accommodation to SHRM, and any medical condition, diagnosis, or status that references or pertains to your request for accommodation.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request because it is overly broad, unduly burdensome, and is not limited in time. Specifically, the Request asks Plaintiff to produce documents regarding her medical condition, diagnosis, or status, without any limitation in time. Further, the Request, concerning documents related to Plaintiff's medical condition, requires a response which would be unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff further objects as to vagueness regarding the term "participated" in relation to "preparing, maintaining, or keeping, regarding your application for employment with SHRM." It is unclear how this phrase differs from the prior sentence of the request. Plaintiff also objects as to vagueness with regard to the term "status."

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced documents in Response to Defendant's Request for Production of Documents ("Plaintiff's Documents"), Bates Nos. Torres 000002-000042, 000107-000336 in response to this Request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000389 in response to this request. Plaintiff specifies the following clarifying information regarding these documents:
    - Bates No. Torres 000383 continues from Bates No. Torres 000188.
    - Bates No. Torres 000381 continues from Bates. No. Torres 000192.
    - Bates No. Torres 000382 continues from Bates No. Torres 000194.
    - Bates No. Torres 000384 precedes Bates No. Torres 000264.
    - Bates No. Torres 000385 continues from Bates No. Torres 000295.
    - Bates No. Torres 000386 precedes Bates No. Torres 000296.
    - Bates No. Torres 000387 precedes Bates No. Torres 000257.
    - Bates No. Torres 000388 continues from Bates No. Torres 000157.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000513-670 in response to this request.

**SECOND SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates No. Torres 000393 in response to this request. Plaintiff specifies the following clarifying information regarding this document:
    - Bates No. Torres 000393 continues from Bates No. Torres 000256.

- Given Defendant's concerns regarding conversation that appear to Defendant to be incomplete, Plaintiff has produced a sample document to show that the conversation prior

to Bates No. Torres 000107 is non-responsive, as an example. Accordingly, Plaintiff has produced Bates No. Torres 000390 in response to this Request. Plaintiff specifies the following clarifying information regarding this document:

  - Bates No. Torres 000390 precedes Bates No. Torres 000107.

- Given Plaintiff's objection to producing dozens of audio recordings on the basis that it would be unduly burdensome to do so, Plaintiff exported and converted the file format of two audio recordings to estimate the amount of time it would take her to export each audio recording individually. Plaintiff maintains her objections to producing all audio recordings on the basis that it would be unduly burdensome to do so. For example, it would be unduly burdensome for Plaintiff to produce all of these recordings due to risks to her health and safety from being away from her phone for a professional imaging, the cost of a professional imaging, and the cost and time of manually exporting each recording herself individually. Accordingly, Plaintiff has produced those two audio recordings at Bates No. Torres 000391-392 in response to this Request. Plaintiff remains willing to produce the audio recordings if SHRM agrees to pay for the process and it can be done in a way to minimize the health risk that would be associated with the loss of use of her phone.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000408-431, 000432-514 in response to this request.

3. Given Produce any and all documents relating to any admission and/or statement against interest that you allege SHRM made with respect to any allegation asserted in your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including the attorney-client and work product privileges. Plaintiff objects to the extent that documents responsive to this request may be in the possession, custody, or control of Defendant. Plaintiff objects to this Request to the extent that it is overbroad and unduly burdensome and not related to the claims and defenses in the Action. Specifically, all documents and communications that Plaintiff "reviewed, consulted, evaluated, and/or prepared...at any time in connection with her application for employment with SHRM," may include documents which are not relevant to Plaintiff's claims that she was denied an accommodation in violation of the law and/or that she was discriminated against on the basis of her disability. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff objects that the request is overly broad and unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to this Request to the extent that it requests documents that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery

has not been completed. Plaintiff further objects to this request to the extent that such documents are in the possession of Defendant.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000002-000040, 000046-000062 in response to this Request.

