**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| FIONA TORRES,<br><br>*Plaintiff*,<br><br>v.<br><br>SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>*Defendant*. | ) | 1:25-cv-2360 (PTG/WBP) |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Exclude Testimony of Defendant's Proposed Expert ("Motion to Exclude") (Dkt. 99) and Motion in Limine to Exclude After-Acquired Evidence ("Motion in Limine") (Dkt. 110). The parties fully briefed the Motion to Exclude. *See* Dkts. 100, 104, 107. On September 22, 2026, the Court held a hearing on Plaintiff's Motion to Exclude. The hearing on Plaintiff's Motion in Limine is set for October 1, 2026 at 10:00 a.m.

For the reasons stated from the bench, it is hereby

**ORDERED** that Plaintiff's Motion to Exclude (Dkt. 99) is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** that Defendant's proposed expert is excluded from testifying about any opinion for which the medical literature is the basis. Although not intended to be an exhaustive list, this includes the following topics from the expert report (Dkt. 100-2) and Defendant's Rule 26(a)(2) disclosure (Dkt. 100-1):

1) A diabetic alert dog is not a necessary accommodation for Plaintiff;

2) The medical literature does not support routine use of diabetic alert dogs;

3) The role of diabetic alert dogs is mainly psychosocial;

4) Plaintiff does not meet the criteria of hypoglycemic unawareness, and she has not sustained any seizures, which are the accepted indications for possible diabetic alert dog use;

5) There is no convincing evidence of additional benefit from diabetic alert dog use with Continuous Glucose Monitoring ("CGM");

6) Accuracy with diabetic alert dogs is variable and some dogs become less reliable over time;

7) While some individual diabetic alert dogs perform well and the psychosocial benefits are meaningful, the evidence does not support diabetic alert dogs as a reliable method of glucose monitoring;

8) Diabetic alert dogs may serve as a complementary tool for psychosocial reassurance;

9) The medical literature has demonstrated only psychoscial benefits when a diabetic alert dog is added to CGM use;

10) The need for a diabetes alert dog is not supported for Plaintiff;

11) Whether it is medically necessary for Plaintiff to have a service dog with her at all times due to Type 1 diabetes; and

12) Plaintiff does not medically require a service dog to manage Type 1 diabetes.

It is further

**ORDERED** that Defendant's proposed expert is excluded from testifying about the following topics from the expert report (Dkt. 100-2) and Defendant's Rule 26(a)(2) disclosure (Dkt. 100-1):

1) SHRM has offered to make reasonable accommodations to meet Plaintiff's diabetes care;
2) SHRM is willing to make accommodations for Plaintiff;
3) Whether Plaintiff could perform the essential functions of the Senior Specialist Product Management position at SHRM with or without an accommodation, which includes testimony about Plaintiff's qualifications for the job but does not include testimony about the job description or job duties;
4) Any alternative methods of monitoring blood glucose, other than a CGM;
5) Whether any alternative methods of monitoring blood glucose that do not involve a service dog adequately address the functional needs associated with diabetes; and
6) Plaintiff's own conduct demonstrates that a service dog is not a necessary workplace accommodation for her Type 1 diabetes condition.

It is further

**ORDERED** that Defendant's proposed expert is excluded from using the phrases "standard(s) of care" and "standard for diabetes care." Instead, Defendant's proposed expert may testify as to what is "typical" or what is used with respect to the treatment and management of Type 1 diabetes. It is further

**ORDERED** that Defendant's proposed expert may testify about all other information in his report; it is further

**ORDERED** that the hearing on the Motion in Limine (Dkt. 110) is **TERMINATED**.

Entered this 24th day of September, 2026.
Alexandria, Virginia

/s/
**Patricia Tolliver Giles**
**United States District Judge**