**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

FIONA TORRES,

Plaintiff,

v.

SOCIETY FOR HUMAN RESOURCE MANAGEMENT,

Defendant.

Civil Action No. 1:25-cv-2360-PTG-WBP

Hon. Patricia Tolliver Giles, J.
Hon. William B. Porter, M.J.

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

The Plaintiff proposes the following questions to be asked of the jury during voir dire:

1. Plaintiff's attorneys will now introduce themselves and the plaintiff, Fiona Torres. Do any of you know Fiona Torres? Do any of you know Plaintiff's attorneys, Mary Kuntz, Thomas Walker, or Anna Kathryn Barry? Are any of you familiar with the Plaintiff's law firm: Kalijarvi, Chuzi, Newman & Fitch?
2. Defendant's attorneys will now introduce themselves and the Defendant. Do any of you know Lauren Bridenbaugh? Tiffany din Fagel Tse? Leslie Currie? Tanja Darrow? Are any of you familiar with the law firm Littler Mendelson?
3. Have you, or has a family member or close friend, ever worked for or been a member of the Society for Human Resource Management (SHRM)?
4. Are you a customer of, a stockholder of, or have you done business with, SHRM?
5. Have any of you ever worked for a human resources organization?

6. Do you know any of the following people? Carmen Torres? Joseph (Joey) Cabrera? Dr. Silpa P.K. Joshi? Peyton Veizaga? Tatiana Messinger? Eva Kostyu? James (Jim) Link? Nicole Belyna? Kristen Howe? Deborah Zoerkler? Katharine Panessidi? Dr. Michael Cooperman?

7. Educational background:
    (a) Show of hands for high school degree? College degree? Graduate degree?
    (b) Have any of you received any training in law, law enforcement, or criminology?
    (c) Have any of you received any special training in human resources or other aspects of personnel management?

8. Employment history:
    (a) Are you currently employed?
    (b) Have you or a close family member ever owned, operated, or managed a company that had employees?
    (c) Have you ever supervised any employees?
    (d) How many of you ever had hiring or firing authority in your job?
    (e) How many of you have ever been involved - in any way - in making policies for a company or agency?

9. How many of you have ever been terminated from work?

10. How many of you have ever had a job offer rescinded?

11. How many of you have ever been disciplined at work?

12. Have you, or any family member or close friend, ever worked in human resources?

13. Have you ever terminated an employee or recommended that an employee be terminated?

14. How many of you ever sat on a jury before?

15. Are any of you frustrated or upset about being here today?
16. Have you, or any family member or close friend, ever had a lawsuit filed against you/them for any reason?
17. Have any of you ever filed a lawsuit?
18. Does it bother you or upset you that someone may file a lawsuit and go to court?
19. Are you all familiar with the term "disability discrimination"?
20. Are you all familiar with the term "reasonable accommodation"?
21. This case involves a job offer that was allegedly withdrawn after the applicant disclosed that she has Type 1 diabetes and requested to bring a medical alert service dog to work as an accommodation for her disability. Do you have any strong feelings, positive or negative, about disability accommodations in the workplace?
22. Do you have strong feelings, positive or negative, about lawsuits involving disability accommodations in the workplace?
23. Does anyone think that the law should not require employers to provide reasonable accommodations to employees with disabilities?
24. Does anyone have a disability or have a family member or close friend with a disability?
25. Have you, a family member, or a close friend ever requested, granted, denied, or evaluated a workplace accommodation for a medical condition or disability?
26. Does anyone feel that service animals do not belong in the workplace?
27. Does anyone feel that allowing a service animal in the workplace for one person would set a difficult precedent for the employer, to the extent that the employer may then feel obligated to let more people bring animals to work?

