**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Civil Action No. 1:25-CV-02360-PTG** |

**<u>SHRM'S PROPOSED VOIR DIRE</u>**

Defendant Society For Human Resource Management ("SHRM" or "Defendant") submits the following proposed voir dire:

1. The Plaintiff in this case is Fiona Torres. Do you or any member of your family know, or know of, the Plaintiff, Ms. Torres? If so, in what manner, *i.e.*, are you related to her, have you heard anything about her, or do you know her socially or professionally?

2. If so, please state the nature of your relationship with Ms. Torres and how your relationship with Ms. Torres might affect your opinions in this case?

3. The Defendant in this case is Society For Human Resource Management, commonly referred to as SHRM. Have you, your close friends, or any member of your family ever worked for SHRM? If so, please explain.

4. Do you know any former or current employees of SHRM? If so, please state (a) the name of that employee; (b) the nature of your acquaintance; and (c) how your acquaintance with this individual might affect your opinions in this case?

5. Prior to today, have any of you heard of or had any experiences involving SHRM? If so, please explain the extent of your knowledge of and experience with SHRM.

6. How might your prior knowledge or experience with SHRM affect your opinions in this case?

7. How many here have any opinions of SHRM, positive or negative? How would that opinion affect your opinions in this case?

8. Ms. Torres is represented by Stephen Pershing, Mary Kuntz, Anna Kathryn Barnes Barry, and Thomas Walker II, who are attorneys with the law firm Kalijarvi, Chuzi, Newman & Fitch, P.C. in Washington, DC. Do any of you know Mr. Pershing, Ms. Kuntz, Ms. Barnes Barry, or Mr. Walker?

9. Have any of you had any dealings with Mr. Pershing, Ms. Kuntz, Ms. Barnes Barry, or Mr. Walker? If so, please describe the nature of those dealings and how those dealings would might affect your opinions in this case.

10. Ms. Torres was previously represented by Lori Kisch and Hector Ruiz, who were formerly employed as attorneys at the law firm Kalijarvi, Chuzi, Newman & Fitch, P.C. Do any of you know Ms. Kisch or Mr. Ruiz?

11. Have any of you had any dealings with Ms. Kisch or Mr. Ruiz? If so, please describe the nature of those dealings and how those dealings might affect your opinions in this case.

12. Have any of you or any of your family members had any dealings with any other lawyers or employees from the law firm Kalijarvi, Chuzi, Newman & Fitch, P.C.? If so, please state the nature of those dealings and how those dealings would affect your opinions in this case.

13. SHRM is represented by Tanja Darrow, Lauren Bridenbaugh, Tiffany Tse, and Leslie Currie, who are attorneys with the law firm Littler Mendelson, P.C. Do any of you know Ms. Darrow, Ms. Bridenbaugh, Ms. Tse, or Ms. Currie?

14. Have any of you had any dealings with Ms. Darrow, Ms. Bridenbaugh, Ms. Tse, or Ms. Currie? If so, please describe the nature of those dealings and how those dealings might affect your opinions in this case.

15. Have any of you or any of your family members had any dealings with any other lawyers or employees from the law firm Littler Mendelson, P.C.? If so, please state the nature of those dealings and whether those dealings would prevent you from being a fair and impartial juror.

16. Does anyone here have any opinions about any of the parties, lawyers, or law firms involved in this case, positive or negative?

17. There are a number of witnesses who may testify in this case. The following is a comprehensive list of witnesses identified by Ms. Torres and SHRM and arranged in alphabetical order by last name, who may be called to testify in this case:

- Nicole Belyna
- Joseph “Joey” Cabrera
- Michael Cooperman, M.D.
- Kristen Howe
- Silpa P.K. Joshi, M.D.
- Eva Kostyu
- Jimmy Ray “Jim” Link
- Tatiana Messinger
- Katharine Panessidi

- Carmen Torres
- Peyton Veizaga
- Deborah Zoerkler

Do any of you know, or know of, any of the individuals I just listed? If so, please state the nature of your relationship with the individual and how it might affect your opinions in this case?

18. Do any of you know one another or recognize anyone else on the jury panel, the courtroom staff, or me?

19. Have any of you previously served on a jury? If yes, (a) did you deliberate to a verdict, and (b) were you the foreperson?

20. Have any of you, any family members, or any close friends ever been a plaintiff or a defendant in a civil lawsuit? If so, please state: (a) whether you were the plaintiff or the defendant; (b) the nature of the lawsuit; (c) the name(s) of the other party or parties involved in the lawsuit, and (d) how that experience might affect your opinions in this case.

21. Have you, any of your family members, or any close friends been a plaintiff or a defendant in a case involving any form of discrimination? If so, please state: (a) whether you or your family member were the plaintiff or the defendant; (b) the nature of the lawsuit; (c) the name(s) of the other party or parties involved in the lawsuit, and (d) how that experience might affect your opinions in this case.

22. Have you, any of your family members, or any close friends ever sued or threatened to sue an employer? If so, please explain.

23. Have you, any of your family members, or any close friends ever had a job offer rescinded? If so, please explain.

24. Have you, any of your family members, or any close friends ever attempted or provided evidence, deposition testimony, or live testimony in an administrative or court proceeding against an employer? If so, please explain.

25. Have you, any of your family members, or any close friends used grievance procedures or another form of formal complaint against an employer? If so, please explain.

