**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Civil Action No. 1:25-CV-02360-PTG** |

**SHRM'S PROPOSED VERDICT FORM**

**Count I – Intentional Discrimination Under the ADA**

**Question 1.** Has Ms. Torres proven, by a preponderance of the evidence, that she met the job-related requirements for the position and could perform its essential functions, with or without a reasonable accommodation?

_________ Yes _________ No

**If you answered "No," you have reached a verdict on Count I. Do not answer the remaining questions for Count I. Please proceed to Counts II and IV below.**

**If you answered "Yes," please proceed to Question 2.**

**Question 2.** Has Ms. Torres proven, by a preponderance of the evidence, that SHRM rescinded the job offer because of her disability, rather than for a reason that would have led SHRM to rescind the offer regardless of her disability?

_________ Yes _________ No

**If you answered "No," you have reached a verdict on Count I. Do not answer the remaining questions for Count I. Please proceed to Counts II and IV below.**

**If you answered "Yes," please proceed to Question 3.**

**Question 3.** Has SHRM proven, by a preponderance of the evidence, that it rescinded the job offer to Ms. Torres for legitimate, non-discriminatory reasons?

_________ Yes _________ No

**Please proceed to Counts II and IV below.**

**Counts II and IV – Accommodation Claims Under the ADA and VHRA**

**Question 1.** Has Ms. Torres proven, by a preponderance of the evidence, that the accommodation she requested was reasonable and would have effectively addressed her known disability?

_________ Yes _________ No

**If you answered "No," you have reached a verdict on Counts II and IV. Do not answer the remaining questions for Counts II and IV. Please proceed to Count III below.**

**If you answered "Yes," please proceed to Question 2.**

**Question 2.** Has Ms. Torres proven, by a preponderance of the evidence, that the accommodation she requested was necessary to assist her in performing the job offered?

_________ Yes _________ No

**If you answered "No," you have reached a verdict on Counts II and IV. Do not answer the remaining questions for Counts II and IV. Please proceed to Count III below.**

**If you answered "Yes," please proceed to Question 3.**

**Question 3.** Did SHRM offer or make available another accommodation that was equally effective in assisting her in performing that job?

_________ Yes _________ No

**If you answered "No," you have reached a verdict on Counts II and IV. Do not answer the remaining questions for Counts II and IV. Please proceed to Count III below.**

**If you answered "Yes," please proceed to Question 4.**

**Question 4.** Has SHRM proven, by a preponderance of the evidence, that it could not reasonably accommodate Ms. Torres' disability without undue hardship?

_________ Yes _________ No

**Please proceed to Count III below.**

**Count III – Disability Discrimination in Violation of the VHRA**

**Question 1.** Has Ms. Torres proven, by a preponderance of the evidence, that she met the job-related requirements for the position and could perform its essential functions, with or without a reasonable accommodation?

_________ Yes _________ No

**If you answered "No," you have reached a verdict on Count III. Do not answer the remaining questions for Count III.**

**If you answered "Yes," please proceed to Question 2.**

**Question 2.** Has Ms. Torres proven, by a preponderance of the evidence, that SHRM rescinded the job offer because Ms. Torres made a request for a reasonable accommodation?

_________ Yes _________ No

**If you answered "No," you have reached a verdict on Count III. Do not answer the remaining questions for Count III.**

**If you answered "Yes," please proceed to Question 3.**

**Question 3.** Has SHRM proven, by a preponderance of the evidence, that it would have made the same decision even if Ms. Torres' request for accommodation of her disability played no role in its decision to rescind the job offer?

_________ Yes _________ No

**If you answered "No," you have reached a verdict on Count III. Do not answer the remaining questions for Count III.**

**If you answered "Yes," please proceed to Question 4.**

**Question 4.** Has Ms. Torres proven, by a preponderance of the evidence, that SHRM's stated reasons for rescinding the job offer are pretext for discrimination based on her request for accommodation of her disability?

_________ Yes _________ No

## <u>Damages</u>

**If you found in favor of Ms. Torres on Counts I or III, go to Question 1.**

**If you found in favor of Ms. Torres on Counts II or IV, to Question 3.**

**If you did not find in favor of Ms. Torres on any of her claims, do not answer the remaining questions. Sign and date this verdict form and notify the Bailiff that you are finished deliberating.**

**Question 1.** What amount of compensatory damages, if any, do you find that Ms. Torres has proven, by a preponderance of the evidence, were caused by SHRM's alleged unlawful job offer rescission to Ms. Torres?

____________________

**Question 2(a).** Has Ms. Torres proven, by a preponderance of the evidence, that SHRM acted with malice or reckless indifference to her federal or state protected rights?

_________ Yes _________ No

**If you answered "No," do not answer Question 2(b).**

**If you answered "Yes," please proceed to Question 2(b).**

**Question 2(b).** Has SHRM proven, by a preponderance of the evidence, that it made a good-faith attempt to comply with the law by adopting policies and procedures designed to prevent unlawful discrimination?

_________ Yes _________ No

**If you answered "Yes," do not answer Question 2(c) and proceed to Question 3.**

**If you answered "No," please proceed to Question 2(c).**

**Question 2(c).** What amount of punitive damages, if any, do you find that SHRM should be ordered to pay Ms. Torres to deter or prevent it from engaging in similar alleged conduct in the future?

____________________

**Question 3.** What amount of compensatory damages, if any, do you find that Ms. Torres has proven, by a preponderance of the evidence, were caused by SHRM's alleged failure to accommodate her alleged disability?

____________________

**Question 4(a).** Has Ms. Torres proven, by a preponderance of the evidence, that SHRM acted with malice or reckless indifference to her federal or state protected rights?

_________ Yes _________ No

**If you answered "No," do not answer Question 4(b).**

**If you answered "Yes," please proceed to Question 4(b).**

**Question 4(b).** Has SHRM proven, by a preponderance of the evidence, that it made a good-faith attempt to comply with the law by adopting policies and procedures designed to prevent unlawful discrimination?

_________ Yes _________ No

**If you answered "Yes," do not answer Question 4(c).**

**If you answered "No," please proceed to Question 4(c).**

**Question 4(c).** What amount of punitive damages, if any, do you find that SHRM should be ordered to pay Ms. Torres to deter or prevent it from engaging in similar alleged conduct in the future?

____________________

________________________ ________________________________

Date Foreperson Signature

Dated: September 29, 2026

Respectfully submitted,

*/s/ Lauren M. Bridenbaugh*

Lauren M. Bridenbaugh, Bar No. 90586
Tiffany din Fagel Tse, Bar No. 92958
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, Virginia 22102
Telephone: 703.442.8425
Facsimile: 703.662.6178
lbridenbaugh@littler.com
ttse@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant Society For Human Resource Management*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 29th day of September 2026, I caused the foregoing **SHRM's Proposed Verdict Form** to be served through the Court's Electronic Case Filing (ECF) system, and separately via email copy pursuant to the Court's June 17, 2026 Order on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Mary E. Kuntz (VSB No. 76947)
Anna Kathryn Barnes Barry (admitted *pro hac vice*)
Thomas O. Walker II (admitted *pro hac vice*)
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
akbarry@kcnlaw.com
twalker@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh