**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Civil Action No. 1:25-CV-02360** |

**SHRM'S OPPOSITION TO**
**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

Defendant Society for Human Resource Management ("SHRM" or "Defendant"), pursuant to Federal Rule of Civil Procedure 51 and this Court's Order dated June 17, 2026 (ECF No. 64), hereby submits this Opposition to the Proposed Jury Instructions filed by Plaintiff Fiona Torres ("Ms. Torres" or "Plaintiff") (ECF No. 141) in the above-captioned matter.

For the reasons stated more fully below, Plaintiff's Proposed Instructions exceed the purpose of jury instructions – to instruct the jury about applicable principles of law – and instead seek to direct the jury towards a verdict for Plaintiff. Moreover, several of Plaintiff's Proposed Instructions are inconsistent with the applicable law and legal standards in this Court and address topics that the Court, not the jury, decides in this jurisdiction. Plaintiff's proposed instructions should, therefore, be rejected for four recurring reasons: they assume disputed facts in Plaintiff's favor; they misstate or obscure the governing law and burdens; they repeat the same concepts in a manner that emphasizes Plaintiff's theory; and they submit equitable or otherwise nonjury issues to the jury. Plaintiff's Proposed Instruction Nos. 3, 5, 6, 8-9, 13-18, 20, 22, 24-26, 29, 32-36, and 39 should be omitted entirely. Further, the Court should decline to give Plaintiff's Proposed Instruction Nos. 1, 2, 4, 7, 10-12, 19, 21, 23, 27-28, 30-31, and 37-38 and, should instead give

SHRM's respective proposed instructions on these subjects, as indicated below.

## I. STANDARD OF REVIEW

The purpose of jury instructions is to "properly inform[] the jury of the controlling legal principles without misleading or confusing the jury." *Hartsell v. Duplex Prods.*, 123 F.3d 766, 775 (4th Cir. 1997). "A party who objects" to a jury instruction(s) "must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c). A district court has substantial discretion in formulating jury instructions; however, any instruction given must accurately state the governing law and fairly present the issues to the jury. *Hardin v. Ski Venture, Inc.*, 50 F.3d 1291, 1293-1294 (4th Cir. 1995). Accordingly, a proposed instruction should be refused where it misstates the law, is unsupported by the evidence, duplicates other instructions, or is likely to confuse or mislead the jury. *See Spell v. McDaniel*, 824 F.2d 1380, 1395 (4th Cir. 1987) (district courts possess broad discretion to tailor jury instructions to the facts and issues presented); *Hardin*, 50 F.3d at 1293-94. Instructions that invite the jury to speculate or that emphasize one party's view of the facts should also not be given. *See, e.g., United States v. Tello*, 707 F.2d 85, 90 (4th Cir. 1983) ("Apart from jury direction as a matter of law, a judge acts improperly if his comments leave the jury with no option as to the ultimate decision which they should reach."); *see also Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1421 (4th Cir. 1991) (citing *Nelson v. Green Ford*, 788 F.2d 205, 208-09 (4th Cir. 1986)); *Hardin*, 50 F.3d at 1294 ("It is of course open to the trial judge to comment on such evidence in the course of an instruction, but it is also reasonable for a court to believe that such comments may carry unacceptable risks of removing from the jury the critical task of assigning weight to the evidence presented.") (internal citations omitted); *see id.* at 1294-1295 ("[C]ourts must have the flexibility in instructions to avoid confusing or prejudicial statements that might arise from a discussion of the specific contentions

in a case.") (internal citation omitted).

## II. ARGUMENT

### A. Plaintiff's Instruction No. 1 Is Not a Neutral Instruction

While SHRM does not oppose a brief, neutral instruction advising the jury that the presence of Ms. Torres' dog in the courtroom is not evidence, and should play no role in the jury's deliberations, Plaintiff's proposed Instruction No. 1 goes well beyond that limited purpose. Instead, it unnecessarily emphasizes disputed facts and Plaintiff's theory of the case. Rather than minimizing the attention to Ms. Torres' dog, the instruction proposed by Plaintiff implies judicial approval of Plaintiff's asserted need for the presence of her dog. *See* ECF No. 141 at PageID# 3198 ("The Court has permitted the service dog to be present in the courtroom.").[1] As the requested accommodation itself is a disputed issue at trial, the Court should avoid any instruction that could be construed as lending credence to Plaintiff's theory of the case. *See Hardin*, 50 F.3d at 1293-94; *Spell*, 824 F.2d at 1395. Further, the authorities cited by Plaintiff do not support the particular language proposed. While courts may employ neutral limiting instructions to avoid potential juror prejudice, none of Plaintiff's cited authorities endorse an instruction that informs the jury that the Court has affirmatively permitted its presence. The Court's objective with this instruction should be focused on reducing the risk that the dog's presence affects the jury's deliberations. Therefore, the Court should use SHRM's Instruction No. 2, which provides a short, neutral instruction to achieve this goal.

### B. Plaintiff's Instruction No. 2 on Burden of Proof is Imprecise and Facially in Plaintiff's Favor

Plaintiff's proposed Instruction No. 2 imprecisely states the burden of proof and risks,

[1] Plaintiff's Proposed Jury Instructions do not include page numbers so SHRM has cited to the ECF PageID#'s where applicable for clarity.

which will confuse the jury regarding the facts that must be proven by a preponderance of the evidence. Plaintiff's proposed Instruction No. 2 proposes to vaguely instruct the jury as to the burden of proof "[f]or each ***thing*** Ms. Torres must prove" and "for every question of fact in this case" without explanation as to what "thing" or "question of fact" refers to, and without defining these terms. ECF No. 141 at PageID# 3200 (emphasis added). Moreover, these phrases could be understood to require or suggest that every subsidiary factual dispute must independently be proven by a preponderance of the evidence. *See id.* ("That is the standard for every question of fact in this case."). This is not the law and risks juror confusion. *See Spell*, 824 F.2d at 1395 (holding instructions must "adequately inform[] the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party.") (internal citation omitted).

The proposed instruction also omits the commonplace and important qualification in federal preponderance of the evidence instructions; that is, if the evidence on a particular issue is evenly balanced, the party bearing the burden of proof has not carried that burden. *See NLRB v. Patrick Plaza Dodge, Inc.*, 522 F.2d 804, 809 (4th Cir. 1975) ("Evidence that points equally in two directions points in neither, and therefore cannot satisfy the burden of proof."). Without that clarification, the jury would receive an incomplete explanation of how to apply the preponderance of the evidence standard.

In addition, none of the case law cited by Plaintiff relates to a particular instruction such as this, and does not support Plaintiff's specific wording. The Court should therefore adopt SHRM's neutral and standard burden of proof instruction at SHRM's Instruction No. 15.

**C. Plaintiff's Instruction Nos. 3, 4, and 5 Instruct the Jury Regarding Lay Opinion Testimony and What Dr. Cooperman Cannot Testify To, and Improperly Instructs the Jury to Accept the Testimony of Plaintiff's Treating Physicians**

SHRM further objects to Plaintiff's proposed Instruction Nos. 3-5 because the instructions are, variously, unnecessary, incomplete as to the governing law, and risk confusing the jury as to the proper evaluation of witness testimony.

First, while SHRM does not object to an instruction on lay opinion testimony, Plaintiff's proposed Instruction No. 3 misstates the governing law and, as written, risks confusing the jury. The Parties have already agreed to an instruction on how the jury should generally assess witness credibility, (ECF No. 143 at 15-16), therefore, any further instruction on non-expert witnesses should make clear that, for example, Plaintiff did not identify an expert witness in this matter and, therefore, any witnesses, including Silpa P.K. Joshi, M.D. may only offer opinions "rationally based" on their perceptions, and may not provide opinions based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. If an instruction on lay opinion testimony is to be given, it should be a neutral instruction that tracks with Rule 701's language.

As for Plaintiff's proposed Instruction No. 4, it again incompletely states the law governing expert testimony. The proposed instruction focuses exclusively on scrutinizing the expert's methodology, credibility, and conclusions, but fails to inform the jury that expert testimony is admitted because specialized knowledge that may assist the jury in understanding the evidence or determining facts at issue. *See* Fed. R. Evid. 702. It is for the jury to decide how much weight to afford an expert's opinions, and it is improper for the instruction to invite skepticism or suggest that it is inherently less reliable than other forms of evidence. *See* ECF No. 141 at PageID# 3208 ("you are to consider the care and accuracy with which the expert evaluated the data…."). Any instruction should both explain that the expert testimony may assist the jury, but that the jury ultimately determines the credibility and weight to give expert testimony. Moreover, Plaintiff's

proposal improperly encourages, if not outright directs, the jury to give Rule 702 expert testimony the same or lesser weight than Rule 701 testimony, which is again, improper. *See id.* ("When there is a conflict between expert testimony and the testimony of any other witness as to the facts, you have the duty to determine the relative weight to give the testimony of each witness on the evidence presented."). For these reasons, the Court should adopt SHRM's proposed Instruction No. 11.

Finally, Plaintiff's proposed Instruction No. 5 is particularly objectionable because it effectively invites the jury to afford special status to testimony and letters from Plaintiff's treating physicians. *See id.* at PageID# 3209. Indeed, the instruction not only assumes evidence has been received into the record, but also improperly instructs the jury as to what Dr. Joshi has or has not done in relation to Ms. Torres, and characterizes Dr. Joshi and Dr. Armellini as "Ms. Torres's treating physicians[.]" *Id.* And, the instruction dictates to the jury that it ***cannot*** choose to give the opinions of Drs. Armellini or Joshi no weight, which directly invades the province of the jury. *See id.* ("You are not required to accept the opinion of a treating physician, but you ***may not arbitrarily disregard it***, or the oral or written statement of any witness, if you find it believable.") (emphasis added). Such an instruction is directly contrary to Fourth Circuit authority. *See United States v. Varner*, 748 F.2d 925, 927 (4th Cir. 1984) ("The jurors are the sole judges of the credibility of the witnesses and the weight to be given their testimony. This important function should not be encumbered by an assumption that witnesses speak the truth.") (quoting *United States v. Safley*, 408 F.2d 603, 605 (4th Cir. 1969)). The jury is entitled to accept or reject any testimony, including testimony from a treating physician, based on its evaluation of the evidence. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (internal citation omitted). Plaintiff's proposed Instruction No. 5 should be

rejected.

### D. Plaintiff's Instruction No. 6 is Unnecessary

SHRM objects to Plaintiff's proposed Instruction No. 6 because it is unnecessary, incomplete, and misleading. While the proposed instruction appears to be designed to preempt potential arguments concerning the absence of particular witnesses or documents, there is no basis for such a cautionary instruction absent a specific evidentiary issue requiring it. None has been identified by Plaintiff. As such, giving this instruction risks emphasizing matters not otherwise before the jury, and may improperly suggest that the jury should disregard legitimate arguments concerning the significance of evidence that was or was not presented at trial. Moreover, the cited authority by Plaintiff does not support this proposed instruction but, rather, supports SHRM's argument that it not be given. Specifically, the decision in *United States v. Fisher* addresses the narrow issue of adverse inferences arising from the failure to call a witness equally available to both parties. 484 F.2d 868, 870 (4th Cir. 1973). *See also United States v. Brooks*, 928 F.2d 1403, 1412 (1991) (discussing particular factors to consider as to whether to give a missing witness instruction). It does not, however, authorize a generalized instruction regarding all uncalled witnesses or unproduced documents or exhibits. Nor does it support insulating either party from fair comment concerning the evidentiary record developed at trial. Accordingly, SHRM requests that the Court decline to give Plaintiff's proposed Instruction No. 6 or, if the Court determines that such an instruction is warranted, it should be narrowly tailored to the specific circumstances of the case and limited to the Fourth Circuit's rule concerning witnesses equally available to both parties.

### E. SHRM is Not a Corporation and Therefore Plaintiff's Instruction No. 7 is Imprecise and Incomplete

SHRM objects to Plaintiff's proposed Instruction No. 7 because it is imprecise and incomplete. SHRM is not a corporation and therefore the repeated references in the proposed

instruction to a "corporation" is incorrect and misleading. *See* ECF No. 58, ¶ 1 (identifying SHRM as a "nonprofit professional association[.]"). Further, Plaintiff's proposed Instruction No. 7 oversimplifies applicable agency principles and attribution by broadly stating that "[a]ny act or omission of an officer or employee of SHRM, within the scope of that person's employment or authority, is by law the act or omission of SHRM. Knowledge possessed by an officer or employee acting within the scope of employment is likewise attributed to SHRM." ECF No. 141, at PageID# 3211. Again, this is not the law on agency principles, which is far less simplistic than Plaintiff's proposed instruction allows for. *See Staub v. Proctor Hosp.*, 562 U.S. 411, 418-422 (2011) (discussing the application of agency principles in the employment discrimination context). SHRM's Instruction No. 4 fairly explains that SHRM is a professional association and that this does not mean it is entitled to any lesser consideration, as is appropriate. The Court should reject Plaintiff's Instruction No. 7 and give the jury SHRM's Instruction No. 4.

**F. Plaintiff's Instruction Nos. 8-30 Improperly State the Legal Standards Under the ADA and the VHRA, and are Argumentative and Duplicative**

SHRM objects to Plaintiff's proposed Instruction Nos. 8-30 because they do not constitute neutral statements of the law, but instead present Plaintiff's factual narrative and legal theories through a series of argumentative, claim-specific instructions that repeatedly comment on disputed evidence, assume contested facts, and direct the jury toward Plaintiff's preferred inferences. Indeed, Plaintiff's proposed Instruction No. 8 is called "Roadmap: Ms. Torres's Four Claims and How to Decide Them[.]" ECF No. 141 at PageID# 3212. Such slanted jury instructions are in direct conflict with the Fourth Circuit, which has repeatedly held that jury instructions must fairly and adequately state the law, without misleading the jury or unduly emphasizing one party's theory of the case. *See Spell*, 824 F.2d at 1395; *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 191 (4th Cir. 2003).

i. Plaintiff's Proposed Instructions Improperly Assume or Emphasize Disputed Facts

Many of Plaintiff's proposed Instructions at Instruction Nos. 8-30 improperly present Plaintiff's preferred view of the evidence as established fact. Rather than neutrally stating the governing legal standards, the instructions instead direct the jury on how to view contested evidence concerning, for example, Ms. Torres' alleged limitations, the necessity of her dog, and the adequacy of SHRM's proposed accommodations. For example, Instruction No. 8 alleges the only relevant events are that "SHRM offered Ms. Torres a job, she asked to keep her diabetic-alert dog with her at work, and SHRM then rescinded the offer." ECF No. 141 at PageID# 3212. Plaintiff's characterization not only cherry picks events to support her own claims, but also directs the jury towards her preferred conclusion, i.e., that SHRM "then rescinded" a job offer because of Plaintiff's request to have her dog with her at work. *See id*. Instruction No. 9 instructs the jury that Ms. Torres was "protect[ed]" by the ADA and the VHRA as an applicant, despite the fact that both statutes require her to establish she was a "qualified individual" under the law. *Id*. at PageID# 3213; *see* 42 U.S.C. § 12112; Va. Code § 51.5-41.

Similarly, Instruction No. 18 seeks to instruct the jury that it is an undisputed fact that "the risk that a sudden, dangerous change in Ms. Torres's blood sugar could not be detected in time for her to respond safely while working." ECF No. 141 at PageID# 3229; *see also id*. at PageID# 3245 (similar instruction at Instruction No. 27). Whether Plaintiff faced such limitations during the relevant timeframe, the severity of those limitations, and whether existing technology adequately addressed them are disputed factual issues. The proposed instructions effectively adopt Plaintiff's factual theory and direct the jury to assess liability through that lens. Likewise, Ms. Torres seeks to instruct the jury that her ***claims*** that her continuous glucose monitor ("CGM") is unreliable is

an established fact. *See id*. at PageID# 3231, 3247 ("You must determine whether the alternative accommodations SHRM offered, without the service dog, would have met Ms. Torres's need – detecting and alerting her to a dangerous drop in her blood sugar in time to respond safely, including at times when her continuous glucose monitor was delayed, inaccurate, or not working."). Whether Ms. Torres' CGM was delayed, inaccurate, or insufficient, let alone that it was to the point that it, alone or along with other proposals offered by SHRM, was not a reasonable accommodation, are contested issues. The jury instructions improperly assume the truth of Plaintiff's evidence in direct contravention of Fourth Circuit law.

ii. The Instructions Misuse the *McDonnell Douglas* Framework and the Concept of Pretext

Plaintiff's causation instructions improperly import the *McDonnell Douglas* burden-shifting framework into the jury instructions. *See* ECF No. 141 at PageID# 3225-3226 (citing *McDonnell Douglas* and other cases applying said framework). The Fourth Circuit has repeatedly recognized that *McDonnell Douglas* is an evidentiary framework for courts, not a set of instructions ordinarily given to juries. *See Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294-95 (4th Cir. 2010).

In addition, Plaintiff's proposed pretext instruction at Instruction No. 16 is additionally objectionable because it catalogs Plaintiff's preferred evidence, identifies specific facts Plaintiff contends support discrimination, and risks suggesting that disbelief of SHRM's explanation permits liability without independent proof of the required causation element. First, Plaintiff's proposed Instruction No. 16 lists alleged evidence Plaintiff wants the jury to view as evidence of discrimination and, because such concepts are identified in an instruction (rather than, for example, an opening or closing statement), it elevates what amounts to one party's theory or argument into a legal standard that the jury must consider and follow. *See* ECF No. 141 at PageID# 3225 (listing

eight conclusory assertions of Plaintiff's views of the evidence). Ms. Torres seeks to not just argue, but direct the jury to consider, as just one example, "whether any reason SHRM gave is false, contradictory, or hard to believe." *Id*. Such an instruction encourages the jury to conclude that one or more "reason" (although Plaintiff does not identify what this even refers to) was "false, contradictory, or hard to believe" while providing no legal standard for what "hard to believe" means. *See id*. Similarly, it seeks the jury to examine if SHRM "looked into Ms. Torres's stated need for the service dog" without specifying what "looked into" means, advising the jury what constitutes sufficient "look[ing] into" under the law, and improperly assumes Ms. Torres demonstrated a "need" for her dog. *See id*. None of this constitutes a neutral instruction of the legal standard for the jury to use to reach its decisions.

Plaintiff's proposed Instruction No. 16 also improperly instructs the jury that mere disbelief of SHRM's stated explanations is sufficient to find for Ms. Torres. *See id*. ("If you do not believe one or more of SHRM's stated reasons for rescinding the offer, you may – but are not required to – decide that Ms. Torres's disability, or her need to have her service dog at work, was the real reason."). Such an instruction is directly in conflict with the law. *See St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 515-16 (1993) (holding rejection of an employer's stated reason does not compel a verdict for the plaintiff). Moreover, again, Ms. Torres' proposed instruction assumes she had a "need to have her service dog at work" when that is, of course, an alleged fact ***she*** must prove to the jury.

Ms. Torres' proposed Instruction No. 16 should be rejected by the Court in full.

iii. The Instructions Improperly Instruct As to the Elements Ms. Torres Must Prove and Place Burdens on SHRM to Disprove the Alleged Reasonableness of Her Preferred Accommodation

Plaintiff's proposed Instruction Nos. 8-30 misstate the most basic legal concepts that Ms.

Torres must meet to prove each of her claims. For example, Instruction No. 10 purports to instruct the jury on the legal standard as to whether Ms. Torres has a disability. ECF No. 141 at PageID# 3214. However, Ms. Torres misstates the legal standard by claiming that the "substantially limits one or more major life activities" requires that she show an impairment "significantly restricts an important activity or the normal working of a body system[.]" *Id*. However, "significantly restricts" is not the legal standard to prove a disability under the ADA. *See Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 573 (4th Cir. 2015) (holding the "significantly restricted" standard pre-dates the amendments to the ADA).

In addition, Plaintiff's proposed instructions either appear to be written with the mistaken belief that the jury will decide certain elements, then be brought back for further instruction as they walk through Ms. Torres' claims, or are an attempt to direct the jury on how to decide Ms. Torres' claims. Specifically, several of Ms. Torres' proposed instructions are written as if the instructions assume the jury has already found for Ms. Torres on various elements. Instruction No. 13 states: "You have already decided that she has a disability (Plaintiff's Instruction No. 10) and that she is qualified for the job (Plaintiff's Instruction No. 11), and it is not disputed that SHRM rescinded the offer. What remains for you to decide on Count I is why SHRM rescinded it." ECF No. 141 at PageID# 3221. Jury instructions are given ***before*** the jury is discharged to deliberate. *See* Fed. R. Civ. P. 51(b)(3). In other words, the jury is not deciding certain elements then coming back to the Court for further instruction. It is therefore inappropriate, prejudicial, and the exact opposite of the requirement that the jury instructions be ***neutral*** to assume, and indeed dictate, how the jury has decided elements of what Ms. Torres must prove.

Moreover, her proposed instructions improperly place the burden of proof ***on SHRM***. Instruction Nos. 14 and 24, for example, seek to instruct the jury that merely because SHRM did

not grant her preferred accommodation to have her dog at SHRM's office, that this constitutes discrimination. *See* ECF No. 141 at PageID# 3222 ("To determine whether SHRM is liable on Count I, you must first decide whether SHRM rescinded the offer to Ms. Torres because it did not want to allow her service dog at the workplace."), at PageID# 3241 ("To decide whether SHRM is liable on Count III, you must determine whether one reason why SHRM rescinded the offer was that it would be required to make a reasonable accommodation for Ms. Torres – allowing her service dog"). The ADA does not entitle an employee or applicant to a preferred accommodation, and the mere fact that an employer offered an individual alternative, reasonable accommodations, does not itself establish discrimination. *See Perdue v. Sanofi-Aventis U.S., LLC*, 999 F.3d 954, 959-60 (4th Cir. 2021); *Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407, 414-16 (4th Cir. 2015).

iv. The Accommodation Instructions Misstate SHRM's Obligations

Plaintiff's proposed Instruction Nos. 17-21 and 26-30 repeatedly suggest that SHRM was required to provide Plaintiff's ***preferred*** accommodation, absent proof of undue hardship. This is not the law. An employer is only required to provide a reasonable accommodation, not necessarily Ms. Torres' preferred one. *Reyazuddin*, 789 F.3d at 415-16; *Smith v. CSRA*, 12 F.4th 396, 414 (4th Cir. 2021). Nevertheless, Plaintiff's proposed instructions frame the reasonableness inquiry solely through Plaintiff's asserted need for her dog, and direct the jury to evaluate SHRM's alternative proposed accommodations against Plaintiff's preference, rather than against the governing legal standard. In essence, Plaintiff seeks to instruct the jury as if SHRM's proposed alternative accommodations are a defense and improperly shifts the inquiry from whether SHRM's proposed alternative accommodations were reasonable to accommodate Ms. Torres' stated disability to whether Ms. Torres' preferred accommodation was reasonable. *See* ECF No. 141 at PageID# 3229 ("The first question you must decide under Count II is whether ***the service dog*** was a reasonable

accommodation….") (emphasis added). Indeed, Plaintiff's entire framework of her proposed instructions encourage, if not explicitly direct, the jury to treat SHRM's proposed alternatives as not only the ***only*** proposals SHRM was willing to entertain, but that these proposals must have been "effective[,]" misstating the legal standard. *See US Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002) ("[n]either has Congress indicated in the statute, or elsewhere, that the word 'reasonable' means no more than 'effective.'").

Instruction Nos. 19 and 28 are particularly problematic because they suggest that SHRM's proposed alternative accommodations must eliminate every concern Plaintiff alleges. Specifically, the instructions contend that "what matters is whether they would actually have worked – not whether SHRM believed in good faith that they were good enough." ECF No. 141 at PageID# 3231. Such an instruction oversimplifies the law and uses vague terms such as "good enough" without any attempt to even explain what constitutes "good enough[.]" *See also id*. (claiming the accommodations must have given Ms. Torres "time for her to respond safely, including at times when her [CGM] was delayed, inaccurate, or not working" which improperly assumes as fact claims Ms. Torres has made, and does not explain what "respond safely" means); *id*. at PageID# 3247 (same concerns). *See Noel v. Artson*, 641 F.3d 580, 586 (4th Cir. 2011) (holding jury instructions must not mislead the jury and must adequately inform it of the controlling legal principles).

The interactive process instructions are similarly objectionable because they again attempt to circumvent the actual legal standard in favor of Ms. Torres' preferred narrative. Specifically, Instruction No. 20 improperly instructs the jury with such vague, confusing, and improper statements that "[e]ither party's belief that the other was uncooperative or disrupted the interactive process does not make it so" and that "[e]fforts by one party to convince the other party that a

requested accommodation is reasonable or unreasonable, or that an offered alternative accommodation is effective or ineffective, are not necessarily disruptions to the interactive process." ECF No. 141 at PageID# 3233. Such instructions are not neutral, as the law requires, and are further unsupported by the very authority Ms. Torres relies upon. *See Tarquinio v. Johns Hopkins Univ. Applied Physics Lab*, RDA-23-0727, 2024 WL 1604493, at *4 (D. Md. Apr. 11, 2024), *aff'd*, 141 F.4th 568 (4th Cir. 2025), *cert. denied sub nom. Tarquinio,* 146 S. Ct. 367 (2025). Further, Ms. Torres again attempts to instruct the jury that it is ***SHRM*** and not Plaintiff, that must meet the evidentiary burden. *See* ECF No. 141 at PageID# 3234 ("you must decide whether SHRM – rather than Ms. Torres – was responsible for the failure to provide a reasonable accommodation."). This is improper. *See Smith*, 12 F.4th at 414 (noting burden of proof is on the plaintiff).

v. <u>The Instructions Are Argumentative, Duplicative, and Cumulative</u>

Finally, the proposed instructions at Instruction Nos. 8-30 repeatedly and explicitly are in favor of Plaintiff and are duplicative. For example, Instruction No. 10 incredibly and ***explicitly instructs the jury to find for Ms. Torres*** by contending that the standard of whether Ms. Torres has a disability "is not a demanding standard, and you should apply it broadly, ***in Ms. Torres' favor***." ECF No. 141 at PageID# 3214. This language is, at best, highly unusual and constitutes a direct command to resolve a contested issue in Ms. Torres' favor. As another example, Instruction No. 22 ***devotes an entire paragraph*** to explaining why Ms. Torres' evidentiary burden under the VHRA is a lower standard than the ADA. *See id*. at PageID# 3238-3239. Again, the intent of jury instructions is to neutrally instruct the jury on the law, not to present one party's argument as to why Plaintiff should win.

In addition, Ms. Torres' proposed instructions are exceedingly duplicative, repeating the

same concepts over and over again. Indeed, Plaintiff proposes three instructions on disability (Instruction Nos. 10, 22, and 26); three instructions on qualification (Instruction Nos. 11, 17, and 26); three instructions on reasonable accommodation (Instruction Nos. 12, 18, and 27); two instructions on alternative accommodations (Instruction Nos. 19 and 28); two instructions on the interactive process (Instruction Nos. 20 and 29); two instructions on undue hardship (Instruction Nos. 21 and 30); and two instructions on pretext ((Instruction Nos. 16 and 25). This is strange when the vast majority of the legal standards for Ms. Torres' ADA and VHRA disability discrimination claims, and ADA and VHRA failure to accommodate claims, are "substantively identical statutes." *Washington v. Offender Aid & Restoration of Charlottesville-Albemarle, Inc.*, 677 F. Supp. 3d 383, 389 (W.D. Va. 2023) (internal citations omitted). As a result, rather than assisting the jury, the cumulative effect is to emphasize Plaintiff's theories, while minimizing SHRM's defenses, through repetitive instructions. Such argumentative and cumulative instructions should be rejected, in favor of SHRM's concise instructions which track the statutory elements and controlling precedent. Accordingly, SHRM's instructions at SHRM Instruction Nos. 16-20 should be utilized and the Court should reject Plaintiff's proposed Instruction Nos. 8-30.

**G. Plaintiff's Damages Instructions at Instruction Nos. 31-38 Variously Misstate the Law, are In Favor of Ms. Torres, or Advise the Jury on Issues for the Court to Decide**

Plaintiff's proposed instructions on damages overstate available remedies, invade issues reserved for the Court, minimize Plaintiff's burden of proof, and fail to accurately reflect governing Fourth Circuit and Virginia law. Accordingly, the Court should decline to give these instructions and, where applicable, give SHRM's proposed instructions, as indicated below.

i. <u>Plaintiff's Proposed Instruction No. 31 Improperly Emphasizes Emotional Distress Damages and Risks an Award Based on Speculation</u>

SHRM objects to Plaintiff's proposed Instruction No. 31 because it improperly emphasizes

Ms. Torres' emotional distress allegations, while failing to adequately instruct the jury regarding the evidentiary limitations governing such damages. Contrary to the law, Ms. Torres' proposed instruction vaguely and incorrectly advises the jury that "[t]here is no exact standard for measuring this kind of harm, and no evidence of a specific dollar value need be introduced[.]" ECF No. 141 at PageID# 3253. *Contrast Sloane v. Equifax Info. Servs.*, 510 F.3d 495, 503 (4th Cir. 2007) ("We have warned that '[n]ot only is emotional distress fraught with vagueness and speculation, it is easily susceptible to fictitious and trivial claims.' For this reason … we have required a plaintiff to 'reasonably and sufficiently explain the circumstances of [the] injury and not resort to mere conclusory statements.'" (quoting *Price v. City of Charlotte*, 93 F.3d 1241, 1250-51 (4th Cir. 1996)). Plaintiff's proposed Instruction No. 31 invites an emotional response by specifically identifying "fear, humiliation, and mental anguish" while advising the jury she cannot possibly evidence a particular dollar amount, encouraging, therefore, a damages award untethered to concrete evidence of actual injury.

In addition, the instruction is also incomplete because it encourages an award for future emotional harm, without explaining that future damages must be established with reasonable certainty and cannot be based upon conjecture or speculation. *See* ECF No. 141 at PageID# 3253 ("Ms. Torres seeks compensation for … any such harm she is reasonably certain to suffer in the future."). However, she fails to explain what "reasonably certain" entails and again encourages the jury to ignore any exacting manner in which to decide compensatory damages. *See id*. ("There is no exact standard for measuring this kind of harm…."). Moreover, the instruction fails to explain that any emotional distress award must be limited to harm caused solely by the specific unlawful conduct found by the jury and not by other life events, employment experiences, litigation stress, or disappointment arising from unrelated circumstances. *See generally id.*

For these reasons, the Court should give SHRM's proposed Instruction No. 23, which fairly articulates the legal standard for compensatory damages in a neutral and precise manner.

ii. Plaintiff's Proposed Instruction No. 32 is Unnecessary and Misleading, as Written

SHRM does not dispute the general rule that a plaintiff may not obtain a double recovery for the same injury. However, this can be accomplished through the substantive damages instructions and the verdict form, and does not require a separate instruction. Moreover, Plaintiff's proposed Instruction No. 32 is again not neutral, as required, and explicitly informs the jury that Ms. Torres "is entitled to be made whole[,]" thereby effectively presuming entitlement to recovery and endorsing Plaintiff's theory of the case. ECF No. 141 at PageID# 3254. The jury's role is to determine whether Plaintiff has proven liability and whether Plaintiff has proven damages, not to begin with the assumption that she is entitled to compensation. The Court should not give Plaintiff's proposed Instruction No. 32.

iii. Proposed Instruction Nos. 33-35 Improperly Submit Back Pay, Front Pay, and Mitigation to the Jury

Plaintiff's proposed Instruction Nos. 33-35 improperly submit back pay and front pay, and the instruction on mitigation, to the jury. In this jurisdiction, both back and front pay are equitable remedies awarded by the Court, not the jury. *See Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991) (holding both back pay and front pay are "for the court sitting in equity to consider and not the jury."); *see also EEOC v. Consol Energy, Inc.*, 860 F.3d 131, 140 (4th Cir. 2017) (discussing distinguishment of compensatory damages from lost wages in jury instructions and Court's subsequent decisions relating to back pay and front pay); *Crump v. United States Dep't of Navy*, 205 F. Supp. 3d 730 (E.D. Va. 2016) (discussing the court award of back pay and front pay). Indeed, Plaintiff appears to concede such a point at least as to back pay in her instructions, creating unnecessary confusion for the jury. *See* ECF No. 141 at PageID# 3255 ("the Court has the power

to award the wages and benefits Ms. Torres would have earned … You are permitted to state what amount you would award.”). However, Plaintiff provides zero support for her assertion that the jury is permitted to offer an opinion on a back pay award, despite it being outside the jury's purview. *See generally id.* Accordingly, Plaintiff's proposed Instruction Nos. 33-35 instruct and invite the jury to rule on damages which it is not entitled to opine on.

Even if the Court considers the substance of Plaintiff's proposed Instruction Nos. 33-35, the instructions should be rejected. Instruction No. 33 improperly assumes a starting salary, that Ms. Torres would have been employed by SHRM continuously through trial, and fails to account for such basic issues as mitigation, duration of alleged losses, benefits calculations, and causation in the instruction. *See id*. at PageID# 3255 (“the Court has the power to award the wages and benefits Ms. Torres would have earned from the date of her employment with SHRM would have begun to the date of your verdict….”). These issues remain contested and should not be presented in a manner suggesting Plaintiff is presumptively entitled to recover wages, at the salary and timeframe her Instruction No. 33 treats as undisputed facts.

Similarly, Plaintiff's proposed Instruction No. 34 again improperly invites the jury to determine future lost earnings despite the fact this is decided by the Court in this jurisdiction, and in the absence of any instruction addressing the numerous equitable considerations that govern front pay. *See Duke*, 928 F.2d at 1424; *Consol Energy*, 860 F.3d at 140; *Crump*, 205 F. Supp. 3d 730; ECF No. 141 at PageID# 3257 (“you may award the wages and benefits Ms. Torres is reasonably certain to lose in the future because of SHRM's conduct ….”). Specifically, the instruction completely omits any explanation as to anticipated employment duration, future mitigation, work-life expectancy, and other inherently speculative factors. It fails to even define what the term “benefits” refers to, how the jury goes about making such a calculation, and

improperly assumes Ms. Torres has lost anything "because of SHRM's conduct" and that she will experience further losses "in the future[.]" *See id*. As such, the instruction is both in Plaintiff's favor and vague and confusing for the jury to understand.

Finally, Plaintiff's proposed Instruction No. 35 is similarly incomplete and a one-sided statement. First, the implication that Ms. Torres is a "victim of discrimination" when, again, such a finding is for the jury and which will not have been made when the instructions are given. *See id*. at PageID# 3258. The instruction further repeatedly focuses on Plaintiff's limited obligations while failing to adequately explain that back pay and front pay awards must be reduced by amounts that Plaintiff actually earned or reasonably could have earned through diligent efforts. *See Edwards v. School Bd.*, 658 F.2d 951, 956 (4th Cir. 1981) (internal citations omitted). The instruction also fails to explain that a plaintiff cannot remain idle, and improperly minimizes her obligation to accept substantially equivalent employment opportunities, instead claiming she was free to decline "work that was not comparable to the work she would have done at SHRM." ECF No. 141 at PageID# 3258; *see also Edwards*, 658 F.2d at 956 (citing *O'Neal v. Gresham*, 519 F.2d 803, 805 (4th Cir. 1975)). Plaintiff's proposed Instruction Nos. 33-35 should be rejected by the Court.

iv. <u>Instruction No. 36 Is Unsupported by Plaintiff's Claims</u>

Plaintiff's proposed Instruction No. 36 is neither necessary nor supported by the statutory framework governing Plaintiff's claims. Unlike constitutional claims, ADA and VHRA discrimination claims are not litigated on a nominal damages theory and Plaintiff's cited authorities do not establish that a nominal damages instruction is appropriate in these circumstances. In fact, none of Plaintiff's cited authorities have anything to do with employment discrimination claims nor establish the availability of damages in these circumstances. Moreover, the inclusion of a nominal damages instruction may improperly invite compromise verdicts by encouraging the jury

to find liability, while awarding little damages. Such an instruction further serves little purpose where Plaintiff seeks substantial compensatory, equitable, and punitive remedies.

v. Instruction Nos. 37-38 Misstate and Incompletely Describe the Punitive Damages Standard

Plaintiff's proposed Instruction Nos. 37-38 inadequately describe the extremely demanding standard for punitive damages under federal and Virginia law. Specifically, the instructions fail to adequately distinguish between intentional conduct and the heightened mental state required for punitive liability. As written, jurors could incorrectly conclude that a finding of intentional discrimination alone supports punitive damages because Plaintiff proposes to instruct the jury that "SHRM acted in the face of a perceived risk that its actions would violate federal law[,]" when the law requires intentional discrimination ***with malice or reckless indifference*** to a plaintiff's rights, not merely that its actions ***could*** violate the law. *See* ECF No. 141 at PageID# 3260, 3262 (substantively identical); *Anderson v. G.D.C., Inc.*, 281 F.3d 452, 459-60 (4th Cir. 2002) (internal citations omitted); *see also Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 144 (1992) (holding "[t]he imposition of punitive damages is not favored generally and, '[b]ecause punitive damages are in the nature of a penalty, they should be awarded only in cases of the most egregious conduct.'") (quoting *Philip Morris Inc. v. Emerson*, 235 Va. 380, 407 (1988)); *Condo. Servs. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc.*, 281 Va. 561, 579 (2011) ("Punitive or exemplary damages are allowable only where there is misconduct or actual malice ….") (quoting *Giant of Virginia, Inc. v. Pigg*, 207 Va. 679, 685 (1967)) (additional internal citations omitted).

In addition, these proposed instructions are deficient because while they mention in passing that SHRM's good faith efforts to comply with the law can foreclose punitive damages to Plaintiff, they fail to explain what constitutes a good faith effort. *Contrast* ECF No. 141 at PageID# 3260 *with Kolstad v. American Dental Ass'n*, 527 U.S. 526, 544-46 (1999). The Court should therefore

decline to give Plaintiff's proposed Instruction Nos. 37-38.

### H. Plaintiff's Proposed Instruction No. 39 is Incomplete, Argumentative, and Will Confuse the Jury

Defendant objects to Plaintiff's proposed Instruction No. 39 as incomplete, argumentative, and at risk of misleading and confusing the jury. First, the instruction improperly minimizes the significance of after-acquired evidence by oversimplifying the *McKennon* decision and improperly suggesting that ***any*** evidence learned by SHRM after the applicable timeframe has no relevance beyond damages. Neither *McKennon* nor Fourth Circuit authority requires a jury to ignore otherwise relevant evidence when evaluating the facts presented at trial. For example, to the extent evidence SHRM learned during the pendency of discovery in this matter bears on Plaintiff's credibility, the accuracy of representations she made to SHRM, whether she engaged in good faith with SHRM in the interactive process, or other disputed factual issues, the jury remains entitled to consider that evidence for those purposes. Moreover, as the proposed instruction effectively tells the jury that after-acquired evidence is legally irrelevant except as a limitation on damages, it risks placing the Court's imprimatur on Plaintiff's characterization of the evidence and may cause the jury to discount facts that are otherwise relevant to assessing witness credibility and the overall factual record. SHRM requests that the Court reject Plaintiff's proposed Instruction No. 39.

## III. CONCLUSION

For the foregoing reasons, the Court should reject Plaintiff's Proposed Instruction Nos. 3, 5, 6, 8-9, 13-18, 20, 22, 24-26, 29, 32-36, and 39 entirely. The Court should decline to give Plaintiff's Proposed Instruction Nos. 1, 2, 4, 7, 10-12, 19, 21, 23, 27-28, 30-31, and 37-38 and, should instead give SHRM's respective proposed instructions on these subjects.

Dated: October 1, 2026

Respectfully submitted,

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh, Bar No. 90586
Tiffany din Fagel Tse, Bar No. 92958
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, Virginia 22102
Telephone: 703.442.8425
Facsimile: 703.552.7679
lbridenbaugh@littler.com
ttse@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant Society for Human Resource Management*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 1st day of October 2026, I caused the foregoing **SHRM'S Opposition to Plaintiff's Proposed Jury Instructions** to be served through the Court's Electronic Case Filing (ECF) system on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Mary E. Kuntz (VSB No. 76947)
Anna Kathryn Barnes Barry (admitted *pro hac vice*)
Thomas O. Walker II (admitted *pro hac vice*)
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
akbarry@kcnlaw.com
twalker@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh