# Appendix 1

# Appendix 1: SHRM's Proposed Instructions

| SHRM instruction | Status / objection | Thematic argument |
|---|---|---|
| No. 1, Preliminary Instructions | Joint; no objection. | No dispute. |
| No. 2, Description of the Case | Object. It states SHRM's disputed defense theory as background. | Give Plaintiff Nos. 1 and 8 instead. |
| No. 3, General Instructions | Joint; no objection. | No dispute. |
| No. 4, Nonperson Party | Incomplete unless paired with corporate-agency instruction. | Combine with Plaintiff No. 7. |
| No. 5, Evidence in the Case | Joint; no objection. | No dispute. |
| No. 6, Use of Depositions | Joint; no objection. | No dispute. |
| No. 7, What Is Not Evidence | Joint; no objection. | No dispute. |
| No. 8, Direct and Circumstantial Evidence | Joint; no objection. | No dispute. |
| No. 9, Inference | Joint; no objection. | No dispute. |
| No. 10, Credibility of Witnesses | Joint; no objection. | No dispute. |
| No. 11, Opinion Testimony | Acceptable only if conformed to the Court's expert ruling and supplemented by Plaintiff's lay/treating-physician instructions. | Plaintiff Nos. 3-5. |
| No. 12, Discrepancies in Testimony | Object as cumulative and one-sided. | Covered by joint credibility instruction. |
| No. 13, Sympathy | Object as cumulative and plaintiff-targeted. | Damages instructions already bar sympathy. |
| No. 14, No Inference from Filing Suit | Object as cumulative and one-sided. | Covered by "what is not evidence." |
| No. 15, Burden of Proof | Use Plaintiff's clearer version. | Plaintiff No. 2. |
| No. 16, ADA Disability Accommodation Claim | Object. It collapses ADA/VHRA, omits effectiveness, overstates "preferred accommodation," and makes interactive-process breakdown dispositive. | Plaintiff Nos. 10-12, 17-21, 26-30. |

| SHRM instruction | Status / objection | Thematic argument |
|---|---|---|
| No. 17, ADA Disability Claim | Object in part. It omits the accommodation-avoidance theory and overuses business-judgment language. | Plaintiff Nos. 13-16. |
| No. 18, VHRA Disability Claim | Object in part. It states motivating factor but does not separately present Plaintiff's VHRA theories and repeats no-second-guessing language. | Plaintiff Nos. 22-25. |
| No. 19, Business Judgment | Object. It is cumulative, one-sided, and dangerous without pretext. | If any version is given, pair with Plaintiff No. 16. |
| No. 20, Undue Hardship | Object unless trial evidence supports it; if given, use Plaintiff's ADA and VHRA versions. | Plaintiff Nos. 21 and 30. |
| No. 21, Consideration of Damages | Joint; no objection if it is the agreed instruction. | No dispute. |
| No. 22, Damages, Speculation | Object as cumulative and defense-weighted. | Plaintiff No. 31 covers proper limits. |
| No. 23, Compensatory Damages | Object strongly. It disparages emotional-distress damages and improperly restricts wage loss. | Plaintiff Nos. 31-36. |
| No. 24, Punitive Damages | Use Plaintiff's separated ADA/VHRA instructions. | Plaintiff Nos. 37-38. |
| No. 25, Duty to Deliberate | Joint; no objection. | No dispute. |

# Appendix 2

# Appendix 2: Torres's Proposed Instructions

| Plaintiff instruction | Why it should be given | Thematic argument |
|---|---|---|
| No. 1, Presence of Alert Dog in Courtroom | Neutral limiting instruction; dog's presence is not evidence and jurors' feelings about dogs do not matter. | Responds to SHRM No. 2. |
| No. 2, Burden of Proof | Clear preponderance standard without scales metaphor or defense emphasis. | Responds to SHRM No. 15. |
| No. 3, Lay Opinion Testimony | Needed if lay opinions are admitted; prevents lay opinion from being treated as expert opinion. | Fills gap in SHRM No. 11. |
| No. 4, Expert Testimony | Tailored to Dr. Cooperman and the Court's ruling. | Improves SHRM No. 11. |
| No. 5, Treating Physician Testimony; Physician Letters | Needed to weigh Dr. Joshi's testimony and physician letters. | Fills gap in SHRM No. 11. |
| No. 6, No Requirement to Produce All Witnesses or Exhibits | Prevents improper missing-witness/missing-exhibit inferences. | No SHRM equivalent. |
| No. 7, Corporation as Party; Acting Through Agents | Supplies the agency principle SHRM omits. | Complements/corrects SHRM No. 4. |
| No. 8, Roadmap | Gives neutral four-claim structure and threshold questions. | Replaces SHRM No. 2's defense narrative. |
| No. 9, Applicant Protection | Prevents confusion from pre-employment rescission. | No SHRM equivalent. |
| No. 10, Disability | Correct ADA/VHRA disability standards, including endocrine function and mitigating measures. | Corrects SHRM Nos. 16-18. |
| No. 11, Qualified | Correct threshold qualification and essential-functions test. | Corrects SHRM Nos. 16-18. |
| No. 12, Reasonable Accommodation | Complete accommodation definition, including equal benefits/privileges. | Corrects SHRM No. 16. |
| No. 13, Count I Overview | Separates ADA discrimination routes. | Responds to SHRM No. 17. |
| No. 14, ADA Accommodation-Avoidance Discrimination | Preserves distinct theory that rescission because accommodation would be needed is unlawful. | Responds to SHRM No. 17. |
| No. 15, ADA Disability Causation | States but-for causation for disability itself. | Responds to SHRM No. 17. |

| Plaintiff instruction | Why it should be given | Thematic argument |
|---|---|---|
| No. 16, Pretext / Real Reason | Necessary counterweight to business-judgment language. | Responds to SHRM Nos. 17-19. |
| No. 17, Count II Overview | Proper ADA failure-to-accommodate structure. | Responds to SHRM No. 16. |
| No. 18, Service Dog Reasonableness | Frames functional need: dangerous blood-sugar changes not detected in time. | Responds to SHRM No. 16. |
| No. 19, Alternative Effectiveness | Central instruction; alternatives must actually work. | Responds to SHRM No. 16. |
| No. 20, ADA Interactive Process | Prevents treating disagreement as forfeiture. | Corrects SHRM No. 16. |
| No. 21, ADA Undue Hardship | If hardship is submitted, it must require actual significant difficulty or expense. | Corrects SHRM No. 20. |
| No. 22, Count III Overview | Separates VHRA discrimination from ADA discrimination. | Responds to SHRM No. 18. |
| No. 23, VHRA Motivating Factor | States Virginia causation standard. | Responds to SHRM No. 18. |
| No. 24, VHRA Accommodation-Avoidance | Preserves VHRA theory based on need to accommodate. | Responds to SHRM No. 18. |
| No. 25, VHRA Real Reason | Applies pretext to Count III. | Responds to SHRM Nos. 18-19. |
| No. 26, Count IV Overview | Separates VHRA accommodation claim from ADA claim. | Corrects SHRM No. 16. |
| No. 27, VHRA Service-Dog Necessity | Applies Virginia's "necessary to assist" standard. | Corrects SHRM No. 16. |
| No. 28, VHRA Alternative Effectiveness | Mirrors effectiveness issue under Virginia law. | Corrects SHRM No. 16. |
| No. 29, VHRA Interactive Process | Captures separate Virginia employer duty. | Corrects SHRM No. 16. |
| No. 30, VHRA Undue Hardship | Provides Virginia-specific hardship factors. | Corrects SHRM No. 20. |
| No. 31, Compensatory Damages | Neutral emotional-distress damages instruction. | Replaces SHRM Nos. 22-23. |
| No. 32, No Double Recovery | Prevents duplicate damages across overlapping claims. | No SHRM equivalent. |
| No. 33, Back Pay | Preserves wage-relief finding if submitted or advisory. | Corrects SHRM No. 23. |

| Plaintiff instruction | Why it should be given | Thematic argument |
|---|---|---|
| No. 34, Front Pay | Preserves future lost earnings if submitted. | Corrects SHRM No. 23. |
| No. 35, Mitigation | Correctly places burden on SHRM. | No SHRM equivalent. |
| No. 36, Nominal Damages | Needed if liability is found but actual damages are not proven. | No SHRM equivalent. |
| No. 37, ADA Punitive Damages | Separates ADA punitive standard. | Refines SHRM No. 24. |
| No. 38, VHRA Punitive Damages | Separates VHRA punitive standard and predicate. | Refines SHRM No. 24. |
| No. 39, After-Acquired Evidence | Needed if SHRM raises after-acquired evidence. | No SHRM equivalent. |