**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Civil Action No. 1:25-CV-02360** |

**SHRM'S REVISED PROPOSED JURY INSTRUCTIONS**

Defendant Society For Human Resource Management ("Defendant" or "SHRM"), by and through its undersigned counsel, files its Revised Proposed Jury Instructions in accordance with Federal Rules of Civil Procedure 51, Local Civil Rule 51, and the Court's Orders dated June 17, 2026 (ECF No. 64) and October 5, 2026 (ECF No. 165). SHRM's Revised Proposed Jury Instructions encompass those instructions not agreed to in the Parties' Joint Proposed Jury Instructions filed contemporaneously with this filing. By submitting these Revised Proposed Jury Instructions, SHRM does not waive its right to modify the proposed instructions, questions, and objections contained in these Revised Proposed Jury Instructions to conform with the law and the evidence submitted in this case.

**INSTRUCTION NO. 1**
**(PRELIMINARY INSTRUCTIONS BEFORE COMMENCEMENT OF TRIAL)**

[The Parties have jointly agreed to this proposed instruction.]

**INSTRUCTION NO. 2**
**(DESCRIPTION OF THE CASE)**

In this case, Plaintiff Fiona Torres was offered a job to work at SHRM in 2024, and claims that when SHRM declined her request to have her dog present at SHRM's office as her preferred accommodation for her Type 1 diabetes and rescinded the job offer, it discriminated against her on the basis of her alleged disability in violation of the Americans with Disabilities Act ("ADA") and the Virginia Human Rights Act ("VHRA"). SHRM denies these claims and asserts that it offered her alternative accommodations that would allow her to perform the essential functions of the job she was offered, that she admitted voluntarily being without her dog in various professional and personal settings, and that it rescinded the job offer only after Ms. Torres refused to engage with it further on alternative accommodations.

You may notice Ms. Torres' dog is present in the courtroom for this trial. The presence of Ms. Torres' dog should not be considered an indication that she does or does not need her dog to be with her, or that I, by permitting the dog to be present in the courtroom, think Ms. Torres needs her dog to be with her.

**Authority**: Third Circuit Model Civil Jury Instructions 1.2, 9.0 (modified); Eleventh Circuit Pattern Civil Jury Instruction 1.1 (modified).

## INSTRUCTION NO. 3
## (GENERAL INSTRUCTIONS FOR JURY AFTER PRESENTATION OF EVIDENCE)

[The Parties have jointly agreed to this proposed instruction.]

**INSTRUCTION NO. 4**
**(NONPERSON PARTY)**

In your deliberations, you must not be influenced by the fact that Ms. Torres is an individual while SHRM is a professional association. The mere fact that SHRM is a professional association does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

**Authority**: Final Instruction No. 7 from *Grant v. CSL Behring LLC*, No. 21-CV-02044-CJN (D.D.C. Feb. 2, 2024) (modified); Fifth Circuit Pattern Jury Instruction Civil 2.16 (modified); Seventh Circuit Pattern Civil Jury Instruction 1.03 (modified); Ninth Circuit Model Civil Jury Instruction 4.1 (modified); Eleventh Circuit Pattern Civil Jury Instructions, Basic Instruction 3.2.2 (modified).

**INSTRUCTION NO. 5**
**(EVIDENCE IN THE CASE)**

[The Parties have jointly agreed to this proposed instruction.]

**INSTRUCTION NO. 6**
**(USE OF DEPOSITIONS)**

[The Parties have jointly agreed to this proposed instruction.]

**INSTRUCTION NO. 7**
**(WHAT IS NOT EVIDENCE)**

[The Parties have jointly agreed to this proposed instruction.]

**INSTRUCTION NO. 8**
**(DIRECT AND CIRCUMSTANTIAL EVIDENCE)**

[The Parties have jointly agreed to this proposed instruction.]

**INSTRUCTION NO. 9**
**(INFERENCE)**

[The Parties have jointly agreed to this proposed instruction.]

**INSTRUCTION NO. 10**
**(CREDIBILITY OF THE WITNESSES)**

[The Parties have jointly agreed to this proposed instruction.]

**INSTRUCTION NO. 11**
**(OPINION TESTIMONY)**

Among the many witnesses who testified in this case, you have heard testimony about the opinions of Dr. Cooperman. This opinion testimony is allowed because of the knowledge, skill, experience, training, or education of this witness. In weighing this opinion testimony, you may consider the witness' qualifications, the reasons for his opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.

The opinions of Dr. Cooperman should receive whatever weight and credit you think appropriate, if any, given all the other evidence in the case

Authority: Fed. R. Evid. 702; Third Circuit Model Civil Jury Instructions 2.11 (modified); Fifth Circuit Pattern Jury Instruction Civil 3.5 (modified); Seventh Circuit Pattern Civil Jury Instructions 1.21 (modified); Eighth Circuit Pattern Civil Jury Instructions 3.05 (modified); Ninth Circuit Model Jury Instruction 2.14 (modified).

**INSTRUCTION NO. 12**
**(DISCREPANCIES IN TESTIMONY)**

You may have heard evidence of discrepancies in the testimony of certain witnesses. You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

When examining discrepancies in a witness's testimony, you should consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Authority: 4-76 Modern Federal Jury Instructions–Civil P 76-4 (Matthew Bender 4th ed. 2010) (modified); Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, West, § 105:01 (6th ed. 2017).

**INSTRUCTION NO. 13**
**(SYMPATHY)**

Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Authority: 4-72 Modern Federal Jury Instructions–Civil P 72-1 (Matthew Bender 4th ed. 2010) (modified); *In re Murchison*, 349 U.S. 133 (1955); *United States v. Runyon*, 707 F.3d 475 (4th Cir. 2013); *Edwards v. City of Philadelphia*, 860 F.2d 568 (3d Cir. 1988); *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166 (5th Cir. 2005); *Joan W. v. City of Chicago*, 771 F.2d 1020 (7th Cir. 1985); *Lovett v. Union Pacific R.R.*, 201 F.3d 1074 (8th Cir. 2000).

**INSTRUCTION NO. 14**
**(NO INFERENCE FROM FILING SUIT)**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Authority: Fifth Circuit Pattern Jury Instruction Civil 3.6.

**INSTRUCTION NO. 15**
**(BURDEN OF PROOF)**

The Plaintiff, Fiona Torres, has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence.

"Establish by a preponderance of the evidence" means that Ms. Torres has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. In other words, a preponderance of the evidence means the evidence in question has more convincing force than any evidence opposed to it and produces in your minds belief that what is sought to be proved is more likely true than not true.

Put another way, I ask you to visualize when you go into the jury room that you have on the jury room table the scales of justice on which two trays are hanging evenly in balance. If you were to put the evidence that favors Ms. Torres on one side and the evidence that favors SHRM on opposite sides of those scales, Ms. Torres has to make the scales tip to her side. If she does, you must find for her. If the evidence weighs the same for both sides, or favors SHRM, Ms. Torres has not sustained her burden of proof by a preponderance of the evidence, and you must find for SHRM.

In deciding whether Ms. Torres has met her burden of proof, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority: Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice and Instructions, West, § 104:01 (6th ed. 2017) (modified); Third Circuit Model Civil Jury Instruction 1.10 (modified); Fifth Circuit Pattern Jury Instruction Civil 3.2 (modified); Ninth Circuit Model Civil Jury Instruction 1.6 (modified); Eleventh Circuit Pattern Jury Instruction 3.7.1 (modified); 1 Virginia Model Jury Instructions - Civil Instruction 3.100; Devitt, Blackmar and Wolff § 72.01 (modified); 5-88 Modern Federal Jury Instructions–Civil P 88-27 (Matthew Bender 4th ed. 2010) (modified); *Jacobs v. Jacobs*, 218 Va. 264, 267, 237 S.E. 2d 124 (1977); *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248 (4th Cir. 2005); *MSSI Acquisition, LLC v. Azmat Consulting*,

*Inc.*, No. 11-cv-01312, 2012 U.S. Dist. LEXIS 117745 (E.D. Va. July 19, 2012); *Grant v. CSL Behring LLC*, No. 21-CV-02044-CJN (D.D.C. Feb. 2, 2024).

**INSTRUCTION NO. 16**
**(PROOF SCHEME – ADA DISABILITY ACCOMMODATION CLAIM)**

The plaintiff alleges that she has diabetes that required her dog to be with her in SHRM's office and that SHRM refused to allow Ms. Torres' dog in its office. It is your responsibility to decide whether the plaintiff has proven that SHRM refused to provide a reasonable accommodation to plaintiff. Ms. Torres is bringing her disability accommodation claim under both the Americans with Disabilities Act, which I will call the ADA, and the Virginia Human Rights Act, which I will call the VHRA. The elements for proving such a claim are the same under both the ADA and the VHRA, so my instructions on the elements of proving Ms. Torres' disability failure to accommodate claims apply to both statutes.

To prevail on a failure to accommodate claim like this one, Ms. Torres must prove each of the following elements by a preponderance of the evidence:

1. That she is an individual with a disability;
2. That SHRM had notice of her alleged disability and her desire for an accommodation for her disability;
3. That she could perform the essential functions of the Senior Specialist, Product Manager position with a reasonable accommodation; and
4. SHRM refused to offer a reasonable accommodation.

A "disability" requires Ms. Torres to prove by a preponderance of the evidence that she has a physical or mental impairment that substantially limits one or more major life activities. A "physical impairment" is a condition that prevents the body from functioning normally. A "major life activity" is an activity that is centrally important to everyday life, including the operation of major bodily functions. Major life activities include caring for oneself, performing manual tasks,

seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

An impairment "substantially limits" a major life activity if it prevents or significantly restricts a person from performing the activity, compared to an average person in the general population.

The third element of a failure to accommodate claim requires the plaintiff to prove by a preponderance of the evidence that she could perform the essential functions of the job with a reasonable accommodation. Essential functions of a job means the fundamental job duties of the position. A job function may be considered essential if: the specific reason the position exists is to perform that function; there are a limited number of other employees available to perform that job function; or the job function is highly specialized and requires the employee to have particular expertise or ability to perform the particular function. In considering whether a specific job function is essential, you may consider the following:

i. The employer's judgment as to which functions are essential;

ii. Written job descriptions for the position;

iii. The amount of time spent on the job performing the function;

iv. The consequences of not requiring the incumbent to perform the function;

v. The work experience of past incumbents in the job; and/or

vi. The current work experience of incumbents in similar jobs.

In addition to specific job requirements, an employer may have general requirements for all employees that qualify as essential functions. For example, an employer may require a regular and predictable level of attendance, or require employees to arrive at work on time. These may be considered essential functions of any job.

A reasonable accommodation means making modifications or adjustments to the work environment, or to the manner or circumstances under which the position held is customarily performed, that enable an individual with a disability to perform the essential functions of her job or to enjoy equal benefits and privileges of employment as are enjoyed by other similarly situated employees without disabilities. A reasonable accommodation does not include changing or eliminating any essential functions of the job, or shifting any essential functions of the job to others.

The fourth element of a failure to accommodate claim requires the plaintiff prove by a preponderance of the evidence that SHRM refused to provide her with any reasonable accommodation.

An employer has the ultimate discretion to choose between reasonable accommodations, and thus satisfies its obligation under the ADA by offering any reasonable accommodation that allows the individual to perform the essential functions of the job or to enjoy equal benefits and privileges of employment as are enjoyed by other similarly situated employees without disabilities. The employer is not required to provide a total accommodation, the perfect or best accommodation available, or the exact accommodation the individual requested, prefers, or desires. Instead, the employer need only provide the individual with some reasonable accommodation.

The reasonableness of an employer's offered accommodation is not dependent on the individual's requested or preferred accommodations being unreasonable. In other words, if you find that the plaintiff was offered a reasonable accommodation by SHRM, then SHRM has done all the law requires of it and you must find for SHRM, even if you believe that the accommodation proposed by the plaintiff was also reasonable.

Once an employer is aware that an applicant is requesting a reasonable accommodation, the law requires the parties to engage in an "interactive process" to determine whether there is a reasonable accommodation that would allow the applicant to perform the essential functions of her job, or to enjoy equal benefits and privileges of employment as are enjoyed by other similarly situated employees without disabilities.

One this process has begun both the employer, and the employee must participate in good faith. A party who delays the process or fails to communicate with the other party is not acting in good faith. Employers can show their good faith in a number of ways such as: meeting with the employee who requests an accommodation; requesting information about the employee's condition and what limitations the employee has; asking what the employee specifically wants; and offering and discussing available alternative accommodations.

Authority: *Tarquinio v. Johns Hopkins Univ. Applied Physics Lab*, RDB-23-0727, 2024 WL 1604493, at *4 (D. Md. Apr. 11, 2024), *aff'd*, 141 F. 4th 568 (4th Cir. 2025), *cert. denied sub nom.*, *Tarquinio*, 146 S. Ct. 367; *Elledge v. Lowe's Home Centers, LLC*, 979 F.3d 1004, 1013 (4th Cir. 2020); *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013); *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 Fed. App'x 314, 323 (4th Cir. 2011); *Haneke v. Mid-Atlantic Capital Mgmt.*, 131 Fed. Appx. 399, 400 (4th Cir. 2005); *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n. 11 (4th Cir. 2001); Eleventh Circuit Pattern Civil Jury Instruction 4.12 (modified); *Williams v. Fairfax County*, No.1:2l-cv-598, 2022 WL 2346615, Instruction Nos. 8, 10, 13, and 14 (modified) (E.D. Va. July 7, 2022)

**INSTRUCTION NO. 17**
**(PROOF SCHEME – ADA DISABILITY CLAIM)**

The plaintiff alleges that she has a disability under the ADA and that SHRM rescinded its job offer to her because she has diabetes. It is your responsibility to decide whether the plaintiff has proven that SHRM rescinded the job offer because Ms. Torres has disability under the ADA.

To prevail on a disability discrimination claim under the ADA, Ms. Torres must prove each of the following elements by a preponderance of the evidence:

1. That she is an individual with a disability;
2. That she was a qualified individual;
3. That SHRM rescinded the job offer to Ms. Torres; and
4. That SHRM rescinded the job offer because of Ms. Torres' disability.

A disability is defined the same as I previously instructed you.

A "qualified individual" requires Ms. Torres to prove by a preponderance of the evidence that she was "qualified" for the job at the time that SHRM rescinded the offer. This means that Ms. Torres must show that she had the skill, experience, education, and other job-related requirements for the Senior Specialist, Product Management position and could do the essential functions of the job, with or without reasonable accommodation. Implicit in the definition of a "qualified individual" is an obligation to engage in a good faith, collaborative search for a reasonable accommodation. If you find that Ms. Torres did not do so, and/or rejected a reasonable accommodation, she cannot be considered a "qualified individual."

The fourth element requires Ms. Torres to prove that her disability was the but-for cause of its decision to rescind the job offer. A but-for cause means that it was the justification or reason for a decision. It is the same as "because of" or "based on." In other words, the fourth element requires plaintiff to prove that but-for her disability, SHRM would not have rescinded the job offer.

Authority:; *Hall Haggins v. Wilson Air Ctr., LLC*, 163 F. 4th 872, 877, 880 (4th Cir. 2026); *Tartaro-McGowan v. Inova Home Health, LLC*, 1:21-cv-298 (RDA/TCB), 2022 WL 2232190, at *7 (E.D. Va. June 21, 2022), *aff'd* 91 F.4th 158 (4th Cir. 2024); *Anderson v. Diamondback Inv. Grp., LLC*, 117 F.4th 165, 181 (4th Cir. 2024); *Elledge v. Lowe's Home Centers, LLC*, 979 F.3d 1004, 1013 (4th Cir. 2020); *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562 (4th Cir. 2015) *Andrews v. Commonwealth of Virginia*, 232 F.3d 886 (4th Cir. 2000); 29 C.F.R. § 1630.9(d); Eleventh Circuit Pattern Civil Jury Instruction 4.11 (modified); *Gentry v. E.W. Partners Club Mgmt. Co.*, 816 F.3d 228, 235-36 (4th Cir. 2016).

**INSTRUCTION NO. 18**
**(PROOF SCHEME – VHRA DISABILITY CLAIM)**

The plaintiff alleges that she has a disability under the VHRA, and that SHRM rescinded its job offer to her because she has diabetes. It is your responsibility to decide whether the plaintiff's disability was a motivating factor in SHRM's decision to rescind the job offer.

To prevail on a disability discrimination claim under the VHRA, Ms. Torres must prove each of the following elements by a preponderance of the evidence:

1. That she is an individual with a disability;
2. That she was a qualified individual;
3. That SHRM rescinded the job offer to Ms. Torres; and
4. That SHRM's rescission of the job offer was motivated by Ms. Torres' disability.

The first three elements are assessed the same as under the ADA, as I just instructed you.

The fourth element requires Ms. Torres to prove that her disability was a motivating factor in SHRM's decision to rescind the job offer to Ms. Torres. A motivating factor means plaintiff's disability motivated the decision to rescind the job offer, even if other lawful factors also motivated the conduct.

<u>Authority</u>: *Hall Haggins v. Wilson Air Ctr., LLC*, 163 F. 4th 872, 877, 880 (4th Cir. 2026); *Tartaro-McGowan v. Inova Home Health, LLC*, 1:21-cv-298 (RDA/TCB), 2022 WL 2232190, at *7 (E.D. Va. June 21, 2022), *aff'd* 91 F.4th 158 (4th Cir. 2024); *Anderson v. Diamondback Inv. Grp., LLC*, 117 F.4th 165, 181 (4th Cir. 2024); *Elledge v. Lowe's Home Centers, LLC*, 979 F.3d 1004, 1013 (4th Cir. 2020); *Andrews v. Commonwealth of Virginia*, 232 F.3d 886 (4th Cir. 2000); *Moore v. Copper River Shared Servs., LLC*, 113 Va. Cir. 47 (Fairfax Cnty. Jan. 30, 2024); Eleventh Circuit Pattern Civil Jury Instruction 4.11 (modified).

**INSTRUCTION NO. 19**
**(BUSINESS JUDGMENT)**

In your deliberations, you should be mindful that SHRM's business judgment is not on trial in this case. Federal anti-discrimination laws are not intended to be vehicles for second-guessing an employer's business decisions. Although employment decisions must not be based on unlawful factors, an employer is entitled to base its decisions on any other factors, regardless of whether they are good or bad, fair or unfair.

You should not permit sympathy for Ms. Torres to lead you to substitute your own judgment for SHRM's judgment. Even if you believe SHRM exercised poor or questionable business judgment in its actions, or if you feel you would not have made the same decisions under similar circumstances, you cannot find in favor of Ms. Torres unless you are convinced that she has proven by a preponderance of the evidence that SHRM's decisions violated the law.

Authority: *DeJarnette v. Corning Inc.*, 133 F.3d 293, 298-99 (4th Cir. 1998) (Courts do not sit as "super-personnel department[s] weighing the prudence of employment decisions made by firms charged with employment discrimination"); *Staley v. Gruenberg*, 575 F. App'x 153, 156 (4th Cir. 2014); *Deines v. Texas Dept. of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999) ("[D]iscrimination laws [are not] vehicles for judicial second-guessing of business decisions. . . . Therefore, apart from searching for discriminatory intent, it is not the function of the jury to scrutinize the employer's judgment. . . . Whether the employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue for the trier of fact is whether the employer's [decision] was motivated by discrimination.") (citations and internal quotations omitted); *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (quoting *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1365 (7th Cir. 1988)) (the Court does not "sit as a super-personnel department that reexamines an entity's business decisions"); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1012, n.6 (1st Cir. 1979) ("While an employer's judgment or course of action may seem poor or erroneous to outsiders, the relevant question is simply whether the given reason was a pretext for illegal discrimination. The employer's stated legitimate reason must be reasonably articulated and nondiscriminatory, but does not have to be a reason that the judge or jurors would act on or approve. . . The jury must understand that its focus is to be on the employer's motivation, however, and not on its business judgment.")

**INSTRUCTION NO. 20**
**(UNDUE HARDSHIP)**

An employer is not required to provide an accommodation that will impose an undue hardship on the operation of its business. An ”undue hardship” is any accommodation that would be unduly, costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature of the operation of the employer's business. Even if you find that the accommoations offered by SHRM were not reasonable, you cannot find for the plaintiff if you find that the accommodations sought by the plaintiff posed an undue hardship. SHRM must prove by a preponderance of the evidence that the accommodation Ms. Torres requested would be an undue hardship. To decide the issue you should consider the following factors: the nature and cost of the accommodation; SHRM's overall financial resources, including the number of employees at the facility, and the impact on the operation of the facility; the financial resources of the facility where the accommodation would be made, including the number of employees at that facility and the accommodation's impact on the facility's operations and costs; the number of employees employed by SHRM and the effect of the accommodation; and the way that SHRM conducts the business's operations, including SHRM's workforce structure.

Authority:, Eighth Circuit Pattern Civil Jury Instructions 9.60 (modified); Ninth Circuit Model Civil Jury Instruction 12.10 (modified); Eleventh Circuit Pattern Civil Jury Instructions 4.12 (modified); *Williams v. Fairfax County*, No.1:2l-cv-598, 2022 WL 2346615, Instruction No. 15 (modified) (E.D. Va. July 7, 2022.

**INSTRUCTION NO. 21**
**(CONSIDERATION OF DAMAGES)**

[The Parties have jointly agreed to this proposed instruction.]

**INSTRUCTION NO. 22**
**(DAMAGES – SPECULATION)**

You must decide based on the evidence presented and the rules of law whether Ms. Torres is entitled to damages. If so, then you must decide the amount of damages. If not, you must enter judgment in SHRM's favor.

Damages are not presumed, and may not be based on speculation or guesswork; they must be proven. You must also understand that the burden is on Ms. Torres to prove each element of her claimed damages by the appropriate burden of proof. Unless such element is proven by the applicable burden of proof, Ms. Torres cannot recover damages.

Authority: Devitt, Blackmar and Wolff, § 104.06 (modified); Richey, C., Manual on Employment Discrimination and Civil Rights Actions in the Federal Courts (modified).

**INSTRUCTION NO. 23**
**(COMPENSATORY DAMAGES)**

If you find by a preponderance of the evidence that SHRM unlawfully discriminated against Ms. Torres based on a disability, or failed to offer reasonable accommodations, including reasonable alternative accommodations for her disability, then you may determine the amount of damages that she sustained, if any.

Compensatory damages are intended to compensate the injured party for the injury sustained and nothing more. Compensatory damages simply make good or replace the loss caused by the wrong or injury, and should only be awarded for harm actually suffered by plaintiff allegedly as a result of the defendant's conduct. To recover compensatory damages for an injury, Ms. Torres must prove by a preponderance of the evidence that the injury claimed was proximately caused by the allegedly wrongful conduct of SHRM. I will define proximate cause for you momentarily.

In determining the amount of damages to award, you should be guided by common sense and sound judgment, drawing reasonable inferences from the facts in evidence, and make an award that is fair compensation – no more, no less. You may not award damages based on conjecture, speculation or guesswork, or by way of punishment or through sympathy. The Plaintiff is entitled to recover damages only for injury and loss she has proven were caused by the defendant's wrongful conduct. If you determine that the plaintiff is entitled to recover damages, you should consider only the injury and loss she has proven were caused by the defendant's alleged refusal to make a reasonable accommodation.

An injury is proximately caused by a defendant's conduct if (1) there is a direct relationship between the injury asserted and the conduct that the plaintiff alleges caused the injury; and (2) the injury was foreseeable to the defendant. The plaintiff must prove by a preponderance of the

evidence that any damages she seeks from the defendant were proximately caused by the defendant's wrongful conduct.

In determining the amount of damages that you decide to award, if any, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. The law does not require that Ms. Torres prove the amount of her claimed loss with mathematical precision, but with as much definiteness and accuracy as circumstances permit.

Authority: 5-88 Modern Federal Jury Instructions–Civil P 88-38 (Matthew Bender 4th ed. 2010) (modified); S1-8 Modern Federal Jury Instructions–Civil P 8.4.2 (Matthew Bender 2018) (modified); *EEOC v. Consol Energy*, 860 F.3d 131, 140 (4th Cir. 2017); *Bryant v. Aiken Regional Medical Centers Inc.*, 333 F.3d 536, 546-47 (4th Cir. 2003); *Dennis v. Columbia Colleton Med. Ctr.*, 290 F.3d 639, 653 (4th Cir. 2002); *Price v. City of Charlotte*, 93 F.3d 1241, 1250-51 (4th Cir. 1996); Eleventh Circuit Pattern Civil Jury Instructions 4.11, 4.12 (modified); *Williams v. Fairfax County*, No.1:2l-cv-598, 2022 WL 2346615, Instructions 30 and 31 (E.D. Va. July 7, 2022.

**INSTRUCTION NO. 24**
**(PUNITIVE DAMAGES)**

Plaintiff seeks punitive damages in this matter. You may award punitive damages if plaintiff proves by a preponderance of the evidence that SHRM acted with malice or reckless indifference to plaintiff's rights and that as a result there should be an award of punitive damages to punish SHRM, or to deter SHRM and others like SHRM from committing the same conduct in the future. An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of SHRM personally acted with malice or reckless indifference to plaintiff's federal protected rights. An action is with malice if a person knows that it violates the law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law..

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of plaintiff's rights, you cannot award punitive damages if SHRM proves by a preponderance of the evidence that it made a good-faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that plaintiff has claimed to have suffered.

An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied and that SHRM has not proved that it made a good-faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or reckless disregard of rights, or to deter a

defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish SHRM. You should only consider whether actual damages standing alone are sufficient to deter or prevent SHRM from again performing any alleged wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those SHRM is alleged to have committed. Finally, for plaintiff's claims under the VHRA, Ms. Torres is not entitled to punitive damages unless you have also awarded compensatory damages.

Authority: Third Circuit Civil Pattern Jury Instructions 9.4.2 (modified); *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 529-30, 534-41 (1999); *EEOC v. Consol Energy*, 860 F.3d 131, 150-52 (4th Cir. 2017); *Gasque v. Mooers Motor Car Co.*, 227 Va. 154, 159 (1984).

**INSTRUCTION NO. 25**
**(DUTY TO DELIBERATE)**

[The Parties have jointly agreed to this proposed instruction.]

Dated: October 6, 2026

Respectfully submitted,

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh, Bar No. 90586
Tiffany din Fagel Tse, Bar No. 92958
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, Virginia 22102
Telephone: 703.442.8425
Facsimile: 703.662.6178
lbridenbaugh@littler.com
ttse@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant Society for Human Resource Management*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 6th day of October 2026, I caused the foregoing **SHRM'S Revised Proposed Jury Instructions** to be served through the Court's Electronic Case Filing (ECF) system, and separately via email copy pursuant to the Court's June 17, 2026 Order on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Mary E. Kuntz (VSB No. 76947)
Anna Kathryn Barnes Barry (admitted *pro hac vice*)
Thomas O. Walker II (admitted *pro hac vice*)
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
akbarry@kcnlaw.com
twalker@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh