**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FIONA TORRES,<br><br>Plaintiff,<br><br>v.<br><br>SOCIETY FOR HUMAN RESOURCE MANAGEMENT,<br><br>Defendant. | Civil Action No. 1:25-cv-2360-PTG-WBP<br><br>Hon. Patricia Tolliver Giles, J.<br>Hon. William B. Porter, M.J. |

# PLAINTIFF'S REVISED PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's order of October 5, 2026 (ECF No. 165), Plaintiff Fiona Torres, through counsel, hereby files a set of revised jury instructions on Claims I through IV of her Complaint, plus instructions regarding damages, in accordance with Federal Rule of Civil Procedure 51 and Local Rule 51. Ms. Torres reserves her right to modify the proposed instructions, questions, and objections contained in these Proposed Jury Instructions to conform with the law and the evidence submitted in this case.

Because the Court has ordered the parties to make simultaneous filings, Ms. Torres is unable to specify at this writing the revised instructions proposed by Defendant Society for Human Resource Management ("SHRM") that she will have to dispute. Additionally, because the Court's order is confined to instructions specific to Claims I through IV and damages, Ms.

Torres is not resubmitting her prior Proposed Instructions Nos. 1 through 7 (ECF No. 141), but respectfully stands by those instructions.[1]

[1] Two exceptions are the instructions on expert and treating physician testimony, which are resubmitted here with minor changes in wording in light of the Court's October 5 Order.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4 — Expert Testimony (Dr. Cooperman)**

SHRM has introduced the testimony of Dr. Michael Cooperman. He has been qualified by specialized skill, knowledge, or training to give an opinion on certain matters deemed relevant to this case.

You as the jury may accept or reject Dr. Cooperman's opinion in whole or in part. In evaluating Dr. Cooperman's testimony, you are to consider the care and accuracy with which the expert evaluated the data on which he based his conclusions, as well as his credibility and the overall quality of his testimony. When there is a conflict between expert testimony and the testimony of any other witness as to the facts, you have the duty to determine the relative weight to give the testimony of each witness on the evidence presented.

**Authority:** Fed. R. Evid. 702; Court's Order on Motion to Exclude Expert Testimony, Sept. 24, 2026 (ECF No. 131).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5 — Treating Physician Testimony; Physician Letters**

You received in evidence letters from two of Ms. Torres's treating physicians, Dr. Silpa Joshi and Dr. Denise Armellini. Dr. Armellini did not testify; her letter is documentary evidence, which you may consider and give such weight as you think it deserves. You have also heard testimony from Dr. Joshi.

You as the jury may accept or reject Ms. Torres's treating physicians' opinions in whole or in part. In deciding how much weight to give treating physicians' opinions and letters, you may consider their training and experience, the soundness of the reasons given, the information relied on, the purpose for which a document was prepared, and all the other evidence in the case.

**Authority:** *Roop v. Desousa*, 660 F. Supp. 3d 477, 496-97, 500-01 (E.D. Va. 2023) (treating physician may testify as lay witness); *Ngo v. Standard Tools & Equipment, Co. Inc.*, 197 F.R.D. 263, 265-66 (D. Md. 2000).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7 — A Corporation as a Party; Acting Through Its Agents**

SHRM is a professional association. That fact does not mean it is entitled to any greater or lesser consideration by you. All litigants are equal before the law.

It is also true that an association or other entity can act only through its officers and employees. Any act or omission of an officer or employee of SHRM, within the scope of that person's employment or authority, is by law the act or omission of SHRM. Knowledge possessed by an officer or employee acting within the scope of employment is likewise attributed to SHRM.

**Authority:** *United States v. W.F. Brinkley & Son Constr. Co.*, 783 F.2d 1157, 1159 n.5 (4th Cir. 1986); *Isaac v. N.C. Dep't of Transp.*, 192 F. App'x 197, 199 (4th Cir. 2006).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8 — Ms. Torres's Four Claims**

Ms. Torres brings four claims against SHRM. All four arise from the same events. Two of her claims arise under a federal law, the Americans with Disabilities Act (the "ADA"); the other two arise under a Virginia law, the Virginia Human Rights Act (the "VHRA"). Under each law, she brings one claim of disability discrimination and one claim of failure to provide a reasonable accommodation:

- Count I (ADA — discrimination): that SHRM rescinded its job offer because of her disability, or because it would have to accommodate her disability.
- Count II (ADA — failure to accommodate): that SHRM did not provide her a reasonable accommodation.
- Count III (VHRA — discrimination): the Virginia counterpart to Count I.
- Count IV (VHRA — failure to accommodate): the Virginia counterpart to Count II.

Some rules are the same under both laws, and some differ. Where a rule applies to all four claims, I will say so. Where the laws differ, I will tell you which rule governs which claim. You must decide each claim separately.

Ms. Torres was an applicant for a job at SHRM, not an employee. The ADA and the VHRA protect job applicants as well as employees.

**Authority:** 42 U.S.C. § 12111(8) (a "qualified individual" is one who "holds or desires" the position); 42 U.S.C. § 12112(a) ("job application procedures" and "hiring"); 42 U.S.C. §

12112(b)(5)(A)–(B) (“job applicant”); Va. Code § 2.2-3905(B)(1)(a) (“fail or refuse to hire”); Va. Code § 2.2-3905.1(B)(1), (B)(3) (“otherwise qualified applicant”).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9 — Whether Ms. Torres Has a Disability (All Counts)**

Each of Ms. Torres's four claims requires that she have a disability. The parties have stipulated that Ms. Torres has type 1 diabetes. Whether that condition is a disability is for you to decide under the following standards, which apply under both the ADA and the VHRA.

A person has a disability if she has a physical impairment that substantially limits one or more major life activities. A "physical impairment" includes any physical condition caused by bodily injury, birth defect, or illness. Major life activities include the operation of major bodily functions, such as the functions of the endocrine system.

An impairment "substantially limits" a major life activity if it limits a person's ability to perform that activity, or the operation of that bodily function, as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the activity to be substantially limiting. This is not a demanding standard, and it is to be applied broadly in favor of coverage. An impairment that is not constant, but intermittent, is still a disability if it would substantially limit a major life activity when active.

Whether an impairment substantially limits a major life activity is defined without the measures a person uses to manage it, such as medication, an insulin pump, a continuous glucose monitor, or a service animal. In deciding this, you may consider whether Ms. Torres's type 1 diabetes — setting aside her insulin pump, her glucose monitor, and her service dog — substantially limits the functioning of her endocrine system or another major life activity.

**Authority:** 42 U.S.C. § 12102(1)(A) (actual disability); 42 U.S.C. § 12102(2)(B) (major bodily functions, including endocrine functions); 42 U.S.C. § 12102(4)(A) (broad coverage); 42

U.S.C. § 12102(4)(D) (episodic impairments); 42 U.S.C. § 12102(4)(E)(i) (mitigating measures disregarded); 29 C.F.R. § 1630.2(h)(1) ("physical impairment"); 29 C.F.R. § 1630.2(j)(1)(i)–(ii) ("not meant to be a demanding standard"; impairment "need not prevent, or significantly or severely restrict" the activity); 29 C.F.R. § 1630.2(j)(1)(vi) (mitigating measures); 29 C.F.R. § 1630.2(j)(3)(iii) (diabetes substantially limits endocrine function); Va. Code § 2.2-3905.1(A) (adopting definitions of § 51.5-40.1); Va. Code § 51.5-40.1 ("person with a disability"; "physical impairment"); *Washington v. Offender Aid & Restoration of Charlottesville-Albemarle, Inc.*, 677 F. Supp. 3d 383, 396 (W.D. Va. 2023) (VHRA "disability" analyzed under ADA standards).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10 — Whether Ms. Torres Was Qualified (All Counts)**

Each of Ms. Torres's four claims requires that she be qualified for the position that SHRM offered her. A qualified person is one who satisfies the threshold prerequisites of the position — the requisite skill, experience, education, and other job-related requirements — and is able to perform the essential functions of the position with or without reasonable accommodation. The standard is the same under the ADA and the VHRA.

"Essential functions" are the fundamental job duties of the position; they do not include the marginal, or non-essential, functions of the position. A job function may be essential because the position exists to perform that function, because there are a limited number of employees available to perform it, or because it is so highly specialized that the person was hired for expertise or ability to perform it.

In deciding whether a particular function is essential, you may consider evidence that includes: SHRM's judgment as to which functions are essential; any written description SHRM prepared before advertising for or interviewing applicants for the position; the amount of time spent performing the function; the consequences of not requiring the person to perform it; and the work experience of people who have held the same or similar positions.

**Authority:** 42 U.S.C. § 12111(8) ("qualified individual"); 29 C.F.R. § 1630.2(m) ("qualified": "requisite skill, experience, education and other job-related requirements"); 29 C.F.R. § 1630.2(n) ("essential functions" definition and factors); Va. Code § 2.2-3905.1(A) (adopting definition of § 51.5-41(A)); Va. Code § 51.5-41(A) ("otherwise qualified person with a disability" means "a person qualified to perform the essential functions of a job with or without

reasonable accommodations"); *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 212–14 (4th Cir. 1994); *Haggins v. Wilson Air Ctr., LLC*, 163 F.4th 872, 877–78 (4th Cir. 2026); *Washington*, 677 F. Supp. 3d at 396 (VHRA "qualified person" analyzed under ADA standards).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11 — Counts I and III: Disability Discrimination — What Ms. Torres Must Prove**

Counts I and III are Ms. Torres's discrimination claims, under the ADA and the VHRA respectively. To prevail on either of these counts, Ms. Torres must prove by a preponderance of the evidence that:

(1) she has a disability, as I have instructed you on that term;

(2) she was qualified for the position SHRM offered her, as I have instructed you on that term;

(3) SHRM rescinded its job offer; and

(4) SHRM rescinded the offer because of her disability, or because it would have to accommodate her disability.

Ms. Torres may prove the fourth element in either of two ways: by proving that SHRM rescinded the offer because of her diabetes itself, or by proving that SHRM rescinded the offer because it would have to accommodate her diabetes by allowing her service dog at work. She need prove only one.

The ADA and the VHRA differ on the connection Ms. Torres must prove between her disability, or her need for accommodation, and SHRM's decision. Count I, under the ADA, requires "but-for" causation. I will explain what that means. Count III, under the VHRA, requires that Ms. Torres's disability or her need for accommodation was a "motivating factor" in SHRM's decision to rescind its offer. I will explain the term "motivating factor" as well. You must apply the standard that my instructions tell you governs each count.

**Authority:** 42 U.S.C. § 12112(a), (b)(5)(B); Va. Code § 2.2-3905(B)(1)(a), (B)(6); Va. Code § 2.2-3905.1(B)(3); *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015) (discrimination elements); *Perdue v. Sanofi-Aventis U.S., LLC*, 999 F.3d 954, 959 (4th Cir. 2021) (a discrimination claim turns on the employer's motive, unlike failure to accommodate); *Tyndall*, 31 F.3d at 214–15 (claim that employer acted to avoid accommodating falls under § 12112(b)(5)(B)); *Billesdon v. Wells Fargo Sec., LLC*, No. 25-1495, slip op. at 11–12 & n.5 (4th Cir. Aug. 21, 2026) (holding that § 12112(b)(5)(B) is a distinct theory, with a motive element; a jury verdict cannot rest on it unless the jury was asked to make a finding on it).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12 — Count I: Causation Under the ADA**

On Count I, Ms. Torres must prove that her disability, or SHRM's need to accommodate her disability, was a "but-for" cause of SHRM's decision to rescind its job offer.

**a. Disability.** Ms. Torres's disability was a but-for cause of the decision if SHRM would not have rescinded the offer had she not had type 1 diabetes.

**b. Need to accommodate.** SHRM's need to accommodate Ms. Torres was a but-for cause of the decision if SHRM would not have rescinded the offer had Ms. Torres not needed her service dog at work.

A but-for cause need not be SHRM's only reason, or even its main reason. A decision can have more than one but-for cause. If other reasons also contributed to SHRM's decision, Ms. Torres may still prevail, as long as SHRM would not have rescinded the offer without her disability, or without her need for accommodation. But if SHRM would have rescinded the offer anyway, for a reason unrelated to her disability and her need for accommodation, Ms. Torres has not proven this element.

**Authority:** 42 U.S.C. § 12112(a), (b)(5)(B); *Gentry v. E. W. Partners Club Mgmt. Co.*, 816 F.3d 228, 235–36 (4th Cir. 2016) (ADA discrimination claims require but-for causation); *Kelly v. Town of Abingdon*, 90 F.4th 158, 170 (4th Cir. 2024) (same); *Perdue*, 999 F.3d at 962 n.5 (same); *Bostock v. Clayton County*, 590 U.S. 644, 656 (2020) (a decision may have more than one but-for cause); *Billesdon*, slip op. at 11–12, 24; *Tyndall*, 31 F.3d at 214–15 (denial "based on the need" to accommodate turns on whether the employer acted to avoid

accommodating); *Fleetwood v. Harford Sys. Inc.*, 380 F. Supp. 2d 688, 703 (D. Md. 2005); *Jordan v. Sch. Bd. of Norfolk*, 640 F. Supp. 3d 431, 444–45 (E.D. Va. 2022); *Davis v. W. Carolina Univ.*, 695 F. App'x 686, 688 (4th Cir. 2017) (unpublished); *cf. EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015) (Title VII refusal to hire to avoid accommodating) (holding that motive and knowledge are separate concepts).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13 — Count III: Causation Under the VHRA (Motivating Factor)**

To prevail on Count III, Ms. Torres's claim of discrimination under the Virginia Human Rights Act, she must prove that her disability, or SHRM's need to accommodate her disability, was a "motivating factor" in SHRM's decision to rescind its job offer.

The VHRA's motivating-factor standard is not the same as the "but-for" standard that governs Count I. Under the VHRA, Ms. Torres does not have to prove that her disability, or her need for accommodation, made the difference in SHRM's decision. It is enough that it was one of SHRM's reasons, even if other factors were equally or more important in motivating the decision.

**a. Disability.** Ms. Torres proves this element if her disability was a motivating factor in SHRM's decision.

**b. Need to accommodate.** The VHRA forbids an employer to deny employment to a qualified applicant because the employer will be required to make a reasonable accommodation for her disability. Ms. Torres proves this element if SHRM's desire to avoid allowing her service dog at work was a motivating factor in its decision to rescind its job offer to her.

**Authority:** Va. Code § 2.2-3905(B)(1)(a); Va. Code § 2.2-3905(B)(6) (unlawful to use disability "as a motivating factor for any employment practice, even though other factors also motivate the practice"); Va. Code § 2.2-3905.1(B)(3) (unlawful to "[d]eny employment . . . opportunities to an otherwise qualified applicant . . . because such employer will be required to make reasonable accommodation"); *Mirshahi v. Patient First Richmond Med. Grp., LLC,* No. 3:23cv00495, 2025 WL 1551504, at *13 (E.D. Va. May 30, 2025), *aff'd,* No. 25-1720 (4th Cir.

May 27, 2026) (unpublished); *Washington*, 677 F. Supp. 3d at 396 (VHRA tracks ADA except as to causation); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) (motivating-factor instruction; circumstantial evidence suffices); *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc) ("it is sufficient for the individual to demonstrate that the employer was motivated to take the adverse employment action by both permissible and forbidden reasons"), *abrogated in part on other grounds, Staub v. Proctor Hosp.*, 562 U.S. 411 (2011); *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 192–93 & n.3 (4th Cir. 2003); *Abercrombie*, 575 U.S. at 773.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 14 — Pretext; Circumstantial Evidence under the VHRA (Counts I and III)**

In deciding why SHRM rescinded its job offer to Ms. Torres, you may consider whether the reasons SHRM has given for rescinding were the real reasons or are a pretext — an excuse to cover up discrimination. If you do not believe one or more of SHRM's stated reasons for rescinding the offer, you may — but are not required to — find that Ms. Torres's disability, or her need to have her service dog at work, was a reason for SHRM's decision. Among the things you may consider are: (1) the manner in which SHRM acted before and after rescinding the offer; (2) how close in time the rescission was to her request to bring her service dog to work; (3) whether SHRM gave shifting or inconsistent explanations for its inquiries or decision; (4) whether SHRM departed from its usual policies or practices when it made the decision; and (5) whether any reason SHRM gave for its decision is false, contradictory, or hard to believe.

You may determine SHRM's real reasons from all the evidence, both direct and circumstantial. Direct proof, such as an admission, is not required. The burden to prove why SHRM acted stays with Ms. Torres, under the standard that governs each count: but-for causation on Count I (Instruction No. 12), and motivating factor on Count III (Instruction No. 13).

**Authority:** *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981) (ultimate burden of persuasion remains with plaintiff); *Billesdon*, slip op. at 8 n.4 (once a case is tried on the merits, the burden-shifting framework drops out and the inquiry turns on the ultimate question); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 147–48 (2000) (factfinder may infer discrimination from falsity of employer's explanation); *St. Mary's Honor*

*Ctr. v. Hicks*, 509 U.S. 502, 511 (1993) (same); *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 852–53 (4th Cir. 2001) (shifting, inconsistent explanations); *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 383 (4th Cir. 2022) (departure from usual procedure); *Jacobs*, 780 F.3d at 575 (temporal proximity); *Desert Palace*, 539 U.S. at 99–100 (circumstantial evidence).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 15 — Counts II and IV: Failure to Accommodate (ADA and VHRA separately)**

Counts II and IV are Ms. Torres's failure-to-accommodate claims. These claims do not require Ms. Torres to prove that SHRM had a discriminatory motive. However:

**a.** To prevail on Count II, failure to accommodate under the ADA, Ms. Torres must prove by a preponderance of the evidence that:

(1) she has a disability, as I have instructed you on that term;

(2) SHRM had notice of her disability;

(3) with a reasonable accommodation, she could perform the essential functions of the position, as I have instructed you on those terms; and

(4) SHRM did not provide a reasonable accommodation — neither her service dog nor an effective alternative.

**b.** To prevail on Count IV, failure to accommodate under the VHRA, Ms. Torres must prove by a preponderance of the evidence that:

(1) she has a disability;

(2) she was qualified for the position;

(3) SHRM knew of her disability;

(4) her service dog was a reasonable accommodation necessary to assist her in performing the job; and

(5) SHRM did not provide a reasonable accommodation — neither her service dog nor an effective alternative.

Ms. Torres may also prove her claim in Count IV by proving that SHRM failed to engage in a timely, good faith interactive process with Ms. Torres to determine if her requested

accommodation was reasonable and, if such accommodation was determined not to be reasonable, discuss alternative accommodations that may be provided.

If Ms. Torres proves the elements of either Count II or Count IV, you must then decide whether SHRM has proven its defense of undue hardship, as I will explain that term.

**Authority:** 42 U.S.C. § 12112(b)(5)(A) (failure to make reasonable accommodations to "known physical or mental limitations"); *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (elements); *Jacobs*, 780 F.3d at 579; *Perdue*, 999 F.3d at 959 (no proof of intent required); *Billesdon*, slip op. at 11 (§ 12112(b)(5)(A) "contains no motive element"); *Lanir v. Yorktown Sys. Grp., Inc.*, 527 F. Supp. 3d 817, 821 (E.D. Va. 2021); Va. Code § 2.2-3905.1(B)(1) (accommodation to "known physical and mental impairments of an otherwise qualified person with a disability, if necessary to assist such person in performing a particular job"); Va. Code § 2.2-3905.1(B)(5).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16 — Reasonable Accommodation (Counts II and IV)**

An accommodation addresses the limitation that a person's disability causes. Ms. Torres claims that, because of her diabetes, she is at risk of a low-blood-sugar episode that she may not perceive in time — and that her continuous glucose monitor may not detect in time — to prevent a loss of consciousness. She claims that her service dog addresses that limitation. SHRM claims that the other measures she uses address that limitation without the service dog. Which of these contentions is more likely is for you to decide.

**a. Count II (ADA).** Under the ADA, a reasonable accommodation is a modification or adjustment to the job, the work environment, or the way things are customarily done that enables a qualified person with a disability to perform the essential functions of the position, or to enjoy the same benefits and privileges of employment as similarly situated employees without disabilities. Ms. Torres must prove that the accommodation she requested — her service dog at work, in addition to her continuous glucose monitor — was reasonable. An accommodation is reasonable if it is reasonable in the general sense, meaning ordinarily or in the run of cases. Ms. Torres does not have to prove that the accommodation would impose no hardship on SHRM's particular operations.

**b. Count IV (VHRA).** Under the VHRA, Ms. Torres must prove that her service dog was a reasonable accommodation necessary to assist her in performing her particular job.

**Authority:** *On accommodations addressing limitations: Reyazuddin v. Montgomery Cnty.*, 789 F.3d 407, 415 (4th Cir. 2015) (accommodation "should provide a meaningful equal employment opportunity") (quoting H.R. Rep. No. 101-485, pt. 2, at 66 (1990)); *Tarquinio v. Johns Hopkins Univ. Applied Physics Lab*, 141 F.4th 568, 574–75 (4th Cir. 2025)

(accommodations address limitations, not diagnoses); 29 C.F.R. § 1630.2(o)(3) (interactive process identifies "the precise limitations resulting from the disability"); *Long v. Howard Univ.*, 439 F. Supp. 2d 68, 78 (D.D.C. 2006).

*On the ADA standard:* 42 U.S.C. §§ 12111(9), 12112(b)(5)(A); 29 C.F.R. § 1630.2(o)(1)(ii)–(iii); EEOC, Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the ADA, No. 915.002 (Oct. 17, 2002); *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401–02 (2002) (plaintiff shows the accommodation is reasonable "ordinarily or in the run of cases"; employer then shows undue hardship in the particular circumstances); *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 464 (4th Cir. 2012); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (summary-judgment showing rests on party with burden at trial); *Billesdon*, slip op. at 14–16 (an accommodation must be effective; reasonableness asks about the run of cases); *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1059–60 (5th Cir. 1997) (ADA Title III; service dog; plaintiff proves the modification reasonable in the run of cases); *Maubach v. City of Fairfax*, No. 1:17-cv-921, 2018 WL 2018552 (E.D. Va. Apr. 30, 2018) (service animal as potential reasonable accommodation).

*On the VHRA standard:* Va. Code § 2.2-3905.1(B)(1) (accommodation to be accorded "if necessary to assist such person in performing a particular job").

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 17 — Alternative Accommodations (Counts II and IV)**

Even if the accommodation Ms. Torres requested was reasonable, SHRM was not required to provide that accommodation if it offered a different accommodation that was effective — one that met Ms. Torres's need by addressing her limitation. She claims that she is at risk of a low-blood-sugar episode that she may not perceive in time — and that her continuous glucose monitor may not detect in time — to prevent a loss of consciousness, including when her CGM is delayed, inaccurate, or not working. She claims that her service dog addresses that limitation. SHRM claims that the other measures she uses address that limitation without the service dog. Which of these contentions is more likely is for you to decide.

An employer may choose among effective accommodations if more than one exists that is effective. However, an accommodation that does not address the limitation is not effective, and offering it does not satisfy the employer's duty.

In place of the service dog, SHRM offered Ms. Torres: (1) permission to use her continuous glucose monitor while on site; (2) breaks as needed to check her blood sugar; (3) a flexible leave program to take time off when needed to manage her condition; and (4) permission to place her insulin pump, and any food or drink she might need, near her workstation.

On Ms. Torres's claims of failure to accommodate, the question you must answer is whether those measures, without the service dog, would have been effective — not whether SHRM believed in good faith that they were. Ms. Torres bears the burden to prove, by a preponderance of the evidence, that the alternatives proffered by SHRM did not effectively address her limitation.

**Authority:** 29 C.F.R. pt. 1630, app. § 1630.9 (employer may choose among effective accommodations); *Billesdon*, slip op. at 14–15 & n.8 (the inquiry "turns on effectiveness"; employer need not provide the requested accommodation if the one provided is effective); *Tartaro-McGowan v. Inova Home Health, LLC*, 91 F.4th 158, 167 (4th Cir. 2024) (ADA plaintiff has burden to prove alternatives not effective); *Reyazuddin*, 789 F.3d at 415–16; *Smith v. CSRA*, 12 F.4th 396, 414 (4th Cir. 2021) (employer's choice is limited to accommodations that "address the job-related difficulties presented by the employee's disability"); *Tarquinio*, 141 F.4th at 574–75; *Bryant v. Better Bus. Bureau of Greater Md.*, 923 F. Supp. 720, 736–37 (D. Md. 1996); *Fleetwood*, 380 F. Supp. 2d at 701; Va. Code § 2.2-3905.1(B)(1); *cf.* Va. Code § 51.5-41(C)(2) (employer may "choose among equally effective accommodations").

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 18 — Undue Hardship (SHRM's Defense; Counts II and IV)**

If Ms. Torres proves that her requested accommodation was reasonable and that the alternatives SHRM offered were not effective, SHRM may still avoid liability on Count II, and on Count IV except as provided in Instruction No. 19(b), if it proves by a preponderance of the evidence that allowing her service dog at work, in addition to her continuous glucose monitor, would have imposed an undue hardship on SHRM. SHRM has the burden of proving this defense. It may not rely on speculation.

**a. Count II (ADA).** Under the ADA, an "undue hardship" is significant difficulty or expense, considering: the nature and cost of the accommodation; the overall financial resources of the facility involved, the number of persons employed there, and the effect of the accommodation on the facility's expenses, resources, and operations; the overall financial resources of SHRM, its overall size, and the number, type, and location of its facilities; and the type of SHRM's operation, including the composition, structure, and functions of its workforce.

**b. Count IV (VHRA).** Under the VHRA, you must consider: (1) the hardship on the conduct of SHRM's business, considering the nature of its operation, including the composition and structure of its workforce; (2) the size of the facility where employment occurs; (3) the nature and cost of the accommodations needed, taking into account alternative sources of funding or technical assistance; (4) the possibility that the same accommodations may be used by other prospective employees; and (5) safety and health considerations of the person with a disability, other employees, and the public.

**Authority:** *On ADA undue hardship:* 42 U.S.C. § 12111(10); 42 U.S.C. § 12112(b)(5)(A) (failure to accommodate is unlawful "unless such covered entity can demonstrate that the accommodation would impose an undue hardship"); 29 C.F.R. § 1630.2(p); *Barnett*, 535 U.S. at 401–02 (employer shows undue hardship in the particular circumstances); *Reyazuddin*, 789 F.3d at 414; *Bryant*, 923 F. Supp. at 735–36; *Buckingham v. United States*, 998 F.2d 735, 740 (9th Cir. 1993) ("An employer, to meet its burden under the [Rehabilitation] Act, may not merely speculate that a suggested accommodation is not feasible."); *Exby-Stolley v. Bd. of Cnty. Comm'rs*, 979 F.3d 784, 822 (10th Cir. 2020) (en banc).

*On VHRA undue hardship:* Va. Code § 2.2-3905.1(B)(1) (accommodation required "unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer"); Va. Code § 2.2-3905.1(B)(1)(a)–(e) (factors).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19 — The Interactive Process**

**a. Count II (ADA).** When a person requests an accommodation, the employer and the person are expected to work together in good faith — through a back-and-forth called the interactive process — to identify the limitation the disability causes and an accommodation that addresses it. Either party's belief that the other was uncooperative or disrupted the interactive process does not make it so. Efforts by one party to convince the other that a requested accommodation is reasonable or unreasonable, or that an offered alternative is effective or ineffective, are not, by themselves, disruptions of the interactive process.

On Count II, neither party can win solely because the other did not cooperate in that process in the way that the party believed appropriate, but for purposes of the ADA you may consider whether a party cooperated in that process when deciding whether a reasonable accommodation existed.

**b. Count IV (VHRA).** The VHRA places a separate duty on the employer to engage in a timely, good-faith interactive process with a person who has requested an accommodation, to determine whether the requested accommodation is reasonable and, if it is determined not to be reasonable, to discuss alternative accommodations that may be provided. A failure to meet that duty is itself a violation of the VHRA, although under the ADA it is not a separate wrong independent of failure to accommodate.

**Authority:**

*On the ADA interactive process:* 29 C.F.R. § 1630.2(o)(3); 29 C.F.R. pt. 1630, app. § 1630.9; *Tarquinio*, 141 F.4th at 574 (employer that does not engage in good faith in the

interactive process violates the ADA if a reasonable accommodation was possible; neither party may rest on a breakdown without connecting it to an element of liability); *Wilson*, 717 F.3d at 346–47 (process failures matter insofar as they result in failure to provide a reasonable accommodation); *Dieng v. Orkin, LLC* (4th Cir. Aug. 5, 2026) (interactive process aims at effective accommodations for known limitations); *Jacobs*, 780 F.3d at 581; *Haggins*, 163 F.4th at 877–78 (reciprocal obligation to engage in a good-faith search for a reasonable accommodation); *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996); *Sansone v. Brennan*, 917 F.3d 975, 979 (7th Cir. 2019) (approving the "neither can win" instruction above).

*On the VHRA interactive process:* Va. Code § 2.2-3905.1(B)(5) (unlawful to "[f]ail to engage in a timely, good faith interactive process with an employee who has requested an accommodation pursuant to this section to determine if the requested accommodation is reasonable and, if such accommodation is determined not to be reasonable, discuss alternative accommodations that may be provided").

# JOINT INSTRUCTION NO. 20

## Consideration of Damages

*[This is a Joint Instruction. Its full text is submitted separately as part of the parties' Joint Proposed Jury Instructions.]*

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 20 — Compensatory Damages (Emotional and Mental Harm)**

You are to reach the question of damages only if you have found for Ms. Torres on one or more of Counts I through IV. If you did that, you are to decide what amount, if any, will fairly compensate her for the harm she has proven, by a preponderance of the evidence, that SHRM's conduct caused her. You may award damages only for harm that Ms. Torres proved was more likely than not caused by the violation or violations you found. Damages may not be based on speculation or on sympathy unconnected to the evidence.

There is one potential exception. Damages cannot be awarded on Ms. Torres's ADA failure-to-accommodate claim if SHRM proves, by a preponderance of the evidence, its good faith efforts, in consultation with Ms. Torres, to identify and make a reasonable accommodation that would provide her with an equally effective opportunity to enjoy the same benefits and privileges of employment as similarly situated employees without disabilities, and would not cause an undue hardship on the operation SHRM's business. This good faith provision does not apply to Ms. Torres's failure-to-accommodate claim under the Virginia Human Rights Act.

Ms. Torres seeks compensation for emotional and mental harm — such as fear, humiliation, and mental anguish — that she suffered because of SHRM's conduct, and any such harm she is reasonably certain to suffer in the future. There is no exact standard for measuring this kind of harm, and no evidence of a specific dollar value of this kind of harm need be introduced; you must use sound judgment based on the evidence.

**Authority:** 42 U.S.C. § 1981a(a)(2), (a)(3); Va. Code § 2.2-3908(B) (court or jury may award compensatory damages; no cap on compensatory damages; no good faith exception).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21 — You May Not Award for the Same Loss Twice**

If Ms. Torres prevails on one or more of her claims in this case, she is entitled to be made whole, but only once. If you find for her on more than one claim, and those claims seek recovery for the same harm, do not award damages for that harm more than once. If different claims involve different harms, and she proved them, compensate her for all of her harms — but never twice for the same loss.

**Authority:** *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 637 F.3d 454, 460 (4th Cir. 2011).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 22 — Lost Wages and Benefits (Back Pay)**

If Ms. Torres prevails on liability — that is, if you find by a preponderance of the evidence that her ADA or VHRA rights were violated — the Court has the power under the ADA, and you as the jury should under the VHRA, award the wages and benefits Ms. Torres would have earned from the date her employment with SHRM would have begun to the date of your verdict, at the salary she was offered ($90,000 per year), less any amounts she earned, or with reasonable effort could have earned, during that period (see Instruction No. 24 on mitigation).

**Authority:** 42 U.S.C. § 12117(a) (incorporating the "powers, remedies, and procedures" of 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9); 42 U.S.C. § 2000e-5(g)(1) (court may order "such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . , or any other equitable relief as the court deems appropriate"); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 848–50 (2001) (back pay is equitable relief); *Billesdon*, slip op. at 27 (back pay and front pay are equitable remedies under the ADA); *Holmes v. Wal-Mart Stores E., L.P.*, No. 1:10cv75, 2011 WL 1842868 (E.D. Va. Apr. 27, 2011); Va. Code § 2.2-3908(B) ("court or jury" award compensatory damages).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 23 — Future Lost Earnings (Front Pay)**

If you find that Ms. Torres has proved one or more of her claims by a preponderance of the evidence, you may award the wages and benefits Ms. Torres is reasonably certain to lose in the future because of SHRM's conduct, reduced to their present value.

**Authority:** 42 U.S.C. § 12117(a); *Pollard*, 532 U.S. at 846–52 (front pay in lieu of reinstatement); *Billesdon*, slip op. at 28 n.19, 31 (front pay is equitable; a front-pay determination left to the jury without objection is reviewed as a jury verdict); *but see Wilson v. Phoenix Specialty Mfg. Co.*, 513 F.3d 378 (4th Cir. 2008).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 24 — Reduction for Amounts Earned (Mitigation)**

A person who has been the victim of discrimination must make reasonable efforts to reduce her lost wages by looking for other suitable work. SHRM has the burden of proving that Ms. Torres failed to make those reasonable efforts and also that comparable work was available. Ms. Torres was required only to make reasonable efforts to find suitable work; and she did not have to take work that was not comparable to the work she would have done at SHRM. If you find that SHRM has proven that Ms. Torres failed to make those reasonable efforts, you are to subtract, from any lost-wages award, the amounts she earned, or with reasonable effort could have earned, doing work comparable to what she would have done at SHRM.

You are also to subtract from any lost-wages award the amounts Ms. Torres actually earned from any other employment, whether or not it was comparable to the work she would have done at SHRM.

**Authority:** 42 U.S.C. § 2000e-5(g)(1) ("interim earnings" to be subtracted whether or not for comparable work) (applicable to ADA remedies through 42 U.S.C. § § 12117(a)); *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231–32 (1982) (Title VII claimant's statutory duty to minimize damages); *Edwards v. Sch. Bd. of City of Norton*, 658 F.2d 951, 956 (4th Cir. 1981) (employee must make "a reasonable effort to find other suitable employment"); *Crump v. U.S. Dep't of Navy*, 205 F. Supp. 3d 730, 745 (E.D. Va. 2016) (failure to mitigate is an affirmative defense on which the defendant bears the burden).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 25 — Nominal Damages**

If you find that SHRM violated Ms. Torres's rights but that she did not prove any actual damages, you may award her nominal damages in a small sum, such as one dollar.

**Authority:** *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978); *Park v. Shiflett*, 250 F.3d 843, 854 (4th Cir. 2001) (nominal damages appropriate where a plaintiff's civil rights are found to have been violated).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 26 — Punitive Damages**

If you awarded Ms. Torres damages on one or more of her claims, you may also award punitive damages on that claim if you choose, with one exception I will note in a moment. Punitive damages are not meant to compensate Ms. Torres; they are meant to punish serious misconduct and to deter it. You are never required to award them.

You may award punitive damages only if Ms. Torres proves that a management-level employee of SHRM, acting within the scope of employment, acted with malice or with reckless indifference to her legally protected right to be free from disability discrimination — that is, that SHRM acted in the face of a perceived risk that its actions would violate the law.

The exception is that punitive damages cannot be awarded on Ms. Torres's ADA failure-to-accommodate claim if SHRM proves, by a preponderance of the evidence, its good faith efforts, in consultation with Ms. Torres, to identify and make a reasonable accommodation that would provide her with an equally effective opportunity to enjoy the same benefits and privileges of employment as similarly situated employees without disabilities, and would not cause an undue hardship on the operation SHRM's business. This good faith provision does not apply to Ms. Torres's failure-to-accommodate claim under the Virginia Human Rights Act.

You may award punitive damages on Ms. Torres's claim of discrimination under the ADA (Count I) or her claims of violations of the VHRA claim (Counts III and IV) only if you awarded her compensatory damages, even nominal damages, on that claim.

**Authority:** *On the ADA claims:* 42 U.S.C. § 1981a(a)(2), (b)(1); *Kolstad v. Am. Dental Ass'n,* 527 U.S. 526, 534–36 (1999) (malice or reckless indifference refers to the employer's knowledge

that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination); *id.* at 545–46 (good-faith-compliance defense); *EEOC v. Fed. Express Corp.*, 513 F.3d 360, 372–74 (4th Cir. 2008); *Corti v. Storage Technology Corp.*, 304 F.3d 336 (4th Cir. 2002) (allowing Title VII punitive damages award to stand despite zero compensatory damages award); *EEOC v. E.I. Du Pont de Nemours & Co.*, 480 F.3d 724 (5th Cir. 2007) (ADA) (upholding $1 million punitive damage award on no compensatory damages); *cf. People Helpers Found., Inc. v. City of Richmond*, 12 F.3d 1321 (4th Cir. 1993) (holding punitive damages unavailable under the Fair Housing Act without compensatory damages) (distinguished in *Corti* on ground that FHA had no back-pay remedy).

*On the VHRA claims:* Va. Code § 2.2-3908(B) (court or jury may award compensatory and punitive damages); Va. Code § 8.01-38.1; *Valley Acceptance Corp. v. Glasby*, 230 Va. 422, 337 S.E.2d 291 (1985) (denying punitives on ground that neither compensatory nor nominal damages had been awarded).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 27 — After-Acquired Evidence**

If SHRM proves that information it learned about Ms. Torres after the fact, by itself, would have led it to rescind its offer to Ms. Torres in any event — regardless of her disability or her request for accommodation — that information does not bear on whether SHRM violated the ADA or the VHRA. You may consider such information only in considering the period for which Ms. Torres may recover lost wages, and only if you determine that the events or facts SHRM later learned about would have occurred even if the wrongs alleged by Ms. Torres did not occur.

**Authority:** *Regarding relevance on remedy, not liability: McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 356–63 (1995) (after-acquired evidence limits remedies, not liability; employer must show it would have taken the action on that ground alone); *Russell v. Microdyne Corp.,* 65 F.3d 1229, 1240–41 (4th Cir. 1995); *Garrett v. Langley Fed. Credit Union*, 121 F. Supp. 2d 887, 904 (E.D. Va. 2000).

*On counterfactuality issue*: *Medlock v. Ortho Biotech, Inc*., 164 F.3d 545, 555 (10th Cir. 1999) (when the alleged misconduct arises as a direct result of the alleged wrong, the necessary balancing of the equities hardly mandates limiting the plaintiff's relief) ("it is not difficult to envision a defendant goading a former employee into losing her temper, only to claim later that certain forms of relief should be unavailable because of the plaintiff's inability to control her temper"); *Seymour v. Tonganoxie Unified Sch. Dist. No. 464,* No. 20-CV-2282-JWL, 2021 WL 4589024 (D. Kan. Oct. 6, 2021) (applying *Medlock* where plaintiff's alleged misconduct occurred after the employer's adverse decision and was a direct result of it).

## JOINT INSTRUCTION NO. 24

### Duty to Deliberate

*[This is a Joint Instruction. Its full text is submitted separately as part of the parties' Joint Proposed Jury Instructions.]*

Respectfully submitted,

Stephen B. Pershing
Virginia Bar No. 31012
Mary E. Kuntz
Virginia Bar No. 76947
Anna Kathryn B. Barry
D.C. Bar No. 1719493
(Admitted *pro hac vice*)
Thomas O. Walker II
Alabama Bar No. 4064E32W
(Admitted *pro hac vice*)
Kalijarvi, Chuzi, Newman & Fitch, P.C.
818 Connecticut Ave. N.W., Suite 1000
Washington, DC 20006
(202) 331-9260
mkuntz@kcnlaw.com
spershing@kcnlaw.com
akbarry@kcnlaw.com
twalker@kcnlaw.com

*Attorneys for Plaintiff*

Dated: October 6, 2026

^ ^ ^

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October, 2026, a copy of the foregoing was filed with the Court's case management / electronic case filing ("CM/ECF") system, through which it was transmitted on counsel of record for defendant Society for Human Resource Management as follows:

Lauren M. Bridenbaugh
Leslie P. Currie
Tanja L. Darrow (admitted *pro hac vice)*
Tiffany din Fagel Tse
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, VA 22102
lbridenbaugh@littler.com
lcurrie@littler.com
tdarrow@littler.com
ttse@littler.com

Stephen B. Pershing