**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Case No. 1:25-CV-02360-PTG-WBP** |

**DECLARATION OF MARY E. KUNTZ IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Mary E. Kuntz, hereby declare that I have knowledge of the facts set forth below and, if called upon to testify, I could and would testify competently as follows:

1. I am a duly licensed attorney practicing in the District of Columbia, the Commonwealth of Virginia, and the State of Maryland. I have been a member of the Virginia Bar since November 2008. I was admitted to the Maryland Bar in December 2010 and the D.C. Bar in January 2014. I am admitted to practice in all courts of Virginia, Maryland, and the District of Columbia; and the U.S. District Courts for the District of Columbia, Maryland, and the Eastern District Virginia. I submit this Declaration in support of Plaintiff's Motion for Attorneys' Fees and Litigation Expenses.

2. I received my Juris Doctor from George Washington University School of Law in 2008. Prior to attending law school, I was a professor of Classics for 20 years. For more than a decade before I turned to law, I was a tenured associate professor of Classics and Director of Women's Studies at Auburn University in Auburn, Alabama. I was awarded my Ph.D. in Classical

Languages and Literatures by Yale University in December 1985. At Yale, in 1984 I was awarded a Master of Philosophy degree in Classical Philology, and in 1982 I received a Master of Arts degree in Classics. I graduated from Washington University in St. Louis, *magna cum laude*, in 1979 with a Bachelor of Arts in Classics.

3. I have been practicing law since 2008. I was an associate with the law firm of Kalijarvi, Chuzi, Newman & Fitch, P.C. ("the firm") from November 2014 through December 31, 2017. Effective January 1, 2018, I became a partner in the firm, and in 2023, I became an owner of the firm. Prior to joining the firm, I was an associate with Lippman, Semsker & Salb, L.L.C. Since completing law school, I have specialized in employment law for both private and federal sector employees as well as on behalf of several federal agencies. I tried one case to a jury verdict for the plaintiffs, as trial counsel in *Radtke v. Caschetta*, No. 1:06-cv-02031-RCL (D.D.C.) (jury verdict entered Jan. 15, 2014). I routinely litigate employment cases in federal courts in the District of Columbia and Virginia and before administrative bodies (e.g., the EEOC, MSPB).

4. I have served as a member and chair of ad hoc hearing committees for the District of Columbia Board of Professional Responsibility since 2018. I am a member of the DC Bar's Labor and Employment Law Section, the D.C. Women's Bar Association, and the National Employment Lawyers' Association (NELA). I also am a member of the Metropolitan Washington Employment Lawyers Association (MWELA) and co-chair of its Federal Sector/EEOC committee.

5. I am a co-author of the 2018 and 2021 editions of *Security Clearance Law and Procedure*, Dewey Publications.

6. I presented at NELA's 2025 annual conference on "Representing Employees Doing DEIA Work." In addition, I have participated in several podcasts for the Federal News

Network's Federal Drive Podcast and GovExec's podcast on issues pertaining to federal employees. In February 2025, I presented a panel on federal employment, Protecting Our Civil Service Workforce: The Rights of Federal Employees in Today's Environment, at the annual meeting of MWELA.

7. I have been recognized in Washingtonian's 2025 Top Employment Lawyers list; selected to the Lawdragon 500 Leading Civil Rights & Plaintiff Employment Lawyers Guide in 2025 and 2026; named to the Washington, DC Super Lawyers list for Employment and Labor in 2025 and 2026; and included in Best Lawyers *The Best Lawyers in America* for Employment Law – Individuals since 2023.

8. KCNF was founded in 1975 and has handled only employment matters since its inception. We routinely receive fees through the fee-shifting provisions of the various statutes prohibiting discrimination and retaliation (i.e., Title VII, the Rehabilitation Act, the Americans With Disabilities Act, etc.).

9. In the District of Columbia, an attorney's hourly rate for attorney fees was previously controlled by *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). In late 2021, the U.S. Attorney's Office replaced the *Laffey* matrix with the Fitzpatrick matrix, available at https://www.justice.gov/usao-dc/media/1395096/dl?inline. Northern Virginia and Washington, DC form a single market for plaintiff-side attorneys who frequently represent employees in both jurisdictions. For that reason, prevailing rates for attorneys practicing in Washington, D.C., are relevant to determining the reasonable market rates for plaintiff-side counsel litigating employment discrimination cases in the Eastern District of Virginia.

10. Plaintiff retained KCNF on October 1, 2024, and was initially charged our discounted rates with the agreement that should she prevail, the firm was authorized to apply for an award of legal fees at the prevailing market rate. She paid a total of $13,884 before she was unable to pay any additional fees. Her case was thereafter converted to a contingency agreement and the Adjusted Laffey Matrix, www.laffeymatrix.com, was designated as the current prevailing hourly rates. The 2026 Adjusted Laffey Matrix rates are based on years of practice:

a. 1-3 $508

b. 4-7 $625

c. 8-10 $902

d. 11-19 $1,019

e. 20+ $1,227

11. Given that Plaintiff has now prevailed on all claims, rather than seeking fees at the Adjusted Laffey Matrix, Plaintiff is only seeking fees at the United States Attorney's Office ("AUSO") Fitzpatrick Matrix rates, https://www.justice.gov/usao-dc/media/1449156/dl?inline, which sets hourly rates according to years of practice, with a different rate set for each additional year of practice.

| **Timekeeper** | **2024** | | **2025** | | **2026** | | **Total Hours** | **Lodestar** |
|---|---|---|---|---|---|---|---|---|
| | **Hours** | **Rate** | **Hours** | **Rate** | **Hours** | **Rate** | | |
| Anna Kathryn Barnes Barry | — | — | — | — | 911.5 | $722 | 911.5 | $653,265.60 |
| Mary Kuntz | — | — | — | — | 845.3 | $887 | 845.3 | $747,164.45 |
| Stephen Pershing | 8.6 | $864 | 36.2 | $933 | 409.8 | $998 | 454.6 | $449,836.10 |
| Lori Kisch | — | — | 71.9 | $915 | 363.8 | $979 | 435.7 | $421,948.70 |
| Thomas Walker | — | — | — | — | 363.2 | $807 | 363.2 | $290,479.65 |
| Hector Ruiz | — | — | 5.3 | $897 | 314.5 | $960 | 319.8 | $304,562.10 |
| Samantha Sloane | — | — | 1.1 | $620 | 92.6 | $663 | 93.7 | $62,075.80 |

| **Timekeeper** | **2024** | | **2025** | | **2026** | | **Total Hours** | **Lodestar** |
|---|---|---|---|---|---|---|---|---|
| | **Hours** | **Rate** | **Hours** | **Rate** | **Hours** | **Rate** | | |
| Elaine Fitch | — | — | 3.0 | $919 | 33.3 | $983 | 36.3 | $35,490.90 |
| Sacred Huff | — | — | — | — | 7.2 | $273 | 7.2 | $1,965.60 |
| Angela Sharpe | — | — | — | — | 6.5 | $273 | 6.5 | $1,774.50 |
| Adrienne Bauer | — | — | — | — | 190.3 | $273 | 190.3 | $51,951.90 |
| **Total** | **8.6** | | **117.5** | | **3,538.0** | | **3,664.1** | **$3,020,515.30** |

*Travel time is billed at one-half of the hourly rate shown.*

12. I have performed a comparison analysis of the rates in this case using the Vienna Metro Matrix, adjusted for inflation, and the USAO Fitzpatrick Matrix. The *Vienna Metro* rates, adjusted for inflation, are consistent with the Fitzpatrick Matrix. Applying that adjustment to the *Vienna Metro* ranges yields the following:

| Experience | *Vienna Metro* range (2011) | Adjusted for inflation (2026) | Fitzpatrick rates (2026) |
|---|---|---|---|
| 20+ years | $505–$820 | $751–$1,220 | $910–$998 |
| 11–19 years | $520–$770 | $773–$1,145 | $790–$899 |
| 4–7 years | $335–$465 | $498–$692 | $663–$722 |
| Paralegals | $130–$350 | $193–$521 | $273 |

13. I am familiar with the few other attorneys who take on complex employment litigation in Northern Virginia, and in the DMV. There are very few attorneys representing employees in Virginia who will take these cases on contingency. My $887/hour rate is consistent with the rates those attorneys charge. Steve Pershing, Elaine Fitch, Lori Kish, and Hector Ruiz all have a significant amount of specialized employment law experience and should be compensated accordingly. Their rates fall easily within the Vienna Matrix adjusted for inflation.

14. KCNF has been paid at the prevailing market rate, *i.e.*, *Laffey/*Fitzpatrick rates, in numerous cases at all stages of proceedings. The cases include, but are by no means limited to, *Caliz v. Dep't of Health and Human Services*, OFO Appeal No. 2022000945 (Dec. 17, 2025) (FAD awarding full fees at Fitzpatrick rates); *Thomas v. Dep't of Transportation*, EEOC Case No. 570-2015-00166X, Appeal No. 202005402 (On May 13, 2025, Agency paid full attorneys' fees at Fitzpatrick rates); *Fugate v. Dep't of Veterans Affairs*, EEOC Case No. 430-2022-00426X (Sept. 9, 2024) (FAD issued awarding fees at Fitzpatrick rates); *Barnett-Matthews v. HHS*, EEOC No. 510-2022-00390X (Mar. 22, 2024) (AJ awarded fees and costs at prevailing market rate); *Parrett v. Dep't of the Air Force*, MSPB No. CH-1221-22-0308-A-1, 2024 WL 1754037 (Jan. 29, 2024) (AJ awarded fees and costs at prevailing market rate); *Biegel v. Dep't of Commerce*, MSPB No. SF-0432-21-0208-A-1 (AJ award for Petition for Enforcement of at prevailing market rate); *Biegel v. Dep't of Commerce,* MSPB No. SF-0432-21-0208-A-1 (2022) (fees awarded following merits determination); *Caliz v. Dep't of Health and Human Services*, EEOC No.: 531-2019-00077X (Sept. 27, 2021) (fees and costs awarded at prevailing market rate in a Rehab Act case); *Fugate v. Dep't of Veterans Affairs*, EEOC Case No. 430-2017-00111X (Sept. 16, 2020) (fees and costs awarded as prevailing party in a Rehab Act case); *Thomas v. Dep't of Transportation*, EEOC Case No. 570-2015-00166X (August 14, 2020), affirmed by the Office of Federal Operations in Appeal No. 2020005402 (AJ awarded fees and costs at prevailing market rate); *Von Drasek v. HHS*, MSPB No. DE-0432-11-0323-I-1, Civil Action No. 13-847 (2019) (settlement); *Moore v. HHS*, MSPB No. DC-0752-17-0057-I-1 (2017) (settlement); *Anderson v. Department of Defense*, EEOC Case Nos. 570-2012-00473X and 570-2013-00164X (2016) (seven-figure settlement after two days of hearing); *Ahmad v. Department*

*of Justice*, EEOC No. 410-2014-00150X (Nov. 13, 2015) (fees and costs awarded as prevailing party after hearing) and EEOC No. 410-2015-00388X (Nov. 16, 2015 (settlement); *Walker v. Department of Agriculture*, EEOC No. 0120131803 (Aug. 13, 2014) (settlement); *Dodson v. Department of the Army*, EEOC No. 531-2012-00413X (July 3, 2013) (settlement after decision issued in Complainant's favor); *Emery v. National Security Agency*, EEOC No. 531-2012-00379X (settlement) (April 29, 2013); *Smith v. Department of Transportation*, MSPB No. AT-0752-05-0901-A-1 (Jan. 29, 2013) (fees and costs of awarded as prevailing party before the MSPB and the EEOC); *Holmes v. Department of Agriculture*, OFO Appeal No. 0120091986 (2011) (awarding fees based on Laffey rate); *Wilson v. General Accounting Office*, No. 11-01168 (D.D.C.) (Sept. 22, 2011) (settlement); *Habibion v. Department of Veterans Affairs*, MSPB No. DC-0752-11-0473-I-1 (July 5, 2011) (settlement prior to MSPB hearing); *Hoyle v. Smithsonian*, (Aug. 2011) (settlement during informal EEO complaint); *Abdelkarim v. Broadcasting Board of Governors*, No. 05-1783 (D.D.C.) (2010) (settlement following summary judgment); *Kilpatrick v. Department of Education*, EEOC No. 570-2009-00272X (2009) (settlement); *Davis v. Department of Agriculture*, EEOC No. 570-2008-00668X (2009) (fees awarded by order of the Administrative Judge); *Cohen v. Department of Transportation*, MSPB No. NY-0752-08-0170-I-1 (Dec. 5, 2008) (settlement); *Bell v. Department of the Navy*, EEOC No. 531-2006-00113X (2008) (Office of Federal Operations approved award at Laffey Rate); *Creager v. Department of Agriculture*, MSPB No. CH-0752-03-0743-I-1 (Oct. 2008); *Famber v. Department of Transportation*, EEOC No. 570-2007-00279X (Mar. 2007) (settlement during EEOC administrative hearings process); *Cooke v. Department of Transportation*, EEOC No. 570-2007-00521x (Oct. 30, 2007) (settlement); *McMillian v. Department of Transportation* (June 9, 2009)

(settlement during informal EEO complaint); *Brunty v. Department of Labor*, EEOC Nos. 370-A-0003X, 370-A3-2566X (Jan. 5, 2006) (fees and costs awarded at prevailing market rate after hearing); *Spaulding v. Department of Transportation*, EEOC No. 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-I-1 (July 2005) (fees awarded by order of the Administrative Judge); *McMillian v. Department of Transportation*, EEOC No. 110-2003-08460X (2004 and 2006, after appeal) (fees awarded by order of the Administrative Judge); *Casas v. Department of Transportation*, EEOC No. 100-2003-08151X (October 2004) (settlement during EEOC administrative hearing process); *Nicholson v. MSPB*, MSPB No. MB-0752-04-0001-I-1 (Mar. 2004) (settlement prior to MSPB hearing); *Yasko v. Department of Army*, EEOC Appeal No. 01A10298 (May 2004) (fees awarded by order of EEOC OFO); *Diaz-Soltero v. Department of Agriculture*, (October 2003) (settlement during informal EEO process).

15. In addition, KCNF has received fees at the significantly higher Adjusted *Laffey* Matrix, www.laffeymatrix.com. *See, e.g.*, *Ryals v. Dep't of Justice*, Agency Case No. BOP-2016-00616; DJ No. 187-3-4228 (Dec. 3, 2019); *Finlay v. Dep't of Justice*, EEOC No. 480-2011-00428X; DJ No. 187-7-615 (June 9, 2017); *Coyle v. Dep't of Justice*, Agency Case No. BOP-2014-0861; DJ No. 187-3-3924 (Aug. 9, 2017); *Sanchez v. Dep't of Justice*, EEOC No. 480-2011-00632X; DJ No. 187-3-3660 (Jan. 18, 2017); *Bowie v. U.S. Postal Serv.*, EEOC Nos. 531-2009-00188X and 531-2012-00186X (July 25, 2016) (EEOC AJ decision awarding fees).

16. All attorneys in the firm contemporaneously create and maintain time records for the work performed using KCNF's timekeeping software. I have personally reviewed all billing records in this case and believe the work performed was necessary and reasonable in light of the requirements of the litigation. I have exercised billing judgment and excised from the fee

itemization time that was not fully productive or that should not be charged to Plaintiff or Defendant, as reflected by "no charge" on the attached Fee Itemization (Exhibit 1). The Fee Itemization prepared from our time records is a true and correct copy of a spreadsheet detailing the time spent by KCNF attorneys and staff in litigating this matter, with modifications as described above. Our firm has expended 3664.1 hours of work on this case, in addition to which we have written off 488.6 hours as unnecessary or not fairly billed to the Defendant. Reductions include all time associated with SHRM's Motion to Strike Plaintiff's summary judgment opposition and with the revised opposition that followed; a substantial portion of the time spent on the *Daubert* motion and other motions *in limine*, even where those motions succeeded; clerical and administrative tasks; time recorded by timekeepers with limited involvement in the case, and press-related inquiries. Plaintiff seeks a total of $3,020,242.30 in fees for time that was necessarily incurred to prosecute this case.

17. KCNF has represented Plaintiff since the administrative stage of this matter, beginning in October 2024. In preparation for and over the course of the litigation, Plaintiff's counsel conducted a variety of complex and time-consuming tasks, including, but not limited to: preparing and filing Plaintiff's administrative complaint with the Virginia Office of Civil Rights on October 31, 2024; perfecting her cross-filed charge with the EEOC; drafting a rebuttal to SHRM's position statement; conducting legal and factual research on her claims under the Americans with Disabilities Act and the Virginia Human Rights Act; drafting the Complaint filed on December 16, 2025; preparing the Rule 26(f) discovery plan and negotiating a stipulated protective order; serving and responding to written discovery; resolving disputes over electronically stored information and SHRM's privilege log; serving third-party subpoenas;

serving a Rule 30(b)(6) deposition notice and responding to SHRM's objections to it; litigating two motions to compel, which were argued before Magistrate Judge Porter on May 1 and June 5, 2026; taking the depositions of six witnesses, including SHRM's Rule 30(b)(6) designee over two sessions and its designated medical expert; defending or attending the depositions of Plaintiff and four other witnesses; preparing exhibit lists, witness lists, deposition designations, and objections for the June 17, 2026, final pretrial conference; opposing SHRM's motion for summary judgment and arguing the motion on August 28, 2026, after which the Court denied it; briefing a *Daubert* motion to exclude the testimony of SHRM's medical expert and arguing it on September 22, 2026, which resulted in an order limiting that testimony; moving in limine to exclude after-acquired evidence; seeking settlement and mediation; moving for accommodations for Plaintiff at trial; conducting two mock-jury focus groups; preparing proposed jury instructions, voir dire, and a special verdict form; trying the case to a jury over four days, which resulted in a verdict for Plaintiff; and preparing post-trial motions for equitable relief and attorneys' fees.

18. The itemization of expenses is based on contemporaneous records created and maintained by KCNF staff. Our Chief Financial Officer, Tamara Chapman, has gathered the expense receipts and provided an Affidavit in support of the expenses. The total expenses for this case to date are $35,341.60, as supported by the accounting and receipts provided.

19. I have an exceptionally full workload and a busy practice as do all the attorneys at KCNF. The firm does not typically accept contingency cases and instead charges our clients by the hour. If I had not been working on this matter, I would have devoted comparable time to representing other clients in employment matters who were able to pay our fees on an hourly

basis. Thus, taking this case on a contingency basis represented a substantial risk to the firm's finances. Moreover, because multiple attorneys were devoting substantial time to this case, KCNF was not able to accept the same number of new clients and was forced to refer out potential business to other firms.

**Hector Ruiz**

20. Hector F. Ruiz, Jr. worked on Plaintiff's case from July 2025 through July 2026. I hired and worked with Mr. Ruiz on this case, and I am familiar with his background and qualifications through that work and through the firm's records, including his résumé.

21. Mr. Ruiz is a licensed attorney. He has been a member of the State Bar of Texas since May 2001, the District of Columbia Bar since June 10, 2025, and the Virginia Bar since January 8, 2026.

22. Mr. Ruiz received his Juris Doctor, *magna cum laude*, from Thurgood Marshall School of Law in December 2000 and his B.A. in Business Management from the University of Houston in May 1998. Under the method for calculating years of experience set out in the Fitzpatrick Matrix, Mr. Ruiz has 26 years of experience, which corresponds to an hourly rate of $897.

23. Before joining KCNF, Mr. Ruiz spent 21 years in the Employment Litigation Section of the Civil Rights Division of the U.S. Department of Justice (DOJ). He served as a Senior Trial Attorney from May 2004 to October 2023 and as Deputy Chief of the Section from October 2023 until he left DOJ in April 2025.

24. As a Senior Trial Attorney, Mr. Ruiz litigated individual and pattern-or-practice claims under Title VII of the Civil Rights Act of 1964 and the Uniformed Services Employment and Reemployment Rights Act (USERRA) from inception through resolution. He led litigation teams,

set litigation strategy, and drafted pleadings, discovery, summary judgment briefs, and motions in limine. He argued before federal district judges and examined fact and expert witnesses at depositions and evidentiary hearings. He also directed complex investigations involving statistical analysis and the validity of selection devices, negotiated settlements and consent decrees, and handled settlement conferences and negotiations. As Deputy Chief, Mr. Ruiz directed employment discrimination investigations and litigation and supervised a team of 10 to 15 attorneys. He co-led the Section's Pattern and Practice Working Group, which identifies systemic employment practices warranting investigation, and he coordinated enforcement efforts with United States Attorneys' Offices, the Equal Employment Opportunity Commission, and the Department of Labor.

25. In 2018, Mr. Ruiz received the Assistant Attorney General's Distinguished Service Award for leading the litigation and settlement of a consolidated pattern-or-practice employment discrimination action involving multiple plaintiffs and defendants. The Section Chief also recognized him as one of the Section's subject-matter experts on employee selection devices.

26. Before joining DOJ, Mr. Ruiz served from June 2001 to May 2004 as a Trial Attorney in the Bureau of Competition of the Federal Trade Commission, where he investigated proposed mergers and assisted in litigation, including depositions and hearing preparation.

**Lori Kisch**

27. Lori B. Kisch worked on this matter as Counsel at KCNF from November 2025 until May 2026, when she left the firm. I hired and worked with Ms. Kisch on this case, and I am familiar with her background and qualifications through that work and through the firm's records, including her résumé.

28. Ms. Kisch is a licensed attorney. She has been a member of the Maryland Bar since May 1999 and the District of Columbia Bar since February 2005. She is admitted to practice before the U.S. Supreme Court, the U.S. Court of Appeals for the First Circuit, and the U.S. District Courts for the District of Columbia and the District of Maryland.

29. Ms. Kisch received her Juris Doctor from Northeastern University School of Law in May 1997 and her Bachelor of Arts from the State University at Albany, State University of New York, in May 1992. Under the method for calculating years of experience set out in the Fitzpatrick Matrix, Ms. Kisch has 29 years of experience, which corresponds to an hourly rate of $915.

30. Before joining KCNF, Ms. Kisch served for approximately 17 years in the Employment Litigation Section of the Civil Rights Division of the U.S. Department of Justice (DOJ), most recently as Special Litigation Counsel. At DOJ, she led and supervised complex litigation and investigations under Title VII of the Civil Rights Act of 1964, including pattern-or-practice and systemic cases involving discrimination based on race, national origin, religion, and sex, including pregnancy. She brought and led numerous cases raising issues of first impression, including cases involving sexual harassment and sexual assault, and she litigated disparate-impact claims. Her cases included *United States v. Pennsylvania State Police*, a disparate-impact sex discrimination case resolved by a $2.2 million settlement with extensive injunctive relief; *United States v. Massachusetts Department of Corrections*, a disparate-impact sex discrimination case resolved by a settlement providing significant monetary and injunctive relief; *United States v. Allegan Area Educational Services*, a sexual assault and harassment case that settled for the statutory cap; and *United States v. Chicago Board of Education*, a pattern-or-practice pregnancy discrimination case resolved by a settlement providing significant injunctive relief.

31. In addition to her litigation work at DOJ, Ms. Kisch served as policy counsel, advising on federal regulations and guidance and working closely with the Equal Employment Opportunity Commission, the Department of Education, and the Department of Health and Human Services. She provided input on, and oversight of, anti-discrimination policies and related training for schools, police departments, and other state and local government employers. She also drafted and filed several Statements of Interest arguing for the protection of employees under Title VII.

32. Before joining DOJ in October 2008, Ms. Kisch practiced for more than eight years at Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC, a national civil rights firm, in its Washington, D.C. office. She joined the firm in May 2000 and became a partner in 2007. There, she represented employees in individual and class employment and wage-and-hour cases, including a putative class action alleging race discrimination against Baltimore Gas & Electric Co. and cases against other private employers. She also argued a case in the U.S. Court of Appeals for the First Circuit, *Tum v. Barber Foods, Inc.*, 360 F.3d 274 (1st Cir. 2004), that proceeded to the U.S. Supreme Court, *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005), which unanimously affirmed workers' right to compensation under the Fair Labor Standards Act.

33. While at KCNF, Ms. Kisch was a member of the Metropolitan Washington Employment Lawyers Association (MWELA) and the National Employment Lawyers Association (NELA).

34. Ms. Kisch has spoken on employment law panels at several national conferences, including the EEOC's EXCEL conference, where she addressed significant Title VII litigation brought by the Civil Rights Division.

35. Ms. Kisch's experience spans all phases of litigation, in court and before administrative bodies, including brief writing, negotiation, discovery, motions practice, and hearings and oral argument.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: October 27, 2026

/s/ Mary E. Kuntz
Mary E. Kuntz