**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Civil Action No. 1:25-CV-02360** |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S BILL OF COSTS

Defendant Society for Human Resource Management ("Defendant" or "SHRM"), by and through counsel, respectfully submits this Opposition to Plaintiff Fiona Torres' ("Plaintiff" or "Ms. Torres") Bill of Costs. *See* Dkt. No. 178. For the reasons set forth below, Plaintiff's Bill of Costs should be deducted for the amount of witness fee expenses that have not actually been incurred in this litigation.

## I. RELEVANT BACKGROUND

On October 9, 2026, the jury returned a partial verdict in favor of Ms. Torres. *See* ECF No. 175. With respect to damages, the jury awarded Plaintiff $400,000. The Court entered final judgment on October 13, 2026. *See* Dkt. No. 177. On October 27, 2026, Plaintiff filed her Bill of Costs. *See* Dkt. No. 178.

## II. STANDARD OF REVIEW

Rule 54 of the Federal Rules of Civil Procedure states, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs[] . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Congress has specifically identified the categories that may be taxed under 28 U.S.C. § 1920. Local Civil Rule 54(D)(1) requires a bill of costs to

"distinctly set forth each item thereof so that the nature of the charge can be readily understood" and requires supporting "itemization and documentation for requested costs in all categories." The Rule expressly provides: “Costs will be disallowed if proper documentation is not provided.” Likewise, 28 U.S.C. § 1924 requires verification that each claimed item was “necessarily incurred” and that the services charged were “actually and necessarily performed.”

## III. <u>PLAINTIFF’S CLAIMED WITNESS FEE EXPENSES HAVE NOT BEEN INCURRED</u>

Plaintiff alleges entitlement to taxation on $364.37 in witness fees. *See* Dkt. No. 178. However, as Plaintiff’s counsel knows, none except perhaps a single check to Kristen Howe in relation to a trial subpoena have been cashed. **Exhibit 1**: Declaration of Lauren M. Bridenbaugh at ¶¶ 5-7. Before any costs may be taxed, 28 U.S.C. § 1924 requires the prevailing party to verify that each claimed item “has been necessarily incurred in the case” and that the services for which the fees are charged “were actually and necessarily performed.” This Court likewise requires documentation supporting each requested cost and provides that “[c]osts will be disallowed if proper documentation is not provided.” Local Civil Rule 54(D)(1). Here, as Plaintiff’s counsel has retained the funds represented by these checks, she has not actually borne those expenses. The issuance of a check, standing alone, does not establish that the corresponding amount was ultimately paid or remains an outstanding obligation.

Accordingly, SHRM respectfully requests that the Clerk disallow any claimed witness fees for the amount represented by uncashed checks, as specified in Exhibit 1 of this Opposition.

## IV. <u>CONCLUSION</u>

For these reasons, SHRM respectfully requests that the Court enter an Order reducing the amount of costs to be taxed on Plaintiff’s Bill of Costs.

Dated: November 10, 2026

Respectfully submitted,

*/s/ Lauren M. Bridenbaugh*

Lauren M. Bridenbaugh, Bar No. 90586
Tiffany din Fagel Tse, Bar No. 92958
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, Virginia 22102
Telephone: 703.442.8425
Facsimile: 703.552.7679
lbridenbaugh@littler.com
ttse@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant Society for Human Resource Management*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 10th day of November, 2026, I caused a copy of the foregoing **Defendant's Opposition to Plaintiff's Bill of Costs** to be served through the Court's Electronic Case Filing (ECF) system on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Mary E. Kuntz (VSB No. 76947)
Anna Kathryn Barnes Barry (admitted *pro hac vice*)
Thomas O. Walker II (admitted *pro hac vice*)
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
akbarry@kcnlaw.com
twalker@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Lauren M. Bridenbaugh*
Lauren M. Bridenbaugh