**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **FIONA TORRES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOCIETY FOR HUMAN RESOURCE MANAGEMENT,**<br><br>**Defendant.** | **Civil Action No. 1:25-CV-2360** |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY EXECUTION OF JUDGMENT PENDING DISPOSITION OF POST-TRIAL MOTIONS AND TO APPROVE SUPERSEDEAS BOND**

Defendant Society for Human Resource Management ("Defendant" or "SHRM"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 62(b), hereby submits its Memorandum in Support of Motion to Stay Execution of Judgment Pending the Disposition of Post-Trial Motions and to Approve a Supersedeas Bond.

## I. INTRODUCTION AND BACKGROUND

On October 9, 2026, the jury returned a verdict finding that SHRM violated Plaintiff Fionna Torres' ("Ms. Torres") rights under the Americans with Disabilities Act and the Virginia Human Rights Act and awarded Ms. Torres $400,000 in compensatory damages. *See* Dkt. 175. The Court entered judgment on October 13, 2026. *See* Dkt. 177. "Federal Rule of Civil Procedure 62(a) provides for an automatic 30-day stay on execution of and proceedings to enforce a judgment." *Marine Club Manager, Inc. v. RB Com. Mortg., LLC*, No. 3:22-CV-609-MOC-DCK, 2023 WL 8103154, at *1 (W.D.N.C. Nov. 21, 2023). Here, that means the automatic stay expires on November 12, 2026.

As permitted by Rule 62(b), SHRM requests a stay of execution of the judgment pending

disposition of its post-trial motions under Federal Rules of Civil Procedure 50 (judgment as a matter of law) and 59 (for new trial or to alter or amend a judgment). SHRM's post-trial motions were timely filed on November 10, 2026, within the time permitted by Federal Rules. *See* Dkt. Nos. 187-192. Because Federal Rule of Civil Procedure 62(b) ("Rule 62(b)") contemplates a stay upon "appropriate terms for the opposing party's security," SHRM proposes to post a $400,000 bond within ten (10) days of the Court's granting of this Motion.

## II. ARGUMENT

The trial court may stay execution of the judgment pending the disposition of certain post-trial motions if the court provides for the security of the judgment creditor. *Peacock v. Thomas*, 516 U.S. 349, 359 (1996). Specifically, "Federal Rule of Civil Procedure 62(b), … permits a party to obtain an additional stay 'by providing a bond or other security.' The stay is effective upon the Court's approval of the security and remains effective for the time specified in the security." *Marine Club Manager, Inc.*, 2023 WL 8103154, at *1 (quoting FED. R. CIV. P. 62(b)). Rule 62(b) is intended to preserve the status quo while protecting the prevailing party's interest in the judgment. *See Peacock*, 516 U.S. at 359 n. 8. Here, SHRM has timely filed motions under Federal Rules of Civil Procedure 50 (for judgment as a matter of law) and 59 (for new trial or alter or amend the judgment) and is ready and able to provide a bond.

"In contrast to a stay pending appeal … courts enjoy greater discretion to determine the sum necessary to secure a stay pursuant to Rule 62(b)." *Macsherry v. Sparrows Point, LLC*, No. 1:15CV22, 2018 WL 9945985, at *2 (D. Md. Aug. 24, 2018) (citing *Int'l Wood Processors v. Power Dry, Inc.*, 102 F.R.D. 212, 214 (D.S.C. 1984)). "Further, where a party has moved for attorneys' fees but fees have not been awarded, it is unnecessary to consider the value of potential fees in determining what security is sufficient to protect a plaintiff's interests." *Id.* (citing *Irwin*

*Indus. Tool Co. v. Worthington Cylinders Wis., LLC*, No. CIV.3:08CV291, 2010 WL 2245580, at *1 (W.D.N.C. June 1, 2010)). And, "[u]nlike the stay pending appeal under Rule 62(d), a stay pending disposition of [post-trial motions] will generally be resolved in far less time than the lengthy process of briefing, argument and disposition which an appeal entails." *Int'l Wood Processors*, 102 F.R.D. at 215. Thus, "the risk of an adverse change in the status quo is less when comparing adequate security pending post-trial motions with adequate security pending appeal. It is also significant that prior to an appeal the district court has plenary power to alter, amend or reopen the judgment and grant a new trial or enter a directed verdict." *Id.*

Here, the Court should use its considerable discretion under Rule 62(b) to stay execution of the judgment pending resolution of SHRM's post-trial motions. *Irwin Indus. Tool Co.*, 2010 WL 2245580, at *1 ("The decision to grant a stay is a matter within the sound discretion of the Court."). This Court also has significant flexibility and discretion in determining the amount of the bond to be posted by SHRM. *Int'l Wood Processors*, 102 F.R.D. at 215. An excessive bond is not necessary in this case, given that there is nothing which raises concerns that Ms. Torres will not be able to obtain a judgment within a reasonable time if she is able to successfully defend against SHRM's post-trial motions. Indeed, the funds that would be used to pay the judgment are readily available—SHRM's most recent publicly available tax returns indicate that it has ample assets. As such, SHRM is more than capable of paying the $400,000 judgment entered by the Court, and a bond securing only the current amount of the judgment is more than sufficient to protect Ms. Torres' interests.

SHRM is ready and willing to post a bond in the amount of $400,000 (*i.e.*, the current judgment) as security for Ms. Torres during the time its post-trial motions under Rules 50 and 59 are pending. As the proposed bond would provide Ms. Torres adequate security during the

comparatively short period of time that the motions will be pending, this Court should exercise its discretion and grant this Motion.

## III. CONCLUSION

For these reasons, SHRM respectfully asks the Court to grant the relief sought in this Motion, including staying execution of the judgment pending resolution of Defendant's post-trial motions and approving a bond in the amount of $400,000.

Dated: November 11, 2026

Respectfully submitted,

*/s/ Leslie P. Currie*

Lauren M. Bridenbaugh, Bar No. 90586
Tiffany din Fagel Tse, Bar No. 92958
Leslie P. Currie, Bar No. 101060
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard, Suite 500
Tysons Corner, Virginia 22102
Telephone: 703.442.8425
Facsimile: 703.563.9312
lbridenbaugh@littler.com
ttse@littler.com
lcurrie@littler.com

Tanja L. Darrow (admitted *pro hac vice)*
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Facsimile: 800.715.1330
tdarrow@littler.com

*Counsel for Defendant Society for Human Resource Management*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 11th day of November 2026, I caused a copy of the foregoing **Defendant's Memorandum and Points of Authorities in Support of Its Motion to Stay Execution of Judgment and to Approve Supersedeas Bond**, to be served through the Court's Electronic Case Filing (ECF) system on the following counsel of record:

Stephen B. Pershing (VSB No. 31012)
Mary E. Kuntz (VSB No. 76947)
Anna Kathryn Barnes Barry (admitted *pro hac vice*)
Thomas O. Walker II (admitted *pro hac vice*)
KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
818 Connecticut Ave. NW, Suite 1000
Washington, DC 20006
Telephone: 202.331.9260
spershing@kcnlaw.com
mkuntz@kcnlaw.com
akbarry@kcnlaw.com
twalker@kcnlaw.com

*Counsel for Plaintiff*

*/s/ Leslie P. Currie*
Leslie P. Currie