4. Produce any and all documents and communications reviewed, consulted, evaluated, prepared, and/or submitted by you or on your behalf to SHRM at any time in connection with your application for employment with SHRM.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including the attorney-client and work product privileges. Plaintiff objects to the extent that documents responsive to this request may be in the possession, custody, or control of Defendant. Plaintiff objects to this Request to the extent that it is overbroad and unduly burdensome and not related to the claims and defenses in the Action. Specifically, all documents and communications that Plaintiff "reviewed, consulted, evaluated, and/or prepared...at any time in connection with her application for employment with SHRM," may include documents which are not relevant to Plaintiff's claims that she was denied an accommodation in violation of the law and/or that she was discriminated against on the basis of her disability. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition includes documents that are not in Plaintiff's possession, custody, or control. Plaintiff further objects based on Fed. R. Civ. P. 26(b)(1), including, but not limited to the extent that the definition would require the production of documents which would be unduly burdensome and not proportional to the needs of the case, the parties resources, and because the burden and expense outweighs its likely benefit.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000002-000042 in response to this Request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000465¬000470 in response to this Request.

5. Produce any and all documents and communications reviewed, consulted, evaluated, prepared, and/or submitted by you or on your behalf to SHRM in connection with your request for accommodation.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as overbroad and unduly burdensome. Plaintiff further objects to this Request to the extent it requests documents and communications that are not relevant to the claims alleged in this Action. Specifically, all documents and communications that Plaintiff "reviewed,

consulted, evaluated, and/or prepared...at any time in connection with request for accommodation," may not be relevant to Plaintiff's claims that she was denied an accommodation in violation of the law and/or that she was discriminated against on the basis of her disability. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Request includes documents that are not in Plaintiff's possession, custody, or control.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000104-000336 in response to this Request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000465¬000470 in response to this Request.

6. Produce any and all documents and communications you or anyone acting on your behalf received from SHRM at any time in connection with your application for employment.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition includes documents that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000003-000040, 000046-000062 in response to this Request.

7. Produce any and all documents and communications you or anyone acting on your behalf received from SHRM at any time in connection with your request for accommodation.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition

includes documents that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000003-000040, 000046-000062 in response to this Request.

8. Produce any and all documents and communications you or anyone acting on your behalf received from SHRM at any time in connection with the rescission of your contingent job offer from SHRM.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition includes documents that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000003-000040, 000046-000062 in response to this Request.

9. Produce any and all documents and communications from any person or entity, including SHRM, that you believe support your contention that SHRM discriminated against you based on your alleged disability

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Plaintiff further objects to this Request because it is overly broad, unduly burdensome, and is not limited in time. Specifically, this Request asks for all documents and communications "from any person or entity," that Plaintiff believes support her contentions that SHRM discriminated against her based on her disability, which could, for example, include any document referring to Plaintiff's Type 1 diabetes. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to this Request because it

is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000002-000042, 000046-000065, 000107-000379 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this Request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000408-431 in response to this request.

10. Produce any and all documents and communications from any person or entity, including SHRM, that you believe support your contention that SHRM failed to accommodate your alleged disability.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Plaintiff further objects to this Request because it is overly broad, unduly burdensome, and is not limited in time. Specifically, this Request asks for all documents and communications "from any person or entity," that Plaintiff believes support her contentions that SHRM failed to accommodate her disability, which could, for example, include any document referring to Plaintiff's Type 1 diabetes. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition includes documents that are not in Plaintiff's possession, custody, or control.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000002-000042, 000046-000065, 000107-000379 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this Request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000393(a)-000408-431 in response to this request.

11. Produce any and all documents and communications that that you contend support your allegations in Paragraph 41 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000046-000065, 000107-000379 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates No. Torres 000393(a)-407, 431 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000671-796.

12. Produce any and all documents and communications that that you contend support your allegations in Paragraph 49 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000046-000065, 000107-000379 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000393(a)-407 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000671-796 in response to this request.

13. Produce any and all documents and communications that that you contend support your allegations in Paragraph 50 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000046-000065, 000107-000379 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

**SECOND SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates No. Torres 000393 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates No. Torres 000393(a)-407, 431.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000671-796.

14. Produce any and all documents and communications that that you contend support your allegations in Paragraph 57 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges.

Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Specifically, documents and communications regarding the allegation that Plaintiff has Type 1 diabetes may include documents dating back to her childhood. Further, this request is not tailored and may include documents regarding legal conclusions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000046-000065, 000107-000379 response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this Request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates No. Torres 431.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000671-796.

15. Produce any and all documents and communications that that you contend support your allegations in Paragraph 61 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term

"communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000046-000065, 000107-000379 response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this Request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

16. Produce any and all documents and communications that that you contend support your allegations in Paragraph 62 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Further, this request is not tailored and may include documents regarding legal conclusions. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000046-000065, 000107-000379 response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

17. Produce any and all documents and communications that that you contend support your allegations in Paragraph 72 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Further, this request is not tailored and may include documents regarding legal conclusions. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000046-000065, 000107-000379 response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

18. Produce any and all documents and communications that that you contend support your allegations in Paragraph 75 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Further, this request is not tailored and may include documents regarding legal conclusions. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term

"communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000046-000065, 000107-000379 response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates No. Torres 431.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000671-796.

19. Produce any and all documents and communications that that you contend support your allegations in Paragraph 76 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Further, this request is not tailored and may include documents regarding legal conclusions. Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-42.

20. Produce any and all documents and communications that that you contend support your allegations in Paragraph 77 of your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. . Plaintiff further objects to this Request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Further, this request is not tailored and may include documents regarding legal conclusions. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition includes documents that are not in Plaintiff's possession, custody, or control.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000011-000042, 000046-000065, 000107-000379 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

21. Produce any and all documents and communications that relate or refer to the elements and computation of any damages you seek as a result of your claims against SHRM in this Action, including, but not limited to, all raw data and computational sheets upon which the amount of each claim for damages is based, as well as any medical bills, balance sheets, financial statements, pay stubs, benefits summaries and federal, state, and local tax returns

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to this Request as vague, as to the term "elements." Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition includes documents that are not in Plaintiff's possession, custody, or control. Accordingly, Plaintiff declines to produce all of her financial statements and her federal, state,

and local tax returns. In addition, Plaintiff declines to produce documents relating to the payment of state unemployment benefits, as such documents are not proportional to the needs of the case due to the collateral source rule.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000041-000042, 000066-000103, 000107-000380 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000001-000464 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000432-434, 000515-518 in response to this request.

22. To the extent not already produced in response to the preceding Request, produce any and all documents, communications, or correspondence that you contend evidence the damages you claim to have suffered as alleged in your Complaint.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents.

**RESPONSE:** *See* Response to Document Request No. 21.

23. To the extent you are seeking to recover damages for pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in your Complaint, produce all medical records, psychiatric records, bills, or correspondence from any physician, hospital, nurse, mental health professional, pharmacist, or any other healthcare provider for any treatment for any mental health, psychological, or psychiatric condition suffered by you that you are alleging was the result of SHRM's alleged acts or omissions.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request to the extent that she does not have in her possession, custody,

or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000107-000379 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000036 in response to this request. Plaintiff's production includes psychiatric records since Defendant rescinded its job offer to Plaintiff on July 15, 2024.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000512 in response to this request.

24. To the extent not already produced in response to the preceding Request, produce all medical records, psychiatric records, bills, or correspondence from any physician, hospital, nurse, mental health professional, pharmacist, or any other healthcare provider for any treatment for any medical conditions suffered by you that you are alleging was the result of SHRM's alleged acts or omissions.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request to the extent that she does not have in her possession, custody, or control, all documents which might be responsive to this Request and that Defendant may be in possession of such documents. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- *See* Response to Document Request Nos. 21, 23.

25. Produce any and all which relate or refer to any agreement between you and SHRM including, but not limited to, agreements for employment, contract, association, affiliation, or license.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request to the extent that she does not have in her possession, custody,

or control, all documents which might be responsive to this request and that Defendant may be in possession of such documents.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 00002-000040, 000046-000065, 000107-000379 in response to this request.

26. Produce any and all documents, correspondence, and communications between you and any current or former SHRM director, officer, agent, employee, or contract worker from the date SHRM rescinded your contingent offer of employment with SHRM to the present.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request, as it requests documents, correspondence, and communications that are not limited to the claims or defenses in this case and the request is not proportional to the needs of the case. Specifically, this Request asks for all documents, correspondence, and communication between Plaintiff and any "current or former SHRM director, officer, agent, employee, or contract worker," regardless of the subject matter of any such "documents, correspondence, and communication." Plaintiff objects to producing documents, correspondence, and communication which are not relevant to the claims and defenses of this Action. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition includes documents that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000003-000040, 000109-000148 in response to this request.

27. Produce any and all documents received from persons or entities other than SHRM pursuant to subpoenas, third party requests to produce, or other means regarding or relating to the allegations and claims in your Complaint

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request because it is overly broad, unduly burdensome, and is not limited in time. For example, this Request could include any document referring to Plaintiff's Type 1 diabetes which could include documents dating back to her childhood. Plaintiff further objects to this request to the extent that it requests documents or communications related to disability discrimination more generally which Plaintiff objects to

having to produce due to burden, relevance, and the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff further objects that the term "other means" is vague. Subject to Plaintiff's objections, Plaintiff will produce documents received from third parties to the extent that such documents are responsive to other Requests, and not otherwise, objected to.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000026-000470 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000393(a)-407, 000435-514 in response to this request.

28. Produce any and all instant messages or other text communications on Signal, Discord, WhatsApp, Messenger, Facebook, Instagram, TikTok, or other social media applications or sites regarding or relating to the allegations in your Complaint

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request because it is overly broad, unduly burdensome, and is not limited in time. For example, this Request could include any document referring to Plaintiff's Type 1 diabetes which could include documents dating back to her childhood. Plaintiff further objects to this request to the extent that it requests documents or communications related to disability discrimination more generally which Plaintiff objects to having to produce due to burden, relevance, and the scope of Fed. R. Civ. P. 26(b)(1). Plaintiff further objects that the term "other means" is vague. Plaintiff objects to this Request to the extent that it requests documents and communications that are privileged, including the attorney-client and work product privileges. Plaintiff objects to this Request because it is overly broad, unduly burdensome, and is not limited in time. For example, this Request could include any document referring to Plaintiff's Type 1 diabetes and which are not related to the claims and defenses in the case. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff further objects that this Request is vague and lacks particularity making it difficult to respond to.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000002-40, 000107-000379 in response to this request.

__SUPPLEMENTAL RESPONSE__: Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.

__SECOND SUPPLEMENTAL RESPONSE:__ Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates No. Torres 000393 in response to this request. Plaintiff specifies the following clarifying information regarding this document:
  - Bates No. Torres 000393 continues from Bates No. Torres 000256.

- Given Defendant's concerns regarding conversation that appear to Defendant to be incomplete, Plaintiff has produced a sample document to show that the conversation prior to Bates No. Torres 000107 is non-responsive, as an example. Accordingly, Plaintiff has produced Bates No. Torres 000390 in response to this Request. Plaintiff specifies the following clarifying information regarding this document:
  - Bates No. Torres 000390 precedes Bates No. Torres 000107.

- Given Plaintiff's objection to producing dozens of audio recordings on the basis that it would be unduly burdensome to do so, Plaintiff exported and converted the file format of two audio recordings to estimate the amount of time it would take her to export each audio recording individually. Plaintiff maintains her objections to producing all audio recordings on the basis that it would be unduly burdensome to do so. For example, it would be unduly burdensome for Plaintiff to produce all of these recordings due to risks to her health and safety from being away from her phone for a professional imaging, the cost of a professional imaging, and the cost and time of manually exporting each recording herself individually. Accordingly, Plaintiff has produced those two audio recordings at Bates No. Torres 000391-392 in response to this Request. Plaintiff remains willing to produce the audio recordings if SHRM agrees to pay for the process and it can be done in a way to minimize the health risk that would be associated with the loss of use of her phone.

__THIRD SUPPLEMENTAL RESPONSE:__ Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000435-514 in response to this request.

29. Produce all photographs, videos, or other visual recordings or representations that support any of your claims, or that could be used in response to any defense asserted by SHRM.

**OBJECTIONS:** Plaintiff objects to this Request because it is overly broad, unduly burdensome, and is not limited in time. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Plaintiff further objects that this request is vague and lacks particularity making it difficult to respond to.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- At this time, Plaintiff does not have any documents responsive to this request.

30. Produce the current curriculum vitae or résumé of any expert that you have consulted in this Action, without regard to whether you intend to call such expert as a testifying witness in this Action.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests information that is privileged, including the attorney-client and work product privileges. To the extent that Plaintiff retains an expert only for trial preparation, whom Plaintiff does not intend to call as a witness, the Defendant may not be entitled to such documents. *See* Fed. R. Civ. P. 26(b)(3)(A). In the event Plaintiff decides to call an expert witness, any draft reports or disclosures prepared for trial by the expert witness or Plaintiff's counsel are protected from disclosure by Fed. R. Civ. P. 26(b)(4)(B). Subject to these objections, Plaintiff will provide a response to this Request consistent with the expert deadlines set forth by the Court.

31. Produce the expert report of any expert that you intend to have testify in this Action.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it is premature. Subject to these objections, she will provide a response to this Request consistent with the expert deadlines set forth by the Court.

32. Produce a copy of any documents and items reviewed or relied upon by any expert upon whom you may rely, or that were provided to such expert, by you or any party acting on your behalf, in relation to this Action.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests information that is privileged, including the attorney-client and work product privileges. In the event Plaintiff decides to call an expert witness, any draft reports or disclosures prepared for trial by the expert witness or Plaintiff's counsel are protected from disclosure by Fed. R. Civ. P. 26(b)(4)(B). Subject to these objections, Plaintiff will provide a response to this Request consistent with the expert deadlines set forth by the Court.

33. Produce all reports, compilations of data, notes, or any other documents prepared by any non-testifying expert whose opinions or impressions were and/or are to be reviewed by any expert designated to testify on your behalf in this Action.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff further objects to this Request to the extent that it requires production of documents reviewed by any testifying expert where that expert did not rely on the facts, data, or information in forming their opinions as set forth in Fed. R. Civ. P. 26(b)(4). Subject to these objections, Plaintiff will provide a response to this Request consistent with the expert deadlines set forth by the Court.

34. Produce all documents and items you provided to, or that were otherwise relied upon by, any person you have consulted for expert advice regarding your allegations in this Action, without regard to whether you expect to call them as an expert witness in this Action.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. To the extent that Plaintiff retains an expert only for trial preparation, whom Plaintiff does not intend to call as a witness, the Defendant may not be entitled to such documents. See Fed. R. Civ. P. 26(b)(3)(A). In the event Plaintiff decides to call an expert witness, any draft reports or disclosures prepared for trial by the expert witness or Plaintiff's counsel are protected from disclosure by Fed. R. Civ. P. 26(b)(4)(B). Subject to these objections, Plaintiff will provide a response to this Request consistent with the expert deadlines set forth by the Court.

35. Produce all documents and communications you received from any person you have consulted for expert advice regarding your allegations in this Action, without regard to whether you expect to call them as an expert witness in this Action.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. To the extent that Plaintiff retains an expert only for trial preparation, whom Plaintiff does not intend to call as a witness, the Defendant may not be entitled to such documents. See Fed. R. Civ. P. 26(b)(3)(A). In the event Plaintiff decides to call an expert witness, any draft reports or disclosures prepared for trial by the expert witness or Plaintiff's counsel are protected from disclosure by Fed. R. Civ. P. 26(b)(4)(B). Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions. Plaintiff objects to the definition in reference to "oral" communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition includes documents that are not in Plaintiff's possession, custody, or control. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit. Subject to these objections, Plaintiff will provide a response to this Request consistent with her obligations for expert disclosures.

36. Produce all documents that relate or refer to any services for remuneration (including employment relationships, business initiatives, consulting relationships, independent

contract relationships, etc.), that you have performed for any entity, including self-employment, since January 1, 2020, including, but not limited to resumes, job applications, time cards, pay stubs, personnel policies, employee handbooks, benefits plans, confidentiality agreements, performance evaluations, and job descriptions.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to this Request because it is overly broad in scope, unduly burdensome, and is not limited in time. This Request asks for documents that are not relevant to the allegations, claims, defenses, or damages in this Action and the Request is not proportional to the needs of the case. Finally, the burden and expense in responding to the scope of this request outweigh the likely benefit. Plaintiff further objects to this request because its time limit is overbroad. Specifically, this Request asks for documents relating to Plaintiff's employment history back to January 1, 2020. The documents requested, including all of Plaintiff's resumes, job applications, time cards, pay stubs, personnel policies, employee handbooks, benefits plans, confidentiality agreements, performance evaluations, and job descriptions, for four years prior to the Plaintiff's allegations against Defendant, and are irrelevant to the claims and defenses of this Action. Plaintiff alleges that she was discriminated against on the basis of her disability and that Defendant failed to accommodate her in violation of the law in or around June of 2024. Plaintiff objects to having to provide all documents relating to any services for renumeration she has performed prior to the allegations at issue in this Action. Plaintiff also objects to producing resumes, job applications, time cards, pay stubs, personnel policies, employee handbooks, benefits plans, confidentiality agreements, performance evaluations, and job descriptions as these documents do not relate in any way to the claims and defenses of this Action are unduly burdensome.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000080-0000192 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000001-000025.
- Plaintiff's production includes documents relating or referring to services she performed for renumeration since Defendant's rescission of its job offer to Plaintiff on July 15, 2024. Specifically, Plaintiff's production includes documents relating or referring to renumeration received from such services.

37. Produce a copy of any and all federal, state and local income tax forms (W-2's, W-4's, tax returns and their attachments and/or exhibits, etc.), receipts, and deposit records or check stubs that indicate the transfer of funds to you, regardless of source, including wages, passively earned income, earnings from businesses such as profit-sharing and partnership income paid to you, and benefits of any kind from January 1, 2023, to the present.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to this Request because it is overly broad in scope, unduly burdensome, and is not limited in time. This

Request asks for documents that are not relevant to the allegations, claims, defenses, or damages in this Action and the Request is not proportional to the needs of the case. Specifically, the Request asks for documents indicating the transfer of funds to Plaintiff beginning in January 1, 2023. Plaintiff alleges that Defendant unlawfully discriminated against her and/or failed to accommodate her in connection with a job offer in or around June of 2024. Therefore, documents relating to Plaintiff's taxes and/or the transfer of funds to her prior to that date are irrelevant. Moreover, documents relating to the transfer of funds to Plaintiff which are not a result of employment are not relevant to the claims or defenses at issue in this Action. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit.

**RESPONSE:** As stated in Plaintiff's Objections to Defendant's First Request for Production of Documents, Plaintiff objected to the scope of this Request. Accordingly, Plaintiff declines to produce her federal, state, and local tax returns. In addition, Plaintiff declines to produce documents relating to the transfer of funds to her which are unrelated to her employment or other services for renumeration. Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000080-0000192 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000001-000025.
- Plaintiff's production includes documents relating or referring to services she performed for renumeration since Defendant's rescission of its job offer to Plaintiff on July 15, 2024. Specifically, Plaintiff's production includes documents relating or referring to renumeration received from such services.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000432-434 in response to this request.

38. Produce any and all documents, correspondence, and communications reflecting any search for employment since June 1, 2024, including but not limited to communications to or from any job coach or recruiter you consulted, newspaper advertisements or online websites or directories you searched for job openings, each position to which you applied, including a description of the duties for each such potential job, each cover letter, résumé, and/or job application you submitted in response to such position, communications regarding any interview(s) for employment, and other correspondence with or from any prospective employer.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to the term "communication" as it is defined in Defendant's Definitions, and also objects to this Request to the extent that it is vague and unclear what "communications" means in the context

of this Request. Plaintiff further objects to the terms “directories” and “consulted” as vague. This Request asks for documents that are not relevant to the allegations, claims, defenses, or damages in this Action and the Request is not proportional to the needs of the case. For example, this Request asks for all communications from any job coach or recruiter and any newspaper advertisements or online websites or directories which Plaintiff consulted for job openings. It is unduly burdensome for Plaintiff to produce such information as she would not be able to recreate all the searches she has conducted since June 1, 2024. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties’ resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the definition in reference to “oral” communications because this is a request for production of documents. Plaintiff further objects to the extent that the Request asks for documents that are not in Plaintiff’s possession, custody, or control.

**RESPONSE:** Subject to Plaintiff’s objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff’s Documents, Bates Nos. Torres 000001, 380 in response to this request. Plaintiff’s production includes a summary of positions Plaintiff has applied to since June 1, 2024. In addition, Plaintiff’s production includes her résumé as of today’s date.

39. Produce any and all documents, correspondence, and communications reflecting any offers of employment or gig or contract work, including unsolicited invitations or offers, or rejections of employment or gig or contract work you have received since June 1, 2024.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties’ resources, and the burden and expense will outweigh its likely benefit. Plaintiff objects to the term “communication” as it is defined in Defendant’s Definitions. Plaintiff objects to the definition in reference to “oral” communications because this is a request for production of documents. Plaintiff further objects to the extent that the Definition includes documents that are not in Plaintiff’s possession, custody, or control. Subject to these objections, Plaintiff will respond to this Request if she has responsive, non-privileged documents in her possession, custody, or control from June 17, 2024, to present which are relevant to the claims and defenses alleged in this Action.

**RESPONSE:** Subject to Plaintiff’s objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff’s Documents, Bates Nos. Torres 000001, 000043-000045, 000104-000106, 000380 in response to this request. Plaintiff’s production includes a summary of positions Plaintiff has applied to since June 1, 2024.

40. Produce your current curriculum vitae and/or resume.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to the term "current" as it relates to this request. Plaintiff continues to look for employment and to the extent she makes an edit to her resume, it is not reasonable for her to continue to have to produce multiple copies to Defendant. Plaintiff further objects to the scope of this request because it is unduly burdensome, not proportional to the needs of the case and the Parties' resources, and the burden and expense will outweigh its likely benefit.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000001 in response to this request. Specifically, Plaintiff's production includes her résumé as of today's date.

41. Produce any and all documents that relate or refer to any claim(s) you made for any type of government (federal, state, or local) benefits assistance on or after June 1, 2024.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to this Request to the extent that it requests documents that are not related to the claims or defenses of this Action.

**RESPONSE:** Consistent with her objections, Plaintiff declines to produce "documents that relate or refer to any claim(s) [she] made for any type of government (federal, state, or local) benefits assistance on or after June 1, 2024."

42. Produce all pleadings files, or administrative records relating to any other legal proceeding in which you have been a complainant, claimant, responding party, applicant, plaintiff, defendant, or charging party with respect to any claim of employment or workplace discrimination or retaliation, wrongful discharge, breach of contract, or tort claim

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to this Request as irrelevant to the claims and defenses in this Action. Specifically, this Request asks for documents and records relating to legal proceedings, regardless of the subject matter. Any legal proceeding unrelated to Plaintiff's allegations in this Action is irrelevant to the claims at issue.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000046-000065, 000337-000379 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000408-409 in response to this request.

43. Produce all pleadings relating to any other legal proceeding you identified in your answers to Defendant's First Set of Interrogatories to Plaintiff Fiona Torres.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to this Interrogatory as vague as it is not clear what legal proceedings Defendant is referring to. To the extent that Plaintiff objected to responding to any Interrogatories that may be related to this request, Plaintiff hereby incorporates those objections here.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000046-000065, 000337-000379 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000408-409 in response to this request.

44. Produce all documents which relate or refer to any time you have been arrested for, convicted of, and/or given a plea concerning any criminal offense.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to this Request as irrelevant to the claims and defenses at issue in this Action. The claims in this case related to Defendant's discrimination of Plaintiff after it had already offered Plaintiff a job. There are no allegations that relate in any way to this Request. Plaintiff further objects to the scope of the Request as it is unlimited in time.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds that there are no responsive documents.

45. To the extent, you are seeking to recover attorneys' fees in this Action, produce all documents evidencing the agreement between you and your attorneys for payment of your attorneys' fees, costs, and disbursements in connection with this Action.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff further objects because the Request does not relate to the claims and defenses in this Action.

**RESPONSE:** Plaintiff declines to produce "documents evidencing the agreement between you and your attorneys for payment of your attorneys' fees, costs, and disbursements in connection with this Action."

**THIRD SUPPLEMENTAL RESPONSE:** Plaintiff will seek reasonable attorneys' fees, including litigation expenses, and costs, pursuant to 42 U.S.C. §12205. Consistent with her objections, Plaintiff declines, as currently irrelevant, to produce "documents evidencing the agreement between you and your attorneys for payment of your attorneys' fees, costs, and disbursements in connection with this Action." Plaintiff will provide documentation of her "attorneys' fees, costs, and disbursements" at a time when Plaintiff seeks reasonable attorneys' fees, including litigation expenses, and costs, pursuant to 42 U.S.C. §12205.

46. To the extent, not already requested, produce any and all documents reflecting communications you have had with any person, including, but not limited to, any current or former SHRM employee or contractor, regarding the allegations in your Complaint from January 1, 2024 to present.

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this request to the extent that such documents are in the possession of Defendant. Plaintiff further objects to the extent that this Request is vague as it refers to the allegations in the Complaint which include 106 paragraphs. Plaintiff further objects as she is not aware of every individual who may be a SHRM current or former employee or contractor.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 00002-000041, 000107-000379 in response to this request.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000388 in response to this request.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000410-431, 435-514 in response to this request.

47. Produce all documents that you may rely upon or offer into evidence at the trial of this Action or at any evidentiary hearing in this Action (regardless of whether such hearing is a final trial on the merits).

**OBJECTIONS:** Plaintiff objects to this Request to the extent that it requests documents that are privileged, including under the attorney-client and work product privileges. Plaintiff objects to this Request as premature to the extent that discovery has not been completed. Plaintiff further objects to this Request to the extent that such documents are in the possession of Defendant.

**RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000001-000380 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000001-000470.

**SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000381-000389 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000471-000670.

**THIRD SUPPLEMENTAL RESPONSE:** Subject to Plaintiff's objections, Plaintiff responds as follows:

- Plaintiff has produced Plaintiff's Documents, Bates Nos. Torres 000390-000514 in response to this request.
- Plaintiff has produced Plaintiff's Documents, Bates Nos. Confidential Torres 000671-796.

48. Produce one executed copies of the Authorization for Release of Protected Health Information ("PHI") pertaining to medical records attached as Exhibit A

**OBJECTIONS:** Plaintiff objects to this Request as overbroad. Specifically, the Authorization for Release of Protected Health Information requested by Defendant is not limited in time, scope, or relevance to claims and defenses at issue in this Action. Plaintiff further objects as the request extends beyond the requirements and scope of discovery. Plaintiff objects to this Request as she does not consent to release all of her medical records from her medical providers directly to Defendant.

**RESPONSE:** Consistent with Plaintiff's objections, Plaintiff declines to produce "one executed copies of the Authorization for Release of Protected Health Information ("PHI") pertaining to medical records attached as Exhibit A." Plaintiff has requested health records responsive to Defendant's Requests for Production of Documents from her healthcare providers which may be responsive to other Requests and has produced such records in her responses to such Requests.

49. Produce two executed copies of the Authorization for Release of PHI pertaining to psychiatric records attached as Exhibit B.

**OBJECTIONS:** Plaintiff objects to this Request as overbroad. Specifically, the Authorization for Release of Protected Health Information requested by Defendant is not limited in time, scope, or relevance to claims and defenses at issue in this Action. Plaintiff further objects as the request extends beyond the requirements and scope of discovery. Plaintiff objects to this Request as she does not consent to release all of her medical records from her medical providers directly to Defendant.

**RESPONSE:** Consistent with Plaintiff's objections, Plaintiff declines to produce "two executed copies of the Authorization for Release of PHI pertaining to psychiatric records attached as Exhibit B." Plaintiff has requested health records responsive to Defendant's Requests for Production of Documents from her healthcare providers which may be responsive to other Requests and has produced such records in responses to such Requests.

Respectfully submitted,

Anna Kathryn B. Barry

Mary E. Kuntz
Virginia Bar No. 76947
Hector F. Ruiz, Jr.
Virginia Bar No. 102153
Stephen B. Pershing
Virginia Bar No. 31012
Anna Kathryn B. Barry
D.C. Bar No. 1719493
(Admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
mkuntz@kcnlaw.com
hruiz@kcnlaw.com
spershing@kcnlaw.com
akbarry@kcnlaw.com

*Attorneys for Plaintiff*

Date: June 12, 2026

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by electronic mail on June 12, 2026, on counsel of record for SHRM as follows:

Lauren M. Bridenbaugh
Leslie P. Currie
Tanja L. Darrow (admitted *pro hac vice)*
Tiffany din Fagel Tse
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lbridenbaugh@littler.com
lcurrie@littler.com
tdarrow@littler.com
ttse@littler.com

*Counsel for Defendant*

Anna Kathryn B. Barry
Anna Kathryn B. Barry