28. Does anyone feel that allowing one diabetic person a service animal at work would be unfair to other diabetic people who do not have service animals?
29. Does anyone have strong feelings, positive or negative, about service animals being present in offices, workplaces, restaurants, airplanes, or other public settings?
30. Have you ever had an experience with a service animal, emotional support animal, or pet in a public or workplace setting that might affect how you view this case?
31. Would anyone have difficulty accepting that a person with a medical condition may need more than one form of protection, such as medical devices, medication, and a service animal?
32. This case may involve evidence about Type 1 diabetes, low blood sugar episodes, and the use of a medical alert dog. Does anyone have personal experience with diabetes that might affect how you view the evidence?
33. Do you believe that a person with a serious medical condition has a responsibility to avoid jobs or workplaces where their condition might create inconvenience for an employer?
34. This case involves a plaintiff who was unemployed or underemployed after the job offer was withdrawn. Does anyone believe, as a general matter, that someone who loses a job opportunity should simply move on and not bring a lawsuit?
35. Do any of you, for any reason, think you might have difficulty listening to the evidence in this case and coming to a decision that the Plaintiff was the victim of disability discrimination or a failure to accommodate her disability, if the Plaintiff proves her case?
36. Do you believe emotional distress from losing a job opportunity or being denied an accommodation can be a real injury worth monetary compensation?

37. The plaintiff is an individual suing an organization. Would anyone start the case with the feeling that people who allege discrimination or request accommodations are seeking special treatment, are too sensitive, are just looking for money without good reason, or are unwilling to accept business decisions?
38. In a case involving a dispute between an employer and an employee, how many of you have any tendency to believe or find the employer more likely to be truthful?
39. The defendant in this case is an organization involved in human resources. Would anyone be inclined to give more weight to an HR organization's explanation of employment decisions because of its professional role?
40. Do you know anyone who has made a complaint of disability discrimination, or who has requested a workplace accommodation that was denied?
41. This is a civil case, so Ms. Torres must prove her case by a preponderance of the evidence, meaning, “more likely than not” or 51%. Do you think the 51% standard is unfair?
42. Do you understand that criminal cases must be proved “beyond a reasonable doubt,” which is a much higher standard than civil cases?
43. If you the jury find that the Plaintiff was discriminated against on the basis of disability, or that her employer failed to provide a reasonable accommodation, do any of you think you would have a problem awarding her money damages — including damages for emotional distress, humiliation, or loss of dignity — to compensate her for any injuries she suffered, if the Court instructs you that those damages are allowed and the evidence supports them?

44. Do you have any personal beliefs regarding how much money a person should be allowed to get from a lawsuit?
45. How many of you would have a problem awarding punitive damages to punish a defendant or deter a defendant from violating the law in the future?
46. Do any of you know any reason why you could not listen to the facts in this case, carefully consider them, and be fair in applying them to reach a verdict in this case?
47. Do you have any religious or moral beliefs that would make it difficult for you to sit in judgment of another person?
48. From what social media and mainstream media sources do you obtain most of your news?
49. Is there anything about the nature of this case — including disability discrimination, requests for workplace accommodations, service dogs, diabetes, or claims for emotional distress — or about the people involved in it that makes you hesitate to think that you could render judgment fairly and without bias as a juror in this case?
50. Is there anything else that you feel is important for the parties in this case to know about you?

Respectfully submitted,

/s/ Mary E. Kuntz
Mary E. Kuntz
Virginia Bar No. 76947
Stephen B. Pershing
Virginia Bar No. 31012
Anna Kathryn B. Barry
D.C. Bar No. 1719493
(Admitted pro hac vice)
Thomas O. Walker II
Alabama Bar No. 4064E32W
(Admitted pro hac vice)

Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
mkuntz@kcnlaw.com
spershing@kcnlaw.com
akbarry@kcnlaw.com
twalker@kcnlaw.com

Attorneys for Plaintiff

Dated: September 29, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2026, a copy of the foregoing was filed with the Court's case management / electronic case filing ("CM/ECF") system, through which it was transmitted to counsel of record for defendant Society for Human Resource Management as follows:

Lauren M. Bridenbaugh
Leslie P. Currie
Tanja L. Darrow (admitted pro hac vice)
Tiffany Fagel Tse
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lbridenbaugh@littler.com
lcurrie@littler.com
tdarrow@littler.com
ttse@littler.com

/s/ Mary E. Kuntz
Mary E. Kuntz