26. How many here believe that the mere filing of a lawsuit means that the defendant has done something wrong, or that the plaintiff is entitled to recover something? If so, please explain.

27. In a lawsuit between an individual and a company, how many here would start out leaning in favor of the individual, even if just a little bit? If so, please explain.

28. How many here believe that the fact that a case has gotten to trial means there must be some truth to the plaintiff's claims; and that otherwise the case wouldn't have gotten this far? If so, please explain.

29. How many here might think that a plaintiff should recover something because the defendant is a company that may be able to pay a judgment? If so, please explain.

30. If you were instructed that individuals and businesses should be treated equally in this trial, how many of you would be uncomfortable with being able to do that? Please explain.

31. Have any of you, whether from anything you have heard, seen, or read, inside or outside the courtroom, started to develop an opinion about how this case should be decided? If so, please explain.

32. Have any of you had particularly positive or negative experiences with an employer? Please explain. How do you think that experience might affect your decisions in this case?

33. How many here would be uncomfortable with returning a verdict in favor of a defendant company that made a decision you do not agree with, but that did not violate the law?

34. Have you, a family member, or a close friend ever been diagnosed with diabetes? If so, please explain. How did they manage it? Did they ever use any devices, animals, or other techniques? How do you think that experience might affect your opinions in this case?

35. Does anyone have any personal experiences with diabetes that might affect your opinions in this case? If so, please explain.

36. Have any of you, a family member, or a close friend have any experiences with medical devices failing or malfunctioning? If so, please explain.

37. How many here are skeptical of the reliability of medical devices? Please explain.

38. Do any of you, a family member, or a close friend have experience, positive or negative, involving a request for accommodation in the workplace? If so, please explain and how that experience might affect your opinions in this case.

39. How many here believe that an employee with a disability should get whatever workplace accommodation they request or have said they need? If so, please explain.

40. How many here believe that an employer should never deny an employee's request for a workplace accommodation, regardless of the circumstances? If so, please explain.

41. Have you, a family member, or a close friend ever used or relied on a service animal? If so, please explain. How might that experience affect your opinion in this case?

42. Would the fact that an individual uses a service animal make you feel more kindly or compassionate toward that individual? If so, please explain.

43. How many here would expect that an individual who uses a service animal in their personal lives must need a service animal at work as well? If so, please explain.

44. Do any of you or any of your family members or close friends have a law degree or formal legal training? If so, please explain.

45. Do any of you, or any of your family members or close friends, have any professional experience in human resources or dealing with accommodations in the workplace? If so, please explain.

46. How many here believe that you have been treated unfairly by an employer? If so, please explain. How was it resolved and were you satisfied with the outcome? How might that experience affect your opinions in this case?

47. How many here hold the view that most companies do not treat their employees fairly? If so, please explain.

48. In the past ten years, have any of you held any supervisory, management, or human resources responsibilities?

49. If so, did you or do you have the authority to hire, discipline, or fire other employees?

50. If so, did you or do you have any involvement in creating or enforcing employment policies?

51. How many here have ever had any responsibility for setting or developing policy for any sort of organization? If so, please explain.

52. Our judicial system provides that it is up to the Plaintiff to prove her allegations by a preponderance of the evidence. It is not up to the Defendant to disprove the Plaintiff's claims. If Ms. Torres fails to convince you that her allegations in this lawsuit are true, how many of you would have any discomfort or dissatisfaction finding against her?

53. If you are selected as a juror and hear this case, you will be required to deliberate with other jurors. This will require you to discuss the evidence and the law in this case with the other jurors. Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussion with others?

54. Do any of you know of any fact, circumstance, or experience in your background that, if known to counsel for either Plaintiff or Defendant, might affect your selection as a juror in this case? If so, please explain.

55. Do any of you have any hearing, vision, medical, mental, or physical condition, or take any medication, that would make it difficult for you to sit as a juror? If so, please explain.

56. Does anyone here have any difficulty understanding or speaking the English language?

57. This trial will start this afternoon and last for another 3 days after today, through October 9. Would serving as a juror in this case be an extreme hardship for anyone?

58. Do any of you have any personal or professional problems which would prevent you from giving your undivided attention to this case if selected to serve on the jury, or otherwise make it difficult to sit as a juror? If so, please explain.

59. Does anyone here have any moral, religious, or philosophical reason that would prevent you from sitting as a juror and making a decision in this case?

60. Is there anything we have not asked you yet that, if you were any of us, you would want to know about yourself and your ability to serve on this jury? If so, please explain.

Dated: September 29, 2026

Respectfully submitted,

*/s/ Lauren M. Bridenbaugh*

Lauren M. Bridenbaugh, Bar No. 90586
Tiffany din Fagel Tse, Bar No. 92958
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, Virginia 22102
Telephone: 703.442.8425
Facsimile: 703.662.6178
lbridenbaugh@littler.com
ttse@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant Society For Human Resource Management*

# CERTIFICATE OF SERVICE

I hereby certify that, on the 29th day of September 2026, I caused the foregoing **SHRM's Proposed Voir Dire** to be served through the Court's Electronic Case Filing (ECF) system, and separately via email copy pursuant to the Court's June 17, 2026 Order on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Mary E. Kuntz (VSB No. 76947)
Anna Kathryn Barnes Barry (admitted *pro hac vice*)
Thomas O. Walker II (admitted *pro hac vice*)
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
akbarry@kcnlaw.com
twalker@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh